**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | **Case No. 1:22-cv-81-LMB-TCB** |
| **SUNPATH, LTD.,** | |
| Defendant. | |

<u>**MEMORANDUM IN SUPPORT OF SUNPATH, LTD.'S MOTION TO DISMISS**</u>

Defendant SunPath, Ltd. ("SunPath"), pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint, ECF No. 1.

**I.    INTRODUCTION**

Plaintiff's Complaint suffers from two threshold defects.  First, this Court lacks personal jurisdiction over SunPath.  Plaintiff's Complaint fails to allege a plausible basis for this Court to assert personal jurisdiction over SunPath because no plausible basis exists.  Plaintiff relies solely upon unsupported conclusions that SunPath or a third-party acting on its behalf (it is unclear which) allegedly made unsolicited calls to her cell phone in violation of the Telephone Consumer Protection Act ("TCPA") and its Virginia analogue, the Virginia Telephone Privacy Protection Act ("VTPPA"). [1]

---

[1]    If the Court should decide to dismiss only the TCPA claims, it should decline to exercise jurisdiction over Plaintiff's VTTPA claims. *See Hutto v. Reg'l Mgmt. Corp.*, C/A No. 1:19-cv-03463-SAL, 2021 U.S. Dist. LEXIS 216588, at *6 (D.S.C. Nov. 9, 2021) ("[T]here are no federal claims to which supplemental jurisdiction could attach and support jurisdiction over the state-law claims. And without a basis for jurisdiction over the remaining state-law claims, the court must dismiss the action[.]") (citations omitted); *Fields v. Sprint Corp.*, Civil Action No.

The sworn declaration submitted by SunPath's President, Andrew Garcia, shows why Plaintiff could plead no allegations establishing this Court's personal jurisdiction over SunPath, and rebuts Plaintiff's insufficient jurisdictional allegations.[2]  SunPath has no ties to Virginia that could support the Court's exercise of personal jurisdiction over it.  SunPath is a Delaware corporation with its principal place of business in Massachusetts.  General jurisdiction is neither plausibly alleged nor present.  Specific jurisdiction likewise does not apply, as SunPath does not initiate *any* outbound marketing calls to consumers, and specifically did not initiate any of the calls that form the basis of Plaintiff's claims.  Nor did SunPath direct or control any third-party that may have played any role in making the phone calls at issue.

Second, even if this Court could exercise personal jurisdiction over SunPath, the Court should dismiss Plaintiff's Complaint for its failure to state any claims against SunPath.  Simply put, Plaintiff's Complaint is devoid of any facts that plausibly show SunPath is either directly or vicariously liable for any of the calls at issue.  Plaintiff merely provides a list of calls she allegedly received from a series of telephone numbers and somehow concludes these calls were all made to solicit a SunPath product, without providing a single fact to support this conclusion.  She does not describe any statements made by any person with whom she may have spoken with during any call or a specific mention of SunPath on any single call that would support her allegations against SunPath.  Moreover, Plaintiff does not even plausibly allege what party actually made any of the calls at issue.  She simultaneously states that SunPath or an unnamed

---

3:15cv618, 2016 U.S. Dist. LEXIS 122504, at *13 (E.D. Va. Sept. 9, 2016) (declining to exercise supplemental jurisdiction over Virginia state law claims after dismissal of all federal claims); *Snow v. Gen Elec. Co.*, No. 5:18-CV-511-FL, 2019 U.S. Dist. LEXIS 99760, at *20-21 (E.D.N.C. June 14, 2019) (declining to exercise supplemental jurisdiction after TCPA claim was dismissed); *see also Hicks v. Alarm.com Inc.*, Civil Action No. 1:20-cv-532, 2020 U.S. Dist. LEXIS 157433, at *12-13 (E.D. Va. Aug. 6, 2020) ("The VTTPA claim must fail at this stage for similar reasons as the parallel TCPA claim.").

[2]      Mr. Garcia's declaration is attached as **Exhibit 1**.

third party purportedly acting on SunPath's behalf is responsible for the calls she received, without providing any facts to support what actions any party took, or that SunPath in any way controlled the actions of a third party that may have made the calls at issue.  Regardless of whether Plaintiff is attempting to plead direct or vicarious liability against SunPath, she relies only on unsubstantiated legal conclusions.  Thus, Plaintiff's claims against SunPath fall well short of the Supreme Court's pleading standard in *Twombly* and *Iqbal*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.    STATEMENT OF FACTS

1.    Plaintiff filed this action for damages, claiming that Defendant "either directly or via a third-party acting on its behalf" (it is unclear which) allegedly made "at least fifty (50) autodialed calls" between May 26, 2020 and June 9, 2020 in violation of the TCPA and VTPPA. Compl. ¶¶ 12, 17, 23-25.  She claims she "answered the calls," but does not describe what was said on any of them. Compl. ¶ 28.

2.    SunPath is a Delaware corporation with its principal offices in Massachusetts. SunPath does not own or lease any property or own or maintain any assets in the Commonwealth of Virginia.  *See* Garcia Decl. ¶¶ 3, 5.

3.    SunPath is an administrator of extended automotive service contracts, in that it administers and pays for covered claims customers make under SunPath-administered service contracts.  Garcia Decl. ¶ 4.

4.    SunPath does not sell the service contracts it administers.  Garcia Decl. ¶ 7. Furthermore, SunPath does not make any outgoing marketing calls to consumers, and specifically did not initiate any of the alleged calls to Plaintiff in May or June of 2020 that form

the basis of Plaintiff's Complaint.  *Id.*  SunPath has not made any calls to Plaintiff whatsoever. *Id.*

5.        The entirety of Plaintiff's factual allegations consists of a list of various telephone numbers from whom she allegedly received calls at unspecified times, accompanied with her blanket conclusion that the calls were "all made to solicit Smith to purchase a policy that would be provided by SunPath."   Compl. ¶¶ 24-25.  She does not describe *any* single call, does not describe any statement made by any person with whom she spoke on any call, does not state which of the calls she lists she answered, does not state whether SunPath was mentioned during any specific call, and does not provide any details whatsoever that support her sweeping conclusion that SunPath either directly made or controlled the party that did make these 50-some phone calls.

6.        Plaintiff provides no factual support for her allegations that any unnamed third party may have initiated any of the unspecified number of calls "on behalf of" SunPath (because she cannot). Instead, Plaintiff just recites a list of factors describing common elements of a generic principal-agent relationship.  *See* Compl. ¶¶ 12, 14, 29.

7.        This is unsurprising, because as Mr. Garcia confirms, **no such relationship exists**. SunPath did not control or authorize any party to make any of the alleged calls to Plaintiff (or any other consumer).  Garcia Decl. ¶¶ 7-17.  In fact, SunPath does not direct or control any of the actions of any party that sells or markets the products SunPath administers.  *Id.*  All such entities are independent third parties that, while agreeing to a broad-form compliance-with-laws clause, otherwise have absolute discretion and autonomy in how they conduct their marketing operations, and sell SunPath-administered products as well as the products of SunPath's

competitors, which further underscores why SunPath does not control their marketing conduct. *Id.*

## III.    LEGAL STANDARD

### A.    Rule 12(b)(2)

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation and quotation omitted).   The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).   Plaintiff must make a prima-facie showing that personal jurisdiction exists to avoid dismissal. *Id.*   When deciding a motion to dismiss for want of personal jurisdiction, the court generally views the facts presented in the light most favorable to the plaintiff. *Id.*

Although a plaintiff is "entitled to have all reasonable inferences from the parties' proof drawn in his favor, district courts are not required . . . to look solely to the plaintiff's proof in drawing those inferences." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993). Rather, the Court need not "credit conclusory allegations or draw farfetched inferences." *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 U.S. App. LEXIS 11932, at *4-5 (4th Cir. 2020) (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)).   "Where the defendant has provided evidence which denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant has presented evidence." *Jackson v. Genuine Data Servs., LLC*, Civil No.

3:21cv211 (DJN), 2022 U.S. Dist. LEXIS 14682, at *3 (E.D. Va. Jan. 26, 2022) (quoting *Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp.*, 737 F. Supp. 925, 926 (W.D. Va. 1990)).

For the Court to exercise personal jurisdiction, the standards of both federal due process and the forum state's long-arm statute must be satisfied. *See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Virginia's long-arm statute, Virginia Code § 8.01-328.1, "extends the jurisdiction of its courts as far as federal due process permits." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). With federal due process and Virginia's long-arm statute as coterminous standards, only one personal-jurisdiction inquiry is required. *See id*. The inquiry to find personal jurisdiction requires either specific jurisdiction "based on conduct connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state. *Tire Eng'g*, 682 F.3d at 301 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002)).

**B.      Rule 12(b)(6)**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV.   ARGUMENT

### A.   This Court Lacks Personal Jurisdiction over SunPath.

This Court lacks personal jurisdiction over SunPath in this matter.   When personal jurisdiction is challenged, the Plaintiff must demonstrate that the Court has general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017); *Int'l Shoe*, 326 U.S. at 316.   Plaintiff has failed to plausibly allege that either type of personal jurisdiction applies to SunPath here.

### 1.   This Court Lacks General Jurisdiction over SunPath.

A court has general jurisdiction over a defendant-corporation when it has constant and pervasive, continuous and systematic affiliations with the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 919

(2011); *see also Farrar v. McFarlane Aviation*, *Inc.*, 823 F. App'x. 161, 164-65 (4th Cir. 2020) ("For a corporation, the paradigmatic jurisdictional forum is the corporation's place of incorporation and principal place of business." (citing *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)). SunPath is a Delaware corporation with its principal offices in Massachusetts. *See* Garcia Decl. ¶ 3. SunPath does not have *any* operations or assets in Virginia, much less any that would qualify as continuous or systematic. *Id.* at ¶¶ 5-6. General jurisdiction does not apply to SunPath in this matter, and Plaintiff does not plausibly allege otherwise.

### 2.    This Court Lacks Specific Jurisdiction over SunPath.

Specific jurisdiction deals with a defendant's contacts with the forum state relating to the claims pled in the case at hand. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781; *Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood, SDN BHD*, 821 F. App'x 243, 244 (4th Cir. 2020) ("Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." (quoting *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997))); *Tire Eng'g*, 682 F.3d at 302 ("If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction." (quoting *ALS Scan, Inc.,* 293 F.3d at 712)).

To determine whether specific jurisdiction exists, the Fourth Circuit uses a "three part test in which 'we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc.*, 293 F.3d at 712) (quotations and citations omitted).

a.    Purposeful Availment and Direction

For the purposeful-availment inquiry, "the defendant's actions [must] create a substantial connection to the forum state, such that the defendant should reasonably anticipate being haled into court there[.]"  *Cmty. Trust Bancorp, Inc. v. Cmty. Trust Fin. Corp.*, 692 F.3d 469, 471-72 (6th Cir. 2012) (internal quotations omitted).  Moreover, in TCPA cases such as this one, courts combine the purposeful-availment and direction prongs of specific jurisdiction analysis. *See*, *e.g.*, *Komaiko v. Baker Techs., Inc.*, Case No. 19-cv-03795-DMR, 2020 U.S. Dist. LEXIS 70162, at *16 (N.D. Cal. Apr. 20, 2020) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) ("Under the first prong of the specific jurisdiction test . . . [p]urposeful availment is most often used in cases related to contract disputes, and purposeful direction is used in cases, such as this [TCPA] class action, that sound in tort."); *see also Income Tax Sch., Inc. v. Lopez*, Civil Action No. 3:12-CV-334, 2012 U.S. Dist. LEXIS 110779, at *19 (E.D. Va. Aug. 7, 2012) ("For intentional tort cases . . . the purposeful availment prong is satisfied if the plaintiff can show that the actions initiated by the defendant are purposefully directed at the forum state[.]") (internal quotations omitted).

The relevant inquiry here is whether the defendant initiated call(s) to the forum state. *Shelton v. Nat'l Gas & Elec., LLC*, CIVIL ACTION NO. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *9-10 (E.D. Pa. Apr. 5, 2019) ("In TCPA cases, courts generally find that specific jurisdiction exists when a defendant makes a call or sends a message into the forum state by targeting a telephone number within the particular forum."); *see also  Powers v. One Techs., LLC*, NO. 3:21-cv-00089-FDW-DCK, 2021 U.S. Dist. LEXIS 149502, at *7 (W.D.N.C. Aug. 10, 2021) (finding no personal jurisdiction over TCPA defendant that hired contractors to advertise its products but did not direct them to specifically target the forum in nationwide marketing

strategy); *Shanahan v. Nat'l Auto Prot. Corp.*, Case No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031, at *7 (N.D. Ill. June 9, 2020) (granting a vehicle service contract administrator's motion to dismiss a similar TCPA complaint brought for calls made by a third-party marketer, because specific jurisdiction over defendants in a TCPA case "must arise from the relevant phone call."). "Cases across various district and circuit courts weigh heavily against finding purposeful availment when a defendant is not involved with the delivery or approval of communications received within a forum." *Powers*, 2021 U.S. Dist. LEXIS 149502, at *7-8 (collecting cases).

Plaintiff makes no plausible allegation that SunPath initiated any of the calls at issue. Rather, Plaintiff *presumes* that SunPath directly or indirectly initiated the calls, without any supporting evidence. *See* Compl. ¶¶ 12, 14. Plaintiff simply lists a series of dates on which she received calls from a series of telephone numbers, accompanied with her blanket conclusion that the calls were "all made to solicit Smith to purchase a policy that would be provided by SunPath." Compl. ¶¶ 24-25. She does not allege the callers named any agency affiliation with SunPath, or that any person with whom she spoke on the calls indicated they were calling from SunPath; indeed, she does not point to a single representation made by any person she spoke with at all on any of those 50 calls she claims to have answered. This is unsurprising: the sworn declaration submitted in support of this Motion rebuts Plaintiff's conclusory allegations by showing that SunPath *does not make any outgoing marketing calls to consumers*, including the alleged calls to Plaintiff, or control any third party that does. Garcia Decl. ¶¶ 7-9.

Plaintiff has not shown that SunPath has purposefully directed itself to this jurisdiction with respect to the calls third parties may have made to her. Another court within the Fourth Circuit found that certain TCPA defendants purposely directed themselves to the forum when there were sufficient factual allegations showing those defendants specifically took steps to

deliver unlawful calls to the plaintiff's phone number that was based in the subject forum.  *See*

*Mey v. All Access Telecom, Inc.*, Civil Action No. 5:19-cv-00237-JPB, 2021 U.S. Dist. LEXIS

80018, at *9 (N.D.W. Va. Apr. 23, 2021).  But here, Plaintiff does not plausibly assert SunPath

"delivered" calls into this forum.  Instead, she makes a conclusory statement, with no supporting

evidence, that SunPath *or* a third-party allegedly acting on behalf of SunPath initiated the calls to

Plaintiff in Virginia.  Compl. ¶¶ 12, 14.  Plaintiff's lack of clarity as to whether SunPath or a

third-party actually initiated any call makes her allegations even less plausible.[3]

Any implausible claims Plaintiff does allege regarding a third party purportedly making

the calls here also fail to establish specific jurisdiction as to SunPath.  While actions of an agent

may establish minimum contacts on behalf of a principal in a forum *if directed by the principal*,

*see Daimler*, 571 U.S. at 135 n.13, courts have repeatedly ruled that conclusory allegations

---

[3]      To be sure, courts routinely disregard "lump" pleadings like this where a plaintiff
pretends a group of separate parties somehow took all of the actions together without specifying
the acts of any one party.  *See, e.g., Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir.
2013) ("Liability is personal . . . . Each defendant is entitled to know what he or she did that is
asserted to be wrongful. A complaint based on a theory of collective responsibility must be
dismissed."); *Jones v. S. Univ.*, CIVIL ACTION 18-1034-SDD-EWD, 2019 U.S. Dist. LEXIS
138665, at *15 (M.D. La. Aug. 15, 2019) ("Any references to [a specific defendant] contained in
wholesale, generalized references to 'the defendants' fails to meet the Rule 12(b) pleading
standard as a matter of law. [S]uch generalized references to actions by all defendants are
insufficient to state a claim."); *Zola H. v. Snyder*, Case No. 12-14073, 2013 U.S. Dist. LEXIS
125199, at *26 (E.D. Mich. Sept. 3, 2013) (dismissing complaint that lumped defendants
together and failed "to impute concrete acts to specific litigants."); *Petri v. Kestrel Oil & Gas
Props., L.P.*, CIVIL ACTION H-09-3994, H-10-CV-122, H-10-CV-497, 2011 U.S. Dist. LEXIS
59909, at *18 (S.D. Tex. June 3, 2011) ("Plaintiffs have improperly lumped all Defendants
together in the amended complaint, which is too vague and ambiguous to state a claim and is
devoid of particularized and specific allegations against [a single defendant] . . . ."); *Aquilina v.
Certain Underwriters at Lloyd's Syndicate*, 407 F. Supp. 3d 978, 997 (D. Haw. 2019) (citing
*Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) (approving district court's dismissals
based on plaintiffs' "everyone did everything" allegations).  Here Plaintiff's allegations further
lack plausibility because she cannot even attribute any actions to a separate defendant whose
actions she lumps with SunPath, and instead refers to some hypothetical unnamed third party
purportedly operating on SunPath's behalf.

unsupported by facts, like Plaintiff's here, fail to establish specific jurisdiction.[4]  Plaintiff refers generically to "a third-party" that "acted on behalf of Defendant," Compl. ¶¶ 12, 14, yet there is nothing in Plaintiff's Complaint that provides any plausible factual support for these legal conclusions, which are facially deficient even absent the contradicting declaration testimony from SunPath discussed at length below.  *See* Section IV(B), *infra*.  Mr. Garcia's declaration fills the gaping hole left in Plaintiff's Complaint—SunPath never called Plaintiff and does not direct or control any party that markets or sells the automobile service contracts it administers.  Garcia Decl. ¶¶ 7-17.[5]  In one example Mr. Garcia provides, the companies selling SunPath-administered products do so non-exclusively, such that those companies simultaneously sell policies administered by SunPath's competitors and independently select what policy to promote and sell.  *Id.* ¶¶ 9-10.  This highlights the implausibility of Plaintiff's blanket allegation that all

---

[4]    In the Fourth Circuit, even a parent-subsidiary relationship can be "insufficient to justify the exercise of personal jurisdiction over the parent company in a forum with which it did not have sufficient minimum contacts."  *Fitzhenry v. USHEALTH Grp., Inc.*, No. 2:15-cv-03062-DCN, 2016 U.S. Dist. LEXIS 9226, at *11-12 (D.S.C. Jan. 27, 2016) (citing *Mylan Laboratories*, 2 F.3d at 63).

[5]    Courts around the country have dismissed claims with far more evidence alleging personal jurisdiction via actions of a purported agent.  *See, e.g.*, *Horton v. SunPath, Ltd.*, Civil Action No. 3:20-CV-1884-B-BH, 2021 U.S. Dist. LEXIS 50538, at *12 (N.D. Tex. Feb. 16, 2021) (granting SunPath's motion to dismiss because "[plaintiff's] conclusory allegation that Defendant acted in an agency relationship with telemarketing companies to contact him in Texas to sell warranties does not suffice to impute [purported principal's] actions to Defendant under an agency theory."); *Born v. Celtic Mktg. LLC*, 8:19-cv-01950-JLS-ADS, 2020 U.S. Dist. LEXIS 89220, at *13 (C.D. Cal. May 20, 2020) (dismissing TCPA plaintiff's claims in a factually similar case against SunPath for lack of personal jurisdiction based on agency because allegations did not address "the key element lacking here, namely, the principal's right of control."); *Cunningham v. Sunshine Consulting Grp., LLC*, NO. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, at *10 (M.D. Tenn. July 20, 2018) (dismissing TCPA claim for lack of personal jurisdiction for plaintiff's claim that he was called by a defendant's alleged agent based solely on "the fact that a single charge on Plaintiff's credit card account was attempted by another party through [defendant's] merchant account."); *Naiman v. TranzVia LLC*, Case No. 17-cv-4813-PJH, 2017 U.S. Dist. LEXIS 199131, at *38-39 (N.D. Cal. Dec. 4, 2017) ("[H]aving failed to adequately plead liability based on agency, plaintiff cannot show that the court has personal jurisdiction over [defendant] on that basis.").  SunPath further analyzes Plaintiff's failure to allege liability through a principal-agent relationship in Section IV.B(3), *infra*.

calls she received were "made to solicit Smith to purchase a policy that would be provided by SunPath." Compl. ¶ 25.[6] Plaintiff's deficient, conclusory allegations fail to plausibly state a prima facie case that SunPath availed itself of this Court's jurisdiction, and Mr. Garcia's sworn testimony further rebuts these allegations.

> b.   It is not reasonable for the Court to exercise jurisdiction over SunPath.

The final prong of the specific-jurisdiction analysis dictates that the exercise of personal jurisdiction be constitutionally reasonable. *Consulting Eng'rs Corp*, 561 F.3d at 279.  But if Plaintiff has not made a prima-facie showing that Defendant purposefully availed itself in the forum, as is the case here, the Court need not consider this factor. *See id.* at 278  ("If, and only if, we find that the plaintiff has satisfied this first prong of the test for specific jurisdiction need we move on to a consideration of prongs two and three."); *see also Powers*, 2021 U.S. Dist. LEXIS 149502, at *10 (citing *Consulting Eng'rs Corp*, 561 F.3d at 278) (declining to engage in examination of reasonableness prong because plaintiff failed to show TCPA defendant played any role in sending messages into the forum).  The Court therefore need not consider this prong of the specific-jurisdiction analysis, as Plaintiff has not shown SunPath personally availed itself of this forum's jurisdiction.

Even if the Court were to do so, however, it is unreasonable to exercise jurisdiction over SunPath here.  The factors a court examines to determine reasonableness include "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the

---

[6]     Indeed, not every authorized seller or dealer is an *agent* of the manufacturer or producer of a given product. Third-party companies are not agents of SunPath just because they market and sell SunPath policies (along with those of its competitors). *See, e.g., In re Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 527-28 (N.D. W. Va. 2016) ("[T]he mere fact that a dealer uses a suppliers [sic] name does not render it an agent of the supplier, just as every bar which advertises that they sell a particular brand of beer is not the agent of the brewery whose name they advertise."), *aff'd, Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243 (4th Cir. 2018).

dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Consulting Eng'rs Corp*, 561 F.3d at 279 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

There is an obviously high burden for SunPath, which is based in Massachusetts, to appear in Virginia to defend this matter.  But, more importantly, under all the remaining factors, it is inherently unreasonable that SunPath be subjected to this forum's jurisdiction when Plaintiff has made no plausible allegations that it has any connection to this forum or the calls that form the basis of her claims such that she could be entitled to relief.  It is not in the interest of the forum state or any state's substantive policies to assert jurisdiction over foreign defendants who have not engaged in relevant forum-based acts.

There are simply no allegations in the Complaint that plausibly show SunPath directed itself to this Court's jurisdiction vis-à-vis Plaintiff's claim, undertook any activities in this forum relating to this claim, took any action to make a substantial connection with this forum vis-à-vis Plaintiff's claims, or even played a supporting role in any violation alleged in the Complaint. *See Powers*, 2021 U.S. Dist. LEXIS 149502 at *12-13.   Mr. Garcia's sworn declaration testimony further cements that SunPath had no connection whatsoever with any of the calls to Plaintiff that form the basis of her claims.  Plaintiff's claims, all resting on the unsupported and incorrect conclusory allegations that SunPath was somehow responsible for the calls at issue, must therefore be dismissed for want of jurisdiction.   There is simply nothing *specific* in Plaintiff's Complaint that could justify this Court exercising specific jurisdiction over SunPath here.

**B.      Plaintiff Fails to State any Plausible Claim for Violations of the TCPA or VTPPA.**

Even if the Court had personal jurisdiction over SunPath, Plaintiff's Complaint should still be dismissed in its entirety for failure to plausibly state a claim under the TCPA or analogous state law claims under the VTPPA.  Again, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Plaintiff's Complaint contains nothing more than implausible, threadbare recitals of a claim as to SunPath, and must therefore be dismissed.

**1.      Plaintiff Fails to Plead Her Claims with Requisite Specificity.**

TCPA liability demands an examination of each individual call; allegations cannot be applied to an overall campaign.  *See Newhart v. Quicken Loans Inc.*, CASE NO. 9:15-CV-81250, 2016 U.S. Dist. LEXIS 168721, at *7-8 (S.D. Fla. Oct. 12, 2016) (concluding, based on Commission and judicial precedent, that the proper analysis under section 227 requires an "examination of individual calls, not the 'overall campaign.'") (quotations omitted).  Plaintiff does not plausibly allege any single call was made by or on behalf of SunPath with the specificity required to state a *plausible* claim for violations of the TCPA or analogous Virginia state law.

Plaintiff makes the sweeping allegation that SunPath is somehow responsible for "at least fifty" calls from a variety of telephone numbers.  Compl. ¶ 25.  But she does not describe how she comes to the conclusion that every one of those fifty-some calls she claims to have received was tied to SunPath.  In fact, she does not describe *any* single call, does not describe any

15

statement made by any person with whom she spoke on any call, does not state which of the calls she lists she even answered, and does not provide any details whatsoever that support her sweeping conclusion that SunPath played a role in making these calls—she simply states that every call from multiple unidentified telephone numbers was made to offer her a SunPath policy. Compl. ¶¶ 23, 25.  This threadbare conclusion fails to state a claim for which Plaintiff can recover from any of the series of calls she broadly lists in her Complaint.

2.   <u>Plaintiff Does Not Plausibly Allege Direct Liability.</u>

To the extent that it is possible to parse out allegations regarding any specific call, Plaintiff still fails to state a claim for direct liability as to SunPath.  The potential for direct liability under the TCPA can apply only under certain circumstances, and only to entities that "initiate" the calls.  *See In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013).  A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call."  *Id*. at 6583 ¶ 26; *see also Hicks v. Alarm.com Inc.*, Civil Action No. 1:20-cv-532, 2020 U.S. Dist. LEXIS 157433, at *10-11 (E.D. Va. Aug. 6, 2020) (finding no direct liability for TCPA defendant when complaint lacked factual support that defendant had any involvement in making the initial calls).

Plaintiff provides *no* evidence to show that SunPath actually initiated any of the calls at issue.  The only basis for Plaintiff's claims against SunPath seem to be that she was at some point offered a SunPath policy (although, once again, it is unclear based on her allegations how Plaintiff even came to that conclusion).  *See* Compl. ¶¶ 23-25.  Based solely on the fact that she was purportedly in some way offered a SunPath product, Plaintiff  makes the blanket allegation that "Defendant knowingly made, or continues to make, (either directly or via a third-party acting on its behalf) autodialed telemarketing calls . . . ." Compl. ¶ 12

It is not plausible that SunPath is the calling party when the Complaint contains no evidence supporting how Plaintiff came to that assumption.  Moreover, her allegation that SunPath or an unnamed third party made the calls without providing any details to distinguish any party's actions fails to meet the Rule 8 pleading standard.  *Rodriguez v. Providence Cmty. Corr., Inc.*, 191 F. Supp. 3d 758, 773 (M.D. Tenn. 2016) ("A complaint that 'fails to impute concrete acts to specific litigants, fails to state a plausible claim.'" (quoting *Zola H. v. Snyder*, Case No. 12-14073, 2013 U.S. Dist. LEXIS 125199, at *26 (E.D. Mich. Sept. 3, 2013))); *see also Reese v. Marketron Broad. Sols., LLC*, CIVIL ACTION NO. 17-9772 SECTION "R" (1), 2018 U.S. Dist. LEXIS 803, at *4 (E.D. La. Jan. 3, 2018) ("Plaintiff's first amended complaint fails to state a TCPA claim because it rests on conclusory allegations of collective wrongdoing . . . 'liability is personal.'" (quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013))); *see also* n.3, *supra*.

Plaintiff's Complaint fails to state any claim for direct liability against SunPath because it relies on implausible, conclusory allegations that SunPath initiated the calls at issue.  After 50-some calls, one would expect Plaintiff to be able to plead *something* about the content of those calls, and yet she leaves us all in the dark.  As such, Plaintiff's allegations do not support a plausible claim of direct liability against SunPath and must be dismissed.

### 3.   Plaintiff Fails to State a Claim for Vicarious Liability.

Plaintiff also fails to plausibly plead that SunPath is vicariously liable for the calls at issue.  The FCC's declaratory ruling in *Dish Network* acknowledges the possibility of vicarious liability for TCPA violations under federal common law agency principles, including formal agency, apparent authority, and ratification.  *See* 28 FCC Rcd. at 6584 ¶ 28 ("[W]e find that the seller may be held vicariously liable under federal common law principles of agency for TCPA

violations committed by third-party telemarketers.").[7]   In the context of TCPA, claims for vicarious liability via agency cannot attach without the "essential ingredient" of control.  *See, e.g.*, *Monitronics*, 223 F. Supp. 3d at 520 ("[I]n order to prove actual agency [for vicarious TCPA liability], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted.") (citing *Mey v. Pinnacle Sec., LLC*, Civil Action No. 5:11CV47, 2012 U.S. Dist. LEXIS 129267 (N.D.W. Va. Sept. 12, 2012)); *see also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017) (finding a showing of the principal's control over the alleged agent is fundamental in establishing an agency relationship).  And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a [Rule 12(b)(6)] motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, CASE NO. 17-cv-07129-YGR, 2018 U.S. Dist. LEXIS 52328, at *15 (N.D. Cal. Mar. 28, 2018) (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)); *see also Bank v. Vivint Solar, Inc.*, 18-CV-2555 (MKB), 2019 U.S. Dist. LEXIS 30638, at *8 (E.D.N.Y. Feb. 25, 2019) ("The existence of *some* connections between the defendant and the maker of the call will not suffice" to state a viable claim for vicarious TCPA liability.).[8]

---

[7]     *Id.* at 6586-87, ¶ 34 ("A principal may be liable in circumstances where a third party has apparent (if not actual) authority. Such '[a]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal.' . . . a seller may be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting their benefits. Such ratification may occur 'through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences.'" (citations omitted)).

[8]     Courts routinely dismiss TCPA claims premised on vicarious liability at the pleading stage, and often do so finding that failure to allege sufficient facts establishing an agency relationship with control over an agent is fatal to such claims.  *See, e.g.*, *Valdes v. Nationwide Real Estate Execs. Inc.*, Case No. SA CV 20-01734-DOC-(JDEx), 2021 U.S. Dist. LEXIS

Plaintiff does not plausibly allege that a third party purportedly acting "on behalf of Defendant" made any of the calls at issue; she simply raises the mere possibility of a hypothetical third party. *See* Compl. ¶ 14 ("To the extent any third party made the calls, the third party acted on behalf of Defendant, at Defendant's direction and control, for Defendant's knowing benefit, and with Defendant's approval."). She offers no support for her contention that this this unnamed third party acted "on behalf of" SunPath, other than her conclusory statements that all of the calls were placed "at the direction and oversight of Defendant" and "Defendant knew about, directed, ratified, and benefitted from the calls." Compl. ¶ 29. But simply rattling off threadbare legal conclusions, unsupported by any facts, is not enough to cross the Supreme Court's pleading standard under *Iqbal* and *Twombly*—that is, to take the allegations from *possible* to *plausible*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action,

100931, at *12 (C.D. Cal. Apr. 22, 2021) (dismissing TCPA vicarious liability claims because plaintiff failed to plead that "[defendant] directed its agents to make cold calls that violate the TCPA or that [defendant] had any control over whom its agents call."); *Chambers v. Nationwide Mut. Ins. Co.*, Case No. 1:19CV2601, 2020 U.S. Dist. LEXIS 83934, at *9 (N.D. Ohio May 13, 2020) (dismissing TCPA plaintiff's claims for failure to plausibly allege theories of direct or vicarious liability); *Sheski v. Shopify (USA) Inc.*, Case No. 19-cv-06858-HSG, 2020 U.S. Dist. LEXIS 84433, at *12-13 (N.D. Cal. May 13, 2020) ("In order to allege a traditional agency relationship, [p]laintiff would have to allege [d]efendant controlled or had the right to control [the entity responsible for the text messages] and, more specifically, the manner and means of the text message campaign they conducted." (quoting *Linlor v. Five9, Inc.*, Case No.: 17CV218-MMA (BLM), 2017 U.S. Dist. LEXIS 108162, at *3 (S.D. Cal. July 12, 2017))); *Aaronson v. CHW Grp., Inc.*, Case No. 1:18-cv-1533, 2019 U.S. Dist. LEXIS 231433, at *6 (E.D. Va. Apr. 15, 2019) ("This conclusory, boilerplate allegation plainly fails to provide any *facts* to demonstrate an agency relationship between defendant and the party who physically initiated the call.") (citing *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-02440 (VEC), 2015 U.S. Dist. LEXIS 160349, at *7 (S.D.N.Y. Nov. 30, 2015))); *Fisher v. Alarm.com Holdings, Inc.*, Case No. 18 cv 2299, 2018 U.S. Dist. LEXIS 187030, at *9-10 (N.D. Ill. Nov. 1, 2018) (granting 12(b)(6) motion where allegation that "a caller directed [plaintiff] to the [defendant's] website" did not "support a reasonable inference that [defendant] is the principal and the third-party caller is an agent controlled by [defendant]."); *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 U.S. Dist. LEXIS 167281, at *9 (D.N.M. Sept. 28, 2018) (plaintiff "cannot simply allege general control in a vacuum.") (citations omitted).

supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8.).

As stated above, the only basis Plaintiff provides for her allegations of either direct or vicarious liability against SunPath is her vague assertion that she was at some point offered a SunPath policy. *See* Compl. ¶¶ 23, 25. But as both common experience and precedent attest, just because Company A has contractual authority to sell Company B's product, that in and of itself does not establish an agency relationship requisite for the principal's liability.   *See, e.g., Monitronics*, 223 F. Supp. 3d at 527-28 ("[T]he mere fact that a dealer uses a suppliers [sic] name does not render it an agent of the supplier, just as every bar which advertises that they sell a particular brand of beer is not the agent of the brewery whose name they advertise."); *see also Warciak v. Subway Rests., Inc*., 949 F.3d 354, 357 (7th Cir. 2020) ("While an agency relationship can be created by contract, not all contractual relationships form an agency.  For example, when a company wishes to place an advertisement in a circular, the publisher of the circular does not become the agent of the company."); *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443 (9th Cir. 2018) (finding that a call-center seller authorized to sell vehicle service contracts was not an agent of another administrator of vehicle service contracts); *Aaronson*, 2019 U.S. Dist. LEXIS 231433, at *6-7 (dismissing TCPA vicarious liability claims because the plaintiff failed to plead "details from the telephone calls that would tend to demonstrate an agreement between the caller and defendant that the caller would act on the principal's behalf and subject to the principal's control.").  Yet Plaintiff's Complaint rests entirely on that unfounded assumption, an assumption that does not satisfy the Supreme Court's pleading standard.

To satisfy the pleading requirements, Plaintiff must plausibly allege *facts showing* that each calling party was acting as the agent of SunPath.  *See Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771 (N.D.W. Va. 2017); *see also Cunningham v. Lifestyles Dev., LLC*, CIVIL ACTION NO. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112, at *12 (E.D. Tex. Aug. 8, 2019) ("Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers—broad, general allegations are not sufficient." (citing *Naiman v. Freedom Forever, LLC*, Case No.19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728, at *8 (N.D. Cal. Apr. 24, 2019))).  A complaint that is "devoid of any facts showing that [a defendant] had control over any other defendant, agent, or caller" must be dismissed.  *Lifestyles Dev., LLC*, 2019 U.S. Dist. LEXIS 154112 at *12-13; *see also All Access Telecom* 2021 U.S. Dist. LEXIS 80018, at *10-11 ("[O]ne can violate the TCPA either by 'taking the steps necessary to physically place a telephone call,' or by 'being so involved in the placing of a specific telephone call as to be deemed to have initiated it.'" (quoting *In re Rules and Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7980 ¶ 30 (2015))).

Plaintiff makes no specific factual allegations that show what SunPath may have done to exercise control over, authorize, or ratify[9] the actions of any third parties who made the calls to Plaintiff at issue here.  Plaintiff's unspecific proclamation that she was solicited to purchase a SunPath policy, *see* Compl. ¶ 23, possibly by some unnamed third party, *see id*. ¶ 14, does not show that SunPath had *any* involvement with the calls at issue, and certainly does not show SunPath controlled the actions of this hypothetical purported agent.  Such general allegations do not plausibly state a claim for vicarious liability under *Iqbal* and *Twombly*. Plaintiff's Complaint must therefore be dismissed.

---

[9]    *See Monitronics*, 223 F. Supp. 3d at 528 (finding vicarious liability did not exist when, among other things, there was no evidence that the defendants "turned a blind eye when they learned of improper and illegal telephone calls.").

## V.      CONCLUSION

For the reasons set forth above, SunPath respectfully moves this Court to enter an Order dismissing Plaintiff's Complaint for lack of personal jurisdiction and for failure to state a claim under Rules 12(b)(2) and 12(b)(6).


Dated: May 6, 2022                              Respectfully submitted,

                                                SUNPATH, LTD.

                                                By Counsel


                                                /s/ *Gregory M. Caffas*
                                                Gregory M. Caffas (VSB No. 92142)
                                                Mitchell N. Roth (VSB No. 35863)
                                                ROTH JACKSON
                                                8200 Greensboro Drive, Suite 820
                                                McLean, VA 22314
                                                (703) 485-3535
                                                (703) 485-3525 (fax)
                                                gcaffas@rothjackson.com
                                                mroth@rothjackson.com

                                                Joseph P. Bowser (VSB No. 88399)
                                                ROTH JACKSON
                                                1519 Summit Ave., Ste. 102
                                                Richmond, VA 23230
                                                804-441-8701
                                                804-441-8438 (fax)
                                                jbowser@rothjackson.com

                                                *Counsel for SunPath, Ltd.*

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I caused the above and foregoing Memorandum in Support of SunPath, Ltd.'s Motion to Dismiss to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on May 6, 2022.

<u>/s/ *Gregory M. Caffas*</u>
Gregory M. Caffas