## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>　　　　*Plaintiff,*<br><br>v.<br><br>**SUNPATH, LTD.,** a Massachusetts corporation,<br><br>　　　　*Defendant.* | Case No. 1:22-cv-00081-LMB-TCB<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS**<br><br>**JURY TRIAL DEMANDED** |

### I.  INTRODUCTION

This case challenges Defendant Sunpath, Ltd.'s ("Defendant" or "Sunpath") serial violations of the Telephone Consumer Protection Act ("TCPA") and the Virginia Telephone Privacy Protection Act ("VTPPA"). Sunpath moved to dismiss Plaintiff Ruth Smith's ("Plaintiff" or "Smith") class action complaint for a supposed lack of personal jurisdiction and failure to state a claim, based on the belief that Plaintiff has not alleged enough facts to demonstrate Defendant's liability for the calls at issue. (Dkt. 11.) Following briefing and a motion hearing, the Court held Sunpath's motion in abeyance and ordered Sunpath to produce the contracts it had in place with its telemarketers in 2020. (Dkt. 17.) The Court also granted Plaintiff's request for supplemental briefing and ordered Plaintiff to file a brief responding to Footnote 5 of Defendant's motion to dismiss. (Dkt. 16, 17.) Accordingly, Plaintiff hereby submits the following brief in response to Sunpath's Footnote 5.

### III.  ARGUMENT

As previously set forth in her response to the motion to dismiss, Plaintiff maintains that she has met her pleading burden in demonstrating that Sunpath is liable for the calls that she

received and that it may be held to account in this Court, which has specific, personal jurisdiction over Defendant in this matter. Plaintiff has alleged that the calls were made by agents acting on behalf of Sunpath (if not by Sunpath itself), and Defendant has admitted to granting "permission by contract" to telemarketing agents to market its products to consumers. (Dkt. 11-1 at ¶ 9.) In Footnote 5 of Defendant's motion to dismiss, Sunpath cites a few cases in an attempt to suggest that the facts available are insufficient to support exercising personal jurisdiction over Sunpath for the acts of its purported agents. In its entirety, Footnote 5 states as follows:

> Courts around the country have dismissed claims with far more evidence alleging personal jurisdiction via actions of a purported agent. *See, e.g.*, *Horton v. SunPath, Ltd.*, Civil Action No. 3:20-CV-1884-B-BH, 2021 U.S. Dist. LEXIS 50538, at *12 (N.D. Tex. Feb. 16, 2021) (granting SunPath's motion to dismiss because "[plaintiff's] conclusory allegation that Defendant acted in an agency relationship with telemarketing companies to contact him in Texas to sell warranties does not suffice to impute [purported principal's] actions to Defendant under an agency theory."); *Born v. Celtic Mktg. LLC*, 8:19-cv-01950-JLS-ADS, 2020 U.S. Dist. LEXIS 89220, at *13 (C.D. Cal. May 20, 2020) (dismissing TCPA plaintiff's claims in a factually similar case against SunPath for lack of personal jurisdiction based on agency because allegations did not address "the key element lacking here, namely, the principal's right of control."); *Cunningham v. Sunshine Consulting Grp., LLC*, NO. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, at *10 (M.D. Tenn. July 20, 2018) (dismissing TCPA claim for lack of personal jurisdiction for plaintiff's claim that he was called by a defendant's alleged agent based solely on "the fact that a single charge on Plaintiff's credit card account was attempted by another party through [defendant's] merchant account."); *Naiman v. TranzVia LLC*, Case No. 17-cv-4813PJH, 2017 U.S. Dist. LEXIS 199131, at *38-39 (N.D. Cal. Dec. 4, 2017) ("[H]aving failed to adequately plead liability based on agency, plaintiff cannot show that the court has personal jurisdiction over [defendant] on that basis."). SunPath further analyzes Plaintiff's failure to allege liability through a principal-agent relationship in Section IV.B(3), infra.

(Dkt. 11 at 12, n. 5.) Sunpath's citations, however, do not tell the full story, and the cases referenced are of limited use where not directly on point.

First, the *Horton* and *Born* cases cited by Sunpath both resulted in dismissal based solely

2

on a lack of control, including by operation of agency law specific to Texas, and neither case addressed theories of apparent authority or ratification. *See Horton*, 2021 WL 982344 at *4; *Born*, 2020 WL 3883273 at *4, n. 6. These were not cases with "far more evidence," as here Defendant has admitted to the existence of contracts with its telemarketers that apparently provide limited permissions and exercise control over the products and contracts to be marketed, denying telemarketers authority "to draft or in any way materially alter the extended vehicle service policies" that will be offered to consumers. (Dkt. 11-1 at ¶¶ 9, 13.) Of course, there may be greater elements of control apparent in the contract language, but the agreements have not yet been produced.

The *Cunningham* case resulted in dismissal where the Plaintiff did not have facts about the calls that would attribute them to the defendants seeking dismissal; rather, *Cunningham* located the defendant's name by calling a number he found through research of a charge on his credit card bill—Defendant notes this peculiarity in its citation. *Cunningham*, 2018 WL 3496538 at *1, *4; (Dkt. 11 at 12, n. 5.). Unlike *Cunningham*, Plaintiff's claims against Sunpath are based directly on the calls themselves, and the fact that each of the dozens of calls she received featured an operator attempting to sell her Sunpath's products. (Dkt. 1 at ¶¶ 23–25.) This is not a vague or speculative connection, but a recognition of the reality that more than fifty calls advertising Sunpath's products supports the reasonable inference that such calls were made by or on behalf of Sunpath.

Finally, the *Naiman* case is of limited use because the decision was made upon review of specific contractual agreements that did not apply to or indicate control over the calling party. The Northern District of California found that "the terms of the Agreement make clear that [defendant] TranzVia did not control [telemarketer] Arris or the manner or means in which Arris

3

made calls." *Naiman*, 2017 WL 5992123, at *10. Just like *Born* and *Horton*, this was not a case with "far more evidence" than is present here, but with evidence and contract language that clearly cut against a finding of agency—Sunpath has alluded to its contracts in a self-serving declaration, but it has not yet produced them.

Sunpath cited to four cases for the apparent proposition that cases with "far more evidence" have been dismissed around the country, but Plaintiff can just as easily cite to numerous cases in which a plaintiff with similar evidence and allegations was found to have met its burden for pleading vicarious liability and personal jurisdiction resulting from the acts of an agent. *See Pastore v. GT Mktg. Grp. USA, Inc.*, No. 6:21-CV-1483-PGB-DCI, 2022 WL 409414, at *4 (M.D. Fla. Feb. 10, 2022) ("Plaintiff's lack of clarity around who exactly called him is not a problem at this procedural posture. . . . Plaintiff has pled his claim in the alternative: either Defendant is directly liable or vicariously liable due to the actions of some intermediary. . . . The alternative possibility—[vicarious liability]—will be fleshed out in discovery."); *Newell v. Strategic Admin. Grp., Inc.*, No. 2:20-CV-00967-JDW, 2020 WL 12770854, at *1–2 (E.D. Pa. May 6, 2020) (finding that a company outsourcing its telemarketing supports a plausible claim of vicarious liability and thus sufficient minimum contacts for personal jurisdiction); *Abramson v. Agentra, LLC*, No. CV 18-615, 2018 WL 6617819, at *3–5 (W.D. Pa. Dec. 18, 2018) (same); *Lee v. Branch Banking & Tr. Co.*, No. CV 18-21876-CIV, 2018 WL 5633995, at *5 (S.D. Fla. Oct. 31, 2018) (finding that alleging receipt of phone calls in the forum was enough for personal jurisdiction, and a declaration that defendant did not make calls itself and one of its agents had no record of calling "does not rebut that another agent . . . may have done so"); *Fabec v. Debt Mgmt. Partners, LLC*, No. 1:18 CV 1537, 2018 WL 4830085, at *9 (N.D. Ohio Oct. 4, 2018) (denying motion to dismiss and finding personal jurisdiction based on allegations that

"Defendants, either acting on their own behalf or through a retained agent, made multiple contacts with Plaintiff in Ohio"); *Sasin v. Enter. Fin. Grp., Inc.*, No. CV 17-4022-CBM-RAO, 2017 WL 10574367, at *4 (C.D. Cal. Nov. 21, 2017) (finding personal jurisdiction based on allegations that defendant authorized agent to make calls on its behalf); *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1369 (S.D. Fla. 2016) ("As Keim alleges in his complaint that the Moving Defendants' agents sent the text messages that give rise to his TCPA claim, he establishes a prima facie case for personal jurisdiction under the long-arm statute.").

The cases above comport with the general principle that, on a motion to dismiss, all reasonable inferences are to be drawn and construed in a light most favorable to non-moving party. *See Gilyard v. Northlake Foods, Inc.*, 367 F. Supp. 2d 1008, 1012 (E.D. Va. 2005). In her complaint, Plaintiff pleaded her claims in the alternative—either Sunpath is directly liable for placing the calls or vicariously liable if they were placed by agents—based on the fact that she received more than fifty calls attempting to sell her a Sunpath vehicle service contract. If Defendant did not, in fact, place calls itself, Plaintiff's alternative theory of vicarious liability will apply. She has met her burden to plead a *prima facie* case for personal jurisdiction, and the fact that Defendant readily admits that it contracted with telemarketers who sell its products supports a finding of vicarious liability, under a theory of actual authority, apparent authority, or ratification.

## IV. CONCLUSION

The Court should deny Defendant's motion to dismiss. Smith has made a *prima facie* showing to support specific, personal jurisdiction over Sunpath for the calls at issue, and she has adequately stated her claims for relief above the speculative level. Defendant's declaration suggests an agency relationship with any third-party telemarketers involved, and the contracts

that it has been ordered to file with the Court will bolster her claims for vicarious liability. Accordingly, the Court should deny Defendant's motion and award any such relief as it deems necessary and just.

                                      Respectfully Submitted,

                                      **RUTH SMITH**, individually and on behalf of all others similarly situated,

Dated: June 17, 2022                By: _/s/ Francis J. Driscoll, Jr._
                                                   Counsel for Plaintiff

                                      Francis J. Driscoll, Jr.
                                      frank@driscolllawoffice.com
                                      4669 South Blvd., Suite 107
                                      Virginia Beach, VA 23452
                                      Telephone: 757-321-0054
                                      Facsimile: 757-321-4020

                                      Patrick H. Peluso*
                                      ppeluso@woodrowpeluso.com
                                      Woodrow & Peluso, LLC
                                      3900 E. Mexico Avenue, Suite 300
                                      Denver, Colorado 80210
                                      Tel: 720-213-0675
                                      Fax: 303-927-0809
                                      *Attorneys for Plaintiffs and the Class*

                                      *\* Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on June 17, 2022.

/s/ Francis J. Driscoll, Jr.

7