IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.,**<br>　　　　　　　　　　Defendant. | Case No. 1:22-cv-81-LMB-TCB |

## DEFENDANT SUNPATH LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant SunPath, Ltd. ("SunPath"), pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, by counsel, hereby answers, paragraph by paragraph, Plaintiff Ruth Smith's ("Plaintiff") Class Action Complaint (ECF No. 1) ("Complaint") as follows:

### PARTIES

1. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2. Denied in part; SunPath is a Delaware corporation with its principal place of business in Massachusetts.

### JURISDICTION AND VENUE

3. The allegations in Paragraph 3 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

4. The allegations in Paragraph 4 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied, and SunPath expressly preserves its objection to the Court's exercise of personal jurisdiction over it.

1

5. The allegations in Paragraph 5 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

## COMMON ALLEGATIONS OF FACT

6. SunPath admits only that it is serves as administrator of certain vehicle service contracts. The remainder of the allegations in this paragraph are denied.

7. SunPath denies that it engages in any form of telemarketing. The remaining allegations in Paragraph 7 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

8. Denied.

9. The language of the TCPA speaks for itself and anything to the contrary is denied. The remaining allegations call for legal conclusions to which no response is necessary. To the extent any further response is required, those allegations are denied.

10. Denied.

11. The allegations in Paragraph 11 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

12. Denied.

13. Denied.

14. The allegations in Paragraph 14 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

15. This paragraph does not appear to contain any factual allegations requiring a response from SunPath, but if any response is deemed required, SunPath denies that Plaintiff or any purported class is entitled to the relief sought from SunPath.

16. This paragraph does not appear to contain any factual allegations requiring a response from SunPath, but if any response is deemed required, SunPath denies that Plaintiff or any purported class is entitled to the relief sought from SunPath.

17. The allegations in Paragraph 17 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

18. The VTPPA speaks for itself and anything to the contrary is denied. The remainder of the allegations in Paragraph 18 calls for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

19. The VTPPA speaks for itself and anything to the contrary is denied.

## FACTS SPECIFIC TO PLAINTIFF

20. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23. The allegations in Paragraph 23 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

24. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25. The allegations in Paragraph 25 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

26. SunPath admits only that its first interaction with Plaintiff was when she demanded compensation for calls SunPath did not make or have any knowledge of or control over. The remaining allegations in Paragraph 26 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

27. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29. Denied.

30. Denied.

31. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

<u>**CLASS ACTION ALLEGATIONS**</u>

33. SunPath admits that Plaintiff purports to bring class action claims, but denies that Plaintiff or any alleged putative class are entitled to the relief sought from SunPath. Any allegations regarding Plaintiff representing a potential class also call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. The allegations in Paragraph 34 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

35. The allegations in Paragraph 35 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

36. The allegations in Paragraph 36 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

37. The allegations in Paragraph 37 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

38. The allegations in Paragraph 38 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

39. The allegations in Paragraph 39 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

**FIRST CAUSE OF ACTION**
**Alleged Violation of the TCPA, 47 U.S.C 227, *et seq.***
**(On behalf of Plaintiff and the No Consent Class)**

40. SunPath incorporates its responses to paragraphs 1-39 above as if fully set forth herein.

41. The allegations in Paragraph 41 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

42. The allegations in Paragraph 42 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

43. The allegations in Paragraph 43 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

44. The allegations in Paragraph 44 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

45. The allegations in Paragraph 45 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

46. The cited provision of the TCPA speaks for itself, and anything to the contrary is denied.

## SECOND CAUSE OF ACTION
**Alleged Violation of the Virginia Telephone Privacy Protection Act**
**(On behalf of Plaintiff and the Virginia Do Not Call Registry Class)**

47. SunPath incorporates its responses to paragraphs 1-46 above as if fully set forth herein.

48. The cited provision of the VTPPA speaks for itself, and anything to the contrary is denied.

49. The cited provision of the VTPPA speaks for itself, and anything to the contrary is denied.

50. The cited provision of the VTPPA speaks for itself, and anything to the contrary is denied.

51. The cited provision of the VTPPA speaks for itself, and anything to the contrary is denied.

52. The allegations in Paragraph 52 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

53. The allegations in Paragraph 53 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

54. The cited provision of the VTPPA speaks for itself, and anything to the contrary is denied.

## THIRD CAUSE OF ACTION
### Alleged Violation of the Virginia Telephone Privacy Protection Act
### (On behalf of Plaintiff and the Virginia Unidentified Caller Class)

55. SunPath incorporates its responses to paragraphs 1-54 above as if fully set forth herein.

56. The cited provision of the VTPPA speaks for itself, and anything to the contrary is denied.

57. The allegations in Paragraph 57 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

58. The allegations in Paragraph 58 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

59. The allegations in Paragraph 59 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

60. SunPath is without sufficient information to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies them.

61. The cited subsection of the VTPPA speaks for itself, and anything to the contrary is denied.

62. SunPath denies that Plaintiff or the alleged putative class are entitled to the relief sought from SunPath.

## PRAYER FOR RELIEF

This section does not contain any factual allegations requiring a response from SunPath, but if a response is deemed required, SunPath denies that Plaintiff or any putative class member is entitled to any relief from SunPath.

## GENERAL DENIAL

All allegations set forth in the Complaint not specifically admitted above are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

Based upon its current information and belief, SunPath asserts the following affirmative defenses to Plaintiff's Class Action Complaint, and reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate. By asserting these defenses here, SunPath does not concede that they have the burden of proof or production for any of the following:

1. Plaintiff lacks Article III standing because she has incurred no injury or actual harm or damages. *See, e.g., Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).

2. Plaintiff fails to state a claim against SunPath upon which relief can be granted, as explained in its Motion to Dismiss.

3. Although SunPath specifically denies it has any liability with respect to Plaintiff's claims and allegations, SunPath asserts that it has not willfully violated any statute and any violation(s) that may have occurred were unintentional.

4. Any alleged damages suffered by Plaintiff resulted from the acts or omissions of third parties who were not agents of SunPath, over whom SunPath exercised no control or authority and for whose conduct SunPath is not responsible.

5. The claims against SunPath are misjoined and therefore SunPath should be dismissed and/or the claims against SunPath severed.

6. Plaintiff's claims are barred insofar as an applicable established business relationship authorized the calls at issue pursuant to 47 C.F.R. § 64.1200(f)(5). *See, e.g., Leyse*

*v. Bank of Am., Nat'l Ass'n*, Civil Action No. 11-7128 (SDW) (SCM), 2020 U.S. Dist. LEXIS 44234, at *13 (D.N.J. Mar. 13, 2020).

## RESERVATION OF RIGHTS

SunPath reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, SunPath prays that the Complaint be dismissed with prejudice, with SunPath being awarded all costs of suit, including attorney's fees, as they may be payable pursuant to applicable law.

Dated: August 19, 2022

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Gregory M. Caffas*
Gregory M. Caffas (VSB No. 92142)
Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
gcaffas@rothjackson.com
mroth@rothjackson.com

Joseph P. Bowser (VSB No. 88399)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com

*Counsel for SunPath, Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused the above and foregoing SunPath's Answer and Affirmative Defenses to Plaintiff's Class Action Complaint to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on August 19, 2022.

                                              /s/ *Gregory M. Caffas*
                                              Gregory M. Caffas