IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26(A), and the Order entered by this Court on August 5, 2022 (dkt. 25), counsel of record for the parties respectfully submit this Joint Discovery Plan in advance of the initial pretrial conference to beheld on August 31, 2022, at 11:00 a.m.

Pursuant to Rule 26(f), the parties conferred on August 18, 2022, to formulate this discovery plan.

1. <u>Nature of the Case.</u>

<u>Plaintiff's Position:</u> The facts are straightforward. Plaintiff received calls on her cellular telephones from or on behalf of SunPath. Plaintiff has never provided prior express consent to receive such calls. Plaintiff received at least fifty, autodialed telemarketing calls regarding SunPath's products or services. Accordingly, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this action to put an end to Defendant's serial violations of the TCPA.

Similarly, Plaintiff also challenges Defendant's actions under the Virginia Telephone Privacy Protection Act. Indeed, SunPath, or a third party acting on behalf of SunPath, placed repeated telemarketing calls to her telephone number, which was registered on the national Do Not Call Registry. Further, SunPath failed to properly identify itself during the calls at issue. As such, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this action to put an end to Defendant's serial violations of the Virginia Telephone Privacy Protection Act.

Defendant's Position:

Plaintiff has alleged she received "more than 50" telemarketing calls to her cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA") and its Virginia analogue, the Virginia Telephone Privacy Protection Act ("VTPPA"). She alleges SunPath or a third-party acting on its behalf (it is unclear which) made the subject phone calls, but SunPath has never called her, and does not control any of the third parties that sell SunPath-administered vehicle service contracts. Plaintiff's claims pursuant to the TCPA and VTPPA lack merit because SunPath does not make outbound sales calls to consumers, and specifically did not initiate any of the alleged calls to Plaintiff's cellular telephone or control or direct any third-party to make such calls.

2. Initial Disclosures. The parties will exchange initial disclosures on or before September 1, 2022.

3. Discovery Schedule.

Plaintiff's Position: Plaintiff requests that the Court vacate the current pretrial deadlines, which would require the final pretrial conference to be held on December 15, 2022. In this putative class action, Plaintiff alleges that Defendant violated the TCPA and similar state laws by placing repeated autodialed calls to consumers without consent. Accordingly, Plaintiff intends to pursue evidence relevant to class certification that is likely in the possession of SunPath and third

2

parties. Absent an extension of the existing trial date, the parties will be left with three months to complete all discovery in this action, fully brief Plaintiff's anticipated motion for class certification, await a ruling on class certification, effectuate a notice plan (which itself may take 60-days), and file any dispositive motions. Plaintiff is concerned that it is not possible to complete these tasks within three months.

As such, an extension will permit the parties sufficient time to identify all third parties involved, effectuate any subpoenas, and take depositions that may be necessary. By permitting additional time to engage in pre-certification discovery, the parties will be able to provide a fulsome record upon which this Court can adjudicate class certification.

As such, Plaintiff proposes that discovery should proceed with respect to both class certification, merits, and expert issues for a period of four (4) months. Plaintiff proposes filing her motion for class certification within 75-days. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Plaintiff proposes the following discovery schedule:

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | October 31, 2022 |
| Plaintiff's Expert Disclosures Due | November 25, 2022 |
| Defendant's Expert Disclosures Due | December 9, 2022 |
| Rebuttal Expert Disclosures Due | December 23, 2022 |
| Discovery Cut Off | December 30, 2022 |
| Engage in Good Faith Settlement Discussions | December 30, 2022 |

| | |
|---|---|
| Plaintiff to File Motion for Class Certification | November 14, 2022 |
| Defendant to File Opposition to Class Certification | December 5, 2022 |
| Plaintiff to File Reply ISO Motion for Class Certification | December 19, 2022 |
| Subsequent Case Management Conference | To be set after a ruling on class certification |
| File Dispositive Motions | TBD |

Defendant's Position: Defendant anticipates moving for summary judgment at the close of fact discovery on the grounds that Defendant is not directly or vicariously liable for any of the alleged violations of the TCPA or VTPPA. In accordance with the requirements set forth in the Court's Order dated August 5, 2022, ECF No. 25, and Local Rule 26, Defendant proposes the following schedule:

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | September 30, 2022 |
| Plaintiff's Expert Disclosures Due | October 16, 2022 |
| Defendant's Expert Disclosures Due | November 15, 2022 |
| Rebuttal Expert Disclosures Due | November 30, 2022 |
| Discovery Cut Off | December 9, 2022 |
| Engage in Good Faith Settlement | December 30, 2022 |

4

| Discussions | |
|---|---|
| Plaintiff to File Motion for Class Certification | November 14, 2022 |
| Defendant to File Opposition to Class Certification | December 5, 2022 |
| Plaintiff to File Reply ISO Motion for Class Certification | December 19, 2022 |
| Subsequent Case Management Conference | 7 days after ruling on dispositive motion |
| File Dispositive Motions | December 19, 2022 |

4. <u>Discovery of Electronically Stored Information.</u> Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests. Documents produced in electronic form shall be produced in the format that they are typically stored, unless the parties agree otherwise by counsel before production.

5. <u>Privileged or Protected Material.</u> The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that communications between the parties and their counsel of record in this case do not need to be stated on any privilege log. The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning

5

privileges and protections shall be addressed in accordance with the Federal Rules of Civil Procedure.

6. Protective Orders. Counsel for the parties agree to discuss the entry of a stipulated protective order and shall agree to work together to agree on a form for a protective order consistent with the requirements of the Local Rules.

7. Amendment of Pleadings/Addition of Parties.

Plaintiff's Position: Plaintiff proposes that the deadline to amend pleadings and to add parties shall be October 31, 2022.

Defendant's Position: Plaintiff proposes that the deadline to amend pleadings and to add parties shall be September 30, 2022.

8. Trial by Magistrate. All parties do not consent to trial by Magistrate.

9. Trial. The parties estimate that the trial of this matter shall last for three (3) days.

10. Scheduling Conference. The parties jointly request that the Rule 16 scheduling conference in this case be conducting telephonically.

11. Settlement Prospects:

Plaintiff's Position:

Defendant's Position: Based on settlement discussions between the parties to date, Defendant does not foresee a settlement conference leading to an early resolution of this case.

Respectfully submitted,

Dated: August 24, 2022    **Jointly submitted:**

By: /s/ Francis J. Driscoll, Jr.
　　　　One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107

6

Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

and

/s/ *Gregory M. Caffas*
Gregory M. Caffas (VSB No. 92142)
Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
gcaffas@rothjackson.com
mroth@rothjackson.com

Joseph P. Bowser (VSB No. 88399)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com

*Counsel for SunPath, Ltd.*