IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUTH SMITH, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00081-LMB-WEF |
| Plaintiff, | |
| v. | |
| SUNPATH, LTD., a Massachusetts corporation, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO MODIFY CASE SCHEDULE

Plaintiff Ruth Smith ("Plaintiff" or "Smith") respectfully moves this Court for an Order modifying the current case schedule. The proposed modification will provide a brief extension that will allow the parties to complete discovery. The proposed modification will also vacate the existing final pretrial conference and, in its place, set a briefing schedule for Plaintiff's motion for class certification, with a new pretrial conference date to be set after a ruling on class certification. The requested modification is necessary in this case. As explained below, the modification will enable Plaintiff to procure the necessary class-related discovery, which is currently in the possession of third parties.

## I.     PROCEDURAL HISTORY

On January 26, 2022, Plaintiff filed the instant action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Virginia Telephone Privacy Protection Act ("VTPPA"). (Dkt. 1.) On August 5, 2022, the Court issued its initial scheduling order, which required all discovery to be completed on or before December 9, 2022, and set a final pretrial conference for December 15, 2022, at 10:00 a.m. (Dkt. 25.) The

1

scheduling order also required the parties to submit a joint proposed discovery plan on or before

August 24, 2022. (*Id.*)

On August 24, 2022, the parties filed a joint discovery plan, which set forth their

respective positions regarding the case schedule. (Dkt. 27.) On September 31, 2022, the Court

issued a Rule 16(b) scheduling order, which set the following deadlines in this case.

- Discovery Cut-Off: December 9, 2022;
- Plaintiff's Expert Disclosure: October 10, 2022;
- Defendant's Expert Disclosure: November 9, 2022;
- Rebuttal Expert Disclosures: November 28, 2022; and
- Final Pretrial Conference: December 15, 2022, at 10:00 a.m.

(Dkt. 31.)

To date, Plaintiff has diligently worked to gather all necessary discovery. On August 24,

2022, Plaintiff issued her first set of discovery requests on SunPath, including interrogatories and

requests for production. (*See* Declaration of Patrick H. Peluso ("Peluso Decl.") ¶ 7, attached

hereto as Exhibit A.) SunPath requested an extension of its deadline to respond to the requests

until October 7, 2022. (*Id.*) On August 29, 2022, SunPath issued its first set of discovery requests

directed to Plaintiff, including interrogatories, requests for admission, and requests for

production. (*Id.* ¶ 8.) Plaintiff served her objections to the requests on September 13, 2022, and

her responses on September 28, 2022. (*Id.*)

On August 24, 2022, Plaintiff also issued subpoenas to Testify at a Deposition in a Civil

Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection

of Premises in a Civil Action on Chukran Management Group, LLC d/b/a American Protection

Corp. ("American Protection"). (*Id.* ¶ 9.) American Protection was identified as an agent of

SunPath that likely placed, at least some, of the calls at issue to Plaintiff. (*Id.*) The subpoena

seeking documents specified a response date of September 16, 2022. (*Id.*)

On September 16, 2022, Kobi Chukran, the president of American Protection, responded to the subpoena and produced documents reflecting a relationship with SunPath as well as documents evidencing written communications with Plaintiff. (*Id.* ¶ 10.) However, Mr. Chukran indicated that it possessed no records of any calls placed on behalf of SunPath. (*Id.*) Instead, Mr. Chukran claimed that the calls may have been placed by another company, American Vehicle Protection Corp. ("AVPC"). (*Id.*) In response, Plaintiff requested Mr. Chukran's availability for a deposition and a call to discuss American Protection's responses to the subpoena. (*Id.* ¶ 11.)

On September 23, 2022, Mr. Chukran responded and stated that he would only answer questions during a deposition. (*Id.* ¶ 12.) On September 26, 2022, Plaintiff served a letter on American Protection outlining deficiencies in its responses to the subpoena. (*Id.* ¶ 13.) On September 30, 2022, Mr. Chukran responded, via email, and altered his prior response by illuding to the existence of some class records (but still refused to produce any documents). (*Id.* ¶ 14.) He also reiterated that he would discuss its responses to the subpoena at a deposition— which he stated could likely not take place until November. (*Id.*)

Based on American Protection's disclosure, Plaintiff issued additional subpoenas on September 21, 2022. (*Id.* ¶¶ 15-16.) First, Plaintiff issued subpoenas to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on AVPC. (*Id.*) Second, Plaintiff issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Verizon Communications, Inc., which will reveal the identity of the subscriber or user of the telephone numbers that placed the calls to Plaintiff. (*Id.*)

There remains considerable discovery to be completed. Most notably, Plaintiff is working to schedule American Protection's deposition. (*Id.* ¶ 17.) While Plaintiff is attempting to

3

complete the deposition in October, Mr. Chukran has become unresponsive to requests for availability. (*Id.*) Plaintiff also anticipates filing an enforcement action against American Protection in the Southern District of Florida to compel a complete response the subject subpoena. (*Id.* ¶ 18.) Because the deposition is necessary to establish a basis for her belief that it has withheld documents, Plaintiff cannot file the enforcement action until after the deposition has been completed. (*Id.*) And again, Plaintiff has served two additional third-party subpoenas in this case, in addition to discovery requests to the Defendant. Plaintiff is working diligently, but there is much more to be done.

On October 4, 2022, Plaintiff conferred with counsel for SunPath regarding her proposed modification. (*Id.* ¶ 19.) SunPath does not agree with the proposed schedule outlined below. (*Id.* ¶ 20.) Instead, SunPath proposed the following modification to the schedule:

- Discovery Cut-Off: November 15, 2022;
- Plaintiff's Expert Disclosure: November 30, 2022;
- Defendant's Expert Disclosure: December 21, 2022;
- Rebuttal Expert Disclosures: January 20, 2023;
- Plaintiff to file Motion for Class Certification: February 10, 2023;
- Defendant to file Opposition to Class Certification: March 3, 2023;
- Plaintiff to file Reply ISO Class Certification: March 17, 2023; and
- Final Pretrial Conference: To be determined.

(*Id.*) Plaintiff cannot agree to SunPath's proposed schedule. As explained further below, the modification is necessary to enable Plaintiff sufficient time to gather all necessary class related documents and data. SunPath's proposal will not accomplish this goal. Rather, its proposal actually **shortens** the fact discovery period and then seeks a more leisurely briefing schedule regarding class certification. This is unnecessary.

Accordingly, Plaintiff requests that the Court grant the instant motion and modify the existing deadlines as set forth below:

- Discovery Cut-Off: February 10, 2023;

- Plaintiff's Expert Disclosure: December 9, 2022;
- Defendant's Expert Disclosure: January 6, 2023;
- Rebuttal Expert Disclosures: January 27, 2023;
- Plaintiff to file Motion for Class Certification: January 13, 2023;
- Defendant to file Opposition to Class Certification: February 3, 2023;
- Plaintiff to file Reply ISO Class Certification: February 17, 2023; and
- Final Pretrial Conference: To be set after a ruling on class certification.

## II.    ARGUMENT

The Court may modify a discovery schedule if the moving party establishes "good cause" for the modification. *Ball v. Takeda Pharms. Am., Inc.*, 963 F. Supp. 2d 497, 509 (E.D. Va. 2013) "Good cause" requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence". *Id.* But "the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Id.*

Here, the record establishes good cause to grant the requested modification. As detailed above, Plaintiff has diligently worked to meet the instant deadlines. She issued discovery requests and subpoenas without delay and responded to discovery in a timely fashion. The complicating issue in this case is that nearly all of the documents and data relating to the complaint's class allegations are in the possession of SunPath's third-party telemarketer American Protection, who unfortunately has worked to complicate the discovery process.

Initially, American Protection indicated that it possessed no responsive documents to reflect the call records. Instead, American Protection suggested that a company, American Vehicle Protection Corp. ("AVPC"), may have placed the calls at issue. Based on this disclosure, Plaintiff issued subpoenas to AVPC and Verizon Communications, Inc.[1] Later, American

---

[1] The Verizon subpoena will reveal the identity of the subscriber or user of the telephone numbers that placed the calls to Plaintiff.

5

Protection changed course and illuded to the existence of the call records (but still refused to produce any documents). American Protection's president, Kobi Chukran, also indicated that he would only discuss its responses to the subpoena at a deposition—which he stated could not take place until November. As such, Plaintiff is working with American Protection and SunPath to schedule the deposition. Following the deposition, Plaintiff anticipates filing an enforcement action to obtain the relevant documents and data concerning the calls to Plaintiff and the Classes. These documents are necessary for Plaintiff (and the Court) to evaluate the prerequisites of class certification.

Ironically, while Defendant opposes this motion, the only parties in this case that have been unable to timely meet their discovery obligations are SunPath and its third-party telemarketer, American Protection. For its part, SunPath sought an extension of its deadline to respond to Plaintiff's first set of discovery requests. Based on its objections to the discovery requests, Plaintiff anticipates that she will likely be required to file a motion to compel further responses to the requests. And as detailed above, American Protection has created hurdles in the discovery process by refusing to turn over documents and data relating to the class allegations in addition to its refusal to make itself available for a deposition until November.

Put simply, Plaintiff is diligently working to gather all necessary information and the inability to meet the current deadlines is not the result of Plaintiff's lack of diligence. As such, a modest extension is warranted here.

Additionally, the request to vacate the final pretrial conference is likewise supported by good cause. Indeed, with two months remaining to complete discovery, Plaintiff will need to depose American Protection and potentially other third parties, move to compel compliance with

the subpoena (which must be filed in the S.D. of Florida)[2], depose Sunpath's Rule 30(b)(6)

witness, pursue any discovery disputes that may arise with Sunpath, fully brief Plaintiff's motion

for class certification, await a ruling on class certification, and effectuate a notice plan (which

itself may take 60-days). This is simply untenable. Moreover, the "one-way intervention" rule,

which bars granting class certification after the merits have already been decided in a plaintiff's

favor, would preclude Plaintiff, but not Defendant, from moving for summary judgment prior to

class certification. *See Stastny v. S. Bell Tel. & Tel. Co.*, 628 F.2d 267, 276 n.13 (4th Cir. 1980).

For this reason, under the current schedule Plaintiff will likely be required to forego any

opportunity to seek summary judgment in her favor.

Conversely, Plaintiff's proposal strikes a balance that will ultimately foster judicial

economy. Indeed, the proposal sets a briefing schedule for Plaintiff's anticipated motion for class

certification. Then, after a decision is rendered regarding class certification, the Court should

hold a subsequent case management conference to set the remaining deadlines for the case.

Should the Court grant certification, a notice plan to inform class members of their rights will

need to be proposed (and approved by the Court) and a deadline for dispositive motions and the

final pretrial conference can be set. On the other hand, should the Court deny the motion for

class certification, the schedule will proceed on an expedited basis to dispositive motions and

trial. As in most class actions, the decision regarding certification will drive the remainder of the

case in starkly different directions.

---

[2] Plaintiff cannot file the subpoena enforcement action prior to taking the deposition. Indeed, "mere suspicion" that a response is incomplete is insufficient to compel a further response. *Allah v. Gramiak*, No. 5:13-CV-186-MTT-MSH, 2015 WL 9267214, at *4 (M.D. Ga. Nov. 5, 2015), *report and recommendation adopted sub nom. Allah v. Tyndal*, No. 5:13-CV-186 (MTT), 2015 WL 9274929 (M.D. Ga. Dec. 18, 2015). Rather, Plaintiff must provide a firm basis for her belief as to which documents are being withheld. *Id.* Hence, the deposition is necessary to establish that basis.

For all these reasons, Plaintiff respectfully requests that the Court modify the schedule and grant a brief sixty (60) day extension of the existing discovery schedule. Additionally, Plaintiff requests that the Court vacate the final pretrial conference, which is currently scheduled for December 15, 2022, and set a briefing schedule regarding class certification. Plaintiff proposes the following modified deadlines:

- Discovery Cut-Off: February 10, 2023;
- Plaintiff's Expert Disclosure: December 9, 2022;
- Defendant's Expert Disclosure: January 6, 2023;
- Rebuttal Expert Disclosures: January 27, 2023;
- Plaintiff to file Motion for Class Certification: January 13, 2023;
- Defendant to file Opposition to Class Certification: February 3, 2023;
- Plaintiff to file Reply ISO Class Certification: February 17, 2023; and
- Final Pretrial Conference: To be set after a ruling on class certification.

As a final point, the modification is not being sought for any improper purpose and will not unfairly prejudice any party. Accordingly, Plaintiff requests that the Court grant this motion and modify the deadlines as set forth above.

## III.   CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court grant the instant motion, modify the existing deadlines as set forth above, and order any additional relief that the Court deems necessary and just.

Dated: October 7, 2022

RUTH SMITH, individually and on behalf of all others similarly situated,

By: _/s/ Francis J. Driscoll, Jr._
           One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

8

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document

was served upon counsel of record by filing such papers via the Court's ECF system on October

7, 2022.

/s/ Francis J. Driscoll, Jr.