IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **SUNPATH, LTD.,** a Massachusetts corporation, <br><br> *Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

### SUNPATH, LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE

Defendant SunPath, Ltd. ("SunPath"), by counsel, submits the following Response in Opposition to Plaintiff's Motion to Modify Case Schedule ("Motion"), ECF No. 32, and the Memorandum filed in Support thereof, ECF No. 34.

1. Plaintiff's Motion seeks a blanket 60-day extension to all pre-trial deadlines presently set in this matter. *See* Mot. to Modify at 1. SunPath attempted to fully confer with Plaintiff to create an amended scheduling plan that addresses outstanding discovery issues, which Plaintiff's proposed extension fails to do, but Plaintiff filed her Motion before this issue could be resolved and before apprising SunPath of much of the details reported for the first time in her Motion.

2. Local Civil Rule 7(E) requires that "[b]efore endeavoring to secure an appointment for a hearing on any motion, it shall be incumbent upon the counsel desiring such hearing to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement." Local Civil Rule 37(E) requires in the context of discovery motions (to the extent it is applicable to the present Motion) that "[c]ounsel shall

confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy."

3. In Plaintiff's supporting memorandum, she cites a declaration of counsel setting forth what Plaintiff frames as efforts undertaken to conduct discovery that constitute good cause to grant Plaintiff's Motion. *See* Memo. at 2-4 (citing Declaration of Patrick H. Peluso, ECF No. 32-1).

4. SunPath was largely unaware of the grounds cited in Plaintiff's counsel's declaration prior to Plaintiff's filing of her Motion and accompanying Memorandum, as this was not discussed during the parties' meet-and-confer communications. Attached as **Exhibit 1** are emails between the parties' counsel, which represent the entirety of the parties' meet-and-confer process that took place before Plaintiff filed her Motion.

5. As these emails reflect, SunPath was unaware of any issues that needed to be resolved prior to the close of fact discovery beyond Plaintiff's scheduling of the deposition of non-party American Protection, who reportedly asked for more than a month's extension of its deposition for no apparent reason. *See* Ex. 1 (Email from Patrick Peluso dated October 5, 2022, stating the delay in taking the deposition of this third party satisfies "good cause" to extend the discovery schedule).

6. But given Plaintiff's representations, SunPath proposed the following altered pre-trial schedule that was meant to allow for that deposition to occur within the fact-discovery cutoff without needlessly prolonging the schedule otherwise:

- Fact Discovery Cut-Off: November 15, 2022;
- Plaintiff's Expert Disclosure: November 30, 2022;
- Defendant's Expert Disclosure: December 21, 2022
- (Defendant Expert Deposition to occur between January 5 and January 23, 2023);
- Plaintiff's Rebuttal Expert Disclosure: January 20, 2023
- (Plaintiff Expert Deposition to occur between January 26 and February 3, 2023);
- Plaintiff's Motion for Class Certification: February 10, 2023
- Defendant's Opposition to Motion for Class Certification: March 3, 2023
- Plaintiff's Reply in Support of Motion for Class Certification: March 17, 2023
- Final Pretrial Conference: To be determined.

*See* Ex. 1 (Email from Gregory Caffas dated October 6, 2022).

7. Plaintiff never responded to SunPath's proposed schedule. Plaintiff then filed her Motion without any further attempt to meet and confer, informing SunPath for the first time that "Plaintiff cannot agree to SunPath's proposed schedule." Memo. at 4. SunPath's proposed schedule alteration was not intended to prejudice Plaintiff's ability to conduct what she describes as necessary discovery, as SunPath was unaware of the majority of the outstanding discovery issues Plaintiff now lists as the basis for her Motion.

8. While SunPath understands Plaintiff's need for expediency given the present discovery schedule, her Motion misrepresents SunPath's position—apparently due to prematurely cutting short the meet-and-confer process—and Plaintiff's own proposed extension does not adequately address the issues raised in her Motion.

9. Indeed, Plaintiff "anticipates filing an enforcement action to obtain the relevant documents and data concerning the calls to Plaintiff and the Classes" from American Protection. *See* Memo. at 6. Plaintiff believes this information she seeks would be necessary for both her expert disclosures and class certification briefing, deadlines that occur well in advance of the close of fact discovery under Plaintiff's current proposed schedule. This would necessitate the taking of a deposition that has not even been scheduled, moving for enforcement of a subpoena in a separate jurisdiction, allowing time for the subsequent production (assuming Plaintiff's

enforcement action is successful) before those proposed deadlines, and then presumably re-opening that non-party's deposition.

10. Even assuming Plaintiff is correct regarding the relevance of the information she seeks, and her assumption that she needs to first take an allegedly incomplete deposition before she can get relief in another court, her proposed alternate deadlines are simply not tenable given her own description of the current discovery issues.

11. While SunPath's proposed scheduling modifications may not address all discovery matters it was not aware of at the time they were proposed, the structure of its proposed modifications provides a more tenable schedule that is less likely to require further intervention from the Court than the one Plaintiff currently proposes.

WHEREFORE, Defendant SunPath, Ltd. respectfully requests that the Court deny Plaintiff's Motion to Modify Case Schedule and grant such other relief as it deems appropriate.

Dated: October 12, 2022

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Gregory M. Caffas*
Gregory M. Caffas (VSB No. 92142)
Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
gcaffas@rothjackson.com
mroth@rothjackson.com

Joseph P. Bowser (VSB No. 88399)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com

*Counsel for SunPath, Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that I caused the above and foregoing Response in Opposition to Plaintiff's Motion to Modify Case Schedule to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on October 12, 2022.

/s/ *Gregory M. Caffas*
Gregory M. Caffas