IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUNPATH, LTD.,** a Massachusetts corporation,<br><br>*Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

**DEFENDANT SUNPATH, LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES**

Defendant SunPath, Ltd., by counsel, hereby submits its Memorandum in Support of its Motion to Compel Plaintiff Ruth Smith to produce full and complete responses to SunPath's discrete discovery requests identified below.

**I.    INTRODUCTION AND BACKGROUND**

In this putative class action case, Plaintiff claims that she received telephone calls in violation of the Telephone Consumer Protection Act ("TCPA") and Virginia Telephone Privacy Protection Act ("VTPPA"). Plaintiff alleges that SunPath, despite not making any of the calls itself, is somehow liable for the actions of third parties that allegedly made these calls. *See* Complaint ¶¶ 8-17, ECF No. 1; Declaration of Andrew Garcia ¶ 7, ECF No. 11-1.  But throughout the course of discovery, which closes on December 9, 2022, Plaintiff has refused to provide information identifying the specific calls she is suing SunPath for, what her alleged damages claims are, or the facts that she claims support her claim that SunPath is vicariously liable for this unidentified set of calls.  While it appears clear that Plaintiff's strategy was to sue first and figure it out later, SunPath is entitled to the discovery at issue in this motion.

Plaintiff's refusal to provide complete discovery responses is unjustified; she relies almost exclusively on boilerplate objections that fail to carry her burden to show why complete responses are being withheld. Indeed, in addition to leaving SunPath in the dark regarding the very calls that form the basis of her claims, Plaintiff has largely evaded providing complete responses to the majority of SunPath's discovery responses by objecting that the subject requests are "premature," without any further elaboration, and completely withholding any response. It should go without saying that SunPath's requests were timely—the parties were permitted to issue discovery upon the issuance of the Court's scheduling Order dated August 5, 2022, ECF No. 25. Plaintiff cannot now, especially at this late stage of discovery, withhold relevant discovery on the basis of this meritless objection.

In addition to failing to identify the calls that form the basis of her claims, Plaintiff has also refused to provide an adequate calculation of her alleged damages, as required in her initial disclosures pursuant to Fed. R. Civ. P. 26, and as requested by SunPath in a separate discovery request. She has also refused to provide settlement information that is relevant to SunPath's potential defenses to Plaintiff's claims, as well as Plaintiff's own credibility and fitness as a class representative. Finally, several of Plaintiff's responses to SunPath's requests for admission avoid giving any answer at all, and should therefore be deemed admitted.

SunPath served its First Set of Discovery Requests on Plaintiff on August 29, 2022, to which Plaintiff served her objections on September 13, 2022 and responses on September 28, 2022.[1] On October 21, 2022, once it was clear that no supplemental discovery responses were forthcoming, SunPath sent Plaintiff a letter detailing the issues that SunPath wished to meet and

---

[1] Plaintiff's Objections and Responses to SunPath's First Set of Discovery are attached as **Exhibit 1**.

confer about regarding the deficiencies with Plaintiff's discovery responses, and asked that Plaintiff cure these deficiencies by October 26, 2022.[2]

The parties' counsel met and conferred via email and telephone between October 21, 2022 and November 3, 2022 regarding the issues that are the subject of this motion.[3]  With the exception of providing a handful of documents received in response to subpoenas, Plaintiff has failed to supplement her discovery responses or address the deficiencies SunPath raised. Accordingly, SunPath must now request that the Court compel Plaintiff to produce the information sought in the relevant discovery requests discussed herein.

## II.     LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure affords a party seeking discovery the ability to move for an order compelling production if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents under Rule 34. Importantly, "[f]or purposes of [Rule 37], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  In addition:

> A party who has made a disclosure . . . or who has responded to an interrogatory, request for production, or request for admission . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed R. Civ. P. 26(e)(1)(A).

Rule 33 governs interrogatories and provides, in relevant part, as follows: "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Further, "the grounds for objecting . . . must be stated *with specificity*."  Fed. R.

---

[2]     SunPath's October 21, 2022 meet-and-confer correspondence is attached as **Exhibit 2**.
[3]     Email between counsel reflecting meet-and-confer communications are attached as **Exhibit 3.**

3

Civ. P. 33(b)(4) (emphasis added). Rule 34, governing requests for production, specifies that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

> While discoverable documents must undergo an analysis of proportionality, [a party] cannot invoke that analysis while leaving the record bereft of facts describing why any particular request exceeds its discovery obligations. Not only do the Federal Rules require a partial response when proper, but a record must be clear as to each party's positions so that the meet-and-confer and the Court's rulings can operate with efficiency.

*Brown v. Experian Info. Sols., Inc.*, Civil Action No. 3:16cv670, 2017 U.S. Dist. LEXIS 234931, at *5 (E.D. Va. Apr. 17, 2017) (citing *Buskirk v. Wiles*, No. 15cv3503, 2016 U.S. Dist. LEXIS 168081, at *2 (S.D.W. Va. Dec. 6, 2016) (noting that objections must be stated with specificity, with the underlying basis for the objection, with an indication whether responsive materials are being withheld and that "boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable")).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Mey v. All Access Telecom, Inc.*, CIVIL ACTION NO.: 5:19CV237, 2022 U.S. Dist. LEXIS 108993, at *4 (N.D.W. Va. May 4, 2022) (internal citation omitted). "Boilerplate objections to discovery requests are highly disfavored in this district and throughout the Fourth Circuit, and the failure to state objections with specificity may be regarded as a waiver of those objections." *Id.* at 4-5 (internal citations omitted). "General objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Id.* at 5. "[M]erely stating that a discovery request is . . . 'unduly burdensome' will not suffice to state a proper objection." *Spendlove v. RapidCourt, LLC*, Civil Action No. 3:18-cv-856, 2019 U.S. Dist. LEXIS 220392, at *12 (E.D. Va. Dec. 20,

4

2019) (quoting *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08cv288, 2008 U.S. Dist. LEXIS 103902, at *3 (E.D. Va. Dec. 24, 2008)). "[A] party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden." *Id*. at *13 (internal citation omitted); *see also Kirk v. SSC Foldsboro Operating Co. LLC*, No. 5:19-CV00285-BO, 2020 U.S. Dist. LEXIS 156943, at *14 (E.D.N.C. Aug. 28, 2020) (requiring "defendants to make a good faith effort to locate" and produce the requested documents).

### III. PLAINTIFF'S BOILERPLATE OBJECTIONS STATING SUNPATH'S REQUESTS ARE "PREMATURE" SHOULD BE OVERRULED AND HER RESPONSES SHOULD BE SUPPLEMENTED.

Plaintiff objects to most of SunPath's requests on the grounds that its requests are "premature" or "grossly premature," without any explanation.[4]  SunPath's requests are *not* "premature."  They were issued after this Court entered its scheduling Order.  *See* ECF No. 25 (permitting the parties to commence discovery on August 5, 2022).  They were therefore timely. *See also* Fed. R. Civ. P. 26(d)(1) (prohibiting parties from seeking discovery only before they confer under Rule 26(f) or before the Federal Rules or a Court Order authorizes discovery). Plaintiff apparently just wants to delay answering them until the last possible moment.  But neither the Federal Rules nor this Court's Rules countenance such procrastination, which serves only to delay discovery.  Worse, it prejudices SunPath's ability to test Plaintiff's claims and evidence, whatever they may be, until the very last moments of discovery.

These objections impermissibly seek to dictate the timeframe of discovery.  *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 246-47 (M.D.N.C. 2010) (citing *Aerodyne Sys.*

---

[4]   *See, e.g.*, Interrogatories 1-9, 12, 15, 18-19, 22, 23 (objecting on the grounds that the request is "premature" or "grossly premature"); Document Requests 15-20, 22, 23, 25-30, 32-33 (same).

5

*Eng'g, Ltd. v. Heritage Int'l Bank*, 115 F.R.D. 281, 289-90 (D. Md. 1987)) (affirming that a party responding to discovery requests cannot unilaterally dictate when it is required to respond adequately to the opposing party's discovery requests). Giving vague assurances that answers will later be provided or documents will ultimately be produced "frequently derails the discovery process." *Kinetic Concepts*, 268 F.R.D. at 246 (quoting *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 655 (D. Md. 1997)).

An examination of the specific requests Plaintiff lodges these objections to further demonstrates the inappropriateness of these objections. For example, Interrogatory 1 simply requests that Plaintiff identify the telephone calls that form the basis of her claims, to which Plaintiff has provided no response. This is Plaintiff's own TCPA case; surely Plaintiff should be expected to identify the phone calls she is suing SunPath for. Plaintiff is required to disclose what information she has available—she cannot refuse to provide any response at all until she feels she can provide a complete response. Plaintiff has a duty to provide timely discovery responses, and to supplement discovery as she discovers further relevant information under Rule 26(f). At this late stage of discovery, SunPath is at risk of being prejudiced by eleventh-hour disclosures that it may not be able to issue additional discovery to investigate, and its deposition of Plaintiff would surely be weaker without these responses. At the very least, if any request is considered premature because Plaintiff believes a final answer is dependent on documents or information Plaintiff expects to find during the remaining few weeks of discovery, her responses should specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records to support the basis for any claim that a request remains premature. Accordingly, SunPath request that the Court compel Plaintiff's response to each and

every request on the grounds that such request is "premature," namely Interrogatories 1, 2, 3, 4, 8, 9, 18, 22, and 23, as well as Document Requests 15, 16, 17, 19, 20, 22, 23, 28, 29, 32, and 33.

## IV. PLAINTIFF SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO INTERROGATORIES 1, 2, AND 3.

Interrogatory 1 simply requests that Plaintiff identify the calls for which she is seeking damages from SunPath in this lawsuit, and Interrogatories 2 and 3 request the factual bases for Plaintiff's contention that SunPath is either directly or vicariously liable for any of the calls at issue.  *See* Ex. 1 at 1-2.  Plaintiff's answers to these requests seeking information vital to SunPath's defenses in this case are entirely unresponsive, and none of the boilerplate objections she raises provide any basis for shirking her burden to provide complete answers.  *See id*. Plaintiff should be compelled to fully respond to Interrogatory 1 by identifying the phone calls for which Plaintiff seeks damages from SunPath in this lawsuit.  SunPath is simply asking Plaintiff to articulate and substantiate her damages claim.

Plaintiff is *required* to articulate this, by rule and without request, in her Rule 26 initial disclosures (which also remain deficient and must be supplemented, as discussed further below).  The current response fails to include any reference at all to any phone call Plaintiff purports to seek damages for, or *any calculation of damages whatsoever*, which should have been known because of her pre-suit investigation.  This is a strange omission in a TCPA case, where the call count is material to both liability and damages, and in all events, she must already know about the call(s) that led her to file suit.[5]

---

[5]   And anticipated deposition testimony or subpoena responses do not excuse Plaintiff withholding any factual response at all to Interrogatories 1-3.  Plaintiff has received records from Verizon purporting to identify the parties associated with the phone numbers listed in the Complaint, and she has taken the deposition of American Protection Corp. d/b/a Chukran Management, LLC, the party Plaintiff alleges is responsible for making the calls at issue.  Both of those discovery items indicate that even the calls listed in Plaintiff's Complaint do not support

Rather than provide any factual response, Plaintiff's response to Interrogatory 1 contains only a further unsupported contention that "[t]he calls at issue were placed for the purpose of selling SunPath's products and services." Ex. 1 at 2. This begs the question, and makes SunPath's point—*what* calls at issue? Plaintiff cannot make this statement, under oath, without knowing which "calls at issue" she is referring to. She does not know the date(s) or calling party number(s) of the call(s), but she knows *the purpose* of the call(s)? This response defies logic. As the Defendant in this matter, SunPath is entitled to Plaintiff's knowledge and information concerning the call(s) at issue *from her own experience*—she is the Plaintiff, and this goes to her standing to bring these claims both individually and as a class representative.

Plaintiff's responses to Interrogatories 2 and 3 similarly provide only additional unsupported contentions rather than the facts that support Plaintiff's contentions that SunPath may be directly or vicariously liable for any of the calls Plaintiff has yet to identify. Plaintiff's response to Interrogatory 2 provides only that "SunPath is directly liable under Va. Code Ann. § 59.1-514.1" without a single fact to support it. Plaintiff's answer should specify which calls it refers to, which would include calls referred to in a complete response to Interrogatory 1, once properly supplemented, and what *facts* support that contention.

Plaintiff's response to Interrogatory 3 provides that "Plaintiff states that the calls at issue were placed for the purpose of selling SunPath's products or services. Moreover, Plaintiff

---

her claims against SunPath. *See* Verizon Subpoena Response attached as **Exhibit 4** (listing the caller associated with several of the numbers listed in Plaintiff's Complaint as "FIRST CITIZENS BANCSHARES, INC.," which has no known connection to this case whatsoever); *see also* Excerpt of Deposition of American Protection Corp., attached as **Exhibit 5** ("Q: Do you know if there's any affiliate [of American Protection Corp.] associated with solicitations to plaintiff. A: There was [no solicitation to plaintiff] . . . . It was strictly that she received a postcard from [American Protection Corp.], and she called in to request information."). It is clear that Plaintiff has information needed to provide a complete response to these interrogatories, which she is required to provide, even if it is damaging to her claims.

8

directs SunPath's attention to its contractual agreements with Chukran Management Group, LLC and other third parties. Additionally, in the context of the VTPPA claims, Plaintiff asserts that SunPath is liable under Va. Code Ann. § 59.1-514.1." However, this response does not specify what "other third parties" Plaintiff refers to, nor does it specify which calls it refers to. Discovery should not be hide-and-seek. It should just be discovery. Plaintiff's response to this interrogatory remains deficient because it contains only bald contentions without the requisite factual support for such contentions.

Because Plaintiff contends that SunPath is both directly and vicariously liable for certain phone calls she has not yet identified, per her response to Interrogatories 2 and 3, Plaintiff's answer should specify which calls she claims SunPath is vicariously liable for rather than directly liable, and provide facts that support such contentions. Accordingly, the Court should compel Plaintiff to provide complete responses to Interrogatories 1, 2, and 3.

V.   **PLAINTIFF MUST PROVIDE A COMPLETE RESPONSE TO INTERROGATORY 18 AND ADEQUATELY SUPPLEMENT HER INITIAL DISCLOSURES.**

Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), a party is required to provide "a computation of each category of damages" she claims as part of her initial disclosures. *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, Case No.: 2:18-cv-320, 2020 U.S. Dist. LEXIS 219825, at *11 (E.D. Va. Oct. 28, 2020) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)); *see also Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2022 U.S. Dist. LEXIS 53433, at *24 (W.D.N.C. Mar. 24, 2022) ("[Counter-plaintiff]'s failure to quantify those damages claims during discovery dooms its argument that supplementation of its initial disclosures was unnecessary."); *Advanced Training Grp. Worldwide, Inc. v. ProActive Techs. Inc.*, Civil Action No. 19-cv-505, 2020 U.S. Dist. LEXIS 141855, at *11-13 (E.D. Va. Aug. 7,

2020) ("For a party to satisfy its obligations under Rule 26, a party must provide a computation of its damages."). That duty promotes "broad disclosure during discovery so that each party can evaluate the strength of its evidence and chances of success[,]" avoids the trial being "a game of blind man's bluff[,]" and allows parties to "prepare their cases for trial and to avoid unfair surprise." *Jaguar*, 2020 U.S. Dist. LEXIS 219825, at *12 (first quoting *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 437 (D. Md. 2006); and then quoting *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017)). Rule 26(a)(1)(A)(iii) requires "***a specific computation of each category*** [of damages], and . . . documents to support the computations." *Id.* at *14 (quoting *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 U.S. Dist. LEXIS 63707, at *1 (E.D.N.C. May 7, 2012)).

But here, Plaintiff has produced nothing of the type. *See* Plaintiff's Initial Disclosures, attached hereto as **Exhibit 6**. Plaintiff's response to Interrogatory 18, which seeks information relating to Plaintiff's damage claims from the calls at issue, is non-responsive. Like Plaintiff's initial disclosures, this response merely cites statutory damage provisions without referencing how these provisions might apply to even a single phone call for which she seeks to recover. We understand how the Act is structured *in the abstract*; her duty is to apply that structure *to her claims*. Plaintiff's response should at the very least state which telephone calls Plaintiff seeks to recover for, the amount per call and the basis therefor, a determination that should have been available as part of Plaintiff's pre-suit investigation. Additionally, Plaintiff's response fails to include the amounts of the non-statutory damages referred to in this response. As provided above, Plaintiff is *required* to disclose the computation for each category of damages Plaintiff sought. Plaintiff's response to Interrogatory 18 and her initial disclosures remain deficient in this regard and must be supplemented.

## VI. PLAINTIFF SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO INTERROGATORY 21 AND DOCUMENT REQUESTS 11 AND 14 SEEKING RELEVANT SETTLEMENT INFORMATION.

First, Plaintiff's objections to Interrogatory 21 and Document Requests 11 and 14 are largely unadorned boilerplate objections that the request is "overbroad, unduly burdensome, and beyond the scope of discoverable information." These boilerplate objections are facially deficient. *Buskirk*, 2016 U.S. Dist. LEXIS 168081, at *3-4 (noting that objections must be stated with specificity, with the underlying basis for the objection, with an indication whether responsive materials are being withheld and that "boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable") (citation omitted). This is especially so with respect to Document Request 11, which is specifically tailored to seek documents "relating to this action or the calls or text messages at issue in it." Any claim that these requests seek information "beyond the scope of discoverable information per FRCP 26(b)(1)" is meritless.

Information relating to Plaintiff's resolution of any other formal or informal disputes relating to alleged telemarketing violations are relevant and discoverable. *See Rowan v. Pierce*, No. 20-1648 (RAM), 2022 U.S. Dist. LEXIS 197075, at *5 (D.P.R. Oct. 26, 2022) (citing *Moser v. Health Ins. Innovations, Inc.*, 17cv1127-WQH(KSC), 2018 U.S. Dist. LEXIS 215901, at *15 (S.D. Cal. 2018)) (compelling responses to discovery requests seeking information relating to plaintiff's TCPA settlements over the previous five years because such requests "are not overbroad or irrelevant."); *All Access*, 2022 U.S. Dist. LEXIS 108993 (compelling a TCPA plaintiff's production of documents evidencing her TCPA claim, litigation, and settlement history). Each of these discovery requests request seeks information that is vital to SunPath's defenses to Plaintiff's claims, including whether there were any established business

11

relationships[6] in existence at the time of the calls at issue, or any releases or covenants not to sue that might apply to SunPath via an agreement entered with any third-party. *See, e.g.*, *Rowan v. US Dealer Servs., Inc.*, Civ. No. 21-09945 (KM)(LDW), 2022 U.S. Dist. LEXIS 127153, at *13-14 (D.N.J. July 18, 2022) (granting summary judgment in favor of TCPA defendant because the calls at issue were made pursuant to an established business relationship with a related business that was not a party to the case). This is especially true in light of Plaintiff's failure to specify what "other third parties" Plaintiff refers to in her response to Interrogatory 3; given her obscure reference to third-parties' calls she is seeking to hold SunPath liable for, SunPath is entitled to test whether she has already asserted and resolved TCPA claims against such parties, for example.

The requested settlement information is also relevant to issues such as Plaintiff's motive, state of mind, credibility, and fitness as a class representative. *See Pierce*, 2022 U.S. Dist. LEXIS 197075, at *5. And with respect to Document Request 11, responsive documents could indicate that Plaintiff has already recovered damages for some or all of the calls that form the basis of her claims in this matter and issued a release that may apply to her claims against SunPath. Plaintiff's objection that "this request seeks information regarding agreements that are confidential" appears to indicate that such agreement(s) exist and are being withheld on the basis of Plaintiff's confidentiality objections. Lastly, if there is a concern regarding protection of confidential documents, Plaintiff should specify whether she seeks to enter a protective order so that responsive documents can be produced, which SunPath has agreed to enter consistent with the Court's standard form of protective order.

---

[6] *See* 47 C.F.R. § 64.1200(f)(5) (defining an "established business relationship," which survives for 18 months after the end of a given transaction or commercial relationship).

## VII.  PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION 7, 8, AND 16 SHOULD BE DEEMED ADMISSIONS.

Plaintiff's responses to Requests for Admission 7, 8, and 16 state the same improper response: "At this time Plaintiff lacks sufficient knowledge or information to either admit or deny this request." *See* Ex. 1 at 30-31, 32.  The insufficiency of these responses is clear, as these three requests seek information that was in Plaintiff's possession at the time the discovery requests were served, and which Plaintiff can and should be required to answer. *See id.* Plaintiff's continued failure to provide any substantive response is all the more glaring now that the close of discovery is less than a month away.  Per Rule 36(a)(3) of the Federal Rules of Civil Procedure, these responses should be deemed admitted for failure to provide a timely response. Alternatively, Plaintiff should at the very least be compelled to provide sufficient answers to these requests pursuant to Rule 36(a)(6).

## VIII. CONCLUSION

WHEREFORE, Defendant SunPath requests that this Court enter an order compelling Plaintiff Ruth Smith to fully answer Interrogatories 1, 2, 3, 4, 8, 9, 18, 21, 22, and 23, produce all non-privileged documents responsive to Document Requests 11, 14, 15, 16, 17, 19, 20, 22, 23, 28, 29, 32, and 33, and specify what, if any, documents plaintiff expects to produce in response to each request through the remaining course of discovery, and either deem admitted Plaintiff's responses to Requests for Admission 7, 8, and 16, or compel Plaintiff to provide complete responses to the same, in short order, before the close of discovery, order payment of SunPath's attorneys' fees incurred due to Plaintiff's failure to provide complete discovery responses under Fed. R Civ. P. 37, and grant such other relief as it deems necessary.

Dated: November 10, 2022                    Respectfully submitted,

                                                              SUNPATH, LTD.

                                                              By Counsel

                                                              <u>/s/ *Gregory M. Caffas*</u>
                                                              Gregory M. Caffas (VSB No. 92142)
                                                              Mitchell N. Roth (VSB No. 35863)
                                                              ROTH JACKSON
                                                              8200 Greensboro Drive, Suite 820
                                                              McLean, VA 22314
                                                              (703) 485-3535
                                                             (703) 485-3525 (fax)
                                                             gcaffas@rothjackson.com
                                                             mroth@rothjackson.com

                                                             Joseph P. Bowser (VSB No. 88399)
                                                             ROTH JACKSON
                                                             1519 Summit Ave., Ste. 102
                                                             Richmond, VA 23230
                                                             804-441-8701
                                                             804-441-8438 (fax)
                                                             jbowser@rothjackson.com

                                                             *Counsel for SunPath, Ltd.*

## CERTIFICATE OF SERVICE

      I hereby certify that I caused the above and foregoing Defendant SunPath, Ltd.'s Memorandum in Support of its Motion to Compel Plaintiff's Discovery Responses to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on November 10, 2022.

                                                       /s/ *Gregory M. Caffas*
                                                       Gregory M. Caffas