

October 21, 2022

VIA EMAIL: ppeluso@woodrowpeluso.com

Patrick H. Peluso
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, CO 80210

Gregory M. Caffas
Tyson's Corner Office
(703) 485-3533 (direct)
gcaffas@rothjackson.com

RE: Meet and Confer Regarding Deficiencies with Ruth Smith's Responses to SunPath, Ltd.'s First Discovery Requests

Dear Pat:

This letter outlines Defendant SunPath, Ltd.'s ("SunPath" or "Defendant") questions and concerns regarding Plaintiff's Responses to SunPath's First Set of Discovery Requests. For the reasons set forth below, please supplement the following answers and responses. **Please provide Plaintiff's full and complete supplemental responses and production by Wednesday, October 26, 2022.** Please also let us know when you are available for a call to resolve any open issues that remain.

Plaintiff objects to the majority of SunPath's discovery requests on the grounds that they are premature or "grossly premature," whatever that may mean, without further explanation. It should go without saying that SunPath's requests were timely—see Rule 26(d) (authorizing discovery to begin once the parties conduct their Rule 26(f) conference). The requests are not premature; she just wants to wait until she collects additional evidence before having to provide *any* substantive content, but that is not how discovery works. She has a right—and a duty under Rule 26(f)—to supplement if she discovers additional information, but discovery is soon closing in early December, and we're entitled to what she knows when her responses are due, by rule.

## INTERROGATORIES

**Interrogatory 1**: Identify all telephone calls to Your Cellular Telephone Numbers for which you seek recovery in this Lawsuit that you allege were made by or on behalf of SunPath, and state all factual bases for your contention that each call was made by or on behalf of SunPath.

**ANSWER:** Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, Plaintiff will produce documents evidencing the calls that she received by or on behalf of SunPath. The calls at issue were placed for the purpose of selling SunPath's products and services. Plaintiff will supplement this response following the receipt of relevant calling data from third parties.

RICHMOND
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

TYSONS CORNER
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

WWW.ROTHJACKSON.COM

Patrick Peluso
October 21, 2022
Page 2

**DEFICIENCY:** Please supplement this response by identifying the phone calls for which Plaintiff seeks damages from SunPath in this lawsuit. We are simply asking Plaintiff to articulate and substantiate her damages claim. Plaintiff is *required* to articulate this, by rule and without request, in her Initial Disclosures, which also remain deficient and must be supplemented. *See Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, Case No. 2:18-cv-320, 2020 U.S. Dist. LEXIS 219825, at *11-12 (E.D. Va. Oct. 28, 2020) (Fed. R. Civ. P. 26(a)(1)(A)(iii) requires " a specific computation of each category [of damages], and . . . documents to support the computations." (quoting *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 U.S. Dist. LEXIS 63707, at *3 (E.D.N.C. May 7, 2012))). Furthermore, disclosing "a lump sum or merely refer[ing] to documents from which the opposing party can presume damages" does not satisfy a party's duty under Rule 26(a). *Advanced Training Grp. Worldwide, Inc. v. ProActive Techs. Inc.*, Civil Action No. 19-cv-505, 2020 U.S. Dist. LEXIS 141855, at *11 (E.D. Va. Aug. 7, 2020). The current response fails to include any reference at all to any phone call Plaintiff purports to seek damages for or *any calculation of damages whatsoever*, which should have been known because of her pre-suit investigation. This is a strange omission in a TCPA case, where the call count is material to both liability and damages.

If this request is considered premature because Plaintiff believes a final answer is dependent on documents or information Plaintiff expects to find in the course of discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature. In all events, she must already know about the call(s) that led her to file suit.

Plaintiff issued a subpoena to Verizon Wireless requiring production of call records by October 6, 2022. Please produce any documents you received in response to this subpoena, or any other third-party subpoena, which would be responsive to this discovery request as well as document requests 13 and 15.

Additionally, Plaintiff's response contains a further unsupported contention that "The calls at issue were placed for the purpose of selling SunPath's products and services." This begs the question, and makes SunPath's point—*what* calls at issue? She cannot say that, under oath, without knowing which "calls at issue" she is referring to. She does not know the date(s) or calling party number(s) of the call(s), but she knows *the purpose* of the call(s)? This makes no sense, of course. We are entitled to know Plaintiff's knowledge and information concerning the call(s) at issue *from her own experience*—she is the Plaintiff, and this goes to her standing to bring these claims both individually and as a class representative.

Nothing in this response provides factual support for Plaintiff's conclusion or any indication as to what additional information Plaintiff intends to rely on to support this conclusion. Plaintiff claimed she would supplement this response with "relevant calling data from third parties," but has not done so. And it is unclear how call records would purport to reveal the purpose of any specific calls that are the subject of Plaintiff's claims, which Plaintiff has failed to identify in response to this interrogatory in the first place. Whatever lenity Plaintiff is entitled to when drafting her cookie-cutter Complaint, the point of discovery is to engage in reality-testing and put sunlight and clarity on exactly what she is claiming and demanding from SunPath. This request needs a full and complete response.



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

**Interrogatory 2**: If you contend that SunPath is directly liable for any of the telephone calls identified in your answer to Interrogatory No. 1, identify such telephone calls and state all facts in support of such contention.

**ANSWER:** Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff asserts that SunPath is directly liable under Va. Code Ann. § 59.1-514.1 (West) for the calls in violation of the VTPPA.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer, as it were. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find during discovery, please specify what party's records Plaintiff's response is dependent upon and what steps are being taken to discover such records to support the basis for your statement that this request is premature. You have SunPath's discovery responses, of course.

Additionally, this response contains only a contention that "SunPath is directly liable under Va. Code Ann. § 59.1-514.1" without a single fact to support it. Your answer should specify which calls it refers to, which would include calls referred to in your response to Interrogatory 1, once properly supplemented, and what *facts* support your contention.

**Interrogatory 3**: If you contend that SunPath is vicariously liable for any of the telephone calls identified in your answer to Interrogatory No. 1, identify such telephone calls and state all facts in support of such contention with respect to each such call.

**ANSWER:** Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff states that the calls at issue were placed for the purpose of selling SunPath's products and services. Moreover, Plaintiff directs SunPath's attention to its contractual agreements with Chukran Management Group, LLC and other third parties. Additionally, in the context of the VTPPA claims, Plaintiff asserts that SunPath is liable under Va. Code Ann. § 59.1-514.1 (West). Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of relevant documents and data.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find in the course of discovery, please specify what party's records Plaintiff's response is dependent upon and what steps are being taken to discover such records order to support the basis for your statement that this request is premature.

Additionally, this response contains only a contention that "Plaintiff states that the calls at issue were placed for the purpose of selling SunPath's products or services. Moreover, Plaintiff directs SunPath's attention to its contractual agreements with Chukran Management Group, LLC and other third parties. Additionally, in the context of the VTPPA claims, Plaintiff asserts that SunPath is liable under Va. Code Ann. § 59.1-514.1." However, this response does not specify what "other third parties" Plaintiff refers


**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440    F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535    F: 703-485-3525

to, or specify which calls it refers to. Plaintiff's response to this interrogatory remains deficient because it contains only contentions without the requisite factual support for such contentions.

Because Plaintiff contends that SunPath is both directly and vicariously liable for certain phone calls, per your response to Interrogatory 2, your answer should specify which calls you claim SunPath is vicariously liable for rather than directly liable, and provide facts that support your contention. Again, Plaintiff has SunPath's discovery responses.

**Interrogatory 4**: If you contend that SunPath or any third-party you allege is SunPath's agent utilized an automatic system for the selection or dialing of telephone numbers regulated by the TCPA and/or the VTPPA to make any calls to Your Cellular Telephone Number or to any members of the proposed classes, then state the factual and legal basis for that contention and identify the members of the putative classes that allegedly received such calls.

**ANSWER:** Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff heard a pause and click when answering the calls at issue, which is indicative of the use of an ATDS. Further, Plaintiff received more than fifty telemarketing calls on behalf of SunPath within a span of a couple of weeks. Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of relevant documents identifying the dialing system.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. Plaintiff represented that she will supplement this response following the receipt of relevant documents identifying the dialing system purportedly used to make calls to Plaintiff. Third party American Protection was required to respond to Plaintiff's subpoena by September 16, 2022, but SunPath has not received any documents produced by American Protection in response to Plaintiff's subpoena. Please provide all such documents Plaintiff received, which are responsive to this request as well as Document Request 15. If this response is considered premature because it is dependent on other documents or information Plaintiff expects to find during discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature.

Additionally, Plaintiff's response fails to identify any members of the putative classes that she alleges received calls.

**Interrogatory 8**: If you contend SunPath or any third-party you allege is SunPath's agent called Your Cellular Telephone Number, or to any members of the proposed classes, willfully or knowingly in violation of the TCPA and/or VTPPA, then identify such members and state the factual and legal bases for that contention.

**ANSWER:** Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff received numerous telemarketing calls despite being registered on the national DNC Registry. Further, neither SunPath nor its agents have been able to produce any consent to place the calls at issue. Moreover, Plaintiff requested that the calls stop to no avail. Otherwise, Plaintiff reserves the right to supplement this response.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find during discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature.

Additionally, Plaintiff's answer is non-responsive, as it fails to identify any members of the putative classes she alleges received calls in violation of the TCPA and or VTPPA.

**Interrogatory 9**: If you contend that the party that made any of the telephone calls identified in your answer to Interrogatory No. 1 failed to identify his or herself by his or her first and last name and by the name of the person on whose behalf the call was being made promptly upon making contact with you, state all facts in support of such contention with respect to each such call.

**ANSWER:** Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, when Plaintiff answered the calls at issue, the callers never identified their first and last name as required by the VTPPA.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find during discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature.

Additionally, Plaintiff's answer is non-responsive, as it fails to identify which calls Plaintiff refers to in her answer, as she has failed to specify even a single call in her response to Interrogatory 1.

**Interrogatory 12**: If you assert that you or any member of the proposed classes ever informed SunPath that you or they did not want to be contacted by or on behalf of SunPath, describe the date and substance of that event or communication, the means of such communication, and state whether SunPath communicated with you or any member of the proposed classes after such communication and identify each such communication.

**ANSWER:** Objection, this interrogatory is also overbroad and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney work product doctrine. This interrogatory also constitutes an impermissible fishing expedition. This interrogatory also seeks information more readily in the possession of Defendant and/or


**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

third parties. This interrogatory is also premature. Without waiving said objections, Plaintiff recalls asking the callers to stop placing telemarketing calls, however, she does not recall the exact date and time of the requests. Plaintiff will supplement this response following the receipt of relevant documents and data.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find during discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature. Furthermore, Plaintiff does not require documents from any other party to identify instances in which she claims she informed SunPath or any other third-party that she did not want to be contacted by or on behalf of SunPath, and Plaintiff's response to Request for Admission 17 confirms that she claims to have made such requests. Please supplement your response to this interrogatory accordingly.

**Interrogatory 18**: If you contend that you suffered any compensable harm(s) as a result of the calls or text messages identified in your answer to Interrogatory No. 1, then state all facts in support of such contention and identify the amount of damages you are seeking in this action for such harm(s) and from which Defendant.

**ANSWER:** Objection, this interrogatory is premature as discovery has just commenced. This interrogatory also seeks information more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that she is entitled to $500 - $1,500 per call received in violation of the TCPA, $500 per call for the first call received in violation of the VTPPA, $1,000 per call for the second call received in violation of the VTPPA, and $5000 per call for each subsequent call received in violation of the VTPPA. Plaintiff is unable to provide a full and complete computation of damages at this time. Discovery is ongoing and Plaintiff will supplement this response following receipt of relevant data from Defendant and any other relevant sources regarding the number of calls made. Plaintiff further states that the legal harms she suffered include aggravation, nuisance, invasions of privacy that result from the receipt of Defendant's unwanted calls, loss of value realized for the monies it paid to its wireless carrier, interruption and loss of use and enjoyment of her telephone (including the related data, software, and hardware components), and wear and tear on her cellphones.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find during discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature.

Plaintiff's response is non-responsive as it merely cites statutory damage provisions without referencing how these provisions might apply to even a single phone call for which she seeks to recover. Plaintiff's response should at the very least state which telephone calls Plaintiff seeks to recover for and the amount per call, a determination that should have been available as part of Plaintiff's pre-suit investigation. We further incorporate discussion relating to the deficiencies with Plaintiff's response to


**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

Patrick Peluso
October 21, 2022
Page 7

Interrogatory 1, noting Plaintiff is *required* to disclose the computation for each category of damages Plaintiff sought. Plaintiff's response to these interrogatories and her initial disclosures remain deficient in this regard and must be supplemented. Additionally, Plaintiff's response fails to include the amounts of the non-statutory damages referred to in this response.

**Interrogatory 20**: Describe, in specific detail, how it came about that you were selected to be a class representative on behalf of the classes alleged in the Complaint , including how you came to hire your current counsel to represent you and the classes in this matter, whether you contacted your counsel or whether they contacted you, whether you were referred to your counsel by someone else (if so, by whom), and whether you considered hiring any other law firms.

**ANSWER:** Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Indeed, the circumstances of how Plaintiff located her counsel is of zero relevance to the claims and defenses in this lawsuit. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney client privilege and the work product doctrine. This interrogatory is also designed to harass.

**DEFICIENCY:** Please produce a privilege log identifying any privileged information being withheld. Additionally, Plaintiff's objections to this request on the grounds that it seeks information not relevant to the claims at issue are not well taken. Plaintiff purports to be a putative class representative; the basis for her selection as a class representative is undoubtedly relevant to this class action case, and this response must be supplemented accordingly.

**Interrogatory 21**: Identify any and all settlement agreements you have entered into with any party regarding claims for alleged unlawful telephone calls or text messages, including any alleged violations of the TCPA or VTPPA, from January 26, 20217 to present, including the parties to those agreements and the amount of any monetary compensation or other consideration you received under the terms of such agreements.

**ANSWER:** Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Here, this interrogatory seeks information regarding settlement and lawsuits that has no relevance to the claims and defenses in this lawsuit. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney client privilege and/or confidentiality agreements. This interrogatory is also designed to harass.

**DEFICIENCY:** This request seeks information that is vital to SunPath's defenses to Plaintiff's claims, including whether or not there were any established business relationships pursuant to 47 C.F.R. § 64.1200(f) in existence at the time of the calls at issue or any releases that might apply to SunPath via an agreement entered with any third-party. This is especially true in light of Plaintiff's failure to specify what "other third parties" Plaintiff refers to in her response to Interrogatory 3 that she might allege third parties made calls for which she claims SunPath is vicariously liable for in this case. Information relating to Plaintiff's resolution of any other formal or informal disputes relating to alleged telemarketing violations are relevant and discoverable. *See Mey v. All Access Telecom, Inc.*, CIVIL


**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

ACTION NO. 5:19CV237, 2022 U.S. Dist. LEXIS 108993 (N.D.W. Va. May 4, 2022) (compelling a TCPA plaintiff's production of documents evidencing her litigation and settlement history). If there is a concern regarding protection of confidential documents, Plaintiff should specify whether she seeks to enter a protective order so that responsive documents can be produced. Accordingly, Plaintiff must supplement with a complete response, which must identify all parties she has entered into settlements with regarding alleged violations of the TCPA and/or VTPPA for the relevant time period.

**Interrogatory 22**: If you contend that your claims against SunPath are typical as related to those of the proposed classes, identify and describe in detail all factual and legal bases for that contention.

**ANSWER:** Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that SunPath utilizes third parties to place calls on its behalf for the purpose of soliciting the sale of its vehicle service protection plans. Plaintiff, like all class members, was the recipient of numerous unsolicited telemarketing calls placed on behalf of SunPath. Further, Plaintiff is a resident of Virginia who is registered on the nation DNC Registry. Despite her registration, Plaintiff received numerous unsolicited calls on behalf of SunPath. When she received the calls at issue, the callers did not identify themselves by name. As such, Plaintiff's claims are typical of the Classes' claims. Otherwise, Plaintiff will supplement this response to provide further facts and information as they are produced by SunPath and third parties.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find during discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature.

Plaintiff's answer is non-responsive as it addresses only Plaintiff's individual claims and does not identify any factual or legal bases supporting her claims are typical of the purported classes or identify even a single other class member.

**Interrogatory 23**: If you contend that your claims against SunPath contain questions of law and fact that are common to the clams of the proposed classes, and those questions predominate over any questions that may affect individual members of the proposed classes, identify and describe in detail all factual and legal bases for those contentions.

**ANSWER:** Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that SunPath utilizes third parties to place calls on its behalf for the purpose of soliciting the sale of its vehicle service protection plans. Defendant failed to obtain consumers prior express written consent prior to the calls being placed. Further, the third parties fail to identify themselves during



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

the solicitation calls at issue. SunPath and third parties acted in a uniform manner with respect to all class members. Otherwise, Plaintiff will supplement this response to provide further facts and information as they are produced by SunPath and third parties.

**DEFICIENCY:** If this response is considered premature because it is dependent on documents or information Plaintiff expects to find during discovery, please specify what records Plaintiff's response is dependent upon and what steps are being taken to discover such records in order to support the basis for your statement that this request is premature. Plaintiff fails to identify

Plaintiff's answer is non-responsive as it addresses only Plaintiff's individual claims and does not identify any factual or legal bases supporting her contention that her claims are common to those of the purported classes, or identify even a single other class member.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**Document Request 1**: All documents and communications that you identified, relied upon, reviewed, considered or consulted in answering any of the foregoing Interrogatories or in your Initial Disclosures.

**RESPONSE:** Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

**DEFICIENCY:** Please supplement as necessary based on deficiencies noted with the foregoing interrogatory responses.

**Document Request 2:** All documents and communications relating to the information contained in response to each of the Interrogatories.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

**DEFICIENCY:** Please supplement as necessary based on deficiencies noted with the foregoing interrogatory responses.

**Document Request 3**: All documents and communications you have received from, or sent to, SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

information in the possession, custody, or control of Defendant and/or third parties. This request also represents an impermissible fishing expedition. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

**DEFICIENCY:** We incorporate our discussion above concerning the discovery problems repeated in this answer. This request clearly seeks information relevant to the claims at issue, as Plaintiff alleges SunPath may be liable for the calls at issue as a result of actions of third parties. Plaintiff is claiming that she had no prior relationship with these companies, so it is inconceivable to understand what undue burden would be involved in responding to this. Documents in Plaintiff's possession related to such third parties are therefore obviously relevant to the claims and defenses at issue in this case. Please supplement with any and all responsive documents not already produced.

**Document Request 4:** All non-privileged documents and communications related to SunPath, any third party for whose actions you allege SunPath is liable, the calls for which you seek recovery in this action, or any of the allegations contained in your Complaint.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of Defendant and/or third parties. This request is also vague and unclear as to what is meant by "documents and communications related to SunPath, any third party". This request also represents an impermissible fishing expedition. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

**DEFICIENCY:** Plaintiff's objections that this request seeks information beyond the scope of Fed. R. Civ. P. 26 are meritless, as the request exclusively seeks non-privileged documents related to the subject of this lawsuit—SunPath's potential liability because of the allegations in Plaintiff's Complaint. Again, Plaintiff claims she has no prior relationship with the parties she sued, so what is the basis for her undue burden objection? If we are in fact strangers, this objection makes no sense and calls into serious question which of Plaintiff's other objections have no basis in fact. Please supplement as necessary with any non-privileged documents sought by this request.

**Document Request 5**: All non-privileged documents or electronically stored information on your computers, tablets, smartphones or other electronic devices related to SunPath, or any of the allegations contained in your Complaint.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of Defendant and/or third parties. This request is also vague and unclear as to what is meant by "non-privileged documents or electronically stored information on your computers, tablets, smartphones or other electronic devices related to SunPath". This request also represents an impermissible fishing expedition.



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

Patrick Peluso
October 21, 2022
Page 11

**DEFICIENCY:** Plaintiff's objections that this request seeks information beyond the scope of Fed. R. Civ. P. 26 are meritless, as the request exclusively seeks non-privileged documents related to SunPath or any of the allegations in your Complaint. It is also unclear how a request for documents stored on Plaintiff's electronic devices seeks documents in the control of Defendant or other third parties. Please supplement as necessary with any non-privileged documents sought by this request.

**Document Request 11**: All documents and communications evidencing any settlement agreements you have entered into or compensation you have received from any person or party, relating to this action or the calls or text messages at issue in it.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Here, this request seeks information regarding settlement agreements that are confidential and are unrelated to the claims and defenses in this lawsuit. This request is also designed to harass and represents an impermissible fishing expedition.

**DEFICIENCY:** Plaintiff's objections that this request seeks information beyond the scope of Fed. R. Civ. P. 26 are meritless, as the request exclusively seeks non-privileged documents related to this action or the calls or text message at issue in it. If nothing else, they go to show whether Plaintiff has either released any of the claims at issue here or already received compensation for them, which would be used as a set-off. Please supplement as necessary with any non-privileged documents sought by this request.

**Document Request 14**: All pleadings, correspondence, discovery, settlement agreements, payments received, judgments, documents evidencing monies paid, and other non-privileged documents relating to any demand, claim, allegation, litigation, administrative, or regulatory investigation or proceeding, other than this Lawsuit, to which you have ever been a party at any time in the past five years, in which you have sought damages or any other form of relief under the TCPA, VTPPA, or any other state law relating to telemarketing or other allegedly unlawful communications.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents protected by confidentiality agreements. This request is also designed to harass and represents an impermissible fishing expedition.

**DEFICIENCY:** This response seeks documents relevant to this case for the same reasons specified with regard to Interrogatory 21, which are clearly within the scope of Fed. R. Civ. P. 26. *See Mey v. All Access Telecom, Inc.*, CIVIL ACTION NO. 5:19CV237, 2022 U.S. Dist. LEXIS 108993 (N.D.W. Va. May 4, 2022) (compelling a TCPA plaintiff's production of documents evidencing her litigation and settlement history). Please supplement as necessary with any non-privileged documents sought by this request.



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440    F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535    F: 703-485-3525

Patrick Peluso
October 21, 2022
Page 12

**Document Request 15**:  All documents you receive in response to any document request, subpoena or other substantially similar demand for the production of documents or things that you have served or serve in the future on any party or non-party in connection with this Lawsuit.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request is also premature. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

**DEFICIENCY:** Please supplement with all documents received in response to the third-party subpoenas Plaintiff has issued in this matter or advise if you have received no other documents than what we have already been given.

**Document Request 16**:  All documents and communications evidencing any member of the purported classes' receipt of a call from SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

**RESPONSE:** Objection, this request is premature. This request also seeks documents and information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

**DEFICIENCY:** This request is not premature, as the deadline for Plaintiff's Motion for Class Certification is less than one month away.  Plaintiff has failed to provide any documents evidencing any member of the purported classes' receipt of a call from SunPath or any third party for whose actions you allege SunPath is liable.  Please supplement with all responsive documents or clarify that Plaintiff does not possess any responsive documents.

**Document Request 17**:   All documents and communications evidencing the identity of any person, other than you, whom you claim is a member of any of the purported classes as alleged in the Complaint.

**RESPONSE:** Objection, this request is premature. This request also seeks documents and information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

**DEFICIENCY:** This request is not premature, as the deadline for Plaintiff's Motion for Class Certification is less than one month away.  Plaintiff has not produced any document responsive to this request relating to purported class members.  Please supplement with all responsive documents.

**Document Request 19**:  You and your attorneys' communications with any member of the purported classes (excluding yourself), including any documents reflecting notes of such communications. This includes any communications to any member of the purported classes, even if the class member did not respond.



RICHMOND
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440    F: 804-441-8438

TYSONS CORNER
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535    F: 703-485-3525

**RESPONSE:** Objection, this request is premature. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine.

**DEFICIENCY:** This request is not premature, as the deadline for Plaintiff's Motion for Class Certification is less than one month away. If there is any privileged information being withheld, produce a privilege log. Otherwise, please produce all communications with purported class members responsive to this request.

**Document Request 20**: All documents reflecting notes of communications between any potential member of the purported classes and SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise, including any documents reflecting notes of such communications.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. This request is also premature.

**DEFICIENCY:** This request is not premature, as the deadline for Plaintiff's Motion for Class Certification is less than one month away. This request also seeks information specifically related to class claims in this matter, as it seeks information related to communications—such as allegedly unlawful phone calls that form the entire basis of Plaintiff's claims—to a class Plaintiff purports to represent. If there is any privileged information being withheld, produce a privilege log. Otherwise, please produce all responsive documents related to purported class members.

**Document Request 22**: All documents and communications reflecting all telephone numbers at which any member of the purported classes received calls from SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

**RESPONSE:** Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

**DEFICIENCY:** This request is not premature, as the deadline for Plaintiff's Motion for Class Certification is less than one month away. Plaintiff has failed to provide any documents evidencing any member of the purported classes' receipt of a call from SunPath or any third party for whose actions you allege SunPath is liable. Please supplement with all responsive documents or clarify that Plaintiff does not possess any responsive documents.

**Document Request 23**: All documents evidencing any damages and/or harm caused to any potential members of the purported classes as a result of their receipt of calls from SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

Patrick Peluso
October 21, 2022
Page 14

**RESPONSE:** Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents. Further, Plaintiff will supplement this response to produce responsive documents as they are produced by SunPath and any third parties.

**DEFICIENCY:** This request is not premature, as the deadline for Plaintiff's Motion for Class Certification is less than one month away. Plaintiff has failed to provide any documents evidencing any member of the purported classes' receipt of a call from SunPath or any third party for whose actions you allege SunPath is liable. Please supplement with all responsive documents or clarify that Plaintiff does not possess any responsive documents.

**Document Request 28**: All documents and communications that identify any potential members of the purported classes (other than yourself).

**RESPONSE:** Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney work product doctrine. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

**DEFICIENCY:** Plaintiff has failed to provide any documents identifying any member of the purported class other than Plaintiff. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find in the course of discovery, please specify what party's records Plaintiff's response is dependent upon and what steps are being taken to discover such records order to support the basis for your statement that this request is premature. Please supplement with all responsive documents or clarify that Plaintiff does not possess any responsive documents.

**Document Request 29**: All documents and communications that represent or evidence the number of persons that may be members that fall within the purported classes.

**RESPONSE:** Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney work product doctrine. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

**DEFICIENCY:** Plaintiff has failed to provide any documents identifying any member of the purported class other than Plaintiff. If this response is considered premature because it is dependent on documents or information Plaintiff expects to find in the course of discovery, please specify what party's records Plaintiff's response is dependent upon and what steps are being taken to discover such records order to support the basis for your statement that this request is premature. Please supplement with all responsive documents or clarify that Plaintiff does not possess any responsive documents.



RICHMOND
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

TYSONS CORNER
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

**Document Request 31**: All documents and communications regarding your attorneys' prior putative class action lawsuits and class representations evidencing their ability to adequately represent the purported classes.

**RESPONSE:** Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege, the work product doctrine, or confidentiality agreement. Plaintiff also objects to the extent this request seeks information in the possession of third parties or that is publicly available.

**DEFICIENCY:** Plaintiff's counsel's ability to adequately represent the purported class is relevant to this class action claim in which counsel seeks to serve as class counsel. If there is any privileged information being withheld, produce a privilege log. Further, regardless of whether such information is "publicly available," such undisclosed documents are not equally available to Defendant. Please supplement with all responsive documents.

**Document Request 32**: All documents and communications you intend to rely upon to support your request for class certification.

**RESPONSE:** Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. This request is also unduly burdensome. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents. Plaintiff will supplement this response following the receipt of further responsive documents.

**DEFICIENCY:** This request is not premature, as the deadline for Plaintiff's Motion for Class Certification is less than one month away, and Plaintiff has failed to provide any documents identifying any member of the purported class other than Plaintiff. Please supplement with all responsive documents.

**Document Request 33**: Documents that support your contention that the proposed classes are capable of being certified, including but not limited to, documents supporting that the classes are numerous enough for certification, have common issues that will predominate over individual issues, have typical issues, and have adequate representation.

**RESPONSE:** Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. This request is also unduly burdensome. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents. Plaintiff will supplement this response following the receipt of further responsive documents.


**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440   F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535   F: 703-485-3525

**DEFICIENCY:** This request is not premature.  Plaintiff has failed to produce any documents responsive to this request and the deadline for Plaintiff's Motion for Class Certification is less than one month away.  Please supplement with all responsive documents.

## REQUESTS FOR ADMISSION

**Request for Admission 7**:  You are in possession of no written or audio evidence that SunPath or any party allegedly acting on SunPath's behalf contacted you via Your Cellular Telephone Number before May 26, 2020.

**RESPONSE:** At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

**DEFICIENCY:** This answer is non-responsive.  The request seeks an admission regarding what evidence *Plaintiff presently possesses*.  Who else would know besides Plaintiff?  Plaintiff undoubtedly has information sufficient to admit or deny what information she has in her possession.  Please supplement your response accordingly.

**Request for Admission 8**:  You are in possession of no written or audio evidence that SunPath or any party allegedly acting on SunPath's behalf contacted you via Your Cellular Telephone Number after June 9, 2020.

**RESPONSE:** At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

**DEFICIENCY:** This answer is non-responsive. The request seeks an admission regarding what evidence *Plaintiff presently possesses*.  Who else would know besides Plaintiff?  The request seeks an admission regarding what evidence Plaintiff presently possesses.  Plaintiff undoubtedly has information sufficient to admit or deny what information she has in her possession.  Please supplement your response accordingly.

**Request for Admission 16**:  During each of the calls described in Paragraphs 23-24 of your Complaint, the caller did not state that he or she was calling from or on behalf of SunPath.

**RESPONSE:** At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

**DEFICIENCY:** This answer is non-responsive.  Plaintiff claims to have answered the phone calls that are the subject of this request and therefore undoubtedly has information, and is presumably the only party with such information, sufficient to admit or deny this request.  Please supplement your response accordingly.



**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440    F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535    F: 703-485-3525

Patrick Peluso
October 21, 2022
Page 17

    We are generally available for a telephonic conference call to discuss these issues. If you do not believe that useful, of course we are fine with a written response to the issues identified above. **Please provide Plaintiff's full and complete supplemental responses and production by Wednesday, October 26, 2022.**

Sincerely,

Gregory M. Caffas

**RICHMOND**
1519 Summit Avenue, Suite 102, Richmond, VA 23230
P: 804-441-8440    F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535    F: 703-485-3525