## Greg Caffas

| | |
|---|---|
| **From:** | Greg Caffas |
| **Sent:** | Thursday, November 3, 2022 6:17 PM |
| **To:** | 'Taylor Smith' |
| **Cc:** | 'Patrick Peluso'; 'hokies1116'; Mitchell Roth; Joe Bowser; Sofia Medina |
| **Subject:** | RE: Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer |
| | |
| **Follow Up Flag:** | Copied to Worldox (Client Files\2834\017\01478753.MSG) |

Taylor,

Thanks again taking the time to jump on a call with me to discuss the deficiencies we noted with Plaintiff's discovery responses in our 10/21 letter.

I'm confirming my understanding of your position based on our conversation today is that you'll try to supplement Plaintiff's answers to interrogatories 1-3 and RFAs 7, 8, and 16 by 11/11, but that based on what information you have at present you don't believe you have any basis for supplementing any of the remaining interrogatory responses we discussed. And with the exception of documents you just received from one of the carrier subpoenas and are preparing to produce, you are not withholding any documents you believe are responsive, and you will not be providing any privilege log. Let me know if I'm missing anything that you do plan to provide as supplemental responses.

My position remains that all of the responses noted in our letter remain deficient and should be supplemented accordingly. We had asked for supplemental responses by 10/26 (it's been over a month since the initial responses were served on 9/28), and so far have received only a handful of documents received in response to Plaintiff's third-party subpoenas and no supplemental interrogatory responses. And based on your positions during this afternoon's call, I anticipate the responses you do intend to maybe supplement a week from now will be not be complete. Given that it seems we are at an impasse with this meet and confer process, we may move to compel plaintiff's discovery responses promptly to try and get this resolved before the close of discovery on 12/9.

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | gcaffas@rothjackson.com
8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Greg Caffas
**Sent:** Thursday, November 3, 2022 3:58 PM
**To:** Taylor Smith <tsmith@woodrowpeluso.com>
**Cc:** Patrick Peluso <ppeluso@woodrowpeluso.com>; hokies1116 <frank@driscolllawoffice.com>; Mitchell Roth <mroth@rothjackson.com>; Joe Bowser <jbowser@rothjackson.com>; Sofia Medina <smedina@rothjackson.com>
**Subject:** RE: Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer

Apologies for not following up sooner—here's the bridge for our call. Talk to you in a couple minutes.

Call in No: 781-448-4529
Pin: 84233

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | gcaffas@rothjackson.com

8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Greg Caffas
**Sent:** Thursday, November 3, 2022 11:00 AM
**To:** Taylor Smith <tsmith@woodrowpeluso.com>
**Cc:** Patrick Peluso <ppeluso@woodrowpeluso.com>; hokies1116 <frank@driscolllawoffice.com>; Mitchell Roth <mroth@rothjackson.com>; Joe Bowser <jbowser@rothjackson.com>; Sofia Medina <smedina@rothjackson.com>
**Subject:** RE: Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer

Taylor,

I am free at 4pm today for a call on the meet and confer.  I'll send a bridge around.

I can be available all day 11/7 to continue the deposition.

Thanks,
Greg

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | **gcaffas@rothjackson.com**
8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Taylor Smith <tsmith@woodrowpeluso.com>
**Sent:** Wednesday, November 2, 2022 5:08 PM
**To:** Greg Caffas <gcaffas@rothjackson.com>
**Cc:** Patrick Peluso <ppeluso@woodrowpeluso.com>; hokies1116 <frank@driscolllawoffice.com>; Mitchell Roth <mroth@rothjackson.com>; Joe Bowser <jbowser@rothjackson.com>; Sofia Medina <smedina@rothjackson.com>
**Subject:** Re: Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer

How does 2 pm MT / 4 pm ET work for you?

Can you also provide your availability on Monday (Nov. 7) to finish the American Protection deposition?

On Wed, Nov 2, 2022 at 2:20 PM Greg Caffas <gcaffas@rothjackson.com> wrote:

Taylor,


What is your availability tomorrow for a call to meet and confer regarding Plaintiff's discovery deficiencies noted in my 10/21 letter?  Anytime after noon EST works for me.


Thanks,
Greg

2

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | gcaffas@rothjackson.com

8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Greg Caffas
**Sent:** Friday, October 28, 2022 6:02 PM
**To:** Taylor Smith <tsmith@woodrowpeluso.com>
**Cc:** Patrick Peluso <ppeluso@woodrowpeluso.com>; hokies1116 <frank@driscolllawoffice.com>; Mitchell Roth <mroth@rothjackson.com>; Joe Bowser <jbowser@rothjackson.com>; Sofia Medina <smedina@rothjackson.com>
**Subject:** RE: Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer

Taylor,

First, I see that there appears to only be a single page document (in addition to the business records certification page dated from two weeks ago) produced from Verizon. Can you confirm that's not a mistake and it is the entire response Plaintiff received?

I don't want to re-tread the points that were laid out in our 10/21 letter, but I'm not sure why you believe Plaintiff is entitled to continue to withhold *any* kind of supplemental responses simply because you suspect that you may uncover some information from American Protection. As should already be apparent from the documents you received from American Protection and forwarded yesterday, six weeks after you received them, your characterization of American Protection as "SunPath's third-party telemarketer" are misplaced. Plaintiff's tactic of offering only conclusory statements without any facts in support may have gotten this case past the pleadings stage, but now that we have proceeded to discovery, SunPath is entitled to know the *facts* that support Plaintiff's thus-far unsubstantiated contentions. And in any case, the items you believe you may discover from American Protection aren't the only things Plaintiff is required to disclose. Particularly glaring are Plaintiff's still un-supplemented responses to Interrogatories 1-3, which seek simply to discover *the calls she is seeking to recover for* in this case where the calls are the sole basis of her claims, as well as why she contends SunPath is liable for any single call. How far into this case do we need to get before you can say what you were required to know when you filed the complaint? In that vein, Plaintiff's still-unsupplemented request for admission responses that she "lacks sufficient knowledge" to questions only Plaintiff would know, further strain the credibility of any of your responses.

Also glaring are your responses to several of the document requests seeking documents you intend to rely on to support your class certification claims. Your boilerplate objections that Plaintiff believes such documents are in the possession of Defendant and/or third-parties are not a valid basis for continuing to stonewall these requests for discoverable information. We are less than six weeks from the close of discovery, and just over two weeks from your class certification deadline—Plaintiff has had more than enough time to discover and produce this information. You represent that you are not withholding any other responsive documents, but have not produced any documents responsive to Document Requests 28, 29, 31, 32, and 33, relating to potential class members (in addition to the other

items noted in our letter), which directly contradicts your current responses. If you do not possess responsive documents, supplement your responses to confirm that is the case.

As I mentioned, I was available for a call at 3pm today, but did not hear from you. I was hoping we could discuss over the phone—I left you a voicemail before sending this. Please give me a call back to discuss as soon as possible. I very much want to avoid any formal discovery motions, but given the current discovery timeline, we may have to move to compel if I do not hear from you. Your continued refusal to provide any supplement to your written discovery responses, or any documents besides the small number of documents received in response to subpoenas that took weeks to produce, is getting to the point that I'm concerned SunPath will be prejudiced by 11th hour disclosures it will not have an opportunity to address when Plaintiff finally feels she is ready to comply with her discovery obligations.

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | gcaffas@rothjackson.com

8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Taylor Smith <tsmith@woodrowpeluso.com>
**Sent:** Friday, October 28, 2022 4:29 PM
**To:** Greg Caffas <gcaffas@rothjackson.com>
**Cc:** Patrick Peluso <ppeluso@woodrowpeluso.com>; hokies1116 <frank@driscolllawoffice.com>; Mitchell Roth <mroth@rothjackson.com>; Joe Bowser <jbowser@rothjackson.com>; Sofia Medina <smedina@rothjackson.com>
**Subject:** Re: Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer

Greg,

Attached is Verizon's response to the subpoena. I do not believe that we are withholding any responsive documents, however, I will check with my client and get back to you. I also expect that we will supplement some of Plaintiff's responses prior to her deposition.

Additionally, we take issue with your statement that plaintiff's responses are not dependent on the outcome of next week's deposition. As previously explained in our motion to extend the discovery schedule, a large portion of the documents/information that SunPath seeks is in the possession of its third-party telemarketer, American Protection.

Thanks,
Taylor

4

On Thu, Oct 27, 2022 at 4:48 PM Greg Caffas <gcaffas@rothjackson.com> wrote:

Taylor,

Thank you for forwarding. Can I take your response to mean that Plaintiff will not be producing any documents or written responses to supplement her current responses in the meantime? That position isn't tenable given the existing discovery schedule and the numerous deficiencies with Plaintiff's current responses that certainly are not dependent upon the outcome of next week's deposition.

As just one example of the many we pointed to in our letter sent on Friday, besides the American Vehicle Protection subpoena and the third-party subpoenas issued yesterday, Plaintiff has issued at least two other subpoenas to which the responses have long since come due. The documents you have received in response to any subpoena must be produced.

We are less than six weeks from the close of fact discovery in your class action case and still have not received information relating to the identity of a single member of any of the alleged classes—I'm very concerned that putting off even scheduling a time to meet and confer will not permit us anywhere near enough time to resolve any of the many discovery disputes we've noted.

I can be available for a call at 3pm EST tomorrow afternoon if that works for you.

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | gcaffas@rothjackson.com

8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Taylor Smith <tsmith@woodrowpeluso.com>
**Sent:** Thursday, October 27, 2022 5:56 PM
**To:** Greg Caffas <gcaffas@rothjackson.com>
**Cc:** Patrick Peluso <ppeluso@woodrowpeluso.com>; hokies1116 <frank@driscolllawoffice.com>; Mitchell Roth <mroth@rothjackson.com>; Joe Bowser <jbowser@rothjackson.com>; Sofia Medina <smedina@rothjackson.com>
**Subject:** Re: Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer

Greg,

Attached are the documents produced by American Vehicle Protection. I can schedule a time to confer regarding Plaintiff's discovery responses after the deposition next week.

Best,

Taylor

On Thu, Oct 27, 2022 at 11:53 AM Greg Caffas <gcaffas@rothjackson.com> wrote:

Pat,

We have not received any response to the letter I sent last week requesting that Plaintiff supplement her discovery responses as necessary by 10/26. In addition to general concerns about resolving discovery disputes in advance of the close of discovery, the information sought from Plaintiff is necessary to prepare for both Ms. Smith's deposition and the deposition of Chukran Management currently set for 11/1. In particular, Plaintiff has failed to provide any documents received in response to subpoenas, including to Chukran Management, which is certainly needed to prepare for the deposition occurring less than a week from now.

Please advise on the status of Plaintiff's discovery responses.

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | gcaffas@rothjackson.com

8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Greg Caffas
**Sent:** Friday, October 21, 2022 3:29 PM
**To:** Patrick Peluso <ppeluso@woodrowpeluso.com>; (WOODROW) Taylor Smith <tsmith@woodrowpeluso.com>; hokies1116 <frank@driscolllawoffice.com>
**Cc:** Mitchell Roth <mroth@rothjackson.com>; Joe Bowser <jbowser@rothjackson.com>; Sofia Medina <smedina@rothjackson.com>
**Subject:** Smith v. SunPath - Notice of Deposition and Discovery Meet and Confer

Pat,

Attached is a Notice of Plaintiff's deposition for November 15th, as previously agreed upon.

Additionally, please see the attached letter seeking to meet and confer regarding the deficiencies with Plaintiff's responses to SunPath's First Set of Discovery Responses. As stated in the letter, we request that you cure the noted deficiencies by October 26th to allow us to adequately  prepare for Ms. Smith's deposition, and to allow time to resolve any discovery disputes in advance of the December 9th close of discovery.

We're available for a phone call to discuss any of the issues noted in our meet and confer letter.

Thanks,
Greg

Gregory M. Caffas | Associate | (703) 485-3533 (direct) | gcaffas@rothjackson.com

8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)



NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

--

Taylor T. Smith I  Woodrow & Peluso LLC

3900 East Mexico Avenue, Suite 300

Denver, Colorado 80210
(720) 907-7628 (direct)

7

tsmith@woodrowpeluso.com I www.woodrowpeluso.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Woodrow & Peluso, LLC. It may be privileged, confidential, attorney work product, or otherwise exempt and is intended only for the individual to whom it was addressed and others who have been specifically authorized to receive it. If you have received this communication in error and are not an intended recipient, please notify Woodrow & Peluso, LLC immediately and do not read, copy, use, or disclose this e-mail to others, including its attachments. After notifying Woodrow & Peluso, LLC, please delete the e-mail.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

--

Taylor T. Smith I Woodrow & Peluso LLC

3900 East Mexico Avenue, Suite 300

Denver, Colorado 80210
(720) 907-7628 (direct)

tsmith@woodrowpeluso.com I www.woodrowpeluso.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Woodrow & Peluso, LLC. It may be privileged, confidential, attorney work product, or otherwise exempt and is intended only for the individual to whom it was addressed and others who have been specifically authorized to receive it. If you have received this communication in error and are not an intended recipient, please notify Woodrow & Peluso, LLC immediately and do not read, copy, use, or disclose this e-mail to others, including its attachments. After notifying Woodrow & Peluso, LLC, please delete the e-mail.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

--

Taylor T. Smith I Woodrow & Peluso LLC
3900 East Mexico Avenue, Suite 300

Denver, Colorado 80210
(720) 907-7628 (direct)
tsmith@woodrowpeluso.com I www.woodrowpeluso.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Woodrow & Peluso, LLC. It may be privileged, confidential, attorney work product, or otherwise exempt and is intended only for the individual to whom it was addressed and others who have been specifically authorized to receive it. If you have received this communication in error and are not an intended recipient, please notify Woodrow & Peluso, LLC immediately and do not read, copy, use, or disclose this e-mail to others, including its attachments. After notifying Woodrow & Peluso, LLC, please delete the e-mail.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.