**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>       Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Defendant SunPath, Ltd.'s ("Defendant" or "SunPath") motion to compel Plaintiff Ruth Smith ("Plaintiff" or "Smith") to provide further responses to discovery fails to identify any responses that are incomplete or any documents that were improperly withheld. Instead, SunPath's motion takes issue with the status of discovery, which largely remains in progress but incomplete. For these reasons and as explained below, the motion should be denied.

To begin, most of the "issues" raised in SunPath's motion were resolved (as SunPath was aware they would be when it filed its motion) via Plaintiff's supplemental discovery responses, which were served on November 11, 2022. (*See* Plaintiff's Supplemental Discovery Responses, attached hereto as Exhibit A.) Indeed, Plaintiff detailed fifty-four calls placed for the purpose of selling SunPath's vehicle service contracts. Additionally, Plaintiff provided further facts regarding SunPath's liability, her computation of damages, and clarified her responses to SunPath's requests for admission. Following service of the supplemental responses, SunPath has indicated that it will likely request further responses (apparently no amount of detail will ever be sufficient for SunPath).

1

As for the remaining issues, the Court should decline to order further responses. First, SunPath asks the Court to overrule Plaintiff's objections regarding prematurity even though (as SunPath is aware) no information or documents are being withheld on the basis of those objections. Rather, the objections were lodged to provide SunPath with ample notice that significant discovery remains to be completed in this case. While SunPath repeatedly states that discovery is a few weeks from completion (after opposing Plaintiff's previous motion to extend the discovery schedule to provide ample time to complete discovery), it fails to take into account that neither Plaintiff nor SunPath has been deposed and significant class-related discovery remains to be completed.

Finally, SunPath seeks an order compelling the production of every confidential settlement agreement that Plaintiff has entered into relating to telemarketing. But contrary to SunPath's assertions, prior settlement agreements cannot possibly form the basis an EBR and do not contain a release for the claims at issue. More to the point, confidential settlement agreements are completely irrelevant to the claims and defenses in **this** case. Hence, the information is not discoverable under Rule 26(b)(1).

For these reasons and as explained further below, the Court should deny SunPath's motion to compel further responses to discovery.

## I.      PROCEDURAL HISTORY

On January 26, 2022, Plaintiff filed the instant action alleging widespread violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Virginia Telephone Privacy Protection Act ("VTPPA"). (Dkt. 1.) Through discovery, it was revealed that SunPath engages numerous entities to conduct telemarketing to sell its vehicle service contracts and fails to maintain records of any of the calls that are placed on its behalf.

On August 29, 2022, SunPath served its first set of discovery requests directed to Plaintiff, including interrogatories, requests for production, and requests for admission. (Declaration of Taylor T. Smith ("Smith Decl."), ¶ 3, attached hereto as Exhibit B.) On September 13, 2022, Plaintiff served her objections to SunPath's discovery requests, and on September 28, 2022, Plaintiff served her responses to SunPath's discovery requests, which included her document production and recordings of calls placed on behalf of SunPath in violation of the TCPA and VTPPA. (*Id.*) Despite making no prior inquiry regarding the completeness of Plaintiff's discovery responses, SunPath served a discovery dispute letter on October 21, 2022, which included its perceived deficiencies with respect to thirty-three (33) of Plaintiff's discovery responses and demanded that Plaintiff provide supplemental responses three (3) business days later, on October 26, 2022. (Dkt. 41-2.)

After receiving the letter, Plaintiff and her counsel conducted a search for additional responsive documents, which were produced on October 27, 2022. (Smith Decl. ¶ 5.) Plaintiff's counsel also repeatedly informed SunPath's counsel that he would supplement her discovery responses. (*Id.* ¶¶ 6, 8.) On November 1, 2022, all parties were in attendance for the deposition of SunPath's third party telemarketer, Chukran Management Group, LLC d/b/a American Protection Corp. ("American Protection"). (*Id.* ¶ 7.) After American Protection's representative ended the deposition early, Plaintiff's counsel informed SunPath's counsel that he would be available to confer regarding Plaintiff's discovery responses that afternoon. (*Id.*) At this time, SunPath's counsel suggested that the parties confer on a later date. (*Id.*) On November 3, 2022, the parties conferred regarding Plaintiff's discovery responses. (*Id.* ¶ 8.) During the conferral, Plaintiff agreed to supplement her discovery responses and informed SunPath's counsel that the

responses would be provided prior to Plaintiff's deposition.[1] (*Id.*) Following the conferral, SunPath filed its motion to compel. (Dkt. 40.) On November 11, 2022, Plaintiff served her supplemental discovery responses. (*See* Ex. A.) The responses largely resolve the issues raised in SunPath's motion.

Based on these facts and as set forth below, Defendant's motion should be denied in its entirety.

## II.   ARGUMENT

### A.   Plaintiff's premature objections are not improper where, as here, no responsive documents or information are being withheld.

SunPath begins by asking the Court to overrule Plaintiff's objections relating to the prematurity of the discovery requests and order that the responses be supplemented. (Mot. at 5-7.) The problem with this argument is two-fold: First, several of the requests represent contention interrogatories, to which Plaintiff lacks sufficient information to provide a complete response. And second, as SunPath is well aware, not a single document or piece of information is being withheld on the basis of these objections.[2] Rather, the premature objections serve to provide notice to SunPath that the parties are in the midst of discovery and the complete and full extent of calls at issue have not yet been revealed.

"Contention interrogatories have been defined as interrogatories that request a litigant 'to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position, and explain or defend that position ... or to state

---

[1] SunPath's motion falsely claims that Plaintiff's counsel "may try to provide certain supplemental responses by November 11, 2022" (dkt. 40, pg. 1.) This is untrue. Plaintiff agreed to supplement her discovery responses and informed SunPath's counsel that the responses would be provided prior to her deposition. At that time, counsel estimated that the responses would be served by November 11, 2022.

[2] During the parties' conferrals, Plaintiff's counsel informed SunPath repeatedly that no documents or information were being withheld on the basis of the premature objections.

4

the legal or theoretical basis for a contention.'" *Pauley v. CNE Poured Walls, Inc.*, No. 3:18-CV-01508, 2019 WL 3226996, at *1 (S.D.W. Va. July 17, 2019) (citation omitted). While permissible, "most courts agree that '[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.'" *Id.*; *Monsanto Co. v. E.I. Du Pont De Nemours & Co.*, No. 4:09CV00686 ERW, 2012 WL 27936, at *2 (E.D. Mo. Jan. 5, 2012) ("Contention interrogatories need not be fully answered until discovery is near completion.").

The vast majority of the interrogatories at issue are premature contention interrogatories, which request that Plaintiff state her contention and all facts that support her contention with respect to various claims in the case. (*See* Dkt. 41-1, Interrogatories Nos. 1-9. 12, 19, 22, and 23.) For example, SunPath requests that Plaintiff identify all of the calls that she seeks to recover damages for in this lawsuit (*See id.*, Interrogatory No. 1.) While Plaintiff has detailed the currently known calls (*see* Ex. A, pgs. 1-6), she also lodged premature objections based on the fact that the call records in this case have yet to be produced. Plaintiff has also issued a subpoena directed to Five9, Inc., which she believes will reveal a complete picture of all calls placed to Plaintiff and the Classes. (Smith Decl. ¶ 9.)

Additionally, SunPath requests that Plaintiff state all facts in support of her contention that SunPath can be held directly or vicariously liable in this case. (*See id.*, Interrogatories Nos. 2-3.) Once again, Plaintiff has answered these interrogatories based on the current information produced in the case. (*See* Ex. A, pgs. 6-8.) But she also lodged premature objections given that both parties' depositions remain to be completed, and there is a litany of third-party discovery outstanding. Plaintiff has provided available dates for her deposition to SunPath (which was originally scheduled for November 15, 2022, but SunPath decided to reschedule it) and has

5

requested available dates for SunPath's representative(s). Most of the information that Plaintiff will rely on to demonstrate whether SunPath can be held directly or vicariously liable for the calls at issue will be contained within the depositions of American Protection[3], SunPath, and potentially other third-parties. Requiring Plaintiff to carry her entire burden to demonstrate liability prior to the completion of the depositions is simply unreasonable.

Likewise, the discovery requests seeking information relating to the dialing system used to place the calls at issue and class related issues (*See* dkt. 41-1, Interrogatories Nos. 4-5, 7-9, 19, 22-23; Requests to Produce Nos. 16-20, 22-23, 25-30, 32-33), also seek information that has yet to be discovered. In this case, discovery has proven to be challenging, and Plaintiff has been required to unravel a web of individuals and entities involved in the transmission of the calls at issue. Certainly, Plaintiff cannot be required to identify class members prior to her receipt of the documents and data, which identify the class members and the calls placed to the Classes. As previously stated, Plaintiff issued a subpoena directed to Five9, which she anticipates will reveal the call records at issue and the dialing system used to place the calls. Nevertheless, at this time, Plaintiff does not possess any further information that can be produced in response to the subject requests.

Finally, even if the Court disagrees and overrules the objections, it makes no difference. This is so because Plaintiff has provided complete responses to the requests based on ***currently available*** information. And noticeably absent from SunPath's motion is any explanation regarding what documents or information that it believes Plaintiff is withholding. *See Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13-CV-80, 2014 WL 12596397, at *4 (N.D.W.

---

[3] SunPath also filed its motion **one day** after the deposition of American Protection was completed and prior to either counsels' receipt of the transcript.

Va. Jan. 9, 2014) ("'the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld,' and the Court 'cannot compel a party to produce documents based solely on opposing speculation and belief that responsive documents exist and that the producing party is withholding them.'") (citation omitted). Instead, SunPath states that Plaintiff should be required to state what records the responses are dependent upon and what steps are being taken to discovery such records. (Mot. at 6.) Plaintiff is unaware of any case (and SunPath cites to no case in support of this proposition), which requires counsel to provide or create litigation strategies and work product in response to a discovery request. In short, Plaintiff has provided complete responses based on the current information available to her. Should additional information become known, she will amend her responses as required by Rule 26(e).

Accordingly, the Court should decline to overrule Plaintiff's premature objections.

**B.     Plaintiff has provided complete responses to Interrogatory Nos. 1-3.**

Next, SunPath requests that the Court compel Plaintiff to provide complete responses to Interrogatory Nos. 1, 2, and 3. (Mot. at 7-8.) On November 11, 2022, Plaintiff supplemented her responses to each of these interrogatories. (*See* Ex. A.) Indeed, Plaintiff provided a breakdown of all fifty-four calls that are at issue (*id.*, pgs. 1-6), and she provided her contention and the facts that she is currently in possession of with respect to SunPath's liability (*id.*, pgs. 6-8). Had SunPath waited until November 11th (the date that Plaintiff anticipated serving supplemental responses), briefing regarding this issue could have been avoided. While SunPath may seek additional responses, it should be noted that no documents or information are being withheld and Defendant's request for further responses is moot. *See Acosta v. Med. Staffing of Am., LLC*, No. 2:18CV226, 2019 WL 6122016, at *5 (E.D. Va. Mar. 15, 2019) (finding that a motion to compel

is rendered moot where no documents or information is being withheld on the basis of an objection).

C.     **Plaintiff has supplemented her response to Interrogatory No. 18 and her initial disclosures to include a computation of the damages sought.**

SunPath also requests that Plaintiff be ordered to supplement her response to Interrogatory No. 18 and her initial disclosures to provide a computation of damages sought. (Mot. at 10.) Once again, Plaintiff already supplemented her responses and initial disclosures to clarify the total damages that are currently being sought. (Ex. A, pgs. 8-9, and Supplemental Initial Disclosures, attached hereto as Ex. C.) This request is likewise rendered moot.

D.     **Plaintiff's prior settlement agreements are unrelated to the claims and defenses in this lawsuit.**

Next, SunPath requests that the Court order Plaintiff to provide information and documents relating to every settlement agreement that she has ever entered into relating to telemarketing. (Mot. at 11-12.) To hear SunPath tell it, the settlement agreements may reveal an "established business relationship" with SunPath; "releases or covenants not to sue" that may apply to SunPath; and Plaintiff's "motive, state of mind, credibility, and fitness as a class representative." (*Id.*) The requests are overbroad and irrelevant to the claims and defenses in this case, and SunPath's argument should be rejected for the following reasons.

To start, SunPath misunderstands an established business relationship ("EBR") under the VTPPA. Indeed, an EBR is not a term that is open to various interpretations. Rather, the VTPPA defines an EBR as follows:

> "Established business relationship" means a relationship between the called person and the person on whose behalf the telephone solicitation call is being made or initiated based on (i) the called person's purchase from, or transaction with, the person on whose behalf the telephone solicitation call is being made or initiated within the 18 months immediately preceding the date of the call or (ii) the called person's inquiry or application regarding any property, good, or service offered by

8

the person on whose behalf the telephone solicitation call is being made or initiated within the three months immediately preceding the date of the call.

Va. Code Ann. § 59.1-510 (West). Given that Plaintiff did not purchase a product or service from SunPath within the 18 months immediately preceding the calls (or at any other time) the only possible scenario that could form an EBR is a subscriber inquiry. To establish an EBR based on a subscriber inquiry, a consumer must make an inquiry "about [a defendant's] products or services." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13128407, at \*4 (S.D. Ohio Sept. 30, 2019).[4]

SunPath makes no attempt to explain how a settlement agreement could possibly form the basis of an EBR (it can't). Rather, settlements are entered for the purposes of resolving claims (not inquiring about a product or service). Likewise, the Court should not require Plaintiff to disclose confidential settlement agreements so that SunPath can review them to determine, on the off chance, whether one of the releases might cover SunPath.[5] As SunPath is aware, Plaintiff has **never** purchased a vehicle service contract. As such, it is unclear what settlement could possibly relate to SunPath's business. Additionally, SunPath has not asserted an affirmative defense asserting that the claims were released. (*See* Dkt. 26, pg. 8.) Put simply, SunPath's request to review every settlement agreement in the hopes of revealing an EBR or a release represents an impermissible fishing expedition and should be denied. *See E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012) ("discovery should not devolve into a fishing expedition for irrelevant or cumulative information which does not advance that purpose").

---

[4] The *Charvat* case analyzes a substantially similar EBR definition in the content of the TCPA.
[5] SunPath takes issue with Plaintiff's reference to "other third parties" in response to discovery. (Mot. at 12.) Yet, because SunPath has refused to identify the third parties that it contracts with to conduct telemarketing, Plaintiff currently lacks information to identify the third parties.

Lastly, SunPath also fails to articulate how Plaintiff's prior confidential settlement agreements are relevant to the claims or defenses in this case. Instead, SunPath generally asserts that the agreements are relevant to motive, state of mind, credibility, or fitness as a class representative. But whether a plaintiff receives financial compensation from a prior suit (the result of virtually every settlement in any case), does not logically relate to an individual's motive, state of mind, credibility, or fitness as a class representative. And SunPath has not (and cannot) draw any connection between Plaintiff's receipt of financial compensation for past unrelated claims and the claims or defenses at issue in this case. Indeed, to be discoverable, information must be "relevant to any party's claim or defense" in this case. *See* Fed. R. Civ. P. 26(b)(1).

For these reasons, the Court should find that confidential settlement agreements are irrelevant to either parties' claims or defenses. Such a decision would be in line with the majority of courts that have considered this issue. *See Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *2 (S.D. Ohio Feb. 13, 2019) ("the Court finds Plaintiff's personal finances, including income generated through TCPA settlements or awards, to be irrelevant to Southard's defenses. Southard has identified no case law or other authority suggesting that its defenses turn on Plaintiff's personal finances"); *Charvat v. Travel Servs.*, 110 F. Supp. 3d 894, 899 (N.D. Ill. 2015) (refusing to order the production of a TCPA litigant's past tax returns because they were not relevant to "his motivation for filing this action"); *Johnson v. Cap. One Servs., LLC*, No. 18-CV-62058, 2019 WL 5190788, at *2 (S.D. Fla. Oct. 15, 2019) (excluding defendant's prior TCPA litigation and settlements from evidence); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (denying a request for prior TCPA settlements).

10

E.     **Plaintiff has provided complete responses to Requests for Admission Nos. 7, 8, and 16.**

Finally, SunPath closes by asking the Court to declare Requests for Admission Nos. 7, 8, and 16 admitted. (Mot. at 13.) On November 11, 2022, Plaintiff served supplemental responses to requests as issue, which further clarify why the requests cannot be fully answered at this time. (*See* Ex. A, pgs. 9-11.) Relevant here, discovery is ongoing, and subpoenas have been issued to locate the relevant calling records. Plaintiff has access to her AT&T account and past telephone bills that would reflect calls placed to her, including unknown calls. Given that Plaintiff has identified more than fifty unsolicited calls placed on behalf of SunPath, there is no reason to believe that additional unlawful calls were not placed. Moreover, American Protection's document production reveals that Plaintiff was not placed on its DNC list until April 19, 2022— nearly two years after the last known call at issue in this case. This further underscores the likelihood that additional unknown calls were placed that may be reflected in her AT&T records. As such, Plaintiff's responses represent her current knowledge: she may be in possession of evidence reflecting additional calls, but she doesn't know at this time. Accordingly, the Court should decline to deem the requests admitted.

III.   **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to compel further responses to discovery and order any additional relief that the Court deems necessary and just.

Dated: November 16, 2022                    **RUTH SMITH,** individually and on behalf of all
                                            others similarly situated,


                                            By: _/s/ Francis J. Driscoll, Jr._____
                                                   One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document

was served upon counsel of record by filing such papers via the Court's ECF system on

November 16, 2022.

/s/ Francis J. Driscoll, Jr.