# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Ruth Smith ("Smith" or "Plaintiff"), by and through her undersigned counsel, for her supplemental responses and objections to Defendant SunPath, Ltd.'s ("Defendant" or "SunPath") First Set of Discovery Requests, states as follows: all responses and objections contained herein are based only upon such information presently available to Plaintiff. Further discovery, investigation, research and analysis may supply additional facts and/or add meaning to known facts. The responses below are given without prejudice to Plaintiff's right to later produce additional documents or information.

**INTERROGATORIES**

1. Identify all telephone calls to Your Cellular Telephone Numbers for which you seek recovery in this Lawsuit that you allege were made by or on behalf of SunPath, and state all factual bases for your contention that each call was made by or on behalf of SunPath.

ANSWER: Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, Plaintiff will produce documents evidencing the

1

calls that she received by or on behalf of SunPath. The calls at issue were placed for the purpose of selling SunPath's products and services. Plaintiff will supplement this response following the receipt of relevant calling data from third parties.

SUPPLEMENTAL ANSWER: Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, Plaintiff will produce documents evidencing the calls that she received by or on behalf of SunPath. Plaintiff also states as follows:

On May 26, 2020, Plaintiff received two unsolicited calls from the caller ID 410-844-6327 directed to her cellular telephone number ending in 9650. Upon answering the calls, Plaintiff heard a pause and a click, which is indicative of an automatic telephone dialing system. On information and belief, this call was placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The caller did not identify themself by their first and last name. Further, the caller solicited Plaintiff to purchase SunPath's vehicle service contracts.

Also on May 26, 2020, Plaintiff received two unsolicited calls from the caller ID 281-709-0786 at 4:45 p.m. and 6:51 p.m. directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On May 28, 2020, Plaintiff received seven unsolicited calls from the caller ID 281-709-0786 directed to her cellular telephone number ending in 9650. Plaintiff received three calls at 10:07 a.m., 1:52 p.m., and 1:54 p.m., which went unanswered. Plaintiff answered three calls at 10:57 a.m., 12:51 p.m., and 3:08 p.m. Upon answering the 10:57 a.m. and 12:51 p.m. calls,

Plaintiff heard music and a three to five second delay before being connected to "Samantha" (no last name was provided). Upon answering the 3:08 p.m. call, Plaintiff heard music and a three to five second delay before being connected to "Rebecca" (no last name was provided) before being transferred to "Samantha" (no last name was provided). Following the 3:08 p.m. call, Plaintiff received an email from Samantha Jaeger. Plaintiff also received a call at 11:51 a.m., which was unanswered and "Samantha" (no last name was provided) left a voicemail message. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. Further, all of the calls were placed for the purpose of soliciting the sale of SunPath's vehicle service contracts.

On May 29, 2020, Plaintiff received one unsolicited call from the caller ID 281-709-0786 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On May 29, 2020, Plaintiff received four unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On May 30, 2020, Plaintiff received three unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's

vehicle service contracts.

On June 1, 2020, Plaintiff received seven unsolicited calls from the caller ID 281-709-0786 directed to her cellular telephone number ending in 9650 at the following times: 10:14 a.m., 5:11 p.m., 5:12 p.m., 5:41 p.m., 7:08 p.m., 7:09 p.m., and 7:10 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On June 1, 2020, Plaintiff received one unsolicited call from the caller ID 281-709-0849 directed to her cellular telephone number ending in 9650. After this call went unanswered, the caller left a voicemail message, in which they did not identify themself by first and last name. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of this call was to solicit the sale of SunPath's vehicle service contracts.

On June 2, 2020, Plaintiff received three unsolicited calls from the caller ID 281-709-0786 directed to her cellular telephone number ending in 9650 at the following times: 1:44 p.m., 4:13 p.m., and 5:34 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On June 3, 2020, Plaintiff received three unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: at 1:05 p.m., 5:34 p.m., and 7:21 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On June 4, 2020, Plaintiff received one unsolicited call from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On June 5, 2020, Plaintiff received five unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 10:52 a.m., 10:53 a.m., 11:31 a.m., 12:32 p.m., and 2:46 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On June 6, 2020, Plaintiff received two unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 2:17 p.m. and 2:18 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

On June 8, 2020, Plaintiff received eight unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 12:59 p.m., 1:00 p.m., 1:21 p.m., 4:51 p.m., 4:52 p.m., 7:31 p.m., and two calls at 7:32 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

Also on June 8, 2020, Plaintiff received an unsolicited call from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at 1:00 p.m. The caller left a voicemail soliciting the sale of SunPath's products and services and did not identify themself by first and last name. On information and belief, the call was placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of this call was to solicit the sale of SunPath's vehicle service contracts.

On June 9, 2020, Plaintiff received four unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 11:10 p.m., 4:32 p.m., and two calls at 7:39 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's vehicle service contracts.

Plaintiff reserves the right to supplement this response following the receipt of relevant documents and data from third parties, which identify all of the calls at issue in this case.

2. If you contend that SunPath is directly liable for any of the telephone calls identified in your answer to Interrogatory No. 1, identify such telephone calls and state all facts in support of such contention.

ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff asserts that SunPath is directly liable under Va. Code Ann. § 59.1-514.1 (West) for the calls in violation of the VTPPA.

SUPPLEMENTAL ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, the calls

6

at issue were place for the purpose of soliciting Plaintiff to purchase SunPath's vehicle service contracts. (*See* SMITH000022-26.) As such, SunPath is a "seller" within the meaning of Va. Code Ann. § 59.1-514.1 (West). Accordingly, Plaintiff asserts that SunPath is directly liable under Va. Code Ann. § 59.1-514.1 (West) for the calls in violation of the VTPPA.

       3.       If you contend that SunPath is vicariously liable for any of the telephone calls identified in your answer to Interrogatory No. 1, identify such telephone calls and state all facts in support of such contention with respect to each such call.

       ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff states that the calls at issue were placed for the purpose of selling SunPath's products and services. Moreover, Plaintiff directs SunPath's attention to its contractual agreements with Chukran Management Group, LLC and other third parties. Additionally, in the context of the VTPPA claims, Plaintiff asserts that SunPath is liable under Va. Code Ann. § 59.1-514.1 (West). Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of relevant documents and data.

       SUPPLEMENTAL ANSWER: Objection, this contention interrogatory is premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff states that the calls at issue were placed for the purpose of selling SunPath's products and services, specifically its vehicle service contracts. Indeed, Chukran Management Group, LLC d/b/a American Protection Corp. ("American Protection") testified that it placed calls for the purpose of soliciting sales of SunPath's vehicle service contracts. Further, American Protection asserts that SunPath provided training to assist in selling its products and services. Further, Plaintiff directs SunPath's attention

7

to its contractual agreements with American Protection, which governs the relationship with SunPath and reveals substantial control that SunPath asserts of American Protection's operations and telemarketing. Additionally, Plaintiff also directed SunPath's attention to documents produced, which reflect SunPath's appointment of American Protection as its agent in the State of Florida for the purposes of selling automobile warranties. Plaintiff also asserts that SunPath is liable for American Protection's actions by ratifying its acts and omissions, including accepting the benefits of the telemarketing calls at issue. Additionally, in the context of the VTPPA claims, Plaintiff asserts that SunPath is liable under Va. Code Ann. § 59.1-514.1 (West) as set forth in response to Interrogatory No. 2 above. Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of relevant documents and data.

18.     If you contend that you suffered any compensable harm(s) as a result of the calls or text messages identified in your answer to Interrogatory No. 1, then state all facts in support of such contention and identify the amount of damages you are seeking in this action for such harm(s) and from which Defendant.

ANSWER: Objection, this interrogatory is premature as discovery has just commenced. This interrogatory also seeks information more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that she is entitled to $500 - $1,500 per call received in violation of the TCPA, $500 per call for the first call received in violation of the VTPPA, $1,000 per call for the second call received in violation of the VTPPA, and $5000 per call for each subsequent call received in violation of the VTPPA. Plaintiff is unable to provide a full and complete computation of damages at this time. Discovery is ongoing and Plaintiff will supplement this response following receipt of relevant data from Defendant and any other

relevant sources regarding the number of calls made. Plaintiff further states that the legal harms she suffered include aggravation, nuisance, invasions of privacy that result from the receipt of Defendant's unwanted calls, loss of value realized for the monies it paid to its wireless carrier, interruption and loss of use and enjoyment of her telephone (including the related data, software, and hardware components), and wear and tear on her cellphones.

      SUPPLEMENTAL ANSWER: Objection, this interrogatory is premature as discovery has just commenced. This interrogatory also seeks information more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that she is entitled to $500 - $1,500 per call received in violation of the TCPA, $500 per call for the first call received in violation of the VTPPA, $1,000 per call for the second call received in violation of the VTPPA, and $5,000 per call for each subsequent call received in violation of the VTPPA. Consequently, based on the information currently available to Plaintiff, she seeks $81,000 in damages for violations of the TCPA, and she seeks $261,500 in damages for violations of the VTPPA. Plaintiff is unable to provide a full and complete computation of all class members' damages at this time. Discovery is ongoing and Plaintiff will supplement this response following receipt of relevant data from Defendant and any other relevant sources regarding the number of calls made. Plaintiff further states that the legal harms she suffered include aggravation, nuisance, invasions of privacy that result from the receipt of Defendant's unwanted calls, loss of value realized for the monies it paid to its wireless carrier, interruption and loss of use and enjoyment of her telephone (including the related data, software, and hardware components), and wear and tear on her cellphones.

## **REQUESTS FOR ADMISSION**

    7.    You are in possession of no written or audio evidence that SunPath or any party

allegedly acting on SunPath's behalf contacted you via Your Cellular Telephone Number before May 26, 2020.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

SUPPLEMENTAL RESPONSE: Plaintiff admits that she is not currently in possession of any audio evidence reflecting any communications by SunPath or any party acting on behalf of SunPath directed to her cellular telephone before May 26, 2020. Plaintiff also admits that she is not presently aware of any written evidence that are in her possession reflecting communications by SunPath or any party acting on behalf of SunPath directed to her cellular telephone before May 26, 2020. However, Plaintiff can neither admit nor deny whether she is, in fact, in possession of written evidence reflecting calls placed by SunPath or any party acting on behalf of SunPath directed to her cellular telephone before May 26, 2020 because she has access to her cellular telephone bills, which may reflect such calls reflecting the full scope of all calls at issue in this case. Additionally, SunPath refused to identify third parties that may have placed calls to Plaintiff in discovery, which may reveal responsive documents and information.

8.  You are in possession of no written or audio evidence that SunPath or any party allegedly acting on SunPath's behalf contacted you via Your Cellular Telephone Number after June 9, 2020.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

SUPPLEMENTAL RESPONSE: Plaintiff admits that she is not currently in possession of any audio evidence reflecting any communications by SunPath or any party acting on behalf of SunPath directed to her cellular telephone after June 9, 2020. Plaintiff also admits that she is

10

not presently aware of any written evidence that are in her possession reflecting communications by SunPath or any party acting on behalf of SunPath directed to her cellular telephone after June 9, 2020. However, Plaintiff can neither admit nor deny whether she is, in fact, in possession of written evidence reflecting calls placed by SunPath or any party acting on behalf of SunPath directed to her cellular telephone after June 9, 2020 because she has access to her cellular telephone bills, which may reflect such calls once third parties identify the full scope of the calls. Additionally, SunPath refused to identify third parties that may have placed calls to Plaintiff in discovery, which may reveal responsive documents and information.

16. During each of the calls described in Paragraphs 23-24 of your Complaint, the caller did not state that he or she was calling from or on behalf of SunPath.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

SUPPLEMENTAL RESPONSE: Deny. For every call that was answered or that left a voicemail message, the caller did not identify themself by first and last name. A complete breakdown of the calls at issue can be found in Plaintiff's supplemental response to Interrogatory No. 1.

Dated: November 11, 2022

**RUTH SMITH**, individually and on behalf of all others similarly situated,

By:  /s/ Taylor T. Smith
      One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso
ppeluso@woodrowpeluso.com

11

Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by electronic mail on November 11, 2022.

*/s/ Taylor T. Smith*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>　　　　Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

### PLAINTIFF'S RUTH SMITH'S VERIFICATION

I, Ruth Smith, of full age, verify as follows:

I have read the foregoing supplemental responses to the Interrogatories and Requests for Admission (excluding objections, legal conclusions, or matters that are of public record) and verify that they are true, accurate and complete based upon my personal knowledge of the information contained in them, except as set forth below.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on  11 / 11 / 2022  .

　　　　　　　　　　　　　　　　　　　　　_/s/ Ruth Smith_____
　　　　　　　　　　　　　　　　　　　　　Ruth Smith

1