```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF VIRGINIA
 2                         ALEXANDRIA DIVISION

 3   ---------------------------x
     RUTH SMITH,                 :    Civil Action No.:
 4                               :    1:22-cv-81
                Plaintiff,       :
 5       versus                  :
                                 :    Friday, October 14, 2022
 6   SUNPATH, LTD.,              :
                                 :
 7              Defendant.       :
     ---------------------------x
 8
             The above-entitled motion to amend was heard before
 9   the Honorable William F. Fitzpatrick, United States
     Magistrate Judge.  This proceeding commenced at 10:11 a.m.
10
                         A P P E A R A N C E S:
11
     FOR THE PLAINTIFF:       PATRICK PELUSO, ESQUIRE
12                            WOODROW & PELUSO, LLC
                              3900 E. Mexico Avenue
13                            Suite 300
                              Denver, Colorado  80210
14                            (720) 213-0676

15   FOR THE DEFENDANT:       GREGORY CAFFAS, ESQUIRE
                              ROTH JACKSON GIBBONS CONDLIN, PLC
16                            8200 Greensboro Drive
                              Suite 820
17                            McLean, Virginia  22102
                              (703) 485-3533
18
     COURT REPORTER:          STEPHANIE M. AUSTIN, RPR, CRR
19                            Official Court Reporter
                              United States District Court
20                            401 Courthouse Square
                              Alexandria, Virginia  22314
21                            (571) 298-1649
                              S.AustinReporting@gmail.com
22
          (PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING,
23         TRANSCRIPT PRODUCED BY COMPUTERIZED TRANSCRIPTION.)

24

25
                                                                    1
```

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE DEPUTY CLERK: Smith v. SunPath, Ltd., Case |
| 3 | 1:22-cv-81. |
| 4 | Counsel, please note your appearances for the |
| 5 | record. |
| 6 | THE COURT: First for the plaintiff. |
| 7 | MR. PELUSO: Good morning, Your Honor. |
| 8 | Patrick Peluso appearing on behalf of the plaintiff in the |
| 9 | alleged class. |
| 10 | THE COURT: All right. Mr. Peluso, how are you? |
| 11 | MR. PELUSO: I am all right, Your Honor. How are |
| 12 | you? |
| 13 | THE COURT: All right. |
| 14 | And for defendant. |
| 15 | MR. CAFFAS: Good morning, Your Honor. |
| 16 | Gregory Caffas on behalf of defendant, SunPath, Limited. |
| 17 | THE COURT: All right. Mr. Caffas, how are you? |
| 18 | The only thing I would ask you all is -- |
| 19 | everything is being recorded. It's easier if you step to |
| 20 | the podium as you speak just so the recording device makes |
| 21 | sure we pick everything up. |
| 22 | All right. So this is -- this is on plaintiff's |
| 23 | motion to amend the pretrial order with respect to |
| 24 | deadlines. I've read your motion, I've read the opposition. |
| 25 | Is there anything that you would like to add to |

```
 1   this, Mr. Peluso?
 2              MR. PELUSO:  Your Honor, the only thing I would
 3   say is -- I conferred with Mr. Caffas this morning.  I,
 4   frankly, do see his point regarding the quick turnaround
 5   between the rebuttal expert disclosure and the defendant's
 6   opposition to class certification.  Under our schedule, it
 7   will only afford him roughly five days or seven days,
 8   something like that.  So I do agree that that's too quick of
 9   a turnaround, so would slightly amend our proposed schedule
10   to afford him some more time.
11              But the gist of it, Your Honor, is, you know, this
12   is a case that has a fairly decent amount of third-party
13   discovery to be taken, and we just need more time to chase
14   that information down.  I have no opposition to the
15   defendant, you know, having more than a five-day turnaround
16   between rebuttal experts and their opposition to class
17   certification.  But the fact of discovery cutoff of roughly
18   a month from now just doesn't give us enough time.
19              THE COURT:  So it's a bit more than that.  What is
20   it, December 9th?
21              MR. PELUSO:  Yeah, December 9th.  But I believe
22   the defendant's proposed schedule actually cuts that to
23   November 15th.
24              THE COURT:  All right.  Well, tell me, what -- one
25   of the things that I can almost assure you would be
```

3

```
 1   important in Judge Brinkema -- and in situations like this,
 2   you know, all the judges sort of lean on a little bit is
 3   what's been done up until now.  Right.  The initial
 4   scheduling order was entered on August 5th.  At that point,
 5   the parties can begin their discovery efforts in earnest.
 6           You know, I have a little bit of a flavor from
 7   your submission what you've been doing, but one of the
 8   issues the Courts look at is how diligently have the parties
 9   really been trying.  You know, are there insurmountable
10   obstacles?  If so, what are they?  What have they been doing
11   to try to resolve those issues?
12           So can you give me a little bit of a sense of your
13   discovery efforts up until now and what additional discovery
14   efforts you foresee in the future.
15           MR. PELUSO:  Yes, Your Honor.  So I believe within
16   three weeks of that initial scheduling order being entered,
17   we served interrogatories, requests for production on the
18   defendant.  We also served a subpoena on this key third
19   party.  And, frankly, we were hoping to take the deposition
20   a couple of weeks ago.  It was only that third party's
21   statement that, you know, they were unavailable that date
22   and they're only available sometime in November, which is
23   causing this delay.
24           So I feel like we've been diligent in serving our
25   request and, you know, serving the subpoena and trying to
```

1  get this all scheduled.  It's just sort of a scheduling
2  issue with this third party that's causing the delay.
3          THE COURT:  What additional discovery are you
4  looking at over the next stretch?
5          MR. PELUSO:  So, based on the initial responses
6  that we've received from this key third party, we've served
7  two additional subpoenas.  Frankly, I'm not sure how
8  plausible the initial statements are.  Essentially this
9  third party is trying to say, at least in emails to us, that
10 they had no involvement in this and sort of passed the buck
11 on to another third party that has a similar-sounding name.
12         So we served a subpoena on that third party and
13 then also on Verizon, who's the telephone service provider,
14 for any additional information they may have.  But it's
15 unclear until we actually take this deposition who else we
16 may need to go speak to.
17         THE COURT: All right.  Okay.  Is there anything
18 else?
19         MR. PELUSO:  No.  That's it, Your Honor.
20         THE COURT:  All right.
21         MR. PELUSO:  Thank you.
22         THE COURT:  Mr. Caffas, is there anything else you
23 want to add?
24         MR. CAFFAS:  Briefly, Your Honor.
25         Your Honor, I'd first just like to agree with what

5

1   Mr. Peluso was saying about the timeline of some of the
2   expert rebuttal reporting and the class certification
3   briefing.  As it stands, it is a bit more than five days.  I
4   think it's a turnaround of about eight days.  It would be
5   between -- January 27th is the deadline for rebuttal expert
6   disclosures, and the defendant's opposition to class
7   certification briefing, which would likely -- very much
8   likely be dependent on some of the content of that expert
9   disclosure due February 3rd.
10          So I think, at the very least, defendant would be
11  proposing that the opposition to class certification brief
12  be set back two weeks, maybe.  And then, obviously, in turn,
13  the plaintiff would be afforded another few weeks for their
14  reply brief in support of class certification.
15          With respect to Mr. Peluso's statements about the
16  additional efforts needed to uncover information about these
17  third parties, it's unclear to SunPath what plaintiff
18  expects to find, or that that will even be relevant or then
19  will, in turn, just have us back here and requesting another
20  extension indefinitely.
21          THE COURT:  That's not going to happen.
22          MR. CAFFAS:  Right.
23          THE COURT:  Not here.
24          MR. CAFFAS:  That was our concern.
25          THE COURT:  Not in this court.

6

1          MR. CAFFAS:  That was our concern as well.
2          So, to the extent that we had suggested, in fact,
3  a slightly more expedited cutoff to the fact -- excuse me,
4  the fact discovery deadline, as was in our opposition brief,
5  we were not fully aware of the issues that plaintiff had
6  foreseen, but that was in keeping with what we foresaw,
7  which, at the time, and to the extent that we're aware,
8  still just concerns a single third-party deposition, which
9  should be taken in November.  In our minds, a November 15th
10 briefing schedule was enough to -- sorry, fact discovery
11 cutoff was enough to allow for that single third-party
12 deposition.
13         THE COURT:  All right.  Thank you.
14         The plaintiff's motion is denied.  It's denied
15 without prejudice.  What we're going to do is this, I'm not
16 convinced that we can't continue to push forward on the
17 deadlines that we have.
18         The -- one of the things that we do and that's in
19 the 16(b) order is the Court makes itself available to the
20 parties on a week turnaround.  Right.  If there is -- if
21 there is a hurdle, if there is a problem that you all can't
22 meet and confer about or that you have a recalcitrant
23 witness who doesn't want to sit for a deposition, from
24 Friday to Friday, it will be resolved within seven days.
25 Right.  That's the relationship that we have with the bar.

```
1    Right.
2              And in exchange for keeping cases moving and
3    keeping cases moving efficiently, the Court makes itself
4    available on a seven-day turnaround to make sure that there
5    are no obstacles so that attorneys can, efficiently and
6    effectively, prosecute their case or properly defend their
7    case.
8              So, if you have a -- if you can't meet and confer
9    with this party down in -- was it in Florida who you're
10   seeking the deposition?
11             MR. PELUSO:  That's right, Your Honor.
12             THE COURT:  Then, you know, do your best to find a
13   date, find a date as soon as possible.  If they're being
14   obstructionist, file a motion and serve them, and we will
15   get it resolved.  Because the -- you know, it's not fair to
16   kind of hold you to these deadlines but not give you a
17   mechanism to gather the discovery that you need in order to
18   figure out what's best for you and your clients moving
19   forward.  But, at this point, I'm not convinced that we have
20   to alter the discovery deadlines.
21             If, however, you get to -- you know, discovery
22   cutoff is December 9th.  I would assume -- and this is just
23   how things work in this court, not me personally, but in the
24   Eastern District of Virginia in the Alexandria Division, the
25   judges are very set on enforcing an efficient discovery
```

8

1    process and holding to these deadlines.
2             I would assume, going forward, that that
3    December 9th deadline is a hard date.  But, if you continue
4    to push forward and you continue to prosecute this, this
5    cause of action as efficiently as you can and you get
6    towards the end of November and there are obstacles that are
7    going to prevent you from getting all the discovery that
8    you're entitled to, at that point, you can file a motion,
9    and we'll come back, and we'll sit down, and we'll go
10   through exactly where you are and what you need to do.
11            But one of the first things that -- whether it's
12   me or whether it's Judge Brinkema, one of the first things
13   that any of the judges are going to ask are, Number 1, what
14   have you been doing up until this point?  I can tell you,
15   there's oftentimes one position that's taken by the Court if
16   attorneys have been diligently working towards pushing the
17   case forward; and there's a different position oftentimes is
18   taken where they haven't done much and they're coming up on
19   the deadline and they need an extension from there.  That's
20   just -- that's the culture and the general practice of the
21   judges here.
22            So -- but, at this point, I don't know of any
23   reason why we can't stick to the deadlines currently
24   imposed.  Again, if you have -- if there are issues that you
25   can't resolve and you're worried because I have this

9

1   December 9 deadline, you know, file a motion.  We'll get you
2   heard by me or by another judge, if necessary, by that --
3   you know, within a week.  And so we'll do our best to kind
4   of put you on a path where you can meet these deadlines.
5          I think the idea being, you know, by that point in
6   time, you should be able to have enough discovery to the
7   point where you're in a position where you can make an
8   informed decision about whether it is appropriate to seek
9   class certification, or whether it's not appropriate to seek
10  class certification.  And, at that point, I think we can
11  have a larger -- I mean, discovery will be closed, you'll
12  have the information you need, and, at that point, we'll be
13  in a position to figure out, based on argument of counsel,
14  representation of counsel, what the path forward is there.
15  How much time you would need to file, how much response time
16  you would need.  But, at this point, I think it's a little
17  bit putting the cart before the horse.
18         So, I am going to deny the motion today.  I'm
19  going to deny it without prejudice, giving you the
20  opportunity again if, you know, depending on where the
21  parties are certainly by the end of November.  If things
22  really change, maybe the middle of November.  And you can
23  file another motion at that point, again, with a week's
24  turnaround.  And if there's a case to be made, you can make
25  it at that point.

10

Stephanie Austin, RPR, CRR USDC/EDVA (571) 298-1649

```
 1              Does that make sense?
 2              MR. PELUSO:  It does, Your Honor.
 3              MR. CAFFAS:  Yes, Your Honor.
 4              THE COURT:  Okay.  Are there -- do you see any
 5   insurmountable hurdles with that approach or with that --
 6   you know, that path forward?
 7              MR. PELUSO:  No, Your Honor.
 8              THE COURT:  Okay.  All right.  Great.  All right.
 9              Thank you guys very much.  And good luck to both
10   of you.
11              MR. PELUSO:  I appreciate it.
12              MR. CAFFAS:  Thank you, Your Honor.
13                 (Proceedings adjourned at 10:24 a.m.)
14              ----------------------------------
15   I certify that the foregoing is a true and accurate
16   transcription of my stenographic notes.
17                        _____
                                    Stephanie Austin
18                              Stephanie M. Austin, RPR, CRR
19
20
21
22
23
24
25
                                                              11
```