IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUNPATH, LTD.,** a Massachusetts corporation,<br><br>*Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

**DEFENDANT SUNPATH, LTD.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant SunPath, Ltd. ("SunPath"), by counsel, hereby submits its Memorandum in Support of its Motion to Strike Plaintiff's Motion for Class Certification.

I.  **INTRODUCTION**

The Court should strike or otherwise summarily deny as untimely Plaintiff's Motion for Class Certification, ECF No. 49 ("Motion") because she filed it a month after the Court-ordered deadline of November 14, 2022, after the close of discovery on December 9, 2022, when SunPath is entitled to focus on summary judgment and trial preparation. *See* Joint Discovery Plan, ECF No. 27, at 4-5; *see also* Rule 16(B) Scheduling Order, ECF No. 31, at 1 ("Scheduling Order"). Plaintiff's untimely Motion was filed without securing leave of Court—indeed, the Court *denied* her request to extend this and other deadlines (ECF No. 37)—and thus the filing improperly disregards the Court's Scheduling Order, the Federal Rules of Civil Procedure, and this Court's Local Civil Rules. The Court should therefore strike Plaintiff's untimely Motion.

Plaintiff and SunPath filed their Joint Discovery Plan with this Court, where they agreed upon and jointly proposed November 14, 2022 as the deadline for "Plaintiff to File Motion for Class Certification[,]" which the Court then approved. *See* Joint Discovery Plan at 4-5; Scheduling Order at 1. Accordingly, Plaintiff was required to file any motion for class certification by November 14, 2022. Plaintiff *knows* this was the deadline, because she sought the Court's leave to extend it, which the Court denied.[1] *See* Order denying Plaintiff's Motion for Extension of Time to Complete Discovery, ECF. No. 37.

Despite being well aware of the deadline, Plaintiff filed no motion for class certification by November 14, 2022. Nor did she secure the Court's leave to extend it. But on December 14, 2022, a month after the applicable deadline had passed, after the close of discovery, and without seeking or securing the Court's consent, Plaintiff filed her untimely Motion without so much as a word of explanation for its patent untimeliness. Plaintiff has proffered no good cause for her failure to timely file her Motion by November 14, 2022—a date proposed and agreed to by both

---

[1] At the hearing on Plaintiff's Motion for Extension of Time to Complete Discovery, Plaintiff's counsel acknowledged the motion for class certification deadlines. *See* Transcript of proceeding held on October 14, 2022, before Judge William E. Fitzpatrick ("October 14 Transcript"), ECF No. 47 at 3:3-8, 3:14-17 (MR. PELUSO: "I conferred with Mr. Caffas this morning. I, frankly, do see his point regarding the quick turnaround between the rebuttal expert disclosure and the defendant's opposition to class certification. Under our schedule, it will only afford him roughly five days or seven days, something like that. . . . I have no opposition to the defendant, you know, having more than a five-day turnaround between rebuttal experts and their opposition to class certification."). Plaintiff's counsel was even instructed by the Court regarding how to proceed if they felt an extension of a Court-ordered deadline was necessary. *See* October 14 Transcript at 9:22-10:4 (THE COURT: "I don't know of any reason why we can't stick to the deadlines currently imposed. Again, if you have - - if there are issues that you can't resolve and you're worried because I have this December 9 deadline, you know, file a motion. We'll get you heard by me or another judge, if necessary, by that - - you know, within a week. And so we'll do our best to kind of put you on a path where you can meet these deadlines.")

2

parties and ordered by this Court. *See* Joint Discovery Plan at 4-5; *see also* Scheduling Order at 1. The Court should therefore strike or summarily deny Plaintiff's Motion. Plaintiff's cavalier view of this Court's deadlines cannot be countenanced.

## II.     ARGUMENT

### A.     Standard of Review

Motions to strike may be used to address untimely filings. *See Padilla-Ruiz v. Commc'n. Techs.*, Action No. 2:16cv630, 2018 U.S. Dist. LEXIS 235185, at *6 (E.D. Va. July 9, 2018) (granting motion to strike untimely filed response to a motion). A court may strike an untimely motion for class certification. *See Meth v. Natus Med. Inc.*, Action No. 3:14-CV-173, 2014 U.S. Dist. LEXIS 97355, at *3 (E.D. Va. July 17, 2014) (noting an untimely motion for class certification was stricken); *see also Jones v. Hartford Ins. Co.*, 243 F.R.D. 694, 696-97 (N.D. Fla. 2006) (granting "Defendant's Motion to Strike Plaintiffs' Motion for Class Certification as Untimely").

A movant must show "good cause" when it files a motion after an applicable Court-ordered deadline. *See Cook v. Howard*, 484 Fed. Appx. 805, 814-15 (4th Cir. 2012) (when a party seeks to or does file a motion after the applicable deadline, the "party must first demonstrate 'good cause' to modify the scheduling order deadlines," pursuant to Federal Rule of Civil Procedure 16(b)(4) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008))); *see also Fitzwater v. Consol Energy, Inc.*, Civil Action No. 2:16-cv-09849, 2020 U.S. Dist. LEXIS 116562, at *9 (S.D. W.Va. July 2, 2020) (a showing of good cause is required, pursuant to Federal Rule of Civil Procedure 16(b), "[w]hen a plaintiff seeks to file an untimely [class certification] motion."); *see also Buszta v. Quality Midwestern Holdings, Inc.*, Civil No. 1:18-cv-593, 2019 U.S. Dist. LEXIS 64458, at *3 (E.D. Va. Mar. 1, 2019) (plaintiff must

3

"satisfactorily demonstrate[] good cause for [their] failure to" timely move for certification); *see also Rivera v. Jet Auto. Servs. LLC*, CIVIL NO. JKB-20-1037, 2021 U.S. Dist. LEXIS 109965, at *12 (D. Md. June 10, 2021) (when courts deny "eleventh-hour motions for [] certification [they] generally considered whether the movant has satisfactorily demonstrated good cause for [its] failure to move for [] certification at an earlier and more appropriate date.") (internal citation and quotations omitted).

This Court's Local Civil Rule 16(B) also provides that "[t]he parties and their counsel are bound by the dates specified in any" order or scheduling order entered by the Court, and that "no extensions or continuances thereof shall be granted in the absence of a showing of good cause." *See Robles v. United States*, Case No. 2:19cv111, 2020 U.S. Dist. LEXIS 248491, at *4 (E.D. Va. Oct. 15, 2020) ("parties and their local counsel are bound by the dates specified in the [scheduling] orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause.") (quoting E.D. Va. Loc. Civ. R. 16(B)).

"Rule 16(b)'s good cause standard focuses on the [delay of the motion] and the reasons for its tardy submission[.]" *Fitzwater*, 2020 U.S. Dist. LEXIS 116562, at *9 (citing *Montgomery v. Anne Arundel Cty., Maryland*, 182 F. Appx. 156, 162 (4th Cir. 2006)). "'Good cause' requires 'the party seeking relief [to] show that the [court-ordered] deadlines cannot reasonably be met despite the party's diligence[.]'" *Cook*, 484 Fed. Appx. at 815 (internal citations omitted). Additional "factors to be considered in determining whether there is good cause include the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, Civil Action No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, at *2 (E.D. Va. June

30, 2017) (quoting *Guerrero v. Deane*, No. 1:09CV1313 JCC/TRJ, 2012 U.S. Dist. LEXIS 105343, at * 7 (E.D. Va. July 27, 2012)).

Even if the plaintiff is able to show good cause for filing an untimely motion for class certification, the plaintiff's failure to move for "certification in accordance with the applicable discovery . . . deadline[] is itself good cause to deny the Motion as untimely, even setting aside the issue of prejudice to Defendant[] and the Court." *Buszta*, 2019 U.S. Dist. LEXIS 64458 at *5 (internal citation omitted); *see also Cook*, 484 Fed. Appx. at 815 ("the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the [court-ordered] schedule.") (internal citations omitted).

Further, a Court may only entertain a late motion if a party requests an extension of its deadline to file such motion. *Malone v. Greenville Cty.*, Civil Action No. 6:06-2631-RBH-BHH, 2008 U.S. Dist. LEXIS 33896, at *3-4 (D.S.C. Feb. 22, 2008) ("[Fed. R. Civ. P.] 6 expressly requires a motion to seek an extension of an already expired deadline"). Federal Rule of Civil Procedure 6(b) guides courts on extensions of time for motion papers. *Prior to passage of a deadline*, "the court may, for good cause, extend the time with or without motion or notice . . . before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "However, 'on motion made after the time has expired,' the court may only extend the time 'if the party failed to act because of excusable neglect.'" *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013) (quoting Fed. R. Civ. P. 6(b)(1)(B)).

While "excusable neglect" applies to "inadvertence, mistake, or carelessness," *Symbionics Inc. v. Ortlieb*, 432 F. Appx. 216, 220 (4th Cir. 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 388 (1993)), the Fourth Circuit has ruled

that excusable neglect is "not easily demonstrated" and applicable "*only in the extraordinary cases* where injustice would otherwise result." *Symbionics*, 432 F. Appx. at 220 (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996))). The factors for determining excusable neglect essentially mirror the additional good cause factors: "the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith." *Smith*, 933 F. Supp. 2d at 790 (citing *Thompson*, 76 F.3d at 533). "The most important of these factors is the reason for failure to timely file." *Id.* (citing *Thompson*, 76 F.3d at 534). "[C]ourts have found that undue delay or undue prejudice to defendants provide grounds to deny . . . untimely certification motions that fail[] to meet court-imposed deadlines." *Fitzwater*, 2020 U.S. Dist. LEXIS 116562, at *9 (citing *O'Leary v. New Hampshire Boring, Inc.*, 323 F.R.D. 122, 128 (D. Mass. 2018)).

   **B.**  **The Court Should Strike or Summarily Deny Plaintiff's Untimely Motion.**

Plaintiff filed her Motion a full month after the Court-ordered deadline of November 14, 2022. *See* Joint Discovery Plan at 4-5; *see also* Scheduling Order at 1. Plaintiff filed her Motion after the close of discovery, and without providing any explanation for her late filing or requesting the Court's leave to file her Motion. Therefore, Plaintiff's Motion must be stricken. *See Buszta*, 2019 U.S. Dist. LEXIS 64458, at *5 (stating that failure to comply "with the applicable discovery . . . deadlines is itself good cause to deny the Motion[.]") (internal citation omitted).

   **1. Plaintiff's Motion for Class Certification is Untimely.**

Plaintiff's deadline to file any motion for class certification was November 14, 2022. Not only did the parties agree to and propose that deadline, *see* Joint Discovery Plan at 4-5, but that

date became a Court-ordered deadline when the Court adopted it in early September, months before the deadline. *See* Scheduling Order at 1 ("The Joint Discovery Plan filed by the parties is approved and shall control discovery to the extent of its application[.]").[2] Therefore, November 14, 2022 was the Court-ordered deadline by which Plaintiff's Motion had to be filed. Her December 14, 2022 Motion was therefore a full month late.

### 2. Plaintiff Has Not Shown Good Cause for Her Untimely Filing.

Plaintiff has failed to provide any reason for the untimeliness of her Motion and failure to comply with this Court's Order, the Federal Rules of Civil Procedure, and the Court's Local Rules. Therefore, Plaintiff has failed to show good cause for her untimely Motion, which justifies striking the Motion. *See Stanley v. Huntington Nat'l Bank*, 492 Fed. Appx. 456, 462 (4th Cir. 2012) (holding that the district court did not "abuse[] its discretion by finding that the plaintiff failed to demonstrate 'good cause'" and denying the untimely motion) (internal citations and quotations omitted); *see also Robles*, 2020 U.S. Dist. LEXIS 248491, at *5-8 (finding the movant failed to demonstrate good cause as it has "provided no explanation as to why it could not have submitted" its motion by the prior deadlines) (internal citations omitted).

Plaintiff has made no proffer of good cause for her patently late filing. Any *post hoc* attempt by Plaintiff to argue that she had good cause for her failure to comply with the Court-order deadline is discredited by her Motion being late by a full month and after the Court already denied her request to extend it. *See Curtis v. Norfolk Southern Ry. Co.*, 206 F.R.D. 548, 549 (M.D.N.C. 2002) ("The Fourth Circuit has strongly disapproved of [the] lackadaisical pursuit of

---

[2] The Court knew which proposed deadlines from the parties' Joint Discovery Plan it approved. This is clear from the Court explicitly stating that the "Parties' requested expert disclosure scheduled is denied[,]" but not denying the parties' proposed and agreed-upon November 14, 2022 deadline for Plaintiff's motion for class certification, or related briefing schedule. *See* Scheduling Order at 1.

7

class certification[.]" (citing *Carracter v. Morgan*, 491 F.2d 458, 459 (4th Cir. 1973))). Therefore, the Plaintiff's Motion should be stricken or summarily denied as untimely.

The mere untimeliness of Plaintiff's Motion justifies striking it. *See Buszta*, 2019 U.S. Dist. LEXIS 64458, at *5 (a motion for certification that fails to comply "with the applicable discovery . . . deadlines is itself good cause to deny the Motion . . . even setting aside the issue of prejudice to Defendants and the Court.") (internal citation omitted).

### 3. The Additional Good Cause Factors and Excusable Negligent Factors do not Weigh in Plaintiff's Favor.

The facts surrounding Plaintiff's untimely Motion cause the other relevant factors to weigh against Plaintiff. Plaintiff's untimely Motion clearly prejudices SunPath, the Court, and putative class members; the length of Plaintiff's delay in filing it and the impact of the delay are great; Plaintiff has provided no reason for her delay; the Plaintiff's ability to timely file the Motion was within her reasonable control; and Plaintiff failed to act in good faith in regards to her untimely filing. *Smith*, 933 F. Supp. 2d 787 at 790 (the relevant factors for determining "excusable neglect are the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith." (citing *Thompson*, 76 F.3d at 533)).

#### a. Plaintiff's Untimely Filing Has Caused and Will Cause Undue Prejudice

Plaintiff's untimely Motion has severely prejudiced SunPath. Crucially, Plaintiff's Motion was filed after the close of discovery. *See* Order entered August 5, 2022, ECF. No. 25 (setting December 9, 2022 as the discovery deadline). The November 14, 2022 Court-ordered, and agreed-upon deadline for Plaintiff to file a motion for class certification provided SunPath with time to conduct any additional discovery necessary in order to properly oppose a timely

8

filed motion for class certification. Instead, Plaintiff filed her Motion five days *after* the close of discovery, and a full month after the applicable Court-ordered deadline.

SunPath should be entitled to focus its energy and resources in the *current* stage of this case, which is the summary judgment and trial-preparation phases. Plaintiff's untimely filing of her Motion would severely prejudice SunPath by depriving it of the ability to focus on the important case stages presently at hand, and it would be further prejudiced by having to respond to Plaintiff's untimely Motion without the opportunity to conduct discovery necessary to properly oppose Plaintiff's Motion.

Class-certification motions in TCPA cases like this are, essentially to a rule, supported by expert testimony, given the substantial expertise required to, among other tasks, analyze the large data sets, accurately identify and distinguish calls from other system entry records, and assess whether and when a given called party was on the internal or national DNC registries *at the time of the calls* at issue. *See Simmons v. Ford Motor Co.*, CASE NO. 18-CV-81558-RAR, 2021 U.S. Dist. LEXIS 243383, at *13 (S.D. Fla. Dec. 22, 2021) (holding that defendant would be highly prejudiced by not having the "opportunity to depose [Plaintiff's class certification] experts prior to filing its response to class certification"). Bizarrely, Plaintiff's Motion relies on Plaintiff's *counsel*'s own opinions about voluminous data produced by a third-party that was never deposed and never explained the source or meaning of the voluminous records. *See* Motion Ex. E at ¶¶ 7-9. Making matters worse, Plaintiff's counsel apparently relied on an unofficial version of the National DNC Registry—which is hosted by the Federal Trade Commission and licensed solely to those with a SAN—to engage in some rudimentary cross-referencing of some numbers he located in the third-party-produced dataset against that unauthorized Internet source of alleged DNC numbers, which certainly makes *no effort* to identify whether the phone number from the

third-party dataset was actually in the official, FTC-licensed National DNC Registry *in 2020* when the calls occurred, a necessary exercise that is fraught with challenges and the subject of many *Daubert* motions for those who try. But instead Plaintiff skipped her expert disclosure deadline and attempts to support this Court's grant of class certification with counsel's back-of-the-envelope analysis using inadmissible datasets in an anachronistic fashion. This is *not* what the Court's Scheduling Order entitled SunPath to focus on at this phase of the case.

SunPath is further prejudiced as Plaintiff's untimely Motion frustrates SunPath's ability to adequately respond to Plaintiff's Motion, respond to any summary judgment motion she may file, prepare SunPath's summary judgment motion, and to prepare for trial. If Plaintiff filed a timely motion for class certification by November 14, 2022, it would have been fully briefed by December 19, 2022. *Id*. at 4-5. The Court-ordered case schedule allowed SunPath the reasonable opportunity to focus its time after the close of discovery on preparing its own motion for summary judgment, responding to any motion for summary judgment filed by Plaintiff, and to prepare for trial (to be set 4-8 weeks from December 15, 2022). Instead, SunPath is now prejudiced by being forced to simultaneously work on responding to Plaintiff's Motion, preparing the summary judgment briefing, and for trial. The parties and the Court clearly intended to avoid this situation. *Id*. at 4-5; *see also* Scheduling Order at 1. Now Plaintiff seeks to renege on her agreement and prejudice SunPath to unduly obtain an advantage for her Motion, any impending motion for summary judgment, and trial.

The Plaintiff's untimely filing of her Motion is also prejudicial to the Court and putative class members. *See Wright v. Dyck-O'Neal, Inc.*, Case No.: 2:15-cv-249-FtM-38MRM, 2016 U.S. Dist. LEXIS 92965, at *7 (M.D. Fla. June 27, 2016) (stating that the failure to file a timely motion for class certification "impede[s] a court's ability to resolve the issues of class

certification and may prejudice the rights of the putative class members." (citing *Jones*, 243 F.R.D. at 695)). Federal Rule of Civil Procedure 23(c) "explicitly provides that, '[a]t an *early practicable time* after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." *Id*. at *6-7 (quoting Fed. R. Civ. P. 23(c)(1)(A)).

The Plaintiff's untimely filing has prejudiced the Court by preventing it from being able to timely determine whether to certify the proposed class. Trial is set for February 15, 2023, as ordered by the Court at the December 15, 2022 Final Pretrial Conference. Plaintiff's Motion, per the proposed briefing schedule, will not be fully briefed until January 13, 2023. Therefore, if Plaintiff's Motion is not stricken and then granted, this Court will be further prejudiced by likely being forced to reset the trial date. Plaintiff's untimely Motion should be stricken because "the public business of the court . . . has been hampered and delayed." *Wright*, 2016 U.S. Dist. LEXIS 92965, at *7 (quoting *Jones*, 243 F.R.D. at 696) (referring to an untimely motion for class certification).

Plaintiff's failure to timely file her Motion has prejudiced and/or will prejudice the putative class members. This is because an untimely filing of such a motion "is a direct assault on the merits of the request for class certification[.]" *Jones*, 243 F.R.D. at 696 (citing *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977)). When a plaintiff seeks to serve as a class representative, under Federal Rule of Civil Procedure 23(a)(4), they "may operate as a representative of a class only if: . . . [they] will fairly and adequately protect the interests of the class." *Ealy v. Pinkerton Gov't Servs.*, 514 Fed. Appx. 299, 304 (4th Cir. 2013). "Numerous [] courts have [] held that when a plaintiff has failed to move for class certification in a timely manner, i.e. in compliance with . . . a court order, such a plaintiff has failed to satisfy the

mandate of Rule 23(a)(4) of fairly and adequately representing the interests of the putative class." *Williams v. Southern Bell T&T Co.*, No. 77-1895-CIV-WMH, 1978 U.S. Dist. LEXIS 18582, at *5 (S.D. Fla. Apr. 4, 1978) (citing multiple cases holding that failure to timely move for class certification means the plaintiff failed to fairly and adequately represent the interests of the putative class) (internal citations omitted). [3] The Plaintiff's untimely Motion clearly demonstrates that the Plaintiff has not and cannot fairly and adequately represent the interests of putative class members.

The Court should strike or summarily deny Plaintiff's untimely Motion, built on a whitewashed version of the record and counsel's patently unsound and unreliable analysis of an unexplained data dump from a third party. *See Spencer Med. Assocs. v. C.I.R.*, 155 F.3d 268, 273 (4th Cir. 1998) (noting "that the mere untimeliness of [the] motion supports the court's denial.") (internal citations omitted); *see also Kelly v. Equifax, Inc.*, Civil Action No.: 8:12-cv-03095-MGL, 2013 U.S. Dist. LEXIS 159414, at *8 (D.S.C. Nov. 7, 2013) (stating that "[t]he court need not reach the merits of Defendant's motion" due simply to the fact that "it was untimely filed.") (internal citation omitted).

### b. The Plaintiff's Untimeliness is too Great.

Plaintiff's delay is inexcusable. Plaintiff's untimely Motion—filed after asking for and being denied an extension of this very deadline[4]—evidences Plaintiff's unacceptable disregard of

---

[3] *See also Rodriguez*, 431 U.S. at 405 (stating that a plaintiff's failure to timely move for class certification means the plaintiff has failed "to protect the interests of class members . . . [and] bears strongly on the adequacy of the representation that those class members might expect to receive.") (internal citations omitted); *Bennett v. Westfall*, 640 F. Supp. 169, 170 n.3 (S.D. W.Va. 1986) ("the named plaintiff's failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members might expect to receive.") (quoting *Rodriguez*).
[4] Indeed, Plaintiff acknowledged awareness of the relevant deadline when she requested a modification of the discovery schedule with a blanket 60-day extension of all deadlines, and

this Court's Order. "[A] judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Palmetto Pharms. LLC v. AstraZeneca Pharms. LP*, Case No. 2:11-cv-00807-SB-JDA, 2012 U.S. Dist. LEXIS 90253 at *11 (D.S.C. June 29, 2012) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). A filing being late by a month is clearly unacceptable when the Supreme Court has ruled that a late filing, *even by one day*, is unacceptable. *See United States v. Locke*, 471 U.S. 84, 101 (1985) ("Filing deadlines . . . necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced . . . [a] filing deadline cannot be complied with, substantially or otherwise, by filing late -- *even by one day*.") (emphasis added) (internal citation omitted). Courts in the Fourth Circuit do not take the failure to comply with a scheduling order lightly, and will dismiss cases for such failure.[5]

All of the other factors weigh in favor of striking or summarily denying Plaintiff's untimely Motion. The substantial impact caused by Plaintiff's length of delay in filing her Motion is addressed above. There is nothing to demonstrate that Plaintiff's ability to timely file her Motion was not within her reasonable control. Rule 23 expressly contemplates that class

---

included in her request that the November 14, 2022 class certification deadline be moved to January 13, 2023. *See* Plaintiff's Memorandum in Support of Motion for Leave to Modify the Case Schedule, ECF No. 34, at 8. Plaintiff cannot now claim she was unaware of the November 14, 2022 deadline that she has chosen to disregard.

[5] *See Palmetto Pharms.* 2012 U.S. Dist. LEXIS 90253 at *11-12 (D.S.C. June 29, 2012) ("Courts in the Fourth Circuit take so seriously the interest in the scheduling order that, not uncommonly, cases are dismissed pursuant to the court's inherent right to control litigation before it, which 'authority includes the power to order dismissal of an action for failure to comply with court orders.'" (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989))); *see also Padilla-Ruiz*, 2018 U.S. Dist. LEXIS 235185, at *7 ("[The late filing party's] assertion that they believed a response filed two days after that date to be timely demonstrates an alarming lack of attention paid to this case."); *Locke*, 471 U.S. at 100 ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline[.]").

certification motions must be filed at "an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A). Plaintiff has failed to provide any reason for her delay in filing her Motion. Finally, Plaintiff failed to act in good faith in filing her Motion. Federal Rule of Civil Procedure 16(4) requires a party to seek "the judge's consent" before filing a motion that would modify the Court's scheduling order. She sought that consent once *and did not receive it*. Instead of properly obtaining the Court's consent before filing her Motion out of time, Plaintiff completely disregarded this Court's Order and filed her Motion. Plaintiff's Motion should be stricken or summarily denied as untimely and unduly prejudicial to SunPath, the Court, and the efficient resolution of this case.

### III.  CONCLUSION

For the foregoing reasons, Defendant SunPath, Ltd. respectfully requests that the Court strike or summarily deny Plaintiff's untimely Motion for Class Certification.

Dated: December 15, 2022

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Gregory M. Caffas*
Gregory M. Caffas (VSB No. 92142)
Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
gcaffas@rothjackson.com
mroth@rothjackson.com

Joseph P. Bowser (VSB No. 88399)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com

*Counsel for SunPath, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the above and foregoing Defendant SunPath, Ltd.'s Memorandum in Support of its Motion to Strike Plaintiff's Motion for Class Certification to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on December 15 2022.

/s/ *Gregory M. Caffas*
Gregory M. Caffas
