IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

**I.     INTRODUCTION**

In an attempt to avoid a decision on the merits, Defendant SunPath, Ltd. ("Defendant" or "SunPath") moves to strike Plaintiff Ruth Smith's ("Plaintiff" or "Smith") motion for class certification by arguing that the motion was untimely filed. SunPath gets it wrong.

To begin, Plaintiff's motion for class certification is timely. While SunPath attempts to insert a class certification deadline into the Court's scheduling order, the truth is that the no deadline was ever set for Plaintiff to file her motion. Instead, the Court rejected both parties' proposed schedules and set its own. Now, SunPath clings to a single sentence in the Scheduling Order to make the false assertion that all parties were supposedly aware of the deadline. Unfortunately for SunPath, the actions of both parties and the Court belies the assertion that any deadline has passed.

Nevertheless, in the event that the Court finds that the motion is untimely, the failure to meet the deadline constitutes excusable neglect. While SunPath asserts that Smith has not offered "any reason" for her inability to meet the deadline, the reason is quite clear. That is, there was no

1

articulated deadline and all parties and the Court have operated under this assumption. Moreover, because the records reflecting the calls placed to the Class were not discovered until November 30, 2022, there was no "delay" in filing the motion. Indeed, Rule 23 requires class certification to be decided "[a]t an early practicable time" Fed. R. Civ. P. 23(c)(1)(A), and it was not practicable to seek certification prior to the discovery of the class records. Finally, SunPath faces no risk of prejudice by litigating this case on a class basis. Rather, both SunPath and Plaintiff face the exact same situation: being required to litigate class certification and prepare for trial.

For these reasons and as explained further below, the Court should deny SunPath's motion to strike.

## II.    ARGUMENT

### A.    Plaintiff's Motion For Class Certification Is Timely.

SunPath begins by claiming that Plaintiff's deadline to file her motion for class certification was November 14, 2022. (Mot. at 6-7.) But there is no record of the Court ever setting a deadline for Plaintiff to move for class certification, and the actions of the parties and the Court reinforce the absence of a deadline.

To start, no deadline was set for Plaintiff to file her motion for class certification. At the initial pretrial conference, the Court addressed the parties' proposed schedules and declined to adopt either schedule. Now, SunPath clings to one line in the Rule 16(b) Scheduling Order—"[t]he Joint Discovery Plan filed by the parties is approved and *shall control discovery to the extent of its application* unless further modified by the court" (dkt. 31 pg. 1 (emphasis added))—to claim that the class certification deadlines were adopted.[1] Despite the fact that the parties

---

[1] Interestingly, despite conferring regarding its planned motion for summary judgment, SunPath made no attempt to comply with the December 19th dispositive motion deadline that it proposed in the joint discovery plan. (Dkt. 27.) SunPath cannot have it both ways. Either the deadlines were real with respect to all parties or to none.

2

proposed *separate* schedules (dkt. 27), SunPath now asserts that Plaintiff should have compared the two schedules and applied the deadlines that happened to match. But this claim runs counter to the parties' discussion with the Court, and to the minute order following the conference. (*See* Dkt. 30.) Indeed, the minute order makes clear neither party's discovery schedule was approved at all. (*Id.*) Rather, the statement at issue relates to the provisions of the joint report related to the *conduct of discovery*, such as how privileged material should be handled and how electronically stored information should be produced. (*See* Dkt. 27.) And to the extent that SunPath claims the opposite, the reality is that it certainly wasn't clear, and litigants should not be required to adhere to unknown and unarticulated deadlines.

To counter the lack of clarity, SunPath attempts to argue that Plaintiff's motion to modify the case schedule (dkts. 32, 34) demonstrates that Plaintiff was aware of the deadline. (Mot. at 2.) But Plaintiff's motion to modify the case schedule says the exact opposite. In her motion, Plaintiff explained that the only deadlines that had been set by the Court were the discovery cut-off, expert-related deadlines, and the final pre-trial conference. (Dkt. 34, pg. 2.) In addition to the request for an extension of the existing deadlines, Plaintiff proposed vacating the final pretrial conference and setting a briefing schedule regarding class certification. (*Id.* at pg. 8.) Despite SunPath's claim, nowhere in the motion does Plaintiff seek to "extend" any deadlines related to class certification.

Moreover, the Court's denial of Plaintiff's motion to modify the schedule further supports the belief that the Court understood that it did not set any deadline for certification. Indeed, the basis of Plaintiff's motion for extension of the discovery schedule is because she was having trouble procuring the *class*-related records. (*Id.* at pg. 5-6.) Hence, Plaintiff was seeking the extension to obtain further discovery to be used to brief class certification. (*Id.*) In rejecting

3

the motion, the Court explained, "I don't know of any reason why we can't stick to the deadlines currently imposed. Again, if you have - - if there are issues that you can't resolve and you're worried **because I have this December 9 deadline**, you know, file a motion." (*See* October 14 Transcript at 9:22-10:4 (emphasis added). This statement only makes sense if the Court likewise expected the motion for class certification to be filed *after* December 9th.

Likewise, at the November 18, 2022 motion hearing, the magistrate judge also asked whether Plaintiff still planned to move for class certification. At this time, Plaintiff indicated that she planned to file her motion for class certification, and SunPath's counsel raised no objection to the prospect of her filing of the motion. In fact, in its reply brief in support of its motion to compel further responses to discovery, SunPath was expressly seeking class-related documents, including documents relating to Smith's fitness as a class representative (dkt. 44 pg. 13). But the reply was filed on November 17th, or *after* SunPath's claimed motion deadline. It makes little sense to seek class related discovery after the deadline for certification has passed.

SunPath's motion should be seen for what it is: an opportunist attempt to avoid answering for its actions on the merits. The motion should be denied. As explained above, there was no deadline for Plaintiff to file her motion for class certification, and the motion is timely. Nevertheless, and as explained next, if the Court finds that the motion is untimely, the Court should refuse to strike the motion.

  **B.** **Any delay in filing the motion for class certification was caused by excusable neglect.**

SunPath next claims that excusable neglect cannot be demonstrated because she "has failed to provide any reason for the untimeliness of her Motion." (Mot. at 7.) Once again, this is untrue. Any failure to meet the deadline was the result of a lack of clarity regarding the deadline and no party will be prejudiced by litigating the merits of class certification.

4

In the event the Court finds that Plaintiff's motion was untimely, the deadline may be extended "if the party failed to act because of excusable neglect." *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013) (citing Fed. R. Civ. P. 6(b)(1)(B)). "Relevant circumstances for determining excusable neglect are the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The most important factor "is the reason for failure to timely file." *Id.*

As to the *first* factor, SunPath faces no danger of prejudice. Aside from having to confront the facts, SunPath cannot identify any prejudice it will suffer. Instead, it claims that it will be prejudiced by having to respond to the motion while preparing for trial.[2] (Mot. at 9-10.) But this isn't *prejudice* because both parties are in the exact same situation: being required to brief and argue the motion and prepare for trial. And to the extent that certification is granted, the Court mentioned at the final pretrial conference that the trial schedule may need to be modified. Moreover, while SunPath takes issue with the lack of expert testimony in this case (*id.*), the truth is that SunPath itself failed to designate any expert prior to its deadline. As such, neither party will be offering expert testimony. Finally, SunPath claims that "putative class members" will be "prejudiced" by the late filing. (Mot. at 11.) But as Rule 23 instructs, class certification should be decided "[a]t an early ***practicable time***". Fed. R. Civ. P. 23(c)(1)(A) (emphasis added). It was not practicable to move for certification prior to receiving any of the class records, which were in the possession of a third party and required time and effort from Plaintiff to obtain. Moreover, to proceed with deciding class certification will serve the interests of the absent class members by

---

[2] While SunPath now conveniently claims that this delay constitutes prejudice, it had previously requested to brief class certification in February and March of 2023. (Dkt. 35 pg. 2-3.)

litigating their claims as well.

The *second* factor, which assesses the time of delay, weighs against granting the motion. While SunPath argues that the motion was "a full month late" (mot. at 7), this argument ignores the fact that no deadline had ever been set. Moreover, the class related records were not even produced until November 30, 2022. (*See* Declaration of Patrick H. Peluso ("Peluso Decl.") ¶ 9, attached hereto as Ex. A.) The records reveal millions of calls placed by SunPath's third party marketer. (*Id.*) Plaintiff's counsel was able to sift through the data provided and file her motion for class certification by December 14, 2022—only two weeks after receiving the records. This quick turnaround further supports denial of the motion.

The *third* factor, which analyzes the reason for the failure to meet the deadline, argues in favor of denial of the motion. Indeed, as explained above in Argument A, *supra*, no class certification deadline had been set by the Court. And this truth is supported by the actions of the parties as well as the Court throughout the entire litigation. Nevertheless, any "delay"—if it can be even called that—was not the result of a lack of diligence, but rather a lack of records. Indeed, the Court allotted only three months to complete all class-related and expert discovery. On October 7, 2022, Plaintiff sought to extend the discovery deadlines based on difficulties involved in gathering class-related discovery from SunPath's third party marketer. (Dkt. 34 pgs. 5-6.)

After the motion was denied, Plaintiff's counsel continued to work diligently to gather the requisite class discovery prior to the close of discovery, including issuing multiple subpoenas to various third parties and deposing SunPath's third-party marketer. (Peluso Decl. ¶¶ 4-9.) Indeed, while Plaintiff issued subpoenas for documents and testimony from SunPath's marketer, Chukran Management Group, LLC d/b/a American Protection Corp. ("American Protection") on August 24, 2022, its president contacted Plaintiff's counsel after receipt of the subpoena and

6

explained that he was not available in October for the deposition and instead could be deposed in November. (*Id.* ¶¶ 3-4.) As such, Plaintiff promptly deposed American Protection's representative, Kobi Chukran, on November 1, 2022. (*Id.* ¶ 5.) Adding to the frustration, Mr. Chukran decided to terminate the deposition roughly half-way through counsel's questioning. (*Id.*) After a discussion with American Protection's counsel, Mr. Chukran agreed to appear on November 9, 2022, to complete the deposition. (*Id.*) During the second deposition, Mr. Chukran revealed that American Protection utilized a telephone system provided by Five9, Inc. to place calls during the relevant time period. (*Id.* ¶ 6.)

That same day, on November 9, 2022, Plaintiff issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Five9, Inc. (*Id.* ¶ 7.) Among other things, the subpoena sought the call records, which would reflect the calls placed to Plaintiff and the class, and documents reflecting the functionality of the dialing system. (*Id.*) On November 23, 2022, Five9's counsel contacted Plaintiff's counsel regarding its inability to produce the documents until November 30, 2022. (*Id.* ¶ 8.)

On November 30, 2022, Five9 produced the call records reflecting all of the calls placed to the proposed Class. (*Id.* ¶ 9.) And Plaintiff promptly filed her motion for class certification 14-days later. (Dkt. 49.) Put simply, Plaintiff diligently worked to gather the evidence necessary to litigate this case on a class basis, and the Court should decide this case on its merits not on a technicality. Indeed, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

The *fourth* and *fifth* factors ask "whether the delay was within the reasonable control of

7

the movant, and whether the movant acted in good faith." *Smith*, 933 F. Supp. 2d at 790. As explained above, Plaintiff's delay in filing her motion was not an attempt to delay the proceedings or unfairly prejudice any party. Rather, Plaintiff filed her motion within two-weeks of receiving the class records in this case. It is also worth noting the only party that has produced any class related discovery in this action is Plaintiff. Now, in an attempt to avoid answering for its systemic misconduct, SunPath seeks to decide Plaintiff's motion for class certification on a perceived technicality rather than on the substance. But courts have discretion to avoid "what may constitute overly 'technical' applications" of the Rules. *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 224 (N.D.W. Va. 2007).

As a final point here, the only parties that will be prejudiced if the Court grants the instant motion is Plaintiff and putative class members. Indeed, Plaintiff has expended considerable time and expense to track down and procure the requisite discovery to litigate this matter on a class basis. Now, SunPath asks the Court to ignore the substance of Plaintiff's motion for class certification and require her to proceed on an individual basis. But "[t]he realistic alternative to a class action is not 17 million individual suits, but zero individual suits". *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

Accordingly, Plaintiff respectfully requests that the Court deny SunPath's motion to strike.

### III. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to strike Plaintiff's motion for class certification and order any additional relief that the Court deems necessary and just.

Dated: December 20, 2022

**RUTH SMITH**, individually and on behalf of all others similarly situated,

By: /s/ *Francis J. Driscoll, Jr.*
      One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 20, 2022.

             /s/ Francis J. Driscoll, Jr.