IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUNPATH, LTD.,** a Massachusetts corporation,<br><br>*Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

**DEFENDANT SUNPATH, LTD.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT SUNPATH, LTD.'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant SunPath, Ltd. ("SunPath"), by counsel, hereby submits its Reply to Plaintiff's Memorandum in Opposition to SunPath's Motion to Strike Plaintiff's Motion for Class Certification, and in support states as follows:

**I.  INTRODUCTION**

Plaintiff's Memorandum in Opposition to SunPath's Motion to Strike ("Opposition"), ECF. No. 61, is an ineffective attempt by Plaintiff to avoid the consequence of her decision to ignore two separate orders from the Court setting forth and affirming the deadlines Plaintiff *was required* to abide by. The truth is that, even after Plaintiff's Motion for Leave to Modify the Case Schedule ("Motion for Leave"), ECF Nos. 32, 34, was denied by this Court, *see* Order denying Plaintiff's Motion for Extension of Time, ECF No. 37, Plaintiff blatantly ignored this Court's authority and attempted to forge her own case schedule, ignoring the applicable deadline to move for class certification, then filing her untimely motion without the required leave of the Court. In doing so, Plaintiff defied the Court's authority, and severely prejudiced SunPath. The Court

should therefore address Plaintiff's impermissible and deliberate actions by striking Plaintiff's Motion for Class Certification ("Motion"), ECF No. 49.

## II.   ARGUMENT

### A. Plaintiff's Motion for Class Certification is Untimely.

#### 1. The November 14, 2022 Class Certification Deadline Was Adopted by the Court's Rule 16 (B) Scheduling Order.

As SunPath explained in its initial Motion to Strike, Plaintiff's Motion for Class Certification is untimely. *See* Defendant SunPath's Memorandum in Support of Its Motion to Strike Plaintiff's Motion for Class Certification ("Memorandum"), ECF No. 58 at 6-7. Plaintiff's argument for her Motion being timely is based on her incorrect interpretation of the Court's Rule 16(B) Scheduling Order ("Scheduling Order"), ECF No. 31.

Plaintiff claims that "[a]t the initial pretrial conference, the Court . . . declined to adopt either schedule." Opposition at 2. Then Plaintiff claims that the parties' agreed upon motion for class certification deadline and briefing schedule "runs counter . . . to the minute order following the conference." Opposition at 3. The Scheduling Order and related minute entry to which Plaintiff refers show that she is incorrect.

Prior to the initial pretrial conference, the parties met and conferred regarding a proposed case schedule, then submitted their Joint Discovery Plan, ECF. No. 27, to the Court, in which the parties jointly proposed November 14, 2022 as Plaintiff's Deadline to file a Motion for Class Certification. *See* Joint Discovery Plan at 4-5. Thereafter, the Court adopted the parties Joint Discovery Plan with the agreed to Motion for Class Certification deadline of November 14,

2022. *See* Minute Entry dated September 7, 2022 (ordering the parties Joint "Discovery [P]lan *adopted as amended*.") (emphasis added).[1]

That same day, the Court filed the Scheduling Order, which specifically stated "[t]he Joint Discovery Plan filed by the parties is *approved* . . . unless further modified by the court." Scheduling Order at 1 (emphasis added). The only part of the parties' proposed case schedules that the Court explicitly modified was the parties' proposed expert disclosure schedules. *Id*. ("Parties' requested expert disclosure schedule is denied."). The Court unequivocally established November 14, 2022 as the applicable deadline by declining to modify the parties' agreed-to deadline for Plaintiff's Motion for Class Certification. Plaintiff's representation that the Court simply did not set this deadline is patently false, as evidenced by the Court's Scheduling Order.

        **2. Plaintiff's Motion for Leave to Modify Case Schedule Confirms the November 14, 2022 Class Certification Deadline Was Adopted by the Court.**

Plaintiff attempts to rewrite history by arguing that in her "motion to modify the case schedule" she did not "seek to 'extend' any deadlines related to class certification." Opposition at 3. Plaintiff's argument is easily defeated by a simple review of Plaintiff's Motion for Leave, where "Plaintiff proposes the following modified deadlines: . . . Plaintiff to file Motion for Class Certification: January 13, 2023." Plaintiff's Motion for Leave at 1. If there was no Court-ordered or Court-approved deadline for Plaintiff to file a motion for class certification by, there

---

[1]     Plaintiff attempts to deflect from her failure to adhere to the Court's schedule, by raising an irrelevant argument relating to SunPath's anticipated Motion for Summary Judgment. *See* Opposition at 2 n.1. First, this argument is inapposite, as the parties did not agree to a dispositive deadline in the Joint Scheduling Plan, and during the Final Pretrial Conference on December 15, 2022, the Court clarified that there was no applicable dispositive motions deadline in this case, as the Court only requires that such motions be "filed . . . within a reasonable time before the date of trial[.]" *See* Local Civil Rule 56(A). Second, regardless of whether SunPath has failed to meet a Court-ordered deadline, that does not excuse Plaintiff from complying with her own Court-ordered deadlines.

3

would have been no need for Plaintiff to propose a modified deadline relating to the filing of a motion for class certification. This cements that Plaintiff was aware of and disregarded her November 14, 2022 deadline to file a Motion for Class Certification, which the Court refused to move when denying her motion to modify the case schedule.

Plaintiff argues that a comment made by the Court at the hearing on Plaintiff's Motion for Leave "only makes sense if the Court [] expected the motion for class certification to be filed *after* December 9th[,]" the discovery deadline in this case. Opposition at 4. There, Plaintiff has improperly taken a single statement made by the Court out of context. Plaintiff, in her Motion for Leave, had proposed a blanket 60 day extension of the existing discovery schedule, including modifying the "Discovery Cut-Off [deadline to] February 10, 2022 . . . [and the deadline for] Plaintiff to file Motion for Class Certification [to] January 13, 2023." Memo. in Support of Mot. for Leave at 8, ECF No. 34. Plaintiff was and is well aware that the parties had agreed to, and the Court had ordered, that any motion for class certification filed by Plaintiff must be filed by November 14, 2022, and that the Court declined to extend this deadline to January 13, 2023 as Plaintiff requested. An out of context statement from the Court addressing one of the other deadlines discussed in Plaintiff's Motion for Leave does not justify Plaintiff's decision to ignore Court ordered deadlines.

The Court's ruling during this hearing is relevant, however, in showing that Plaintiff's actions do not constitute excusable neglect, as discussed in further detail below—Plaintiff was directed that she could again move the Court to modify existing deadlines when it became apparent an extension was necessary. *See* October 14 Hearing Transcript at 9:22-10:4, ECF No. 47 (instructing Plaintiff to file a motion if there are issues with the deadlines currently imposed). As Plaintiff's counsel provided in his declaration testimony, Plaintiff knew on November 9, 2022

4

that she would not have records required for her Motion for Class Certification until well after her November 14, 2022 deadline.  Declaration of Patrick Peluso ¶¶ 6-7, ECF No. 61-1.  But rather than requesting an extension as instructed by the Court, Plaintiff let this deadline lapse, then eventually filed her Motion for Class Certification nearly a month later without requesting leave from the Court.

Plaintiff's Opposition improperly attempts to paint SunPath's Motion to Strike as "an opportunist attempt to avoid answering [Plaintiff's Motion for Class Certification] on the merits[.]" Opposition at 4.  The truth is that Plaintiff's deliberate decision to ignore her agreements and the applicable Court-ordered deadline means that Plaintiff forfeited the opportunity to have her Motion decided on its merits.  Once the Court deems that Plaintiff's Motion for Class Certification is untimely, the Court's analysis may be considered complete. Per Local Civil Rule 16(B), it was Plaintiff's burden to first move for leave to extend the applicable deadline and make a showing of good cause before filing her untimely motion.  But Plaintiff has not moved for leave to file her late motion, so SunPath's Motion to Strike must be granted.  Nevertheless, SunPath still addresses the lack of good cause and excusable neglect Plaintiff would have been required to show in a properly filed motion for leave to extend her filing deadline.

**B. Plaintiff Fails to Establish Good Cause or Excusable Neglect.**

Plaintiff has the burden of establishing good cause *and* excusable neglect in order to justify her untimely filing. *See Cook v. Howard*, 484 Fed. Appx. 805, 814-15 (4th Cir. 2012) (for untimely motions the "party must first demonstrate 'good cause'" (quoting *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008))); *see also Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013)  ("'[O]n motion[s] made after the time has expired,' the court

5

may only extend the time 'if the party failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)(1)(B))). Plaintiff's Opposition fails to establish good cause or excusable neglect. In fact, Plaintiff's Opposition fails to even address good cause.

### 1. Plaintiff Prejudiced SunPath by Ignoring Her Court-Ordered Deadline.

Plaintiff first argues that "SunPath faces no danger of prejudice" due to Plaintiff's untimely Motion. Opposition at 5. This is false. On December 15, 2022, at the Final Pretrial Conference, the Court set trial for February 15, 2023. That means trial is now less than eight weeks away. Thus, SunPath's litigation strategy has been decided. During this less than eight-week period, SunPath is entitled to focus on implementing its litigation strategy by preparing for trial and drafting and responding to motions in limine and dispositive motions. That is part of why the parties agreed to, and the Court approved, a motion for class certification deadline of November 14, 2022, and a briefing schedule that would have resulted in any motion for class certification being fully briefed by December 19, 2022. *See* Joint Discovery Plan at 4-5; *see also* Scheduling Order at 1. SunPath is significantly prejudiced by now having to prepare for trial and draft and respond to dispositive motions and motions in limine, while simultaneously having to respond to Plaintiff's Motion. This is a situation the parties agreed to avoid, and the Court ordered to be avoided. *See* Joint Discovery Plan at 4-5; *see also* Scheduling Order at 1.

The ability of SunPath to conduct additional discovery in support of its response to Plaintiff's Motion is the other part of why the parties agreed to, and the Court approved, the applicable motion for class certification deadline and related briefing schedule. The Court-ordered briefing schedule provided SunPath with three weeks to respond while discovery was still ongoing. *See* Joint Discovery Plan at 4-5; *see also* Scheduling Order at 1.  This provided SunPath with the opportunity to conduct additional discovery it needed to oppose Plaintiff's

6

Motion. As a result of Plaintiff filing her Motion after discovery closed, SunPath has been prejudiced by no longer having the opportunity to conduct discovery it deems necessary to for its response. Plaintiff conveniently fails to address this prejudice to SunPath in its Opposition. SunPath will be further prejudiced by Plaintiff being permitted to ignore the applicable Court-ordered deadlines and allowed to unilaterally dictate litigation strategy.

Plaintiff argues SunPath is not prejudiced "because both parties are in the extact same situation: being required to brief and argue the motion and prepare for trial." Opposition at 5. Not only does this argument only address one aspect of how SunPath has been prejudiced, but this argument ignores the applicable standard which is concerned with "the danger of prejudice to the *non-moving party*," not prejudice the moving party's own untimely filing causes itself. *Roe v. Howard*, Civil Action No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, at *2 (E.D. Va. June 30, 2017) (quoting *Guerrero v. Deane*, No. 1:09CV1313 JCC/TRJ, 2012 U.S. Dist. LEXIS 105343, at * 7 (E.D. Va. July 27, 2012)) (emphasis added). Plaintiff cannot downplay or ignore the prejudice caused to SunPath by her untimely filing just because Plaintiff may have also prejudiced herself. That is not the applicable standard.

### 2. Plaintiff Failed to Act in Good Faith.

Plaintiff's second excusable neglect argument focuses on her obtaining class related documents. In support, Plaintiff included a declaration from Patrick Peluso. *See* Peluso Decl. Instead of supporting Plaintiff's argument, Mr. Peluso's declaration only serves to show that Plaintiff cannot establish good cause or excusable neglect for her untimely filing.

As explained in SunPath's Memorandum, the Court specifically instructed Plaintiff on how she should proceed if she felt an extension of any Court-ordered deadline was necessary. *See* Memorandum at 2 n.1. On November 9, 2022, Plaintiff apparently learned "that American

7

Protection utilized a telephone system provided by Five9, Inc. to place calls during the relevant time period." Peluso Decl. ¶ 6. Plaintiff believed the Five9, Inc. calls records "would reflect the calls placed to Plaintiff and the class[,]" and issued a subpoena to Five9, Inc. *Id*. ¶ 7; *see also* Plaintiff's Notice of Subpoena to Five9, Inc., attached hereto as **Exhibit A** (setting Five9, Inc.'s subpoena response deadline for "11/25/2022" well after her November 14, 2022 class certification deadline). The foregoing establishes Plaintiff's knowledge that she lacked the class data she believed was needed to complete a motion for class certification, and thus she would be unable to meet the applicable November 14, 2022 deadline. Instead of acting in good faith and seeking leave of the Court or requesting an extension, as instructed by the Court, *see* Memorandum at 2 n.1, Plaintiff knowingly allowed the motion for class certification deadline to pass. Then Plaintiff untimely filed her Motion without first seeking leave of the Court or requesting an extension. The foregoing establishes that Plaintiff failed to act in good faith with respect to attempting to meet the applicable Court-ordered deadline and/or seeking relief from the applicable Court-ordered deadline. As a result, Plaintiff has failed to establish good cause or excusable neglect for her untimely filing. *See Roe*, 2017 U.S. Dist. LEXIS 187258, at *2 (E.D. Va. June 30, 2017) (In determining whether a party has good cause for its untimely filing, courts consider "whether the movant acted in good faith."); *see also Smith*, 933 F. Supp. 2d at 790 (In determining whether excusable neglect can be established for a party's untimely filing, the courts consider "whether the movant acted in good faith." (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996))).

   Plaintiff's failure to act in good faith is further established by her decision to file her Motion for Class Certification without first seeking leave of the Court or requesting an extension of the applicable deadline. For untimely motions, the moving party bears the burden of meeting

the applicable legal standards of good cause and excusable neglect. *See Singletary v. Cumberland Cnty. Sch.*, NO. 5:12-CV-744-FL, 2016 U.S. Dist. LEXIS 32429, at *20-21 (E.D.N.C. Feb. 12, 2016) (The moving party "bears the burden of demonstrating . . . good cause") (internal citations omitted); *see also Taggart v. Damon Motor Coach*, Civil Action: 5:05-CV-00191, 2007 U.S. Dist. LEXIS 3462, at *14 (N.D. W.Va. Jan. 17, 2007) ("[A] party filing an untimely motion must show excusable neglect[.]"). Instead of first properly attempting to meet her burden by seeking leave of the Court of requesting an extension, Plaintiff untimely filed her Motion. In doing this, Plaintiff improperly placed the onus on SunPath to address Plaintiff's untimely filing. SunPath was clearly at a disadvantage in doing so as it was without knowledge of what Plaintiff would argue in attempting to establish good cause and excusable neglect. If Plaintiff was acting in good faith, Plaintiff would have sought leave of the Court or requested an extension to file her Motion where Plaintiff would have first attempted to establish good cause and excusable neglect. As a result of failing to do so, Plaintiff has not acted in good faith. Therefore, Plaintiff cannot establish good cause or excusable neglect for her untimely filing and the Court should strike her untimely Motion for Class Certification.

## III. CONCLUSION

For the foregoing reasons, Defendant SunPath, Ltd. respectfully requests that the Court strike or summarily deny Plaintiff's untimely Motion for Class Certification.

Dated: December 21, 2022 Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Gregory M. Caffas*
Gregory M. Caffas (VSB No. 92142)
Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
gcaffas@rothjackson.com
mroth@rothjackson.com

Joseph P. Bowser (VSB No. 88399)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com

*Counsel for SunPath, Ltd.*

## CERTIFICATE OF SERVICE

  I hereby certify that I caused the above and foregoing Defendant SunPath, Ltd.'s Reply to Plaintiff's Memorandum in Opposition to Defendant SunPath Ltd.'s Motion to Strike Plaintiff's Motion for Class Certification to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on December 21 2022.

                /s/ *Gregory M. Caffas*
                Gregory M. Caffas