# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

## PLAINTIFF'S NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE**, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that Plaintiff will serve a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in the forms attached hereto, on Five9, Inc. The subpoena will be sent out for service on November 9, 2022.

Dated: November 9, 2022

**RUTH SMITH**, individually and on behalf of all others similarly situated,

By: _/s/ Taylor T. Smith_

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675

Attorneys for Plaintiff and the Classes

1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was

served upon counsel of record by electronic mail on November 9, 2022.

_/s/ Taylor T. Smith_

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Virginia ▾

| | |
|---|---|
| Ruth Smith, et al., | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. 1:22-cv-00081-LMB-WEF |
| SunPath, Ltd., | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Five9, Inc.
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

         See attached Addendum A.

| Place: Lozeau Drury LLP, 1939 Harrison St., Suite 150 Oakland, CA 94612, or a mutually agreeable location. | Date and Time: 11/25/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/09/2022

         *CLERK OF COURT*
                                        OR
                                              /s/ Taylor T. Smith
_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff Ruth Smith
_____ , who issues or requests this subpoena, are:
Taylor T. Smith, tsmith@woodrowpeluso.com, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210; Tel: 720-907-7628

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-00081-LMB-WEF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____         _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS TO FIVE9

Please produce the following documents for inspection and copying on or before November 25, 2022. To the extent that YOU object to any of the below requests on the basis of privilege, YOU must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1.      All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with AMERICAN PROTECTION, including all contracts, agreements, and communications between YOU and AMERICAN PROTECTION.

2.      All DOCUMENTS sufficient to IDENTIFY all outbound calls (or calls whose "call_type" are recorded as "outbound") placed from any FIVE9 account associated with AMERICAN PROTECTION during the RELEVANT TIME PERIOD.

3.      All DOCUMENTS sufficient to IDENTIFY all call recordings of all outbound calls (or calls whose "call_type" are recorded as "outbound") placed by AMERICAN PROTECTION during the RELEVANT TIME PERIOD.

4.      All DOCUMENTS sufficient to IDENTIFY all telephone numbers (or "ANI" numbers) that were utilized by AMERICAN PROTECTION to place or receive telephone calls using the FIVE9 DIALING SYSTEM.

5.      All DOCUMENTS sufficient to IDENTIFY the FIVE9 DIALING SYTEM utilized by AMERICAN PROTECTION, including documents sufficient to identify the functionality and capabilities of the system.

6.      All DOCUMENTS sufficient to IDENTIFY all telephone numbers (or "DNIS" numbers) that begin with the area code (276) that were called at least once by AMERICAN PROTECTION utilizing the FIVE9 DIALING SYSTEM during the RELEVANT TIME PERIOD, together with DOCUMENTS identifying dates, times, duration, purpose, and total number of such calls.

7.      All DOCUMENTS sufficient to IDENTIFY all telephone numbers (or "DNIS" numbers) that begin with the area code (434) that were called at least once by AMERICAN PROTECTION utilizing the FIVE9 DIALING SYSTEM during the RELEVANT TIME PERIOD, together with DOCUMENTS identifying dates, times, duration, purpose, and total number of such calls

8.      All DOCUMENTS sufficient to IDENTIFY all telephone numbers (or "DNIS" numbers) that begin with the area code (540) that were called at least once by AMERICAN PROTECTION utilizing the FIVE9 DIALING SYSTEM during the RELEVANT TIME PERIOD, together with DOCUMENTS identifying dates, times, duration, purpose, and total number of such calls

9.      All DOCUMENTS sufficient to IDENTIFY all telephone numbers (or "DNIS" numbers) that begin with the area code (703) that were called at least once by AMERICAN PROTECTION utilizing the FIVE9 DIALING SYSTEM during the RELEVANT TIME PERIOD, together with DOCUMENTS identifying dates, times, duration, purpose, and total number of such calls

10.    All DOCUMENTS sufficient to IDENTIFY all telephone numbers (or "DNIS" numbers) that begin with the area code (757) that were called at least once by AMERICAN PROTECTION utilizing the FIVE9 DIALING SYSTEM during the RELEVANT TIME PERIOD, together with DOCUMENTS identifying dates, times, duration, purpose, and total number of such calls

11.    All DOCUMENTS sufficient to IDENTIFY all telephone numbers (or "DNIS" numbers) that begin with the area code (804) that were called at least once by AMERICAN PROTECTION utilizing the FIVE9 DIALING SYSTEM during the RELEVANT TIME PERIOD, together with DOCUMENTS identifying dates, times, duration, purpose, and total number of such calls

12.    All DOCUMENTS sufficient to IDENTIFY all calls, including recordings of all calls, placed to telephone numbers identified in response to Topic Nos. 6-11 above.

13.    All DOCUMENTS sufficient to IDENTIFY the telephone service provider(s) associated any FIVE9 account associated with AMERICAN PROTECTION during the RELEVANT TIME PERIOD together with the date(s) that each provider was associated with the subject number.

## DEFINITIONS

1.    "AMERICAN PROTECTION" means and refers to Chukran Management Group, LLC d/b/a American Protection Corp. whose principal place of business is located at 10627 Cocobolo Way, Boynton Beach, Florida 33437, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures. For the purpose of this subpoena, this definition includes Kobi Chuckran.

2.    "FIVE9 DIALING SYSTEM" means or refers to telecommunications equipment, other telemarketing systems and/or computers or computer systems that was/were or are being used to make telephone calls in this case. It includes all equipment that allows for the storing of telephone and/or dialing them in an automated or automatic fashion, wherein telephone numbers can be stored or dialed by a machine, computer, or computers system, including dialing equipment known as a "predicative dialer" or "autodialer." The definition includes all associated hardware, software, coding, and databases (including language, fields, and database coding and schema).

3.    "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts,

studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

4. "IDENTIFY" shall mean the following:

   A.     When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

   B.     When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

5. "LEAD INFORMATION" or "LEADS" means and refers to consumer personal identifying information, including name, address, telephone number(s), IP addresses, login or session activity, timestamps, email addresses, values for any column headers, and any other data received by You from any third party.

6. "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

7. "PLAINTIFF" means the Plaintiff in this action, Ruth Smith, and any subsequent PERSONS added as plaintiffs to the Complaint or any subsequent or amended complaint. Plaintiff's telephone number is (703) 728-9650.

8. "RELEVANT TIME PERIOD" means and refers to the time from January 26, 2018 to the present.

9. "SUNPATH" means and refers to the defendant in this case, SunPath, Ltd., and any of its present or former directors, managers, employees, agents, subsidiaries, divisions, subdivisions, predecessors, successors, or joint ventures.

10. "YOU," or "YOUR," or "FIVE9" means and refers to Five9, Inc. whose principal place of business is located at 3001 Bishop Drive, Suite 350, San Ramon, CA 94583, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.