# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH, on behalf of herself and a class of others similarly situated,**<br><br>                    Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.,**<br><br>                    Defendant. | **Civil Action No. 1:22-cv-00081 (LMB/TCB)** |

## SUNPATH, LTD.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

Defendant SunPath, Ltd. ("SunPath") supplements its responses and objections to Plaintiff's First Set of Interrogatories and Document Requests as follows:

## INTERROGATORIES

9.     Identify and Describe any and all complaints that You have received from any Person relating to the telemarketing activity of any third party that places calls on Your behalf or for Your benefit, including American Protection.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis,

other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products. SunPath also objects to any legal conclusion that these parties make calls "on behalf of" SunPath because such parties market and sell SunPath products non-exclusively, meaning that those parties sell SunPath-administered products simultaneously alongside SunPath's competitors and decide independently what product to offer. SunPath additionally reiterates that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

Defendant further objects to this request insofar as it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence about the merits of Plaintiff's individual or class claims, which relate only to Defendant and the party allegedly responsible for making calls listed in Plaintiff's Complaint, such that this request regarding unrelated collateral matters has no bearing here and discovery into such collateral matters is not proportional to the needs of this case. *See, e.g.*, *FERC v. Powhatan Energy Fund, LLC*, Civil No. 3:15-cv-00452 (MHL), 2022 U.S. Dist. LEXIS 132672, at *4 (E.D. Va. Feb. 1, 2022); *Rainey v. Anderson*, Action No. 2:17cv444, 2018 U.S. Dist. LEXIS 231289, at *4 (E.D. Va. Apr. 11, 2018).

Defendant also objects to this request as overly broad and unduly burdensome, as this request seeks information not proportional to the needs of the case, including information equally available to Plaintiff in public filings, serves no purpose other than to harass and cause undue burden.

**ANSWER:** See objection.  Subject to and without waiving this objection, SunPath is continuing to investigate this request regarding American Protection, and will supplement this response as warranted.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving the foregoing objections, and only to the extent this request seeks information relating to American Protection, with the exception of the present lawsuit, SunPath is aware of only a single complaint made against American Protection relating to telemarketing activity, which was a lawsuit filed by Theron Noble, a resident of Pennsylvania, in the Court of Common Pleas of Clearfield County, Pennsylvania, in relation to alleged telemarketing calls Mr. Noble claimed he received in March of 2021.  SunPath understands that this complaint was resolved without any finding of liability as to either American Protection or SunPath for any of the subject claims, including any claims relating to telemarketing.  Moreover, SunPath reiterates that the alleged calls that were the subject of Mr. Noble's complaint occurred well after the calls Ruth Smith alleges she received from American Protection that are the subject of the present lawsuit.  SunPath is not aware of any complaints involving telemarketing activities of American Protection that occurred prior to the calls that form the basis of Ruth Smith's claims in this lawsuit, and more generally is not aware of any instance in which American Protection was found to have violated any law involving telemarketing.  SunPath has at no point authorized American Protection to violate any laws involving telemarketing, or ratified any conduct by American Protection that may have violated any laws involving telemarketing.

## VERIFICATION

I, Andrew Garcia, President of SunPath, Ltd., declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing interrogatory answers are true and correct to the best of my knowledge.

Dated: 12/9/22

_____
Andrew Garcia

{01488658;v1}

Dated:  December 9, 2022           Respectfully submitted,


                                   SUNPATH, LTD.

                                   By Counsel

                                   By: /s/ *Gregory M. Caffas*
                                   Gregory M. Caffas (VSB No. 92142)
                                   Mitchell N. Roth (VSB No. 35863)
                                   Roth Jackson Gibbons Condlin, PLC
                                   8200 Greensboro Drive, Suite 820
                                   McLean, VA 22102
                                   T: 703-485-3533
                                   F: 703-485-3525
                                   gcaffas@rothjackson.com
                                   mroth@rothjackson.com


                                   Joseph P. Bowser (VSB No. 88399)
                                   Roth Jackson Gibbons Condlin, PLC
                                   1519 Summit Avenue, Suite 102
                                   Richmond, VA 23230
                                   T: 804-441-8701
                                   F: 804-441-8438
                                   jbowser@rothjackson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December 2022, a copy of the foregoing document was served via email to the following:

Francis J. Driscoll, Jr.
**Law Office of Frank J. Driscoll Jr. PLLC**
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
T: 757-321-0054
F:757-321-4020
frank@driscolllawoffice.com

Patrick H. Peluso
Taylor T. Smith
**Woodrow & Peluso, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
T: 720-213-0675
F: 303 927-0809
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

**Counsel for Plaintiff Ruth Smith**

                          /s/ *Gregory M. Caffas*
                          Gregory M. Caffas