IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **SUNPATH, LTD.,** <br><br> *Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

**DEFENDANT SUNPATH, LTD.'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

Pursuant to the Court's Order dated August 5, 2022, ECF No. 25, Defendant SunPath Ltd. ("SunPath"), by counsel, and pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), sets forth the following objections to Plaintiff's Witness List, ECF. No. 52.

**SPECIFIC OBJECTIONS**

1. Plaintiff Ruth Smith

While SunPath does not object to the appearance of Plaintiff Ruth Smith at trial, SunPath reserves all objections to the admissibility of her testimony as may be available to SunPath under the Federal Rules of Evidence when such testimony is presented. SunPath preserves its objections to testimony elicited that is hearsay, lacks foundation, is argumentative, is irrelevant, calls for speculation, and/or calls for a legal conclusion.

2. SunPath, Ltd. representative
   Andrew Garcia, president of SunPath

While SunPath does not object to the appearance of Mr. Garcia at trial, SunPath reserves all objections to the admissibility of his testimony as may be available to SunPath under the Federal Rules of Evidence when such testimony is presented. SunPath preserves its objections to

1

testimony elicited that is hearsay, lacks foundation, is argumentative, is irrelevant, calls for speculation, and/or calls for a legal conclusion.

3. Chukran Management Group, LLC's d/b/a American Protection Corp. representative <u>Kobi Chukran (by deposition)</u>

While SunPath does not object to the use of relevant and admissible portions of Mr. Chukran's deposition testimony at trial, Plaintiff's purported designation of Mr. Chukran's entire transcript creates undue burden and waste of resources for SunPath and for the Court at trial to address stated objections in the transcript as well as potentially inadmissible evidence that does not advance the matters at issue to be presented at trial. In addition, SunPath preserves its objections to testimony elicited in the deposition that was outside the scope of the designated topic areas identified in Plaintiff's deposition notice, is hearsay, lacks foundation, is argumentative, is irrelevant, calls for speculation, and/or calls for a legal conclusion.

4. <u>Serge D. Jorgensen, Sylint Group</u>

SunPath objects to the appearance of Mr. Jorgensen at trial. It is unclear if Plaintiff intends for Mr. Jorgensen to be an expert or fact witness. In either case, his disclosure is untimely and prejudicial to SunPath. SunPath objects to his appearance on the grounds that he was untimely disclosed by Plaintiff on December 9, 2022, the last day of discovery. *See* Order dated August 5, 2022 (Ordering discovery completed "by Friday, <u>December 9, 2022. . . . no person may testify whose identity, being subject to disclosure . . . was not disclosed in time to be deposed</u>").

The Court-ordered expert disclosure deadline for Plaintiff was October 10, 2022, and her rebuttal expert disclosure deadline was November 28, 2022. *See* Rule 16(B) Scheduling Order ("Scheduling Order"), ECF No. 31, ¶ 4 ("expert disclosures shall be due from plaintiff by October 10, 2022 . . . [r]ebuttal reports from plaintiff, if any, shall be due by November 28,

2

2022"). If Mr. Jorgensen is being offered as an expert witness, Plaintiff's untimely disclosure of Mr. Jorgensen prevented SunPath from being able to take his deposition and retain its own expert. Plaintiff's untimely disclosure of Mr. Jorgensen was not substantially justified or harmless. SunPath further objects to Mr. Jorgensen's appearance at trial as an expert witness on the grounds that Plaintiff failed to produce any report from Mr. Jorgensen in violation of Federal Rule of Civil Procedure 26(a)(2)(B).

If Mr. Jorgensen is being offered as a fact witness, SunPath objects to his appearance at trial on the grounds that he was untimely disclosed by Plaintiff on the last day of discovery. *See* Order dated August 5, 2022 (Ordering discovery completed "by Friday, December 9, 2022. . . . no person may testify whose identity, being subject to disclosure . . . was not disclosed in time to be deposed"). Plaintiff's untimely disclosure prevented SunPath from being able to take the deposition of Mr. Jorgensen. Plaintiff's untimely disclosure was neither substantially justified nor harmless. SunPath further objects to his appearance at trial on the grounds that his expected testimony will be improper lay witness testimony in violation of Federal Rules of Evidence 602 and 701.

5. Five9, Inc. corporate representative

SunPath objects to the appearance of the Five9, Inc. corporate representative at trial. It is unclear if Plaintiff intends for the Five9, Inc. corporate representative to be an expert or fact witness. In either case, his or her disclosure is untimely and prejudicial to SunPath. SunPath objects to his or her appearance on the grounds that he or she was untimely disclosed by Plaintiff on December 9, 2022, the last day of discovery. *See* Order dated August 5, 2022 (Ordering discovery completed "by Friday, December 9, 2022. . . . no person may testify whose identity, being subject to disclosure . . . was not disclosed in time to be deposed").

The Court-ordered expert disclosure deadline for Plaintiff was October 10, 2022 and her rebuttal expert disclosure deadline was November 28, 2022. *See* Scheduling Order ¶ 4 ("expert disclosures shall be due from plaintiff by October 10, 2022 . . . [r]ebuttal reports from plaintiff, if any, shall be due by November 28, 2022"). Plaintiff's untimely disclosure of the Five9, Inc. corporate representative prevented SunPath from being able to take his or her deposition and retain its own expert. Plaintiff's untimely disclosure of the Five9, Inc. corporate representative was not substantially justified or harmless. SunPath further objects to the Five9, Inc. corporate representative's appearance at trial as an expert witness on the grounds that Plaintiff failed to produce any report from the Five9, Inc. corporate representative in violation of Federal Rule of Civil Procedure 26(a)(2)(B).

If the Five9, Inc. corporate representative is being offered as a fact witness, SunPath objects to his or her appearance at trial on the grounds that he or she was untimely disclosed by Plaintiff on the last day of discovery. *See* Order dated August 5, 2022 (Ordering discovery completed "by Friday, <u>December 9, 2022. . . . no person may testify whose identity, being subject to disclosure . . . was not disclosed in time to be deposed</u>"). Plaintiff's untimely disclosure prevented SunPath from being able to take the deposition of the Five9, Inc. corporate representative. Plaintiff's untimely disclosure was neither substantially justified nor harmless. SunPath further objects to the Five9, Inc. corporate representative's appearance at trial on the grounds that his or her expected testimony will be improper lay witness testimony in violation of Federal Rules of Evidence 602 and 701.

Dated: December 30, 2022                     Respectfully submitted,

                                                               SUNPATH, LTD.

                                                               By Counsel

/s/ *Mitchell N. Roth*
Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
mroth@rothjackson.com

Joseph P. Bowser (VSB No. 88399)
Carl Taylor Smith (VSB No. 97376)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com
tsmith@rothjackson.com

*Counsel for SunPath, Ltd.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the above and foregoing Defendant SunPath, Ltd.'s Objections to Plaintiff's Witness List to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on December 30, 2022.

/s/ *Mitchell N. Roth*
Mitchell N. Roth