# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Ruth Smith ("Smith" or "Plaintiff"), by and through her undersigned counsel, for her responses and objections to Defendant SunPath, Ltd.'s ("Defendant" or "SunPath") First Set of Discovery Requests, states as follows: all responses and objections contained herein are based only upon such information presently available to Plaintiff. Further discovery, investigation, research and analysis may supply additional facts and/or add meaning to known facts. The responses below are given without prejudice to Plaintiff's right to later produce additional documents or information.

**INTERROGATORIES**

1. Identify all telephone calls to Your Cellular Telephone Numbers for which you seek recovery in this Lawsuit that you allege were made by or on behalf of SunPath, and state all factual bases for your contention that each call was made by or on behalf of SunPath.

ANSWER: Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, Plaintiff will produce documents evidencing the

1

making contact with you, state all facts in support of such contention with respect to each such call.

ANSWER: Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, when Plaintiff answered the calls at issue, the callers never identified their first and last name as required by the VTPPA.

10. Identify and describe Your Cellular Telephone Number (703-728-9650, along with any other cellular telephone number used by you during the relevant time period), including, the date on which you were first assigned that telephone number, and from November 8, 2019 to present, state whether the number is associated with a cellular, mobile, or wireless telephone provider service in connection with that telephone number or any other service for which you incurred a charge for incoming calls or text messages; the name of each such provider; the type of device or telephone associated with that telephone number; the name of each person that controlled, owned, operated, or used that number, and when each person controlled, owned operated, or used that number; and whether or not it was used for personal or business purposes, or both.

ANSWER: Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Here, the interrogatory seeks information regarding telephone numbers that have no relationship to the claims or defenses in this case. This interrogatory is also compound and actually consists of six separate interrogatories.  Without waiving said objections, Plaintiff's obtained the telephone number ending in 9650 in or around 2006. Plaintiff's wireless provider is AT&T and the device

6

is an Apple iPhone 12 Pro. Plaintiff is the primary and customary user of this telephone number and it is used for personal purposes.

11.     Identify all communications between you and all other persons, other than your attorneys, relating to SunPath, or your claims or allegations in this Lawsuit, including the date, method, and substance of the communication and the identities of all persons with whom you had contact.

ANSWER: Objection, this interrogatory is also overbroad and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney client privilege and the work product doctrine. This interrogatory also constitutes an impermissible fishing expedition. Without waiving said objections, Plaintiff does not recall any communications responsive to this interrogatory.

12.     If you assert that you or any member of the proposed classes ever informed SunPath that you or they did not want to be contacted by or on behalf of SunPath, describe the date and substance of that event or communication, the means of such communication, and state whether SunPath communicated with you or any member of the proposed classes after such communication and identify each such communication.

ANSWER: Objection, this interrogatory is also overbroad and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney work product doctrine. This interrogatory also constitutes an impermissible fishing expedition. This interrogatory also seeks

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

## PLAINTIFF RUTH SMITH'S VERIFICATION

I, Ruth Smith, of full age, verify as follows:

I have read the foregoing responses to the Interrogatories and Requests for Admission (excluding objections, legal conclusions, or matters that are of public record) and verify that they are true, accurate and complete based upon my personal knowledge of the information contained in them, except as set forth below.

I verify under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2022.

_____
Ruth Smith

1