# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUTH SMITH, on behalf of herself and a class of others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-00081 (LMB/TCB) |
| SUNPATH, LTD., | |
| Defendant. | |

**SUNPATH, LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST DISCOVERY REQUESTS**

Defendant SunPath, Ltd. ("SunPath") submits the following objections and responses to Plaintiff's First Set of Interrogatories and Document Requests as follows:

**INTERROGATORIES**

1.      Identify and Describe the manner by which any prior express written consent to place telephone calls to Plaintiff Smith's cellphone was obtained by You (or a third-party acting on Your behalf or for Your behalf or Your benefit), including identification of the complete Consent Language that was used to obtain such consent and the location of any proof of such consent.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control

(or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further reiterates that it does not make any telemarketing calls, including any such calls to Plaintiff that would have required Plaintiff's prior express written consent to be called, and objects to the extent this request suggests otherwise.

SunPath also objects this request to the extent it seeks information already known to Plaintiff or in Plaintiff's possession.

**ANSWER:** See objections.  Subject to and without waiving these objections, SunPath has not placed any calls to Plaintiff's cell phone and does not make any telemarketing calls at all, including any calls made using an automatic telephone dialing system or prerecorded voice, that would require Plaintiff or any other parties' prior express written consent to be called.


2.      Identify each and every step You have taken to comply with the TCPA, including all procedures and policies You have adopted and the training of third parties in telemarketing or other outbound calling activities in such procedures.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis,

other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.   SunPath further responds that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

**ANSWER:** See objections.  Subject to and without waiving these objections, SunPath reiterates that it does not make telemarketing calls or direct or control the operations of any independent third-party company that does.  To the extent this interrogatory seeks information relating to the independent third-parties authorized to market and sell SunPath's products, pursuant to Fed. R. Civ. P. 33, SunPath refers Plaintiff to the previously produced form agreement and attached standards of conduct (ECF No. 19-1), which provides that such entities at all times agree to operate "in accordance with laws and regulations of the Federal Trade Commission, the Federal Communications Commission, the Federal Reserve Board, the United States Postal Service and all other applicable federal, state, and local regulations and laws" when marketing or selling SunPath products.


3.      Identify all third-parties from whom You (or a third-party acting on Your behalf or for Your behalf or for Your benefit) obtained Plaintiff's lead information during the relevant time period, and Describe Your complete business relationship with each third-party, including all contracts and agreements.

**OBJECTION:** Defendant objects to this interrogatory on the grounds that it contains multiple questions in discrete subparts that apply towards Plaintiff's permitted number of Interrogatories as stated in the Court's scheduling order dated August 5, 2022. For the remainder of its objection, SunPath incorporates its objection to Interrogatory 1 as if fully set forth here.

**ANSWER:** See objection. Subject to and without waiving these objections, to the extent this request is directed at SunPath, none.

4.      Identify each and every step You have taken to comply with the VTPPA, including all procedures and policies You have adopted and the training of third parties in telemarketing or other outbound calling activities in such procedures.

**ANSWER:** SunPath incorporates its objection and answer to Interrogatory 2 as if fully set forth here.

5.      Identify all Persons who are residents of Virginia or whose telephone numbers have a Virginia area code that were called by You (or by a third-party on Your behalf or for Your benefit) at least once for the same purpose that Plaintiff was called in which the caller did not identify themselves by first and last name during the call, together with the dates, times, duration, purpose, and total number of such calls and Persons.

<u>**OBJECTION**</u>:  Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.   SunPath further responds that it does not make

telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise. Additionally, SunPath objects on the grounds that the statement "for the same purpose that Plaintiff was called" is overly vague and requires the legal conclusion that SunPath has knowledge relating to or a role in making any of the calls Plaintiff refers to, a legal conclusion SunPath denies.

**ANSWER:** See objections.  Subject to and without waiving these objections, SunPath has never called Plaintiff.  Therefore, none.


6.  Identify all communications between You on the one hand and any third-party on the other hand regarding the instant lawsuit.

**OBJECTION**: Defendant objects to the extent this request seeks work product or privileged information.  Defendant further objects that this request based only on what Plaintiff may consider to be "regarding the instant lawsuit." as it is vague, overly broad, and not narrowly tailored to a specific subject matter that might assist with producing relevant or admissible information.

**ANSWER:** See objection. Subject to and without waiving its objection, after receiving notice from counsel for Plaintiff that American Protection had sent Plaintiff an email providing a quote for what appeared to be a vehicle service contract administered by SunPath, SunPath's general counsel sent an email to the owner of American Protection asking whether American Protection had any phone records relating to the calls listed in Plaintiff's Complaint.  This communication was already produced by American Protection in response to the subpoena issued by Plaintiff.   SunPath is also producing all email communications with American

Protection relevant to this litigation, which may include those already produced by American Protection in response to Plaintiff's subpoena, such that SunPath refers Plaintiff to these emails pursuant to pursuant to Fed. R. Civ. P. 33.   Additionally, on between one and three occasions, most recently on September 16, 2022, SunPath's general counsel made calls to American Protection to further inquire regarding this request for records relating to the calls listed in Plaintiff's Complaint, to which American Protection provided no substantive response beyond what was provided in the previously referenced email communications.

7.      Identify and Describe Your complete factual basis for Your assertion, if any, that SunPath cannot be held liable for calls placed to Plaintiff.

**OBJECTION:** SunPath objects to this request as being overly vague in that it does not specify or define which "calls placed to Plaintiff" are specifically referred to with this request.

**ANSWER:** See objection.   To the extent this request refers to the calls listed in paragraph 25 of Plaintiff's Complaint, SunPath refers Plaintiff to the testimony in the declaration of its president, Andrew Garcia, provided in support of its Motion to Dismiss.

8.      Identify all Leads received from American Protection, including the total number of Leads.

**OBJECTION:**   SunPath objects to this request as vague and confusing as the term "Leads" is undefined.   SunPath further objects by incorporating its objection to Interrogatory 1 as if fully set forth here.

**ANSWER:** See objection.   Subject to and without waiving its objections, to the extent "leads" refers to information relating to consumers for the purposes of making telemarketing

calls to those consumers, SunPath reiterates that it does not make any telemarketing calls, and specifically has never made any telemarketing calls to Plaintiff.  Therefore, none.

9.      Identify and Describe any and all complaints that You have received from any Person relating to the telemarketing activity of any third party that places calls on Your behalf or for Your benefit, including American Protection.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath also objects to any legal conclusion that these parties make calls "on behalf of" SunPath because such parties market and sell SunPath products non-exclusively, meaning that those parties sell SunPath-administered products simultaneously alongside SunPath's competitors and decide independently what product to offer.  SunPath additionally reiterates that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

Defendant further objects to this request insofar as it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence about the merits of

Plaintiff's individual or class claims, which relate only to Defendant and the party allegedly responsible for making calls listed in Plaintiff's Complaint, such that this request regarding unrelated collateral matters has no bearing here and discovery into such collateral matters is not proportional to the needs of this case. *See*, *e.g.*, *FERC v. Powhatan Energy Fund, LLC*, Civil No. 3:15-cv-00452 (MHL), 2022 U.S. Dist. LEXIS 132672, at *4 (E.D. Va. Feb. 1, 2022); *Rainey v. Anderson*, Action No. 2:17cv444, 2018 U.S. Dist. LEXIS 231289, at *4 (E.D. Va. Apr. 11, 2018).

Defendant also objects to this request as overly broad and unduly burdensome, as this request seeks information not proportional to the needs of the case, including information equally available to Plaintiff in public filings, serves no purpose other than to harass and cause undue burden.

**ANSWER:** See objection. Subject to and without waiving this objection, SunPath is continuing to investigate this request regarding American Protection, and will supplement this response as warranted.

10.     Identify and Describe any and all knowledge that You possess regarding American Protection's telemarketing activity.

**OBJECTION:** Defendant incorporates its objection to Interrogatory 2 as if fully set forth here.

**ANSWER:** See objection. Subject to and without waiving its objection, SunPath incorporates its answers to Interrogatories 6 and 12 as if fully set forth here.

11.     Identify and Describe all call scripts, marketing materials, or marketing guidelines that You provided to any third party that places calls on Your behalf or for Your benefit during

8

the relevant time period, including American Protection.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further responds that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

**ANSWER:** See objections.  Subject to and without waiving these objections, SunPath reiterates that it does not make telemarketing calls or direct or control the operations of any independent third-party company authorized to market or sell SunPath's products on a non-exclusive basis, including what consumers these companies contact or whether a consumer is offered a SunPath product or the product of one of SunPath's competitor.  The marketing operations of these companies, including how they obtain leads, what scripts they use, and what equipment they use, are entirely determined by those companies.  Regarding "marketing guidelines," pursuant to Fed. R. Civ. P. 33, SunPath refers Plaintiff to the previously produced form agreement and attached standards of conduct (ECF No. 19-1), which provides that any independent third-party authorized to market or sell SunPath products agrees to comply with all applicable laws and regulations if and when conducting any telemarketing operations.

12.     Identify and Describe Your complete relationship with American Protection.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33, SunPath refers Plaintiff to the agreement between SunPath and American Protection, which American Protection produced in response to the subpoena served on it by Plaintiff. SunPath also reiterates that it objects to any characterization of any party authorized to market or sell products it administers, including American Protection, as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities at all times to operate "in accordance with laws and regulations of the Federal Trade Commission, the Federal Communications Commission, the Federal Reserve Board, the United States Postal Service and all other applicable federal, state, and local regulations and laws" when selling SunPath products.  Any such third party, including American Protection, was permitted to sell the products of SunPath's competitors alongside SunPaths, and representatives of those third parties independently selected what policy to promote and sell.  SunPath also reiterates that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party, including American Protection, to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.  SunPath further responds that its agreement with American Protection was suspended in July of 2022, for commercial reasons not related to any of the claims in this lawsuit.

## DOCUMENT REQUESTS

1.     All Documents sufficient to Identify any prior express consent You claim or contend was obtained to place the telephone calls at issue to Plaintiff together with all

Documents sufficient to Identify the manner by which any such prior express consent was obtained.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies. SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products. SunPath further reiterates that it does not make any telemarketing calls, including any such calls to Plaintiff that would have required Plaintiff's prior express written consent to be called, and objects to the extent this request suggests otherwise.

SunPath also objects this request to the extent it seeks information already known to Plaintiff or in Plaintiff's possession.

**RESPONSE:** See objections.

2.      All Documents sufficient to Identify the full and complete Consent Language that You claim applied Plaintiff.

**OBJECTION:** Defendant incorporates its objection to Document Request 1 as if fully set forth here.

**RESPONSE:** See objections.

11

3.      All Documents sufficient to Identify Your complete contract or other arrangement with any third party from whom You (or a third-party acting on Your behalf or for Your benefit) obtained Plaintiff's phone number or consent to place the telephone calls at issue.

**OBJECTION**: Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies. SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products. SunPath further reiterates that it does not make any telemarketing calls, including any such calls to Plaintiff that would have required Plaintiff's prior express written consent to be called, and objects to the extent this request suggests otherwise.

**RESPONSE:** See objections. Subject to and without waiving its objections, SunPath reiterates that it does not make telemarketing calls, did not make any telephone calls to Plaintiff, and does not direct or control the marketing operations of any independent third-party that may have called Plaintiff. Accordingly, SunPath does not have any responsive documents in its possession, custody, or control.

4.   All Documents sufficient to Identify all telephone calls that were placed to Plaintiff.

**OBJECTION:** SunPath objects to this request as being overly vague in that it does not specify or define which "calls placed to Plaintiff" are specifically referred to with this request.

SunPath further reiterates that it does not make any telemarketing calls, including any such calls to Plaintiff, and objects to the extent this request suggests otherwise.

**RESPONSE:** See objections.  Subject to and without waiving its objections, SunPath reiterates that it does not make telemarketing calls, did not make any telephone calls to Plaintiff, and does not direct or control the marketing operations of any independent third-party that may have called Plaintiff.  Accordingly, SunPath does not have any responsive documents in its possession, custody, or control.

5.      Copies of any subpoenas You caused to be issued or served in the case together with proofs of service, if any.

**RESPONSE:** No responsive documents exist.  SunPath will supplement this response if necessary.

6.      Copies of any documents obtained from any third party, by subpoenas or otherwise, relating to this action and the claims at issue, if any.

**OBJECTION:** Defendant objects to the extent this request seeks work product or privileged information.

**RESPONSE:** See objection.  To the extent this seeks non-privileged information, Plaintiff is already in possession of any documents received in response to its subpoena served on American Protection.  SunPath does not presently have any other responsive documents in its possession, custody, or control.

7.  Copies of all Documents identified in SunPath's Rule 26(a)(1) Initial Disclosures.

**RESPONSE:** No responsive documents exist.

8. The sworn or unsworn statements of any witnesses.

**OBJECTION:** Defendant objects on the grounds that this request seeks documents already in Plaintiff's possession.  Defendant further objects to the extent this request seeks work product or privileged information.

**RESPONSE:** See objection.   To the extent this seeks non-privileged information, SunPath does not presently have any responsive documents in its possession, custody, or control.

9.      All Documents sufficient to Identify any policies, practices, procedures, or any other steps You have caused to be taken to attempt compliance with the TCPA.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath or by an "agent" of SunPath, a legal conclusion SunPath denies.  SunPath further objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further responds that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

14

**RESPONSE:** See objection. Subject to and without waiving its objections, SunPath reiterates that it does not engage in any telemarketing activities, does not make any outbound marketing calls, and specifically did not make any such calls to Plaintiff.  To the extent this refers to compliance requirements of any independent third-party authorized to market or sell Sunapth products, SunPath refers Plaintiff to the previously produced form agreement and attached standards of conduct (ECF No. 19-1), which provides that any independent third-party authorized to market or sell SunPath products agrees to comply with all applicable state and federal laws and regulations if and when conducting any telemarketing operations.

10.     All Documents sufficient to Identify any policies, practices, procedures, or any other steps You have caused to be taken to attempt compliance with the VTPPA.

**RESPONSE:** Defendant incorporates its objection and response to Document Request 9 as if fully set forth here.

11.     All Documents supporting Your assertion, if any, that Plaintiff is inadequate to serve as Class Representative.

**<u>OBJECTION:</u>** Defendant objects to the extent this request seeks documents already in Plaintiff's possession, custody, or control, or equally accessible to Plaintiff.

**RESPONSE:** See objection.  Subject to and without waiving its objection, SunPath does not currently have any responsive documents in its possession, custody, or control.

12.     All Documents supporting Your assertion, if any, that Plaintiff's attorneys are inadequate to serve as Class Counsel.

**OBJECTION:** Defendant objects to the extent this request seeks documents already in Plaintiff's possession, custody, or control, or equally accessible to Plaintiff.

**RESPONSE:** See objection.  Subject to and without waiving its objection, SunPath does not currently have any responsive documents in its possession, custody, or control.

13.     All Documents sufficient to Identify all Persons who You (or a third-party acting on Your behalf or for Your benefit) caused to be placed a telephone call during the relevant time period on their cellphones, for the same purpose that Plaintiff received a telephone call, using the same Dialing Equipment that was used to call Plaintiff, where You obtained the cellphone number and consent to call in the same manner as You obtained Plaintiff's telephone number and consent.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further responds that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

Additionally, SunPath objects on the grounds that the statement "for the same purpose that Plaintiff was called" is overly vague and requires the legal conclusion that SunPath has knowledge relating to or a role in making any of the calls Plaintiff refers to, a legal conclusion SunPath denies

**RESPONSE:** See objection. Subject to and without waiving its objection, no responsive documents exist.

14. For all Persons Identified in Documents produced in Your response to Request to Produce No. 13 above, all Documents sufficient to Identify the number of times You (or a third-party acting on Your behalf or for Your benefit) caused each such Person to receive a telephone call, including the dates and times of all such telephone calls.

**OBJECTION:** SunPath incorporates its objection to Document Request 13 as if fully set forth here.

**RESPONSE:** See objection. Subject to and without waiving its objection, no responsive documents exist.

15. All Documents sufficient to Identify all Persons that reside in the State of Virginia whose numbers were registered on the National Do Not Call Registry for at least thirty (30) days who were called at least once by You (or by a third-party on Your behalf or for Your benefit) together with Documents identifying the dates, times, duration, purpose, and total number of such calls.

**OBJECTION:** SunPath objects to the extent that this request suggests, incorrectly, that all calls to persons registered on the National Do Not Call Registry, are unlawful. Defendant

further objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further responds that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.  SunPath further objects that this request seeks information not relevant to the claims at issue, which involves allegedly unlawful *telemarketing* calls, and this request seeking information regarding calls *generally*, has no bearing on Plaintiff's individual or class claims, and serves no purpose other than to harass and cause undue burden.

**RESPONSE:** See objection.  To the extent this request seeks records relating to telemarketing calls to residents of the Commonwealth of Virginia, SunPath does not make any telemarketing calls or direct or control any party that does, and therefore no responsive documents exist.


16.    All Documents sufficient to Identify all Persons with Virginia area codes whose numbers were registered on the National Do Not Call Registry for at least thirty (30) days who

were called at least once by You (or by a third-party on Your behalf or for Your benefit) together with Documents identifying the dates, times, duration, purpose, and total number of such calls.

**OBJECTION:** SunPath incorporates its objection to Document Request 15 as if fully set forth here.

**RESPONSE:** SunPath incorporates its response to Document Request 15 as if fully set forth here.

17.     All Documents sufficient to Identify all Persons who are residents of Virginia that were called by You (or by a third-party on Your behalf or for Your benefit) at least once for the same purpose that Plaintiff was called in which the caller did not identify themselves by first and last name during the call, together with Documents identifying the dates, times, duration, purpose, and total number of such calls and Persons.

**OBJECTION:** SunPath incorporates its objection to Document Request 13 as if fully set forth here.

**RESPONSE:** SunPath incorporates its response to Document Request 13 as if fully set forth here.

18.     All Documents sufficient to Identify all Persons whose telephone numbers begin with a Virginia area code that were called by You (or by a third-party on Your behalf or for Your benefit) at least once for the same purpose that Plaintiff was called in which the caller did not identify themselves by first and last name during the call, together with Documents identifying the dates, times, duration, purpose, and total number of such calls and Persons.

**OBJECTION:** SunPath incorporates its objection to Document Request 13 as if fully set forth here.

**RESPONSE:** SunPath incorporates its response to Document Request 13 as if fully set forth here.

19.     All Documents sufficient to Identify Your complete contract or other arrangement or agreement with any third party that placed the calls at issue to Plaintiff, including American Protection.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further responds that it does not make telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

Defendant further objects to this request insofar as it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence about the merits of Plaintiff's individual or class claims, which relate only to Defendant and the party allegedly responsible for making calls listed in Plaintiff's Complaint, such that this request regarding

independent third-parties with no connection to Plaintiff's claims has no bearing here and discovery into such collateral matters is not proportional to the needs of this case.  *See*, *e.g.*, *FERC v. Powhatan Energy Fund, LLC*, Civil No. 3:15-cv-00452 (MHL), 2022 U.S. Dist. LEXIS 132672, at *4 (E.D. Va. Feb. 1, 2022); *Rainey v. Anderson*, Action No. 2:17cv444, 2018 U.S. Dist. LEXIS 231289, at *4 (E.D. Va. Apr. 11, 2018).

**RESPONSE:**  See objection.  Subject to and without waiving its objections specifically relating to seeking documents regarding any party that has not made any calls to Plaintiff that form the basis of Plaintiff's claims, SunPath incorporates its response to Interrogatory 12 as if fully set forth here.


20.     All Documents sufficient to Identify any oversight, control, guidance, or training related to telemarketing that You exercise or provide to third parties that act on Your behalf or for Your benefit.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further responds that it does not make

telemarketing calls, did not make any calls to Plaintiff, and did not direct or control any third-party to make calls to the Plaintiff, and objects to the extent that this request suggests otherwise.

**RESPONSE:** See objections. Subject to and without waiving its objections, SunPath reiterates that it does not engage in any telemarketing activities, does not make any outbound marketing calls, and specifically did not make any such calls to Plaintiff.  To the extent this refers to compliance requirements of any independent third-party authorized to market or sell Sunapth products over whom SunPath does not direct or control their marketing activities, SunPath refers Plaintiff to the previously produced form agreement and attached standards of conduct (ECF No. 19-1), which provides that any independent third-party authorized to market or sell SunPath products agrees to comply with all applicable state and federal laws and regulations if and when conducting any telemarketing operations.

21.    All Documents sufficient to Identify all call scripts or marketing materials that You provided to American Protection during the relevant time period.

**<u>OBJECTION:</u>** SunPath incorporates its objection to Document Request 20 as if fully set forth here.

**RESPONSE:** SunPath incorporates its response to Document Request 20 as if fully set forth here.

22.    All Documents sufficient to Identify all call scripts or marketing materials that You provided to any third party that places calls on Your behalf or for Your benefit during the relevant time period.

**OBJECTION:** SunPath incorporates its objection to Document Request 20 as if fully set forth here.

**RESPONSE:** SunPath incorporates its response to Document Request 20 as if fully set forth here.

23.     All Documents sufficient to Identify all knowledge You possess regarding American Protection's telemarketing activity.

**OBJECTION:** SunPath incorporates its objection to Document request 20 as if fully set forth here.

**RESPONSE:** Subject to and without waiving its objections, SunPath incorporates its responses to Interrogatories 6 and 12 as if fully set forth here, and responds that it does not currently have any other responsive documents in its possession, custody, or control.

24.     All Documents sufficient to Identify any and all complaints that You have received from any Person relating to the telemarketing activity of any third party that places calls on Your behalf or for Your benefit, including American Protection.

**OBJECTION:** Defendant incorporates its objection to Interrogatory 9 as if fully set forth here.

**RESPONSE:** See objection.

25. All Documents sufficient to Identify all Leads received from American Protection.

**OBJECTION:** Defendant objects to this request to the extent it seeks a legal conclusion that any calls received by Plaintiff in association with marketing products administered by

SunPath were made "on behalf of" SunPath, by an "agent" of SunPath, or "for the benefit of" SunPath, a legal conclusion SunPath denies.  SunPath objects to any characterization of any party authorized to market or sell products it administers as agents, as SunPath does not control (or have the right to control), direct, or manage the telemarketing practices of any independent third-party company that it authorizes to market and sell its products on a non-exclusive basis, other than contractually requiring these entities to comply with all applicable state and federal laws when selling SunPath products.  SunPath further reiterates that it does not make any telemarketing calls, including any such calls to Plaintiff that would have required Plaintiff's prior express written consent to be called, and objects to the extent this request suggests otherwise.

**RESPONSE:** See objections.  Subject to and without waiving its objections, no responsive documents exist.


26.    All Documents sufficient to identify any written or oral communications between You and any third party identified in Documents responsive to Request for Production No. 19 above regarding: (i) the Plaintiff or this lawsuit, (ii) calls to persons on the National DNC List, (iii) the existence, maintenance and use of any telemarketing policies or procedures, (iv) training related to any such policies or procedures, or (v) any such vendor's performance with respect to any agreement.

**OBJECTION:** SunPath incorporates its objection to Document Request 19 as if fully set forth here.

**RESPONSE:** See objections.  Subject to and without waiving its objections, SunPath will produce any responsive document in its possession, custody, or control, which are referenced in its response Interrogatory 6.

27.     All Documents supporting Your contention, if any, that You did not retain or request American Protection to make Telephone Solicitation Calls on Your behalf or for Your benefit.

**OBJECTION:** SunPath incorporates its objection to Document Request 20 as if fully set forth here.

**RESPONSE:** SunPath incorporates its response to Document Request 19 as if fully set forth here.

28.     All Documents supporting Your contention, if any, that You had no knowledge and provided no consent to American Protection placing Telephone Solicitation Calls offering or advertising Your property, goods, or services.

**OBJECTION:** SunPath incorporates its objection to Document Request 20 as if fully set forth here.

**RESPONSE:** SunPath incorporates its response to Document Request 19 as if fully set forth here.

Dated:  October 7, 2022                    Respectfully submitted,


                                           SUNPATH, LTD.

                                           By Counsel

                                           By: /s/ *Gregory M. Caffas*
                                           Gregory M. Caffas (VSB No. 92142)
                                           Mitchell N. Roth (VSB No. 35863)
                                           Roth Jackson Gibbons Condlin, PLC
                                           8200 Greensboro Drive, Suite 820
                                           McLean, VA 22102
                                           T: 703-485-3533
                                           F: 703-485-3525
                                           gcaffas@rothjackson.com
                                           mroth@rothjackson.com


                                           Joseph P. Bowser (VSB No. 88399)
                                           Roth Jackson Gibbons Condlin, PLC
                                           1519 Summit Avenue, Suite 102
                                           Richmond, VA 23230
                                           T: 804-441-8701
                                           F: 804-441-8438
                                           jbowser@rothjackson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October 2022, a copy of the foregoing document

was served via email to the following:


Francis J. Driscoll, Jr.
**Law Office of Frank J. Driscoll Jr. PLLC**
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
T: 757-321-0054
F:757-321-4020
frank@driscolllawoffice.com

Patrick H. Peluso
**Woodrow & Peluso, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
T: 720-213-0675
F: 303 927-0809
ppeluso@woodrowpeluso.com

**Counsel for Plaintiff Ruth Smith**


/s/ *Gregory M. Caffas*
Gregory M. Caffas