IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **SUNPATH, LTD.,** <br><br> *Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

### MEMORANDUM IN SUPPORT OF DEFENDANT SUNPATH, LTD.'S MOTION TO STRIKE PLAINTIFF'S DECLARATION

Plaintiff claims she is entitled to summary judgment on 122 "calls" she received from non-party American Protection in violation of the Virginia Telephone Privacy Protection Act ("VTPPA"). Plaintiff lacks any evidence that she received 116 of those "calls." In attempting to remedy that situation, Plaintiff improperly submitted an eleventh-hour, post-discovery declaration from herself to support her Motion for Partial Summary Judgment, ECF No.73, and oppose Defendant SunPath, Ltd.'s ("SunPath") Motion for Summary Judgment, ECF No.65. *See* Declaration of Ruth Smith, ECF Nos. 74-8; 76-2.

Plaintiff's declaration must be stricken for two reasons. First, it is inadmissible because it relies on inadmissible evidence and improper speculation about what that evidence may mean.[1]

---

[1] *See Guessous v. Fairview Prop. Invs. LLC*, 828 F.3d 208, 216 (4th Cir. 2016) ("The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial" and can only "do so by offering sufficient proof in the form of **admissible** evidence.") (internal quotations and citations omitted) (emphasis added); *see also* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

1

Second, it contradicts Plaintiff's deposition testimony and timely discovery responses.[2] Therefore, Plaintiff cannot rely on her declaration now.

Plaintiff's declaration is based exclusively on inadmissible records produced by non-party Five9, Inc. ("Five9"), one of non-party American Protection's technology vendors. *See* SunPath's First Motion in Limine, ECF No. 84 (addressing the inadmissibility of the Five9 records). These records are nothing more than unexplained, non-self-explanatory data that Five9 produced in response to a subpoena for American Protection data that Plaintiff served late in the discovery window, and which Five9 only authenticated well after the close of discovery.

Besides the Five9 records being inadmissible in and of themselves, Plaintiff lacks personal or specialized knowledge of them.[3] Plaintiff did not even review the records personally before her deposition was taken in this case; she simply adopted her lawyer's belief that every row of data must evidence a phone call. *Id*. Plaintiff's lack of personal knowledge of the Five9

---

[2] *See Gomez v. Haystax Tech, Inc.*, 716 Fed. Appx. 220, 229 (4th Cir. 2019) (When a party fails to provide information as required by Fed. R. Civ. P. 26(e), "the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." (citing Fed. R. Civ. P. 37(c)(1))); *see also Alba v. Merrill Lynch & Co*, 198 Fed. Appx. 288, 300 (4th Cir. 2006) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984))).

[3] *See* Deposition of Ruth Smith at 147:3-148:11 ("Q: You contend that June 9 was the last call that you received that you're seeking damages for in this case? A: Again, whatever I provided initially was correct, but I know that there's the call logs that were received. So that is correct, what's in the logs. Q: Can you clarify what you mean by that? A: So when I submitted all the documentation that I had, that was to the best of my knowledge at the time, but I understand that the call logs have different information, and they are – they are correct. Q: [W]hen you say the call logs, are you referring to call logs that you believe your counsel has received but you have not yet reviewed? A. Yes. They just came this week, yes. Q: So when you say that you believe that the call logs confirm this not to be the case, is that based on representations from counsel? A: Because it's an accurate – because of the logs that were received by the company versus what I have. Q: Right, And I'm just saying you haven't reviewed these call logs that you're referring to, right? A: Correct. Q: So how do you know that the call logs confirm this? A: I rely on my counsel."), excerpts attached as **Exhibit 1**.

2

records renders her entire declaration inadmissible speculation pursuant to Federal Rules of Evidence 602 and 701.[4]

Her declaration therefore cannot be used to support or oppose summary judgment. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on **personal knowledge**, set out facts that would be **admissible** in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") (emphasis added); *see also* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be **admissible** in evidence.") (emphasis added).

Even if Plaintiff had personal knowledge of the Five9 records, her declaration is still not admissible as a lay witness opinion pursuant to Fed. R. Evid. 701. This is because any opinions regarding the Five9 records must rely on specialized knowledge.[5] *See* SunPath's First Motion in Limine (addressing why the Five9 records require specialized knowledge to be testified to or opined on). For example, Plaintiff claims in her declaration that she "placed a call to American Protection, which went unanswered." Smith Decl. ¶ 5. Her claim is based on the Five9 records containing the term "Abandon." It is not self-explanatory what this term means. Plaintiff also claims the Five9 records contain calls—and *only* phone calls. *See* Smith Decl. ¶ 2. That is inadmissible speculation because the Five9 records have never been authenticated as "call records." *See* Declaration of Five9 Representative, attached as **Exhibit 2**.[6] Therefore, Plaintiff's declaration constitutes inadmissible evidence that cannot support or oppose summary judgment.

---

[4] S*ee also Steves & Sons Inc. v. Jeld-Wen, Inc.*, Civil Action No. 3:16cv545, 2018 U.S. Dist. LEXIS 5061, at *4 (E.D. Va. Jan. 10, 2018) (even opinion testimony must be "well founded on **personal knowledge**" (citing *MCI Telecomms. Corp. v. Wanzer*, 897 F.2d 703, 706 (4th Cir. 1990))) (emphasis added).

[5] *See* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: . . . (c) not based on . . . specialized knowledge.").

[6] It is obvious they are not simply call records of the type traditionally produced by phone companies because the column titled "DURATION" contains many entries of 00:00:00. All calls

Plaintiff's declaration is further improper for summary judgment purposes because it supplements and contradicts her discovery responses and deposition testimony. As explained above, Plaintiff testified at her deposition that she had no personal knowledge of the Five9 records, and had not even reviewed them. Plaintiff cannot now contradict her deposition testimony by claiming that the Five9 records "represent[] an accurate reflection of the calls that [she] recall[s] receiving from" American Protection. Smith Decl. ¶ 2.

Importantly, since August 29, 2022, Plaintiff had a duty to fully answer and supplement her answer to an interrogatory asking her to identify all calls she sought recovery for in this Lawsuit. *See* SunPath's First Set of Discovery Request to Plaintiff Ruth Smith at 7, attached as **Exhibit 3**. In her initial answer and two supplemental answers, Plaintiff never identified more than 54 calls, none of which occurred after June 9, 2020. Then, the day before the end of discovery, Plaintiff untimely supplemented her answer a third time to claim she is now seeking recovery for all "calls" she claims are reflected in the inadmissible Five9 records. *See* Plaintiff's Third Supplemental Discovery Responses at 6, dated December 8, 2022, attached as **Exhibit 4**. Based on Plaintiff's declaration, apparently that totals 118 *more calls* that occurred after June 9, 2020, none of which she apparently ever had personal knowledge of despite documenting 54 calls that she reported experiencing in her discovery responses served throughout the entire discovery period in this case. Plaintiff cannot now rely on the contradictory statements in her eleventh-hour declaration to support her claim *to more than three times* the amount of calls she was seeking recovery for throughout the entire discovery period.

---

take *some* time. Moreover, there are numerous other temporal-related categories in those records that make it further inscrutable as to what they may mean, and Plaintiff never elicited any such testimony from Five9, whether during discovery or to this day. Indeed, Plaintiff only recently secured a declaration from Five9 purporting to authenticate the records, but that declaration simply refers to the voluminous data as "records"—not "call records," as Plaintiff would have it. *See* **Ex. 2**. "Records" is as illuminating as calling it "digital stuff."

Even if the Five9 records reflect calls, as Plaintiff improperly assumes, she would not be competent to testify to the Five9 records. This is evidenced by the numerous discrepancies between Plaintiff's timely discovery responses and the Five9 records. For example, many dates and times in Plaintiff's discovery responses do not match dates and times in the Five9 records. *Compare* Plaintiff's First Supplemental Discovery Responses at 2-6, attached as **Exhibit 5**, *with* summary of Five9 records, ECF No. 76-1 (Example 1: Plaintiff claims to have received five calls on May 29, 2020, but the Five9 records summary has seven entries that include the date May 29, 2020. Example 2: Plaintiff claims to have received one call on June 4, 2020, but the Five9 records summary has three entries that include the date June 4, 2020.)

Based on the foregoing, SunPath respectfully requests that Plaintiff's declaration be stricken.

Dated: January 18, 2023

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Joseph P. Bowser*
Joseph P. Bowser (VSB No. 88399)
Carl Taylor Smith (VSB No. 97376)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
tsmith@rothjackson.com
jbowser@rothjackson.com

Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
mroth@rothjackson.com

*Counsel for SunPath, Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused this Memorandum in Support of Defendant SunPath, Ltd.'s Motion to Strike Plaintiff's Declaration to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on January 18, 2023.

                                            /s/ *Joseph P. Bowser*
                                            Joseph P. Bowser