# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH, on behalf of herself and a class of others similarly situated,** | |
| Plaintiff, | |
| | **Civil Action No. 1:22-cv-00081 (LMB/TCB)** |
| v. | |
| **SUNPATH, LTD.,** | |
| Defendant. | |

## SUNPATH, LTD.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF RUTH SMITH

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Defendant SunPath, Ltd. ("SunPath") hereby propounds the following First Set of Interrogatories, Document Requests, and Requests for Admission (collectively, "Discovery Requests") to Plaintiff Ruth Smith ("Plaintiff" or "Smith") to be answered, in writing and under oath, within thirty (30) days from the date of service hereof.

Throughout these discovery requests:

1.      Unless otherwise stated, or identified in the local rules, all definitions should be responded to according to their ordinary meaning.

2.      Unless otherwise stated, the relevant time period of these Discovery Requests is November 8, 2019 to the present, and shall include all information that relates or refers to this period unless another time or period of time is referred to in a Discovery Request.

3.      Defined terms are set forth below. Whenever a defined term is used in any Discovery Request, which is indicated in **bold** type, the request shall be answered applying the

term as defined in detail herein. Any undefined term shall be answered as that term is generally understood by you consistent with common usage.

4.      The words "Plaintiff," "you," or "your" shall mean and refer to Plaintiff Ruth Smith, or any of her agents, attorneys, representatives, or other persons purporting to act on her behalf.

5.      The word "SunPath" shall refer to Defendant SunPath, Ltd., and any of their agents, employees, or persons purporting to act on their behalf.

6.      The word "Parties" shall collectively mean and refer to you and SunPath.

7.      "Lawsuit" refers to the above-captioned action.

8.      "Complaint" means the Complaint (ECF No. 1) you filed in this Lawsuit.

9.      "Your Cellular Telephone Number" means the telephone number you allege received the calls that are the basis of your Complaint (703-728-9650), along with any other cellular telephone number used by you during the relevant time period.

10.      "Initial Disclosures" refers to Plaintiff's Rule 26(A)(1) Disclosures.

11.      "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

12.      "Describe" means state, list, relate, narrate, and/or recount.

13.       "Identify" means to state:

    a.      Relating to a natural person:  (1) his or her full name, (2) present or last known address, (3) telephone number(s), (4) employer, and (5) job title;

b.      Relating to business, legal or governmental entity, association, or proprietorship:   (1) its full name, (2) present or last known address, and (3) telephone number;

c.      Relating to a document:  (1) the name and address of its author or maker, (2) the names and addresses of each person or entity who or which was an addressee, (3) the date on which it was created or made, (4) the nature of the document, and (5) the substance of the information or data set forth in the document;

d.      Relating to conversations and written or oral communications:   (1) the date on which each conversation or communication occurred, (2) the persons engaged in such conversation or making such communication, (3) the substance of the conversation or communication, (4) the names and addresses of all persons present when the conversation or communication occurred, (5) the place where the conversation or communication took place and, if by telephone or text message, the telephone number from and to which the call or text was placed.

e.      Relating to a telephone number: (1) the full telephone number (with area code and country code, where applicable), (2) the time period in which you were responsible for the charges associated with that number and/or you regularly used that number, (3) the telecommunications carrier that provided you service in connection with that telephone number, and (4) the nature of the telecommunications service provided to you in connection with that service, such as cellular service, landline service, or VoIP service (as that term is defined in 47 C.F.R. § 9.3).

3

f.     Relating to an IP address: (1) the IP address, (2) the device associated with that IP address; (3) the time period in which you owned the device(s) associated with that IP address and/or you regularly used that IP address, (4) the internet provider that provided you service in connection with that address, and (5) the nature and location associated with the use of that IP address (i.e. at work, home, personal).

14.     "Document" means any written, recorded or graphic matter however produced or reproduced whether or not in your possession, custody or control, and whether or not claimed to be privileged against discovery on any grounds, including, but not limited to, emails, text messages, internet postings (including without limitation blogs), reports, lists, memoranda, call reports, work logs, time sheets, drawings, designs, sketches, worksheets, correspondence, schedules, sound recordings, photographs, videotapes, film, ledgers, books of account, catalogs, brochures and written statements of witnesses or other persons having knowledge of the pertinent facts.  The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of the above and any and all handwritten notes or notations in whatever form together with any attachments to any such documents.  The term "document" expressly includes all computer records, and when such computer records are incorporated within the scope of these discovery requests, all documents shall be produced in both hard copy format and in a computer readable format, together with the computer file name and the identity of the language in which it is encoded.

15.     To identify a document that was, but is no longer, in your possession or subject to your control, or in existence, state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

16.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations at 47 C.F.R. 64.1200.

17.     "VTPPA" means the Virginia Telephone Privacy Protection Act, Va. Code §§ 59.1-510 to -518.01, which forms the basis for the Second and Third Causes of Action of the Complaint.

18.     "Classes", "proposed classes", or "purported classes" means the No Consent Class, Virginia Do Not Call Registry Class, and Virginia Unidentified Caller Class as defined in Paragraph 34 of the Complaint.

19.     "Relating to" or "referring to" means discussing, reflecting, containing, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way either directly or indirectly, whether supportive, exculpatory, harmful, or negative, and either in whole or in part.

20.     The Discovery Requests are intended to discover all discoverable information sought by them, such that they should be read with the following rules of construction in mind:

    a. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Requests all responses that might otherwise be construed to be outside of its scope.

b.  The word "all" shall be construed to include every, any and each, as necessary to bring within the scope of these Discovery Requests information, documents, and things that might otherwise be construed as outside their scope.

c.  All references to the singular shall include the plural, and all references to the plural shall include the singular.

d.  A masculine, feminine, or neuter pronoun shall not exclude the other genders.

21.    The Discovery Requests that follow are continuing in nature; that is, you have a duty to supplement your responses to them pursuant to Fed. R. Civ. P. 26(e).  You are requested to provide such additional documents as you or any other person on your behalf may hereafter obtain that which will augment or otherwise modify your answers now given to the Discovery Requests below. Such supplementary information is to be provided to the undersigned immediately upon your receipt of such information.

22.    If any documents, materials, or information responsive to the Discovery Requests below are withheld on the basis of a claim of privilege, set forth a privilege log detailing as to each item of information or document:

a.  the type of any document;

b.  the name of the author of any document;

c.  the name of the sender or the source, if any, of the documents or information;

d.  the date of the document;

e.  the nature of the privilege claim;

f.  attachments to any such document;

g.  the number of pages comprising any document;

h.  a brief description of the nature and the subject matter of the information or document; and

i.  the identification number, control number, or "Bates" number of the document.

6

## INTERROGATORIES

1.      **Identify** all telephone calls to **Your Cellular Telephone Numbers** for which **you** seek recovery in this **Lawsuit** that **you** allege were made by or on behalf of **SunPath**, and state all factual bases for your contention that each call was made by or on behalf of **SunPath**.

ANSWER:

2.      If **you** contend that **SunPath** is directly liable for any of the telephone calls identified in **your** answer to Interrogatory No. 1, **identify** such telephone calls and state all facts in support of such contention.

ANSWER:

3.      If **you** contend that **SunPath** is vicariously liable for any of the telephone calls identified in **your** answer to Interrogatory No. 1, **identify** such telephone calls and state all facts in support of such contention with respect to each such call.

ANSWER:

4.      If **you** contend that **SunPath** or any third-party you allege is **SunPath**'s agent utilized an automatic system for the selection or dialing of telephone numbers regulated by the TCPA and/or the VTPPA to make any calls to **Your Cellular Telephone Number** or to any members of the **proposed classes**, then state the factual and legal basis for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER:

5.      If **you** contend that **SunPath** or any third-party you allege is **SunPath's** agent called **Your Cellular Telephone Number** or to any members of the **proposed classes**, without implementing internal procedures for maintaining a list of persons who request not to be called by **SunPath** or any third-party you alleged is **SunPath's** agent and/or without implementing

7

procedures meeting requirements from 47 C.F.R. § 64.1200(d), then state the factual and legal bases for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER:

6. If **you** contend **SunPath** or any third-party you allege is **SunPath's** agent made calls to **Your Cellular Telephone Number**, or to any members of the **proposed classes**, that utilized an artificial or prerecorded voice, then state the factual and legal bases for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER:

7. If **you** contend that **you** registered **Your Cellular Telephone Number** or any members of the **proposed classes** registered their telephone number on the National Do Not Call Registry, and then **SunPath** or any third-party you allege is **SunPath's** agent made telephone calls to **you** or them without proper consent from **you** or the member or an established business relationship with **you** or them (as defined by 47 C.F.R. § 64.1200(f)(5)), then state the factual and legal bases for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER:

8. If **you** contend **SunPath** or any third-party you allege is **SunPath's** agent called **Your Cellular Telephone Number**, or to any members of the **proposed classes**, willfully or knowingly in violation of the TCPA and/or VTPPA, then identify such members and state the factual and legal bases for that contention.

ANSWER:

9. If **you** contend that the party that made any of the telephone calls identified in

**your** answer to Interrogatory No. 1 failed to identify his or herself by his or her first and last name and by the name of the person on whose behalf the call was being made promptly upon making contact with **you**, state all facts in support of such contention with respect to each such call.

    <u>ANSWER:</u>

    10.    **Identify** and **describe Your Cellular Telephone Number** (703-728-9650, along with any other cellular telephone number used by **you** during the relevant time period), including, the date on which you were first assigned that telephone number, and from November 8, 2019 to present, state whether the number is associated with a cellular, mobile, or wireless telephone provider service in connection with that telephone number or any other service for which you incurred a charge for incoming calls or text messages; the name of each such provider; the type of device or telephone associated with that telephone number; the name of each person that controlled, owned, operated, or used that number, and when each person controlled, owned operated, or used that number; and whether or not it was used for personal or business purposes, or both.

    <u>ANSWER:</u>

    11.    Identify all **communications** between **you** and all other persons, other than **your** attorneys, **relating** to **SunPath**, or **your** claims or allegations in this **Lawsuit**, including the date, method, and substance of the **communication** and the identities of all persons with whom **you** had contact.

    <u>ANSWER:</u>

    12.    If **you** assert that **you** or any member of the **proposed classes** ever informed **SunPath** that **you** or they did not want to be contacted by or on behalf of **SunPath**, **describe** the

date and substance of that event or **communication**, the means of such **communication**, and state whether **SunPath** communicated with **you** or any member of the **proposed classes** after such **communication** and **identify** each such **communication**.

ANSWER:

13. State whether **you** have ever been named as a defendant or respondent in any criminal, civil, administrative, or regulatory action under any federal, state, or local law, rule or regulation and provide the following information regarding any such action: the forum for the action, the case number assigned to the action, the legal cause(s) of action asserted in the matter, the status of the action, and the outcome of the action.

ANSWER:

14. **Identify** all vehicle service contracts or related or similar products **you** have purchased, using **your** own name or any alias, between January 26, 2017 and present, including, without limitation, for each such policy, plan or related or similar product, who **you** purchased it from, the administrator of the policy or plan, and the date of purchase and date of cancellation, if applicable.

ANSWER:

15. **Identify** all persons, other than a person intended to be called as an expert witness at trial, who are likely to have knowledge of any of the facts and/or allegations set forth in the Complaint and/or the denials and/or affirmative defenses set forth in any other pleading in this **Lawsuit**, and for each such person, **describe** in detail the facts and/or allegations of which they are likely to have knowledge, **identify** the documents about which they have knowledge, and indicate whether **you** intend to call them as a witness at trial.

ANSWER:

10

16.     Disclose all websites **you** have visited since January 1, 2019 relating to vehicle service contracts, automobile insurance, extended warranty plans, or similar or related products and on or through which you provided any of **Your Telephone Numbers**. Include in **your** answer the address of the website and the dates visited.  **Your** answer should also include whether **you** provided consent to be called to any third party about vehicle service contracts or similar or related products when visiting such websites.

ANSWER:

17.     If **your** response to any of the Requests for Admissions below is a denial, state in full the basis for each such denial.

ANSWER:

18.     If **you** contend that **you** suffered any compensable harm(s) as a result of the calls or text messages identified in **your** answer to Interrogatory No. 1, then state all facts in support of such contention and identify the amount of damages **you** are seeking in this action for such harm(s) and from which Defendant.

ANSWER:

19.     **Identify** the names, addresses, and telephone numbers of any person **you** claim may be a member of the **purported classes** alleged in the **Complaint** (excluding yourself), the **class** or **classes** they are a member of, and identify the specific knowledge that each such person may have vis-à-vis their putative claims against **SunPath**.

ANSWER:

20.     **Describe**, in specific detail, how it came about  that **you** were selected to be a class representative on behalf of the **classes** alleged in the **Complaint** , including how **you** came to hire **your** current counsel to represent **you** and the **classes** in this matter, whether **you**

contacted **your** counsel or whether they contacted **you**, whether **you** were referred to **your** counsel by someone else (if so, by whom), and whether **you** considered hiring any other law firms.

ANSWER:

21.   **Identify** any and all settlement agreements **you** have entered into with any party regarding claims for alleged unlawful telephone calls or text messages, including any alleged violations of the **TCPA** or **VTPPA**, from January 26, 20217 to present, including the parties to those agreements and the amount of any monetary compensation or other consideration **you** received under the terms of such agreements.

ANSWER:

22.   If you contend that your claims against **SunPath** are typical as related to those of the **proposed classes**, **identify** and **describe** in detail all factual and legal bases for that contention.

ANSWER:

23.   If you contend that your claims against **SunPath** contain questions of law and fact that are common to the clams of the **proposed classes**, and those questions predominate over any questions that may affect individual members of the **proposed classes**, **identify** and **describe** in detail all factual and legal bases for those contentions.

ANSWER:

## **<u>VERIFICATION</u>**

I, _____, declare under penalty of perjury, pursuant to

28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.


Dated September ____, 2022.                                    _____

13

## DOCUMENT REQUESTS

1.      All **documents** and **communications** that **you** identified, relied upon, reviewed, considered or consulted in answering any of the foregoing Interrogatories or in **your** Initial Disclosures.

2.      All **documents** and **communications relating to** the information contained in response to each of the Interrogatories.

3.      All **documents** and **communications you** have received from, or sent to, **SunPath** or any third party for whose actions **you** allege **SunPath** is liable, vicariously or otherwise.

4.      All non-privileged **documents** and **communications related to SunPath**, any third party for whose actions **you** allege **SunPath** is liable, the calls for which **you** seek recovery in this action, or any of the allegations contained in **your Complaint**.

5.      All non-privileged **documents** or electronically stored information on **your** computers, tablets, smartphones or other electronic devices **related to SunPath**, or any of the allegations contained in **your Complaint**.

6.      All **documents** memorializing, reflecting or commenting upon the content of any **communication** that **you** had with **SunPath** or any third party for whose actions **you** allege **SunPath** is liable, vicariously or otherwise.

7.      All audio recordings, transcripts and notes in **your** possession **relating to communications** to or from **you** and **SunPath** or any third party for whose actions **you** allege **SunPath**  is liable, vicariously or otherwise.

8.      All calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by **you** in any way **relating to** this **Lawsuit**.

9.    All **documents** and **communications relating to** the information contained in response to each of the Interrogatories and Requests for Admission.

10.    **Documents** or **communications** showing all websites **you** have visited between November 8, 2019 and present relating to vehicle service contracts, auto insurance, extended warranty plans, or similar or related products including providing consent to be called to any third party about such product when visiting such websites.

11.    All **documents** and **communications** evidencing any settlement agreements **you** have entered into or compensation **you** have received from any person or party, relating to this action or the calls or text messages at issue in it.

12.    Any and all written reports and *curriculum vitae* of any expert witness **you** intend to call as a witness at any trial or hearing in this action, a copy of each and every **document**, electronically stored information, physical model, or tangible thing that was generated, prepared or reviewed by or on behalf of an expert in anticipation of trial or that was used in any consultation that forms any basis of the expert' s anticipated testimony, and documents reflecting the compensation to be paid to each expert.

13.    All **documents you** received or that were made available to **you**, electronically or otherwise, from **your** telecommunications service provider(s) for each cellular telephone service **you** used (including that associated with **Your Cellular Telephone Number)** at any time from November 1, 2019 to present (or, to the extent **you** seek recovery for calls outside that period, then include any such time period here), including statements or invoices showing the amount billed, subscriber agreements, terms and/or conditions of service, the duration of each call made and received, the telephone number for each call made or received, and the charges imposed for each call made or received.

14.     All pleadings, correspondence, discovery, settlement agreements, payments received, judgments, **documents** evidencing monies paid, and other non-privileged **documents relating to** any demand, claim, allegation, litigation, administrative, or regulatory investigation or proceeding, other than this **Lawsuit**, to which **you** have ever been a party at any time in the past five years, in which **you** have sought damages or any other form of relief under the **TCPA**, **VTPPA**, or any other state law **relating** to telemarketing or other allegedly unlawful communications.

15.     All **documents you** receive in response to any document request, subpoena or other substantially similar demand for the production of documents or things that **you** have served or serve in the future on any party or non-party in connection with this **Lawsuit**.

16.     All **documents** and **communications** evidencing any member of the **purported classes**' receipt of a call from **SunPath** or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise.

17.     All **documents** and **communications** evidencing the identity of any person, other than **you**, whom **you** claim is a member of any of the **purported classes** as alleged in the **Complaint**.

18.     Recordings of all telephone calls received by **purported class** members from **SunPath** or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise.

19.     **You** and **your** attorneys' **communications** with any member of the **purported classes** (excluding yourself), including any documents reflecting notes of such **communications**. This includes any **communications** to any member of the **purported classes**, even if the class member did not respond.

20.     All documents reflecting notes of communications between any potential member of the purported classes and **SunPath** or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise, including any documents reflecting notes of such communications.

21.     All **documents** reflecting notes of **communications** between **you** and any potential member of the **purported classes**, including any **documents** reflecting notes of such **communications**.

22.     All **documents** and **communications** reflecting all telephone numbers at which any member of the **purported classes** received calls from **SunPath**  or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise.

23.     All **documents** evidencing any damages and/or harm caused to any potential members of the **purported classes** as a result of their receipt of calls from **SunPath** or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise.

24.     All **documents** and **communications** exchanged between you and any member of the **purported classes** relating to the facts and/or allegations contained in the **Complaint**.

25.     All **documents** and **communications** relating to **your** and any member of the **purported classes'** consent to receive calls or text messages from **SunPath** or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise.

26.     All **documents** and **communications** relating to **your** and any member of the **purported classes'** established business relationship, as defined by 47 C.F.R. § 64.1200(f)(5), with **SunPath** or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise.

27.     All **documents** and **communications** relating to **you** registering **Your Cellular Telephone Number** and any of the members of the **proposed classes** registering their telephone number on the National Do Not Call Registry, and then **SunPath** or any third-party for whose actions you allege **SunPath** is liable, vicariously or otherwise, making telephone calls to **you** or them without proper consent or an established business relationship (as defined by 47 C.F.R. § 64.1200(f)(5)).

28.     All **documents** and **communications** that identify any potential members of the **purported classes** (other than yourself).

29.     All **documents** and **communications** that represent or evidence the number of persons that may be members that fall within the **purported classes**.

30.     All **documents** and **communications** that support your contention that **SunPath** is vicariously liable for calls received by **you** or any member of the **purported classes**.

31.     All **documents** and **communications** regarding **your** attorneys' prior putative class action lawsuits and class representations evidencing their ability to adequately represent the **purported classes**.

32.     All **documents** and **communications you** intend to rely upon to support **your** request for class certification.

33.     Documents that support **your** contention that the **proposed classes** are capable of being certified, including but not limited to, documents supporting that the **classes** are numerous enough for certification, have common issues that will predominate over individual issues, have typical issues, and have adequate representation.

## REQUESTS FOR ADMISSION

1.      During the period November 8, 2019 to present, the only cellular telephone number registered in **your** name was 703-728-9650.

2.      During the period November 8, 2019 to present, a cellular telephone number registered in **your** name was 703-728-9650.

3.      During the period January 1, 2019 to present, **you** visited a website and provided **your** phone number to be contacted regarding vehicle service contracts, or related or similar products.

4.      During the period January 1, 2019 to present, **you** have asked another person to visit a website and provide **your** phone number to be contacted regarding vehicle service contracts, or related or similar products.

5.      Prior to May 26, 2020, **you** did not receive any calls to **Your Cellular Telephone Numbers** from or allegedly on behalf of **SunPath**.

6.      After June 9, 2020, **you** did not receive any calls to **Your Cellular Telephone Numbers** from or allegedly on behalf of **SunPath**.

7.      **You** are in possession of no written or audio evidence that **SunPath** or any party allegedly acting on **SunPath**'s behalf contacted **you** via **Your Cellular Telephone Number** before May 26, 2020.

8.      **You** are in possession of no written or audio evidence that **SunPath** or any party allegedly acting on **SunPath**'s behalf contacted **you** via **Your Cellular Telephone Number** after June 9, 2020.

9.      **You** were not assessed any per-call or data rate charges in connection with any telephone calls that **you** allege **you** received from or on behalf of **SunPath**.

10.     None of the calls that **you** received in May or June 2020 that are described in Paragraphs 23-24 of your Complaint were made with a prerecorded or artificial voice message.

11.     **You** provided y**our** consent to receive the telephone calls identified in **your** Complaint.

12.     **You** had an established business relationship, as defined by 47 C.F.R. § 64.1200(f)(5), with **SunPath** or any third party for whose actions you allege **SunPath** is liable, vicariously or otherwise, at the time you received the calls at issue.

13.     The telephone calls **you** allegedly received, as described in Paragraphs 23-24 of **your Complaint**, were not from or on behalf of **SunPath**.

14.     During each of the calls described in Paragraphs 23-24 of **your Complaint**, the caller promptly identified the name of the person on whose behalf the telephone call was being made.

15.     During each of the calls described in Paragraphs 23-24 of **your Complaint**, the caller promptly identified his or herself by his or her first and last name.

16.     During each of the calls described in Paragraphs 23-24 of **your Complaint**, the caller did not state that he or she was calling from or on behalf of SunPath.

17.     At no point on or before June 9, 2020 did **you** ever advise **SunPath** not to call you.

18.     **You** were located in Virginia when you received the calls listed in **your Complaint**.

19.     **You** personally registered **Your Cellular Telephone Number** on the National Do Not Call Registry on November 8, 2019.

20

20.     Another person, other than yourself, registered **Your Cellular Telephone Number** on the National Do Not Call Registry.

Dated:  August 29, 2022                     Respectfully submitted,

                                            SUNPATH, LTD.

                                            By Counsel

                                            By: /s/ *Joseph P. Bowser*
                                            Joseph P. Bowser (VSB No. 88399)
                                            Roth Jackson Gibbons Condlin, PLC
                                            1519 Summit Avenue, Suite 102
                                            Richmond, VA 23230
                                            T: 804-441-8701
                                            F: 804-441-8438
                                            jbowser@rothjackson.com

                                            Gregory M. Caffas (VSB No. 92142)
                                            Mitchell N. Roth (VSB No. 35863)
                                            Roth Jackson Gibbons Condlin, PLC
                                            8200 Greensboro Drive, Suite 820
                                            McLean, VA 22102
                                            T: 703-485-3533
                                            F: 703-485-3525
                                            gcaffas@rothjackson.com
                                            mroth@rothjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2022, a copy of the foregoing document was served via email to the following:

Francis J. Driscoll, Jr.
**Law Office of Frank J. Driscoll Jr. PLLC**
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
T: 757-321-0054
F:757-321-4020
frank@driscolllawoffice.com

Patrick H. Peluso
**Woodrow & Peluso, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
T: 720-213-0675
F: 303 927-0809
ppeluso@woodrowpeluso.com

**Counsel for Plaintiff Ruth Smith**

/s/ *Joseph P. Bowser*
Joseph P. Bowser

22