# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Ruth Smith ("Smith" or "Plaintiff"), by and through her undersigned counsel, for

her third supplemental esponses and objections to Defendant SunPath, Ltd.'s ("Defendant" or

"SunPath") First Set of Discovery Requests, states as follows: all responses and objections

contained herein are based only upon such information presently available to Plaintiff. Further

discovery, investigation, research and analysis may supply additional facts and/or add meaning

to known facts. The responses below are given without prejudice to Plaintiff's right to later

produce additional documents or information.

**INTERROGATORIES**

1.      Identify all telephone calls to Your Cellular Telephone Numbers for which you

seek recovery in this Lawsuit that you allege were made by or on behalf of SunPath, and state all

factual bases for your contention that each call was made by or on behalf of SunPath.

ANSWER: Objection, this interrogatory also seeks information that is more readily in the

possession, custody, or control of Defendant and/or third parties. This interrogatory is also

premature. Without waiving said objections, Plaintiff will produce documents evidencing the

1

calls that she received by or on behalf of SunPath. The calls at issue were placed for the purpose

of selling SunPath's products and services. Plaintiff will supplement this response following the

receipt of relevant calling data from third parties.

 SUPPLEMENTAL ANSWER: Objection, this interrogatory also seeks information that

is more readily in the possession, custody, or control of Defendant and/or third parties. This

interrogatory is also premature. Without waiving said objections, Plaintiff will produce

documents evidencing the calls that she received by or on behalf of SunPath. The calls at issue

were placed for the purpose of selling SunPath's products and services. Plaintiff will supplement

this response following the receipt of relevant calling data from third parties.

 On May 26, 2020, Plaintiff received two unsolicited calls from the caller ID 410-844-

6327 directed to her cellular telephone number ending in 9650. Upon answering the calls,

Plaintiff heard a pause and a click, which is indicative of an automatic telephone dialing system.

On information and belief, this call was placed using the Five9, Inc. dialing system, which

Plaintiff asserts constitutes an ATDS. The caller did not identify themselves by their first and last

name. Further, the caller solicited Plaintiff to purchase SunPath's products and services.

 Also on May 26, 2020, Plaintiff received two unsolicited calls from the caller ID 281-

709-0786 at 4:45 p.m. and 6:51 p.m. directed to her cellular telephone number ending in 9650.

These calls went unanswered. On information and belief, the calls were placed using the Five9,

Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was

to solicit the sale of SunPath's products and services.

 On May 28, 2020, Plaintiff received seven unsolicited calls from the caller ID 281-709-

0786 directed to her cellular telephone number ending in 9650. Plaintiff received three calls at

10:07 a.m., 1:52 p.m., and 1:54 p.m., which went unanswered. Plaintiff answered three calls at

10:57 a.m., 12:51 p.m., and 3:08 p.m. Upon answering the 10:57 a.m. and 12:51 p.m. calls, Plaintiff heard music and a three to five second delay before being connected to "Samantha" (no last name was provided). Upon answering the 3:08 p.m. call, Plaintiff heard music and a three to five second delay before being connected to "Rebecca" (no last name was provided) before being transferred to "Samantha" (no last name was provided). Following the 3:08 p.m. call, Plaintiff received an email from Samantha Jaeger. Plaintiff also received a call at 11:51 a.m., which was unanswered and "Samantha" (no last name was provided) left a voicemail message. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. Further, all of the calls were placed for the purpose of soliciting the sale of SunPath's products and services.

On May 29, 2020, Plaintiff received one unsolicited call from the caller ID 281-709-0786 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On May 29, 2020, Plaintiff received four unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On May 30, 2020, Plaintiff received three unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff

3

asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On June 1, 2020, Plaintiff received seven unsolicited calls from the caller ID 281-709-0786 directed to her cellular telephone number ending in 9650 at the following times: 10:14 a.m., 5:11 p.m., 5:12 p.m., 5:41 p.m., 7:08 p.m., 7:09 p.m., and 7:10 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On June 1, 2020, Plaintiff received one unsolicited call from the caller ID 281-709-0849 directed to her cellular telephone number ending in 9650. After this call went unanswered, the caller left a voicemail message, in which they did not identify themselves by first and last name. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of this call was to solicit the sale of SunPath's products and services.

On June 2, 2020, Plaintiff received three unsolicited calls from the caller ID 281-709-0786 directed to her cellular telephone number ending in 9650 at the following times: 1:44 p.m., 4:13 p.m., and 5:34 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On June 3, 2020, Plaintiff received three unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: at 1:05 p.m., 5:34 p.m., and 7:21 p.m. These calls went unanswered. On information and belief, the calls

were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On June 4, 2020, Plaintiff received one unsolicited call from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On June 5, 2020, Plaintiff received five unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 10:52 a.m., 10:53 a.m., 11:31 a.m., 12:32 p.m., and 2:46 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On June 6, 2020, Plaintiff received two unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 2:17 p.m. and 2:18 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

On June 8, 2020, Plaintiff received eight unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 12:59 p.m., 1:00 p.m., 1:21 p.m., 4:51 p.m., 4:52 p.m., 7:31 p.m., and two calls at 7:32 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing

5

system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

Also on June 8, 2020, Plaintiff received an unsolicited call from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at 1:00 p.m. The caller left a voicemail soliciting the sale of SunPath's products and services and did not identify themselves by first and last name. On information and belief, the call was placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of this call was to solicit the sale of SunPath's products and services.

On June 9, 2020, Plaintiff received four unsolicited calls from the caller ID 407-479-7228 directed to her cellular telephone number ending in 9650 at the following times: 11:10 p.m., 4:32 p.m., and two calls at 7:39 p.m. These calls went unanswered. On information and belief, the calls were placed using the Five9, Inc. dialing system, which Plaintiff asserts constitutes an ATDS. The purpose of these calls was to solicit the sale of SunPath's products and services.

Plaintiff reserves the right to supplement this response following the receipt of relevant documents and data from third parties, which identify all of the calls at issue in this case.

NOVEMBER 30, 2022 SECOND SUPPLEMENTAL ANSWER: Plaintiff has requested the relevant call records from her telephone service provider, AT&T. She was informed on November 16, 2022 that the records would be mailed to her. As of today, November 30, 2022, Plaintiff has not received the records in the mail from AT&T. When she does, the relevant records will be produced.

DECEMBER 8, 2022 THIRD SUPPLEMENTAL ANSWER: Plaintiff seeks damages and recovery for all calls placed to her cellular telephone number ending in 9650, which are reflected in the call records produced by Five9, Inc. The Five9, Inc. call records were produced

6

to SunPath on November 30, 2022. Plaintiff has requested the relevant call records from her

telephone service provider, AT&T. She was informed on November 16, 2022 that the records

would be mailed to her. Plaintiff again requested the call records from AT&T on December 3,

2022. As of today, December 8, 2022, Plaintiff has not received the records in the mail from

AT&T. When she does, the relevant records will be produced.

<b><u>REQUESTS FOR ADMISSION</u></b>

8.      You are in possession of no written or audio evidence that SunPath or any party

allegedly acting on SunPath's behalf contacted you via Your Cellular Telephone Number after

June 9, 2020.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either

admit or deny this request.

SUPPLEMENTAL RESPONSE: Plaintiff admits that she is not currently in possession

of any audio evidence reflecting any communications by SunPath or any party acting on behalf

of SunPath directed to her cellular telephone after June 9, 2020. Plaintiff also admits that she is

not presently aware of any written evidence that are in her possession reflecting communications

by SunPath or any party acting on behalf of SunPath directed to her cellular telephone after June

9, 2020. However, Plaintiff can neither admit nor deny whether she is, in fact, in possession of

written evidence reflecting calls placed by SunPath or any party acting on behalf of SunPath

directed to her cellular telephone after June 9, 2020 because she has access to her cellular

telephone bills, which may reflect such calls once third parties identify the full scope of the calls.

Additionally, SunPath refused to identify third parties that may have placed calls to Plaintiff in

discovery, which may reveal responsive documents and information.

NOVEMBER 30, 2022 SECOND SUPPLEMENTAL ANSWER: Admit, as of this date,

given the information currently in Smith's physical possession. To the extent the cellphone

records referenced above, or other discovery,  changes the answer, a supplement will be sent.

DECEMBER 8, 2022 THIRD SUPPLEMENTAL ANSWER: Denied.


Dated: December 8, 2022                           **RUTH SMITH**, individually and on behalf of all
                                                                 others similarly situated,

                                                                 By:  _/s/  Patrick H. Peluso_____
                                                                          One of Plaintiff's Attorneys

                                                                 Francis J. Driscoll, Jr.
                                                                 (frank@driscolllawoffice.com)
                                                                 4669 South Blvd., Suite 107
                                                                 Virginia Beach, VA 23452
                                                                 Telephone: 757-321-0054
                                                                 Facsimile: 757-321-4020

                                                                 Patrick H. Peluso
                                                                 ppeluso@woodrowpeluso.com
                                                                 Woodrow & Peluso, LLC
                                                                 3900 East Mexico Ave., Suite 300
                                                                 Denver, Colorado 80210
                                                                 Telephone: (720) 213-0675
                                                                 Facsimile: (303) 927-0809

                                                                 Attorneys for Plaintiff and the Classes


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was

served upon counsel of record by electronic mail on December 8, 2022.

_/s/ Patrick H. Peluso_

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00081-LMB-WEF |
| Plaintiff, | |
| v. | |
| **SUNPATH, LTD.**, a Massachusetts corporation, | |
| Defendant. | |

**PLAINTIFF'S RUTH SMITH'S VERIFICATION**

I, Ruth Smith, of full age, verify as follows:

I have read the foregoing supplemental responses to the Interrogatories and Requests for Admission (excluding objections, legal conclusions, or matters that are of public record) and verify that they are true, accurate and complete based upon my personal knowledge of the information contained in them, except as set forth below.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on ___12 / 08 / 2022___ .


_____
Ruth Smith

1

Doc ID: 5ca6d000c4f2eec2ed8ba71250b2ba68bd73981d