# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Ruth Smith ("Smith" or "Plaintiff"), by and through her undersigned counsel, for her responses and objections to Defendant SunPath, Ltd.'s ("Defendant" or "SunPath") First Set of Discovery Requests, states as follows: all responses and objections contained herein are based only upon such information presently available to Plaintiff. Further discovery, investigation, research and analysis may supply additional facts and/or add meaning to known facts. The responses below are given without prejudice to Plaintiff's right to later produce additional documents or information.

**INTERROGATORIES**

1.      Identify all telephone calls to Your Cellular Telephone Numbers for which you seek recovery in this Lawsuit that you allege were made by or on behalf of SunPath, and state all factual bases for your contention that each call was made by or on behalf of SunPath.

ANSWER: Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, Plaintiff will produce documents evidencing the

calls that she received by or on behalf of SunPath. The calls at issue were placed for the purpose of selling SunPath's products and services. Plaintiff will supplement this response following the receipt of relevant calling data from third parties.

2.      If you contend that SunPath is directly liable for any of the telephone calls identified in your answer to Interrogatory No. 1, identify such telephone calls and state all facts in support of such contention.

ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff asserts that SunPath is directly liable under Va. Code Ann. § 59.1-514.1 (West) for the calls in violation of the VTPPA.

3.      If you contend that SunPath is vicariously liable for any of the telephone calls identified in your answer to Interrogatory No. 1, identify such telephone calls and state all facts in support of such contention with respect to each such call.

ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff states that the calls at issue were placed for the purpose of selling SunPath's products and services. Moreover, Plaintiff directs SunPath's attention to its contractual agreements with Chukran Management Group, LLC and other third parties. Additionally, in the context of the VTPPA claims, Plaintiff asserts that SunPath is liable under Va. Code Ann. § 59.1-514.1 (West). Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of relevant documents and data.

4.      If you contend that SunPath or any third-party you allege is SunPath's agent utilized an automatic system for the selection or dialing of telephone numbers regulated by the

TCPA and/or the VTPPA to make any calls to Your Cellular Telephone Number or to any members of the proposed classes, then state the factual and legal basis for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff heard a pause and click when answering the calls at issue, which is indicative of the use of an ATDS. Further, Plaintiff received more than fifty telemarketing calls on behalf of SunPath within a span of a couple of weeks. Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of relevant documents identifying the dialing system.

5.      If you contend that SunPath or any third-party you allege is SunPath's agent called Your Cellular Telephone Number or to any members of the proposed classes, without implementing internal procedures for maintaining a list of persons who request not to be called by SunPath or any third-party you alleged is SunPath's agent and/or without implementing procedures meeting requirements from 47 C.F.R. § 64.1200(d), then state the factual and legal bases for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal

conclusion. Without waiving said objections, Plaintiff received numerous unsolicited calls despite being registered on the national DNC Registry. Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of relevant documents.

6.      If you contend SunPath or any third-party you allege is SunPath's agent made calls to Your Cellular Telephone Number, or to any members of the proposed classes, that utilized an artificial or prerecorded voice, then state the factual and legal bases for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER: Objection, this contention interrogatory is grossly premature. This interrogatory is also overbroad and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff does not assert that the calls at issue featured a prerecorded voice.

7.      If you contend that you registered Your Cellular Telephone Number or any members of the proposed classes registered their telephone number on the National Do Not Call Registry, and then SunPath or any third-party you allege is SunPath's agent made telephone calls to you or them without proper consent from you or the member or an established business relationship with you or them (as defined by 47 C.F.R. § 64.1200(f)(5)), then state the factual and legal bases for that contention and identify the members of the putative classes that allegedly received such calls.

ANSWER: Objection, this contention interrogatory is grossly premature. The

4

interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff will produce documents reflecting the registration of her cellular telephone number on the DNC Registry. At no time did Plaintiff consent to the calls at issue or establish a business relationship. Otherwise, investigation continues, and Plaintiff will supplement this response following the receipt of the relevant class data.

8.      If you contend SunPath or any third-party you allege is SunPath's agent called Your Cellular Telephone Number, or to any members of the proposed classes, willfully or knowingly in violation of the TCPA and/or VTPPA, then identify such members and state the factual and legal bases for that contention.

ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff received numerous telemarketing calls despite being registered on the national DNC Registry. Further, neither SunPath nor its agents have been able to produce any consent to place the calls at issue. Moreover, Plaintiff requested that the calls stop to no avail. Otherwise, Plaintiff reserves the right to supplement this response.

9.      If you contend that the party that made any of the telephone calls identified in your answer to Interrogatory No. 1 failed to identify his or herself by his or her first and last name and by the name of the person on whose behalf the call was being made promptly upon

making contact with you, state all facts in support of such contention with respect to each such call.

ANSWER: Objection, this interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, when Plaintiff answered the calls at issue, the callers never identified their first and last name as required by the VTPPA.

10.    Identify and describe Your Cellular Telephone Number (703-728-9650, along with any other cellular telephone number used by you during the relevant time period), including, the date on which you were first assigned that telephone number, and from November 8, 2019 to present, state whether the number is associated with a cellular, mobile, or wireless telephone provider service in connection with that telephone number or any other service for which you incurred a charge for incoming calls or text messages; the name of each such provider; the type of device or telephone associated with that telephone number; the name of each person that controlled, owned, operated, or used that number, and when each person controlled, owned operated, or used that number; and whether or not it was used for personal or business purposes, or both.

ANSWER: Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Here, the interrogatory seeks information regarding telephone numbers that have no relationship to the claims or defenses in this case. This interrogatory is also compound and actually consists of six separate interrogatories.  Without waiving said objections, Plaintiff's obtained the telephone number ending in 9650 in or around 2006. Plaintiff's wireless provider is AT&T and the device

is an Apple iPhone 12 Pro. Plaintiff is the primary and customary user of this telephone number and it is used for personal purposes.

11.     Identify all communications between you and all other persons, other than your attorneys, relating to SunPath, or your claims or allegations in this Lawsuit, including the date, method, and substance of the communication and the identities of all persons with whom you had contact.

ANSWER: Objection, this interrogatory is also overbroad and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney client privilege and the work product doctrine. This interrogatory also constitutes an impermissible fishing expedition. Without waiving said objections, Plaintiff does not recall any communications responsive to this interrogatory.

12.     If you assert that you or any member of the proposed classes ever informed SunPath that you or they did not want to be contacted by or on behalf of SunPath, describe the date and substance of that event or communication, the means of such communication, and state whether SunPath communicated with you or any member of the proposed classes after such communication and identify each such communication.

ANSWER: Objection, this interrogatory is also overbroad and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney work product doctrine. This interrogatory also constitutes an impermissible fishing expedition. This interrogatory also seeks

information more readily in the possession of Defendant and/or third parties. This interrogatory is also premature. Without waiving said objections, Plaintiff recalls asking the callers to stop placing telemarketing calls, however, she does not recall the exact date and time of the requests. Plaintiff will supplement this response following the receipt of relevant documents and data.

13.     State whether you have ever been named as a defendant or respondent in any criminal, civil, administrative, or regulatory action under any federal, state, or local law, rule or regulation and provide the following information regarding any such action: the forum for the action, the case number assigned to the action, the legal cause(s) of action asserted in the matter, the status of the action, and the outcome of the action.

ANSWER: Objection, this interrogatory is also overbroad and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. This interrogatory also seeks information that is publicly available and of no greater burden for defendant to obtain than it is for Plaintiff. Plaintiff further objects to the extent this interrogatory seeks confidential information. This interrogatory is also intended to harass. Without waiving said objections, Plaintiff was involved in a divorce proceeding in the District of Columbia.

14.     Identify all vehicle service contracts or related or similar products you have purchased, using your own name or any alias, between January 26, 2017 and present, including, without limitation, for each such policy, plan or related or similar product, who you purchased it from, the administrator of the policy or plan, and the date of purchase and date of cancellation, if applicable.

ANSWER: Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks

8

information that is in no way related to the claims and allegations at issue. Here, the interrogatory seeks information regarding products and contracts that have no relevance to the claims and defenses in this lawsuit. As such, this interrogatory constitutes an impermissible fishing expedition. This interrogatory is also vague and unclear as to what is meant by "vehicle service contracts or related or similar products". Without waiving said objections, Plaintiff has not purchased any vehicle service contracts or related or similar products.

15.     Identify all persons, other than a person intended to be called as an expert witness at trial, who are likely to have knowledge of any of the facts and/or allegations set forth in the Complaint and/or the denials and/or affirmative defenses set forth in any other pleading in this Lawsuit, and for each such person, describe in detail the facts and/or allegations of which they are likely to have knowledge, identify the documents about which they have knowledge, and indicate whether you intend to call them as a witness at trial.

ANSWER: Objection, this interrogatory is premature as discovery has just commenced. This interrogatory also seeks information more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney work product doctrine. Without waiving said objections, please see Plaintiff's Rule 26(a)(1) initial disclosures. Otherwise, Plaintiff will supplement her disclosures should additional witnesses become known.

16.     Disclose all websites you have visited since January 1, 2019 relating to vehicle service contracts, automobile insurance, extended warranty plans, or similar or related products and on or through which you provided any of Your Telephone Numbers. Include in your answer the address of the website and the dates visited. Your answer should also include whether you provided consent to be called to any third party about vehicle service contracts or similar or

related products when visiting such websites.

ANSWER: Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Here, this interrogatory seeks information regarding products and services that have no relevance to the claims and defenses in this lawsuit. The interrogatory is also vague and unclear as to what is meant by "vehicle service contracts, automobile insurance, extended warranty plans, or similar or related products". This interrogatory also constitutes an impermissible fishing expedition and is intended to harass. Without waiving said objections, Plaintiff does not recall visiting any websites relating to vehicle service contracts or extended warranty plans.

17.     If your response to any of the Requests for Admissions below is a denial, state in full the basis for each such denial.

ANSWER: Objection, this interrogatory is compound and comprised of up to twenty (20) separate interrogatories. Plaintiff will consider responding to a revised and proper interrogatory.

18.     If you contend that you suffered any compensable harm(s) as a result of the calls or text messages identified in your answer to Interrogatory No. 1, then state all facts in support of such contention and identify the amount of damages you are seeking in this action for such harm(s) and from which Defendant.

ANSWER: Objection, this interrogatory is premature as discovery has just commenced. This interrogatory also seeks information more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that she is entitled to $500 - $1,500 per call received in violation of the TCPA, $500 per call for the first call received in violation of the VTPPA, $1,000

per call for the second call received in violation of the VTPPA, and $5000 per call for each subsequent call received in violation of the VTPPA. Plaintiff is unable to provide a full and complete computation of damages at this time. Discovery is ongoing and Plaintiff will supplement this response following receipt of relevant data from Defendant and any other relevant sources regarding the number of calls made. Plaintiff further states that the legal harms she suffered include aggravation, nuisance, invasions of privacy that result from the receipt of Defendant's unwanted calls, loss of value realized for the monies it paid to its wireless carrier, interruption and loss of use and enjoyment of her telephone (including the related data, software, and hardware components), and wear and tear on her cellphones.

19.     Identify the names, addresses, and telephone numbers of any person you claim may be a member of the purported classes alleged in the Complaint (excluding yourself), the class or classes they are a member of, and identify the specific knowledge that each such person may have vis-à-vis their putative claims against SunPath.

ANSWER: Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. This interrogatory is also premature as discovery has just commenced. This interrogatory also seeks information more readily in the possession, custody, or control of Defendant and/or third parties. This interrogatory also calls for a legal conclusion. Without waiving these objections, Plaintiff will supplement this response following the receipt of relevant class data from Defendant and/or third parties.

20.     Describe, in specific detail, how it came about that you were selected to be a class representative on behalf of the classes alleged in the Complaint , including how you came to hire your current counsel to represent you and the classes in this matter, whether you contacted your

counsel or whether they contacted you, whether you were referred to your counsel by someone else (if so, by whom), and whether you considered hiring any other law firms.

ANSWER: Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Indeed, the circumstances of how Plaintiff located her counsel is of zero relevance to the claims and defenses in this lawsuit. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney client privilege and the work product doctrine. This interrogatory is also designed to harass.

21.     Identify any and all settlement agreements you have entered into with any party regarding claims for alleged unlawful telephone calls or text messages, including any alleged violations of the TCPA or VTPPA, from January 26, 20217 to present, including the parties to those agreements and the amount of any monetary compensation or other consideration you received under the terms of such agreements.

ANSWER: Objection, this interrogatory is also overbroad, unduly burdensome, and beyond the scope of discovery set forth by FRCP 26(b)(1), as this interrogatory seeks information that is in no way related to the claims and allegations at issue. Here, this interrogatory seeks information regarding settlement and lawsuits that has no relevance to the claims and defenses in this lawsuit. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney client privilege and/or confidentiality agreements. This interrogatory is also designed to harass.

22.     If you contend that your claims against SunPath are typical as related to those of the proposed classes, identify and describe in detail all factual and legal bases for that contention.

12

ANSWER:  Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that SunPath utilizes third parties to place calls on its behalf for the purpose of soliciting the sale of its vehicle service protection plans. Plaintiff, like all class members, was the recipient of numerous unsolicited telemarketing calls placed on behalf of SunPath. Further, Plaintiff is a resident of Virginia who is registered on the nation DNC Registry. Despite her registration, Plaintiff received numerous unsolicited calls on behalf of SunPath. When she received the calls at issue, the callers did not identify themselves by name. As such, Plaintiff's claims are typical of the Classes' claims. Otherwise, Plaintiff will supplement this response to provide further facts and information as they are produced by SunPath and third parties.

23.     If you contend that your claims against SunPath contain questions of law and fact that are common to the clams of the proposed classes, and those questions predominate over any questions that may affect individual members of the proposed classes, identify and describe in detail all factual and legal bases for those contentions.

ANSWER: Objection, this contention interrogatory is grossly premature. The interrogatory also seeks information that is more readily in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to this interrogatory to the extent it calls for information protected by the work product doctrine. This interrogatory also calls for a legal conclusion. Without waiving said objections, Plaintiff states that SunPath utilizes third parties to place calls on its behalf for the purpose of soliciting the sale of its vehicle service protection

plans. Defendant failed to obtain consumers prior express written consent prior to the calls being

placed. Further, the third parties fail to identify themselves during the solicitation calls at issue.

SunPath and third parties acted in a uniform manner with respect to all class members.

Otherwise, Plaintiff will supplement this response to provide further facts and information as

they are produced by SunPath and third parties.

## DOCUMENT REQUESTS

1.      All documents and communications that you identified, relied upon, reviewed, considered or consulted in answering any of the foregoing Interrogatories or in your Initial Disclosures.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

2.      All documents and communications relating to the information contained in response to each of the Interrogatories.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

3.      All documents and communications you have received from, or sent to, SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks

15

documents or information in the possession, custody, or control of Defendant and/or third parties. This request also represents an impermissible fishing expedition. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

4.      All non-privileged documents and communications related to SunPath, any third party for whose actions you allege SunPath is liable, the calls for which you seek recovery in this action, or any of the allegations contained in your Complaint.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of Defendant and/or third parties. This request is also vague and unclear as to what is meant by "documents and communications related to SunPath, any third party". This request also represents an impermissible fishing expedition. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

5.      All non-privileged documents or electronically stored information on your computers, tablets, smartphones or other electronic devices related to SunPath, or any of the allegations contained in your Complaint.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of Defendant and/or third parties. This request is also vague and unclear as to what is meant by "non-privileged documents or electronically stored information on your computers, tablets, smartphones or other electronic

16

devices related to SunPath". This request also represents an impermissible fishing expedition.

6.      All documents memorializing, reflecting or commenting upon the content of any communication that you had with SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

7.      All audio recordings, transcripts and notes in your possession relating to communications to or from you and SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

8.      All calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you in any way relating to this Lawsuit.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

9.      All documents and communications relating to the information contained in response to each of the Interrogatories and Requests for Admission.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or the work product doctrine. This request is also compound and consists of up to forty-three (43) separate requests. Plaintiff will consider responding to a revised request for production.

10.     Documents or communications showing all websites you have visited between November 8, 2019 and present relating to vehicle service contracts, auto insurance, extended warranty plans, or similar or related products including providing consent to be called to any third party about such product when visiting such websites.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Here, this request seeks

information regarding products and services that have no relevance to the claims and defenses in

this lawsuit. This request also seeks documents or information in the possession, custody, or

control of third parties. This request is also vague and unclear as to what is meant by "vehicle

service contracts, auto insurance, extended warranty plans, or similar or related products" and is

designed to harass. Finally, this request represents an impermissible fishing expedition. Without

waiving said objections, Plaintiff does not possess any responsive documents.

11.     All documents and communications evidencing any settlement agreements you

have entered into or compensation you have received from any person or party, relating to this

action or the calls or text messages at issue in it.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the

scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is

irrelevant and disproportionate to the claims and allegations in this case. Here, this request seeks

information regarding settlement agreements that are confidential and are unrelated to the claims

and defenses in this lawsuit. This request is also designed to harass and represents an

impermissible fishing expedition.

12.     Any and all written reports and curriculum vitae of any expert witness you intend

to call as a witness at any trial or hearing in this action, a copy of each and every document,

electronically stored information, physical model, or tangible thing that was generated, prepared

or reviewed by or on behalf of an expert in anticipation of trial or that was used in any

consultation that forms any basis of the expert' s anticipated testimony, and documents reflecting

the compensation to be paid to each expert.

RESPONSE: Objection, this request is premature as discovery is ongoing. Plaintiff

further objects to the extent this request seeks documents and information protected by the

attorney work product doctrine. Further, this request prematurely seeks the disclosure of expert testimony before the deadline set by Fed. R. Civ. P. 26(a)(2), *et seq.* Plaintiff also objects to the extent this request seeks information protected from disclosure under Fed. R. Civ. P. 26(b)(4), *et seq.*

13.     All documents you received or that were made available to you, electronically or otherwise, from your telecommunications service provider(s) for each cellular telephone service you used (including that associated with Your Cellular Telephone Number) at any time from November 1, 2019 to present (or, to the extent you seek recovery for calls outside that period, then include any such time period here), including statements or invoices showing the amount billed, subscriber agreements, terms and/or conditions of service, the duration of each call made and received, the telephone number for each call made or received, and the charges imposed for each call made or received.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents or information in the possession, custody, or control of third parties. Plaintiff does not possess any responsive documents for the time period in which the calls were placed.

14.     All pleadings, correspondence, discovery, settlement agreements, payments received, judgments, documents evidencing monies paid, and other non-privileged documents relating to any demand, claim, allegation, litigation, administrative, or regulatory investigation or proceeding, other than this Lawsuit, to which you have ever been a party at any time in the past five years, in which you have sought damages or any other form of relief under the TCPA, VTPPA, or any other state law relating to telemarketing or other allegedly unlawful

communications.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request also seeks documents protected by confidentiality agreements. This request is also designed to harass and represents an impermissible fishing expedition.

15.     All documents you receive in response to any document request, subpoena or other substantially similar demand for the production of documents or things that you have served or serve in the future on any party or non-party in connection with this Lawsuit.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request is also premature. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents.

16.     All documents and communications evidencing any member of the purported classes' receipt of a call from SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is premature. This request also seeks documents and information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

17.     All documents and communications evidencing the identity of any person, other than you, whom you claim is a member of any of the purported classes as alleged in the

Complaint.

RESPONSE: Objection, this request is premature. This request also seeks documents and information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

18.     Recordings of all telephone calls received by purported class members from SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is premature. This request also seeks documents and information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

19.     You and your attorneys' communications with any member of the purported classes (excluding yourself), including any documents reflecting notes of such communications. This includes any communications to any member of the purported classes, even if the class member did not respond.

RESPONSE Objection, this request is premature. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine.

20.     All documents reflecting notes of communications between any potential member of the purported classes and SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise, including any documents reflecting notes of such communications.

22

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. This request is also premature.

21.    All documents reflecting notes of communications between you and any potential member of the purported classes, including any documents reflecting notes of such communications.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. Without waiving said objections, Plaintiff does not possess responsive documents.

22.    All documents and communications reflecting all telephone numbers at which any member of the purported classes received calls from SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

23.    All documents evidencing any damages and/or harm caused to any potential members of the purported classes as a result of their receipt of calls from SunPath or any third

party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents. Further, Plaintiff will supplement this response to produce responsive documents as they are produced by SunPath and any third parties.

24.     All documents and communications exchanged between you and any member of the purported classes relating to the facts and/or allegations contained in the Complaint.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. Without waiving said objections, Plaintiff does not possess responsive documents.

25.     All documents and communications relating to your and any member of the purported classes' consent to receive calls or text messages from SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. Without waiving said objections, Plaintiff does not possess responsive documents.

26.     All documents and communications relating to your and any member of the

purported classes' established business relationship, as defined by 47 C.F.R. § 64.1200(f)(5), with SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney client privilege. Without waiving said objections, Plaintiff does not possess responsive documents.

27.     All documents and communications relating to you registering Your Cellular Telephone Number and any of the members of the proposed classes registering their telephone number on the National Do Not Call Registry, and then SunPath or any third-party for whose actions you allege SunPath is liable, vicariously or otherwise, making telephone calls to you or them without proper consent or an established business relationship (as defined by 47 C.F.R. § 64.1200(f)(5)).

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Without waiving said objections, Plaintiff will produce responsive documents.

28.     All documents and communications that identify any potential members of the purported classes (other than yourself).

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or

25

information protected by the attorney work product doctrine. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

29.    All documents and communications that represent or evidence the number of persons that may be members that fall within the purported classes.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney work product doctrine. Without waiving said objections, Plaintiff will produce responsive documents as they are produced by SunPath and any third parties.

30.    All documents and communications that support your contention that SunPath is vicariously liable for calls received by you or any member of the purported classes.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. Without waiving said objections, Plaintiff will produce responsive documents. Further, Plaintiff will supplement this response with additional documents and information as it is produced by third parties.

31.    All documents and communications regarding your attorneys' prior putative class action lawsuits and class representations evidencing their ability to adequately represent the purported classes.

RESPONSE: Objection, this request is overbroad, unduly burdensome, and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Plaintiff further objects to the extent this request seeks documents or information protected by the attorney client privilege, the work product doctrine, or confidentiality agreement. Plaintiff also objects to the extent this request seeks information in the possession of third parties or that is publicly available.

32.     All documents and communications you intend to rely upon to support your request for class certification.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or information protected by the attorney client privilege and/or work product doctrine. This request is also unduly burdensome. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents. Plaintiff will supplement this response following the receipt of further responsive documents.

33.     Documents that support your contention that the proposed classes are capable of being certified, including but not limited to, documents supporting that the classes are numerous enough for certification, have common issues that will predominate over individual issues, have typical issues, and have adequate representation.

RESPONSE: Objection, this request is premature. Plaintiff further objects because this request seeks documents or information in the possession, custody, or control of Defendant and/or third parties. Plaintiff also objects to the extent this request seeks documents or

27

information protected by the attorney client privilege and/or work product doctrine. This request is also unduly burdensome. Without waiving said objections, Plaintiff will produce nonprivileged, responsive documents. Plaintiff will supplement this response following the receipt of further responsive documents.

## REQUESTS FOR ADMISSION

1.      During the period November 8, 2019 to present, the only cellular telephone number registered in your name was 703-728-9650.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Without waiving said objections, the number ending in 9650 is the only telephone number utilized by Plaintiff. While she is the primary and customary user of the 9650 number, the number is registered under her father's name, Bruce Smith.

2.      During the period November 8, 2019 to present, a cellular telephone number registered in your name was 703-728-9650.

RESPONSE: Deny. The 9650 number is registered under her father's name, Bruce Smith. Plaintiff, however, is the primary and customary user.

3.      During the period January 1, 2019 to present, you visited a website and provided your phone number to be contacted regarding vehicle service contracts, or related or similar products.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request is also vague and unclear as to what is meant by "vehicle service contracts, or related or similar products." This request also constitutes an impermissible fishing expedition. Without waiving said objections, deny.

4.      During the period January 1, 2019 to present, you have asked another person to visit a website and provide your phone number to be contacted regarding vehicle service

contracts, or related or similar products.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request is also vague and unclear as to what is meant by "vehicle service contracts, or related or similar products." This request also constitutes an impermissible fishing expedition. Without waiving said objections, deny.

5.      Prior to May 26, 2020, you did not receive any calls to Your Cellular Telephone Numbers from or allegedly on behalf of SunPath.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

6.      After June 9, 2020, you did not receive any calls to Your Cellular Telephone Numbers from or allegedly on behalf of SunPath.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

7.      You are in possession of no written or audio evidence that SunPath or any party allegedly acting on SunPath's behalf contacted you via Your Cellular Telephone Number before May 26, 2020.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

8.      You are in possession of no written or audio evidence that SunPath or any party allegedly acting on SunPath's behalf contacted you via Your Cellular Telephone Number after June 9, 2020.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either

admit or deny this request.

9.      You were not assessed any per-call or data rate charges in connection with any telephone calls that you allege you received from or on behalf of SunPath.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request is also vague and unclear as to what is meant by "per-call or data rate charges". Without waiving said objections, Plaintiff admits that she is not charged a per-call rate for each telephone call received. Plaintiff does, however, incur call and data rate charges.

10.     None of the calls that you received in May or June 2020 that are described in Paragraphs 23-24 of your Complaint were made with a prerecorded or artificial voice message.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. This request is also premature. Without waiving said objections, admit.

11.     You provided your consent to receive the telephone calls identified in your Complaint.

RESPONSE: Objection, this request calls for a legal conclusion. Without waiving said objections, deny.

12.     You had an established business relationship, as defined by 47 C.F.R. § 64.1200(f)(5), with SunPath or any third party for whose actions you allege SunPath is liable, vicariously or otherwise, at the time you received the calls at issue.

RESPONSE: Objection, this request calls for a legal conclusion. Without waiving said

31

objections, deny.

13.     The telephone calls you allegedly received, as described in Paragraphs 23-24 of your Complaint, were not from or on behalf of SunPath.

RESPONSE: Deny.

14.     During each of the calls described in Paragraphs 23-24 of your Complaint, the caller promptly identified the name of the person on whose behalf the telephone call was being made.

RESPONSE: Deny.

15.     During each of the calls described in Paragraphs 23-24 of your Complaint, the caller promptly identified his or herself by his or her first and last name.

RESPONSE: Deny.

16.     During each of the calls described in Paragraphs 23-24 of your Complaint, the caller did not state that he or she was calling from or on behalf of SunPath.

RESPONSE: At this time Plaintiff lacks sufficient knowledge and information to either admit or deny this request.

17.     At no point on or before June 9, 2020 did you ever advise SunPath not to call you.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Without waiving said objections, deny.

18.     You were located in Virginia when you received the calls listed in your Complaint.

RESPONSE: Admit.

19.    You personally registered Your Cellular Telephone Number on the National Do Not Call Registry on November 8, 2019.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Without waiving said objections, admit.

20.    Another person, other than yourself, registered Your Cellular Telephone Number on the National Do Not Call Registry.

RESPONSE: Objection, this request is overbroad and beyond the scope of discoverable information per FRCP 26(b)(1), as this request seeks information that is irrelevant and disproportionate to the claims and allegations in this case. Without waiving said objections, deny.


Dated: September 28, 2022                **RUTH SMITH**, individually and on behalf of all others similarly situated,

                                         By:  /s/  Patrick H. Peluso
                                               One of Plaintiff's Attorneys

                                         Francis J. Driscoll, Jr.
                                         (frank@driscolllawoffice.com)
                                         4669 South Blvd., Suite 107
                                         Virginia Beach, VA 23452
                                         Telephone: 757-321-0054
                                         Facsimile: 757-321-4020

                                         Patrick H. Peluso
                                         ppeluso@woodrowpeluso.com
                                         Woodrow & Peluso, LLC
                                         3900 East Mexico Ave., Suite 300
                                         Denver, Colorado 80210
                                         Telephone: (720) 213-0675
                                         Facsimile: (303) 927-0809

                                         Attorneys for Plaintiff and the Classes

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was

served upon counsel of record by electronic mail on September 28, 2022.

*/s/ Patrick H. Peluso*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

**PLAINTIFF RUTH SMITH'S VERIFICATION**

I, Ruth Smith, of full age, verify as follows:

I have read the foregoing responses to the Interrogatories and Requests for Admission (excluding objections, legal conclusions, or matters that are of public record) and verify that they are true, accurate and complete based upon my personal knowledge of the information contained in them, except as set forth below.

I verify under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2022.

_____
Ruth Smith

1