IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUNPATH, LTD.,**<br><br>*Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

### DEFENDANT SUNPATH, LTD.'S MEMORANDUM IN SUPPORT OF ITS SECOND MOTION IN LIMINE

In this Second Motion in Limine, Defendant SunPath moves to exclude evidence pertaining to Plaintiff's damages because of her repeated attempts to hide the ball regarding the number of phone calls she received, the amount of damages she seeks, and her basis of calculation. This shifting approach to an essential element of every civil lawsuit is prohibited by the Federal Rules of Civil Procedure, this Court's Orders, and specific instructions from the Bench. The remedy SunPath seeks is both appropriate and firmly supported by precedent.

This case is about phone calls Plaintiff received from non-party American Protection. Yet, Plaintiff did not retain a single phone record from her own carrier, AT&T. She also did not subpoena her phone records from AT&T. She initially relied on her "notes." These notes—which she did not produce to SunPath until the final day of discovery—reflect *three calls* from American Protection. One call was a 16-minute call on May 28, 2020 during which she agreed to purchase a service plan, and two follow-up calls leaving her voicemails about her purchase.

In the final month of discovery, Plaintiff claimed that there were 54 calls at issue in this case. The provenance of the other 51 calls have long been a mystery to SunPath. Late in

1

discovery, one of American Protection's technology vendors, Five9, produced a raft of inscrutable data records from American Protection's Five9 account. There are 172 rows of data in which Plaintiff's phone number appears. Plaintiff never deposed Five9 or American Protection about what the records might mean, if anything. Despite her notes about **three calls** with American Protection, and having secured *no evidence* illuminating the Five9 data dump, Plaintiff now relies on the Five9 data *exclusively* as "an accurate reflection of the calls that [she] recall[s] receiving" from American Protection two and a half years ago. Decl. of Ruth Smith ¶ 2, ECF No. 74-8.

Over the course of this litigation, her damages claim has morphed from: (i) "unclear," (ii) to $261,500 for 54 calls between May 26, 2020 and June 9, 20202, which was her position during the final month of discovery, (iii) to $601,500 for 122 "calls," *only six of which* are even in the previous batch of 54, currently.[1] This game of three-card monte does not meet her disclosure obligations and must end. The Court should not sanction this trial-by-surprise strategy that is patently prejudicial to SunPath.

I.   **Statement of Facts**

Plaintiff's call-count allegations and associated damage claims have never been clear. Plaintiff originally represented that "[t]he total amount of damages" she allegedly incurred were "unknown at this time," and that she was "unclear at this time the number of unlawful calls

---

[1] *See* Plaintiff's Initial Disclosures at 4 ("The total amount of damages incurred by Plaintiff . . . is unknown at this time. . . . It is unclear at this time the number of unlawful calls placed by Defendant to Plaintiff[.]"), dated September 1, 2022, attached as **Exhibit 1**; *see also* Plaintiff's First Supplemental Initial Disclosures at 4 (stating Plaintiff "seeks $261,500 in damages for violations of the VTPPA."), dated November 11, 2022, attached as **Exhibit 2**; *see also* Plaintiff's Memorandum in Support of her Motion for Partial Summary Judgment ("Memo") at 16 ("Plaintiff received 122 telephone solicitation calls in violation of the VTPPA. . . . [T]he Court should award Plaintiff $601,500 in damages."), ECF No. 74.

placed by Defendant to Plaintiff[.]" **Ex. 1** at 4. (There are, of course, *no* calls from SunPath to Plaintiff.)

After SunPath was forced to file a motion to compel in November 2022 in the face of Plaintiff's persistent lack of clarity regarding the facts giving rise to her claim, Plaintiff claimed there were 54 calls at issue that she allegedly received between May 26, 2020 and June 9, 2020. *See* Plaintiff's first Supplemental Objections and Responses to Defendant's First Set of Discovery Requests at 2-6, dated November 11, 2022, attached as **Exhibit 3**. For those 54 calls, Plaintiff claimed lump sums of $81,000 for alleged violations of the Telephone Consumer Protection Act ("TCPA"), and $261,500 for alleged violations of the Virginia Telephone Privacy Protection Act ("VTPPA"). *See* **Ex. 2** at 4; *see also* **Ex. 3** at 9.; *see also* Plaintiff's Second Supplemental Initial Disclosures at 5, dated December 9, 2022, attached as **Exhibit 4.** That lump-sum disclosure remained Plaintiff's final effort at articulating her damages claim through the discovery window in this case.[2]

Now, nearly a month after the close of discovery, she claims **for the first time** that 122 "calls" are at issue, for which she is seeking $601,500 in damages under the VTPPA (she has abandoned her federal TCPA claim). *See* Memo at 16. But of the 122 "calls" she now claims to be at issue, only six were part of the original 54. (Plaintiff has conceded that 48 of the original 54

---

[2] On November 30, 2022, Plaintiff indicated the call records she requested "from her telephone service provider, AT&T" would put her "in a better position to split out the damages sought for each individual call she received." *See* Plaintiff's second Supplemental Objections and Responses to Defendant's First Set of Discovery Requests at 10, attached as **Exhibit 5**. Plaintiff never produced any AT&T records or calculated the damages sought for each individual call at issue. On December 8, 2022, the day before discovery closed, Plaintiff claimed she was seeking "damages and recovery for all calls placed to her cellular telephone number ending in 9650, which are reflected in the call records produced by Five9, Inc." *See* Plaintiff's third Supplemental Objections and Responses to Defendant's First Set of Discovery Requests at 6, attached as **Exhibit 6**. Despite the Five9 records being in Plaintiff's possession, she failed to provide a total number of calls for which she was seeking damages. In all events, the Five9 records are inadmissible. *See* SunPath's First Motion in Limine, ECF No. 84.

3

"calls" did not violate the VTPPA. *Id.* at 12-13.) Plaintiff alleges she received the new 116 "calls" on and after June 11, 2020. *Id.* at 13.

## II. Plaintiff's Quicksand, Conclusory Damages Disclosures Are Insufficient.

Each of Plaintiff's damages "disclosures" have been insufficient as a matter of law. Taking the most recent first, Plaintiff's late disclosure of her damages claim for 116 "calls" that occurred on and after June 11, 2020, via her post-discovery summary judgment brief, precludes her from presenting damages evidence at trial relating to those "calls."[3] Plaintiff never sought the Court's leave to disclose her new damages total nor provided the requisite calculation and support. *See* Local Civil Rule 16(B). Even if she had, she cannot show substantial justification or harmlessness. Nothing has changed between December 9, 2022 (i.e., the end of discovery) and now to justify Plaintiff's more-than-doubled damages total. Moreover, Plaintiff has failed to disclose a proper, precise computation of damages or supporting analysis for any of those 116 "calls." In fact, she also failed to properly provide her calculation of damages and related analysis for the 54 that she disclosed in conclusory fashion in the final weeks of discovery.

Plaintiff had a duty to fully disclose that information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii).[4] That duty promotes "broad disclosure during discovery so that each

---

[3] *See Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 U.S. Dist. LEXIS 63707, at *32 (E.D.N.C. May 7, 2012) (holding that plaintiff's new, untimely damages disclosure right before trial would "surprise and prejudice" defendant, and granting defendant's "motion to exclude evidence of and argument on damages[.]"); *see also* Federal Rule of Civil Procedure 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or harmless.").

[4] *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, Case No.: 2:18-cv-320, 2020 U.S. Dist. LEXIS 219825, at *11 (E.D. Va. Nov. 3, 2020) (Under Fed. R. Civ. P. 26(a)(1)(A)(iii), a party is required to provide "a computation of each category of damages" it claims as part of its initial disclosures (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii))); *see also Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2022 U.S. Dist. LEXIS 53433, at *24 (W.D.N.C. Mar. 24, 2022) ("[Counter-plaintiff]'s failure to quantify those damages claims during discovery dooms its argument that supplementation of its initial disclosures was

party can evaluate the strength of its evidence and chances of success[,]" avoids the trial being "a game of blind man's bluff[,]" and allows parties to "prepare their cases for trial and to avoid unfair surprise." *Jaguar*, 2020 U.S. Dist. LEXIS 219825, at *12 (quoting *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 437 (D. Md. 2006); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017)). Plaintiff was required to provide "***a specific computation of each category*** [of damages], and . . . documents to support the computations." *Id*. at *14 (quoting *Silicon Knights,* 2012 U.S. Dist. LEXIS 63707, at *3).

To make matters worse, this Court already found that Plaintiff's initial damages disclosure, calculation, supporting information, and related discovery responses were all insufficient. At the November 18, 2022 hearing on SunPath's Motion to Compel, the Court instructed Plaintiff as follows:

> THE COURT: But I do think, for the claim to move forward, you do have to identify specific calls. And if there are damages associated with each call, . . . I think it is appropriate to just specifically lay it out. . . . For each call that you've alleged is violative to the statute, all the material information that's relevant to the damage calculation . . . has to be . . . set out with specificity. Yes. I think that's correct. . . . MR. PELUSO: Okay. Understood."

ECF No. 48, at 41:21 to 43:13. The Court made Plaintiff well aware of her duty to properly supplement her initial disclosure vis-à-vis her damages claim and the requisite information to support her damages claim on a call-by-call basis, and Plaintiff's counsel acknowledged her obligation to do so.

Plaintiff supplemented her relevant discovery response on November 30, 2022. This response failed to comply with the Court's Order.  It merely provided that:

---

unnecessary"); *see also Advanced Training Grp. Wordwide, Inc. v. ProActive Techs. Inc.*, Civil Action No. 19-cv-505, 2020 U.S. Dist. LEXIS 141855, at *11-13 (E.D. Va. Aug. 7, 2020) ("For a party to satisfy its obligations under Rule 26, a party must provide a computation of its damages.").

> Plaintiff has stated the damages calculation to the best of her ability at this time. When Plaintiff receives her call records from AT&T, she will be in a better position to split out the damages sought for each individual call she received, and will do so promptly once the records are in her physical possession.

**Ex. 5** at 10. But, Plaintiff never subpoenaed call records from AT&T and never produced a single call record from AT&T.

Plaintiff's final supplemental response also failed to comply with the Court's Order. It provided that:

> Plaintiff seeks damages and recovery for all calls placed to her cellular telephone number ending in 9650, which are reflected in the call records produced by Five9, Inc. . . . Plaintiff has requested the relevant call records from her telephone service provider, AT&T. . . . As of today, December 8, 2022, Plaintiff has not received the records in the mail from AT&T. When she does, the relevant records will be produced.

*See* **Ex. 6** at 6-7.

Plaintiff has been promising these AT&T phone records for months. She has led SunPath and this Court to believe that these records contain the proof that will allow her to identify the number of calls at issue and calculate her damages. For whatever reason, Plaintiff chose not to serve AT&T with a subpoena ordering it to produce them. Had she done so, she would have received them from AT&T. But she did not.

Without these phone records in hand, Plaintiff chooses to rely instead on mysterious records produced by Five9. As explained in SunPath's First Motion in Limine, these records are inadmissible. Plaintiff's reliance on them and her mischaracterization of them as "call records," based upon her groundless assumption that every data entry relating to her telephone number represents a phone call, has no evidentiary basis. She also ignores the incongruence between the *three* calls contained in her "notes" and the 172 rows of Five9 data. Many of these

rows list a "DURATION" of 0:00:00.  This begs the obvious question of what Plaintiff "recalls" occurring in those zero-millisecond "calls."

The Five9 records have never been authenticated as "call records." *See* Five9, Inc. Declaration of Custodian of Records at 1 ("In response to the subpoena, Five9 produced **records** in its possession relating to [American Protection.]") (emphasis added), attached as **Exhibit 7**.  It was never reasonable for Plaintiff to believe that by simply informing SunPath of her reliance on the Five9 records she had disclosed her intent to seek damages for 122 "calls."

Plaintiff's Second Supplemental Initial Disclosures, **served on the last day of discovery**, contained her only supplement relating to her damages calculation and supporting information. *See* **Ex. 4.** This too failed to comply with the Court's Order.  It only stated that:

> **The total amount of damages incurred by Plaintiff** and the putative class members **is unknown as this time**. Plaintiff states that she is entitled to $500 - $1,500 per call received in violation of the TCPA, $500 per call for the first call received in violation of the VTPPA, $1,000 per call for the second call received in violation of the VTPPA, and $5,000 per call for each subsequent call received in violation of the VTPPA. Consequently, **based on the information currently available to Plaintiff**, she seeks $81,000 in damages for violations of the TCPA, and **she seeks $261,500 in damages for violations of the VTPPA**.

*Id.* at 4-5. Plaintiff's calculation is not even accurate relative to her latest post-discovery theory, as she is no longer asserting any claims under the TCPA.  Further, as of January 6, 2023, she is now apparently seeking $601,500 in damages for alleged VTPPA violations, even though SunPath is aware of no new information that she learned between December 10, 2022 and January 6, 2023 to justify **more than doubling** her damages claim. *See* Memo at 16 ("Applying the VTPPA's damages provisions, the Court should award Plaintiff $601,500 in damages.").

Plaintiff's insufficient supplemental disclosure merely repeated a damage provision found in Va. Code § 59.1-515 without referencing how that provision might apply to even a single phone call for which she seeks damages. SunPath understands how the statute is

7

structured; Plaintiff's duty was to apply that structure to her claims to explain and calculate her damages. Plaintiff has not met her duty. Moreover, she failed to meet that duty despite the Court's specific instruction. As a result of Plaintiff's game of hopscotch to new levels of damages, it is less than a month before trial and SunPath is still "unclear" about how much Plaintiff is actually seeking in damages, for which specific "calls" Plaintiff is seeking to recover damages, and how much Plaintiff seeks in damages for each specific "call." The lack of clarity leaves SunPath without crucial information necessary for its defense at trial.

Plaintiff's ever-changing lump-sum damages total does not remedy the situation or meet Plaintiff's disclosure duty. *See Silicon Knights*, 2012 U.S. Dist. LEXIS 63707, at *10 ("[A] Rule 26(a)(1)(A)(iii) disclosure must include '**more than a lump sum statement of damages allegedly sustained**.'" (citing *City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)) (emphasis added); *see also Advanced Training Grp. Worldwide*, 2020 U.S. Dist. LEXIS 141855, at *11 (stating that "a lump sum or merely refer[ing] to documents from which the opposing party can presume damages" does not satisfy a party's duty under Rule 26(a)). Plaintiff's disclosure lacks the "precision and analysis" necessary to "satisfy [her] Rule 26(a)(1)(A)(iii) obligation[.]" *Silicon Knights*, 2012 U.S. Dist. LEXIS 63707 at *11. At the November 18th hearing, this Court ordered Plaintiff to remedy this deficiency, but she has repeatedly failed to do so.

Due to Plaintiff's failure to fulfill her disclosure duty, Plaintiff should be precluded from offering damages-related evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . at a trial[.]"). Excluding such evidence will avoid "a game of blind man's bluff," and prevent the "unfair surprise" that the damages-disclosure obligation is meant to prevent.

8

*Jaguar*, 2020 U.S. Dist. LEXIS 219825, at *12. Thus, Plaintiff's insufficient damages disclosure and evidence related to Plaintiff's damages should be excluded at trial. *See Silicon Knights*, 2012 U.S. Dist. LEXIS 63707, at *4 ("When a party 'fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." (citing Fed. R. Civ. P. 37(c)(1))).

### III. Conclusion

SunPath respectfully requests that the Court exclude all of Plaintiff's damages evidence from trial in light of her repeated failure to provide proper damages calculations, even after the Court ordered her to do so on November 18, 2022.

Dated: January 20, 2023

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Joseph P. Bowser*
Joseph P. Bowser (VSB No. 88399)
Carl Taylor Smith (VSB No. 97376)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com
tsmith@rothjackson.com

Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
mroth@rothjackson.com

*Counsel for SunPath, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the above and foregoing Defendant SunPath, Ltd.'s Memorandum in Support of its Second Motion in Limine to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on January 20, 2023.

/s/ *Joseph P. Bowser*
Joseph P. Bowser