# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH**, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**SUNPATH, LTD.**, a Massachusetts corporation,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00081-LMB-WEF |

**PLAINTIFF'S INITIAL DISCLOSURES**

　　Plaintiff Ruth Smith ("Smith" or "Plaintiff") submits the following Initial Rule 26(a)(1) Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

*I. Prefatory Statement*

　　Plaintiff's investigation in this action continues, and these supplemental disclosures reflect only the current status of her knowledge. Plaintiff reserves the right to supplement and/or amend these disclosures as additional information becomes known.

　　Rule 26(a)(1) does not require the production of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine or any other privilege or applicable doctrine with respect to all such information and documents. The inadvertent disclosure of any information or documents shall not constitute a waiver of any such privilege.

　　This Prefatory Statement is incorporated in its entirety into each of the following disclosures. It shall be deemed continuing as to each such disclosure, and it is not waived, or in any way limited, by the following disclosures.

## II. Disclosures

(A)     *The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.*

1. <u>Ruth Smith</u>: Ms. Smith has knowledge of certain matters alleged in the Complaint, including the circumstances under which Ms. Smith received the telemarketing calls, her lack of providing any prior express written consent to Defendant, and related matters. Ms. Smith may only be contacted through counsel, Woodrow & Peluso, LLC.

2. <u>Defendant SunPath, Ltd. ("SunPath"), including agents, former agents, employees, former employees, and records custodians of SunPath</u>: Such agents, employees, and records custodians may have knowledge of certain matters alleged in the Complaint, including SunPath's telemarketing practices, the telemarketing calls placed to Plaintiff and the Class, SunPath's failure to obtain prior express written consent, SunPath's hiring of third-party telemarketers, lead generators, or other third parties, and related matters. As such individuals are all former or current employees or agents of the SunPath, SunPath is in a better position to ascertain their phone numbers and other contact information. The names, addresses, and telephone numbers of other agents, employees, and records custodians of SunPath are not known to Plaintiff at this time.

3. <u>Chukran Management Group, LLC d/b/a American Protection Corp. ("American Protection"), including agents, former agents, employees, former employees, and records custodians of American Protection</u>: Such agents, employees, and records custodians may have knowledge of certain matters alleged in the Complaint, including Defendant's failure to obtain prior express written consent, Defendant's procurement of Plaintiff's lead information, calls

2

placed on behalf of or for the benefit of Defendant, and related matters. The names, addresses, and telephone numbers of other agents, employees, and records custodians of American Protection are not known to Plaintiff at this time. American Protection's mailing address is 10627 Cocobolo Way, Boynton Beach, Florida 33437.

4. <u>Third party contractors and service providers of Defendant</u>: Such contractors, including without limitation telemarketers, telephone number lead generators, and telephone service providers, may have knowledge of certain matters alleged in the Complaint, including but not limited to the facts surrounding the calls placed by Defendant, or were placed on Defendant's behalf or for its benefit, to Plaintiff and the other class members, including without limitation the manner by which the calls were placed and Plaintiff's lead information was obtained. Defendant is in a better position to ascertain the phone numbers and other contact information of such contractors.

5. <u>Any expert witnesses on whose opinions Plaintiff will rely on to support her claims</u>. To date, Plaintiff has not yet retained an expert witness, but will supplement these disclosures as necessary.

(B) *A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;*

Plaintiff has access to applicable records related to the calls placed by Defendant or by a third party acting on Defendant's behalf, for Defendant's benefit, and/or in accordance with a contract with Defendant.

Plaintiff anticipates that a significant portion of discovery in this case will be obtained

from Defendant, and in particular via Defendant's records, servers, databases, and other electronic storage platforms. Plaintiff also anticipates that a significant portion of discovery will be obtained from third parties acting on Defendant's behalf, for Defendant's benefit, and/or in accordance with a contract with Defendant. Plaintiff is not presently aware of the location of such databases, and the third parties have not been identified. Investigation continues.

(C)  *A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and*

The total amount of damages incurred by Plaintiff and the putative class members is unknown at this time. Plaintiff seeks statutory damages under the TCPA of $500 per unsolicited telemarketing call for herself and for each class member. In the event willfulness is demonstrated, Plaintiff seeks $1,500 per unsolicited call. Plaintiff also seeks statutory damages under the VTPPA of $500 per call for first violations, $1,000 for second violations, and $5,000 for each subsequent violation, plus reasonable attorneys' fees and costs. In the event willfulness is demonstrated, damages for the first and second violations may be increased to $5,000. It is unclear at this time the number of unlawful calls placed by Defendant to Plaintiff and the putative class members. Investigation continues.

(D)  *For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiff does not have any policy of insurance related to this action.

4

Dated: September 1, 2022

**RUTH SMITH**, individually and on behalf of all others similarly situated,

By: */s/ Patrick H. Peluso*
      One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by electronic mail on September 1, 2022.

*/s/ Patrick H. Peluso*
