```
                          UNITED STATES DISTRICT COURT
                          EASTERN DISTRICT OF VIRGINIA
                              ALEXANDRIA DIVISION
    ----------------------------x
    RUTH SMITH,                  :    Civil Action No.:
                                 :    1:22-cv-81
             Plaintiff,          :
        versus                   :    Thursday, December 22, 2022
                                 :
    SUNPATH, LTD.,               :
                                 :
             Defendant.          :
    ----------------------------x
         The above-entitled motion to strike was heard before
    the Honorable Leonie M. Brinkema, United States District
    Judge.  This proceeding commenced at 9:59 a.m.

                        A P P E A R A N C E S:

    FOR THE PLAINTIFF:      FRANCIS DRISCOLL, JR., ESQUIRE
                            LAW OFFICE OF FRANK J. DRISCOLL, JR.,
                            PLLC
                            4669 South Boulevard
                            Suite 107
                            Virginia Beach, Virginia  23452
                            (757) 321-0054

                            TAYLOR SMITH, ESQUIRE
                            WOODROW & PELUSO, LLC
                            3900 E. Mexico Avenue
                            Suite 300
                            Denver, Colorado  80210
                            (720) 213-0676
                            (Via telephone)

    FOR THE DEFENDANT:      GREGORY CAFFAS, ESQUIRE
                            ROTH JACKSON GIBBONS CONDLIN, PLC
                            8200 Greensboro Drive
                            Suite 820
                            McLean, Virginia  22102
                            (703) 485-3533

    COURT REPORTER:         STEPHANIE M. AUSTIN, RPR, CRR
                            Official Court Reporter
                            United States District Court
                            401 Courthouse Square
                            Alexandria, Virginia  22314
                            (571) 298-1649
                            S.AustinReporting@gmail.com
           COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

```
 1                  P R O C E E D I N G S
 2           THE DEPUTY CLERK:  Civil Action 22-81, Ruth Smith
 3   versus SunPath, Limited.
 4           Would counsel please note their appearances for
 5   the record.
 6           MR. CAFFAS:  Good morning, Your Honor.  Gregory
 7   Caffas here on behalf of defendant, SunPath, Limited.
 8           THE COURT:  Good morning.
 9           MR. DRISCOLL:  Good morning, Your Honor.  Frank
10   Driscoll, Jr., local counsel for the plaintiff, Ruth Smith,
11   and the purported class.  Also, Mr. Taylor Smith is on the
12   phone.
13           THE COURT:  Yes.  Mr. Smith, can you hear us?
14           MR. SMITH:  Yes.  Good morning, Your Honor.
15           THE COURT:  Good morning. All right.  This matter
16   comes before the Court on the defendant's motion to strike
17   the plaintiff's motion for class certification.  The primary
18   argument in that motion is that the plaintiff did not get
19   leave of court to file the motion out of time.  And, in
20   fact, the motion for class certification is a month late.
21   And so I want to hear Mr. Smith -- and, by the way, are you
22   related to Ruth Smith, Mr. Smith?
23           MR. SMITH:  I am not, Your Honor.
24           THE COURT:  All right.  Just the similarity of
25   names obviously got my attention.
```

2

1            All right.  I've looked at your papers, and I
2   understand your argument.  But what I want to know is, why
3   did it take you so long to subpoena, and I'm going to call
4   that entity American?  You took three weeks from the time
5   the Rule 16 order was issued to the issuance of the
6   subpoena.  And, you know, in this court where the docket
7   moves so quickly, three weeks is a long chunk of time.
8            Why did it take you that long to issue the
9   subpoena?
10           MR. SMITH:  Well, Your Honor, I believe we issued
11  the subpoena shortly after holding the Rule 26(f)
12  conference, which you have to hold prior to conducting
13  discovery.
14           What I would point out is, this isn't a case where
15  plaintiff, you know, sat on their hands and didn't do
16  anything and failed to meet a deadline.  This is a case
17  where we did move quickly.  We served discovery, we served
18  subpoenas quickly after the Rule 26(f) conference, and we
19  moved as quickly as we could to depose American Protection,
20  SunPath's third-party marketer that placed the calls at
21  issue.
22           We couldn't depose American Protection until
23  November 1st, and when we finally attended the deposition,
24  American Protection cut the deposition short by just
25  quitting halfway through, and, thereafter, we worked as

3

```
 1   quickly as we could with American Protection's counsel.  We
 2   were frustrated, but we got them to agree to return for --
 3   to finish the deposition on November 9th.  It was on
 4   November 9th that American Protection actually identified
 5   the calling system that they used to place the call, despite
 6   the fact that we requested that information in the initial
 7   subpoena, and it was never produced.
 8           So, hours later, after learning it was Five9 -- it
 9   was Five9 they used to place the calls, we issued a
10   subpoena, you know, that same day for the call records.  The
11   Five9 --
12           THE COURT:  Yeah.  The problem you have, though,
13   is that in this district, you have to move a lot faster than
14   what you did, and local counsel should have been, you know,
15   explaining that to you.
16           If you have a recalcitrant witness, you can't just
17   back in the weeds and play, you know, with that witness's
18   schedule.  You need to protect yourself by immediately
19   requesting assistance from the Court to get that person or
20   that entity to respond more promptly, especially in a case
21   where you're thinking of going for class certification.
22           I don't find that there has been sufficient
23   diligence in complying with the rules.  I am not at all
24   impressed with the argument that somehow Judge Fitzpatrick
25   blessed this extension.  He was clear when you did appear
```

4

1  before him to try to get all the deadlines extended.  That
2  was denied.  Your citation to his comments that might have
3  suggested that he assumed that the motion for class
4  certification would be coming later does not impress me.
5  The orders that he signed are pretty clear.  There were set
6  deadlines; those deadlines were not met.  Without even
7  requesting leave of court to file late, you went ahead and
8  filed this motion for class certification a month late.
9          Now, I do find, frankly, for the record, that
10 there's certainly no prejudice to the plaintiff, because you
11 have one named plaintiff, Ruth Smith, and her case is set to
12 go to trial February 15.  Unless the case is resolved on
13 pretrial motions, she's going to have her day in court in
14 less than two months.  And, obviously, if she were to
15 prevail, you will then have a very clear picture of the
16 evidence and also of the law that applies to this case, and
17 I don't see anything that prevents you or anybody else from
18 filing another action against this defendant.
19         So I'm granting the motion to strike the motion
20 for class certification without prejudice.  I'm not making a
21 finding that this case would not be otherwise eligible for
22 class certification, but I'm just finding that the way it
23 was done broke the scheduling order of the Court without
24 good reason.  And so this is not a finding on the merits, so
25 it still leaves the defendant vulnerable to a class action

5

Stephanie Austin, RPR, CRR USDC/EDVA (571) 298-1649

```
 1   down the road if, after all the evidence is developed, it is
 2   clear that the defendant should be responsible for these
 3   calls.
 4            Again, there's some significant legal issues in
 5   this case, and I guess factual issues as well, because I
 6   think it is uncontested that all of the calls at issue were
 7   made by a third party who's not a named party in this case.
 8   And, as I recall early on in the case when I required
 9   SunPath to provide the contracts that it had with these
10   third parties, one of which was American, there was
11   significant disclaimer-type language.  And so there's going
12   to be some interesting issues coming down the road in the
13   motions that I expect we'll see, and/or the trial.
14            But that is my ruling.  The order will reflect
15   that this is not made on a merits basis so that it's not
16   with prejudice.  Thank you for calling in.  You're all free
17   to go.
18            MR. CAFFAS:  Thank you, Your Honor.
19            MR. DRISCOLL:  Thank you, Your Honor.
20            MR. SMITH:  Thank you, Your Honor.
21              (Proceedings adjourned at 10:06 a.m.)
     ----------------------------------
22   I certify that the foregoing is a true and accurate
23   transcription of my stenographic notes.
24                              _____Stephanie Austin_____
25                                  Stephanie M. Austin, RPR, CRR
```

6

Stephanie Austin, RPR, CRR USDC/EDVA (571) 298-1649