**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**SUNPATH, LTD.,** a Massachusetts corporation,<br><br>*Defendant.* | Case No. 1:22-cv-00081-LMB-TCB<br><br>**OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S DECLARATION IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I.      INTRODUCTION

As the Court is aware, this case challenges Defendant SunPath, Ltd.'s ("Defendant" or "SunPath") serial violations of the Virginia Telephone Privacy Protection Act ("VTPPA"). Continuing its quest to prevent the Court from considering evidence in this case, SunPath moves to strike Plaintiff Ruth Smith's ("Plaintiff" or "Smith") declaration in support of her motion for partial summary judgment by claiming that it is premised on inadmissible evidence and contradicts her prior deposition testimony. Neither of these assertions is true. First, Plaintiff made the declaration based on her own personal knowledge of the calls that *she* received. Second, the declaration is consistent with Plaintiff's deposition testimony where she repeatedly stated the Five9 call records portrayed a complete picture of all of the calls at issue. For these reasons and as set forth below, the Court should deny SunPath's motion to strike the declaration.

## II.      ARGUMENT

### A.      Plaintiff's Declaration Is Based On Her "Personal Knowledge" Of The Calls That She Received From American Protection.

SunPath's opens its motion by asserting that Plaintiff Smith's declaration must be

stricken because "it relies on inadmissible evidence and improper speculation about what that evidence may mean." (Mot. at 1.) SunPath misunderstands the declaration. The declaration is based on Plaintiff's personal knowledge of the calls that *she received*.

"[P]ersonal knowledge" means "'knowledge of a fact which a person has himself gained through his own senses and not from others or information supplied by others.'" *Henderson v. Corelogic Nat'l Background Data, LLC*, No. 3:12CV97, 2016 WL 354751, at *3 (E.D. Va. Jan. 27, 2016). Personal knowledge can be gained by examining documents or data and forming an understanding "through his [or her] own senses." *Id.* This includes reviewing documents or data produced in discovery. *See id.* ("NBD's protests that Burtner lacks 'true' personal knowledge because he was unfamiliar with NBD's database prior to this litigation has no foundation in either the Federal Rules of Evidence or the interpreting jurisprudence."); *see also Ferrer v. Bayview Loan Servicing, LLC*, No. 15-20877-CIV, 2018 WL 582584, at *5 (S.D. Fla. Jan. 26, 2018) (finding that a declarant had personal knowledge based on a "review of relevant business records and specific electronic information.").

Applied here, Plaintiff plainly has "personal knowledge" regarding the calls that she received. Plaintiff's declaration is not, as SunPath claims, based on the Five9 calling records. Rather, as the declaration states, her testimony is based on her "personal knowledge" of the calls that she received after *reviewing* the Five9 records. (*See* Declaration of Ruth Smith, Dkt. 74-8 ¶¶ 1-2.) This is perfectly acceptable and common in litigation. *See Hopeman Bros., Inc. v. Cont'l Cas. Co.*, No. 4:16-CV-187, 2018 WL 4169282, at *6 (E.D. Va. Jan. 12, 2018) ("the need to rely on a document to verify a date or fact therein, as Van Epps requested in his personal deposition . . . does not mean that Van Epps lacks personal knowledge of a fact or a date."). In the end, Plaintiff was on the receiving end of every single call at issue and thus possesses sufficient

"personal knowledge" to testify regarding her receipt of the calls. As in *Hopeman Bros., Inc.*, the fact that she needed to review the Five9 call records to clarify the total number of calls and the date/times she received the calls "does not mean that [she] lacks personal knowledge" regarding the calls.

SunPath is also incorrect that Plaintiff may not rely upon inadmissible evidence to formulate her recollection of the calls. Rather, witnesses can use a wide variety of documents to "revive[]" their "latent memory". *See United States v. Rydland*, 461 F. App'x 208, 210 (4th Cir. 2012) ("It is, of course, obvious from everyday experience that the latent memory of a witness may be revived by prior written statements which he <u>or others may have made</u>." (emphasis added)); *see also Mozingo v. Oil States Energy Servs., L.L.C.*, 341 F. Supp. 3d 534, 546 (W.D. Pa. 2018) ("'[w]itnesses may use any aid to refresh their recollections.' A witness may refresh his or her recollection using a document which is otherwise inadmissible."). This includes business records. *See Gunter v. S. Health Partners, Inc.*, No. 1:16CV262, 2021 WL 4255370, at *9 (M.D.N.C. Sept. 17, 2021) (permitting the use of pharmacy records to refresh a witness's recollection as to what medication he was taking).

Finally, SunPath also gets it wrong when it claims that Plaintiff's declaration must be stricken because "any opinions regarding the Five9 records must rely on specialized knowledge." (Mot. at 3.) As explained more fully in Plaintiff's Opposition to SunPath's First Motion in Limine, the Five9 calls records do not require an expert witness or any specialized knowledge. They are rather basic call records. And in any case, this argument is a red herring. Plaintiff is not offering any "opinion" or testimony regarding the Five9 call records at all. Rather, she is testifying regarding her personal knowledge of the calls that she received. Her review of the Five9 call records to recall the precise number of calls does not transform her testimony into an

opinion. Because Plaintiff is not offering testimony *regarding* the records, Plaintiff isn't required to possess any personal or specialized knowledge regarding the Five9 call records at all. She need only demonstrate personal knowledge regarding the testimony provided, which she has plainly done here.

Because Plaintiff's declaration is based on her personal knowledge of the calls, the Court should decline to strike Plaintiff's declaration.

**B.     Plaintiff's Declaration Is Consistent With Both Her Deposition Testimony And Her Responses To Discovery.**

SunPath next asserts that the declaration must be stricken "because it supplements and contradicts her discovery responses and deposition testimony." (Mot. at 4.) This is false. Tellingly, SunPath fails to cite to any portion of her deposition testimony that contradicts her declaration. And for good reason, at her deposition, Plaintiff repeatedly stated that she understood the Five9 call records were produced in this case and contained a complete picture of the calls at issue.

While not elucidated in its motion, it appears that SunPath is attempting to invoke the "sham" affidavit rule, which prohibits an attempt avoid summary judgment by providing an affidavit that "contradict[s] prior testimony." *Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 713 (E.D. Va. 2010), *aff'd*, 442 F. App'x 752 (4th Cir. 2011). This rule typically applies where a party against whom summary judgment is sought attempts to "create a jury issue" on his or her own account. *Riggins v. SSC Yanceyville Operating Co., LLC*, 800 F. App'x 151, 159 (4th Cir. 2020) (citation omitted). The application of the rule is strictly limited only to "flat contradictions" of material fact. *Mandengue v. ADT Sec. Sys., Inc.*, No. CIV.A. ELH-09-3103, 2012 WL 892621, at *18 (D. Md. Mar. 14, 2012) ("application of the sham affidavit rule at the summary judgment stage must be carefully limited to situations involving flat contradictions of

4

material fact."); *see also Kiesner v. Starbucks Corp.*, No. 1:12-CV-00448-JMC, 2013 WL 3479275, at *5 (D.S.C. July 10, 2013) ("Because the Affidavit does not contradict Plaintiff's deposition testimony, application of the so-called 'sham affidavit rule' would be inappropriate.").

The rule does not apply where a declaration "'merely detail[s] and lend[s] context' to the prior testimony, *Judd*, 718 F.3d at 314 n.6, or offers information 'patently outside the scope of the [deposition] questioning.' *Spriggs*, 242 F.3d at 185 n.7." *Riggins*, 800 F. App'x at 160; *see also Marley v. Kaiser Permanente Found. Health Plan*, No. 17-CV-1902-PWG, 2021 WL 927459, at *8 (D. Md. Mar. 11, 2021) (declining to disregard a declaration that "does not rise to a flat contradiction; it merely supplements his deposition testimony."); *Villines v. Walgreen Co.*, No. 3:10CV674, 2011 WL 1752113, at *1, n.4 (E.D. Va. May 6, 2011) ("[A] review of Villines's affidavit alongside the portions of her deposition testimony made available to the Court reflects that her affidavit supplements rather than contradicts her deposition testimony. The Court thus declines to strike Villines's affidavit as a sham affidavit."); *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, No. 2:18-CV-01509, 2020 WL 3048190, at *4 (S.D. Ohio June 8, 2020) ("[i]f the affidavit merely supplements previous deposition testimony and 'reveal[s] information that was not fully explored during the testimony,' there is no reason why the court should not consider it.").

Here, Plaintiff's declaration supplements and expounds on matters outside the scope of her deposition testimony and is consistent with her discovery responses. For context, the Five9 call records were obtained on November 30, 2022—less than two full days before the commencement of Smith's deposition.[1] (*See* Declaration of Patrick H. Peluso ("Peluso Decl.") ¶

---

[1] Given the recent production of the records, Plaintiff's counsel did not have an opportunity to review the Five9 call records with Smith prior to her deposition. (Peluso Decl. ¶ 5.) Rather, counsel anticipated that the Five9 call records would be presented to Smith during her

4, attached hereto as Ex. A.) During her deposition, Plaintiff repeatedly stated that she

understood that the Five9 "call logs" displayed a complete picture of the calls based on

investigation conducted by counsel.[2] Despite repeatedly referencing the Five9 call logs,

SunPath's counsel chose to never introduce any of the call logs as an exhibit at her the deposition

(*see* Smith Deposition Exhibit List, Ex. B pgs. 5-6) and never provided a copy of the Five9 call

records for Plaintiff to review.[3] Instead, SunPath spent the entire deposition questioning Plaintiff

regarding the Complaint and her prior discovery responses, which she testified were based on her

recollection at the time and were no longer accurate.

For this reason, her declaration cannot possibly contradict her deposition testimony in

any way. That is, SunPath had an opportunity to question Smith regarding the Five9 call records

by presenting them to her and questioning her about them, but it oddly chose not to do so. It

cannot now turn around and self-servingly claim that her review of those records "contradicts"

her sworn testimony. *See In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod.*

*Liab. Litig.*, No. 2:18-CV-01509, 2020 WL 3048190, at *8 (S.D. Ohio June 8, 2020) (denying a

---

deposition, however, SunPath's counsel did not provide or question her regarding the records—despite Smith's testimony that the records contain an accurate reflection of the calls. (*Id.* ¶ 6.) SunPath's refusal to question Smith regarding the records is a strategic error on its part that is fatal to its motion.

[2] (*See* Smith Depo. Tr., attached hereto as Ex. B, at 29:5-16 (clarifying that the "call logs" reveal "a lot more phone calls" than what were reflected in her discovery responses); 31:1-13 (clarifying that the Five9 "call logs" revealed information regarding the calls); 63:7-64:11 (clarifying that her discovery responses were based on her knowledge "at the time" and her understanding that the "call logs" were just received); 147:3-148:11 (clarifying that her prior discovery responses were accurate to her recollection at the time, but stating that "call logs" were "correct" based on investigation performed by her counsel); 208:20-209:20 (confirming that she was aware that the Five9 call logs were obtained and produced to SunPath); 210:1-211:10 (confirming that the information detailed in the complaint and her discovery responses was accurate at the time she *reviewed* them, and clarifying that the Five9 call records would be accurate as of the date of her deposition).)

[3] The entire transcript of Ms. Smith's deposition is available to the Court upon request.

motion to strike a declaration where the declarant "has reviewed documents that he did not have an opportunity to review before his deposition and that were not made available to him during his deposition."). Put simply, it would be fundamentally unfair to permit SunPath to refuse to show Plaintiff the Five9 call records at her deposition—records which she testified contained a complete picture of the calls at issue—and thereby preclude Plaintiff from providing testimony regarding the calls based on her accurate recollection of all of the calls. Counts routinely disregard such "gotcha" tactics in litigation. *See Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 682, n.6 (D. Md. 2012) (ignoring irrelevant testimony elicited using "gotcha" tactics); *see also Musick v. Dorel Juv. Grp., Inc.*, No. 1:11CV000005, 2011 WL 10621804, at *3 (W.D. Va. Oct. 14, 2011) ("Discovery in the federal courts is not to be construed as a game of 'hide and seek.'"); *Hsingching Hsu v. Puma Biotechnology, Inc.*, No. 815CV00865AGSHK, 2018 WL 3078589, at *9 (C.D. Cal. June 20, 2018) (A "deposition is not a memory test.").

Following the conclusion of her deposition, Plaintiff supplemented her discovery responses to conform to her deposition testimony a mere six days later and prior to the close of discovery. (*See* Plaintiff's Third Supplemental Responses to Discovery, attached as Ex. C.) Plaintiff has also since had an opportunity to review the Five9 call records herself. (*See* Dkt. 76-2.) After reviewing the records, she supplied the subject declaration based on her personal knowledge of the calls that she received. Should this case proceed to trial, Plaintiff will testify consistent with her testimony supplied in her declaration. Further, should the need arise, she would be permitted to refresh her recollection by reviewing her declaration or the Five9 call records—both are acceptable provided proper foundation is laid.

Because the declaration is consistent with both her deposition testimony and discovery responses, the Court should decline to strike the declaration.

### III.     CONCLUSION

The motion should be denied. Plaintiff's declaration is based on her personal knowledge of the calls that she received. Further, the declaration is consistent with her deposition testimony where she repeatedly referenced the Five9 call records. Accordingly, the Court should deny Defendant's Motion to Strike and grant any further relief as it deems necessary, reasonable, and just.

Respectfully Submitted,

**RUTH SMITH**, individually and on behalf of all others similarly situated,

Dated: January 25, 2023              By:  _/s/ Francis J. Driscoll, Jr._____
                                         Counsel for Plaintiff

Francis J. Driscoll, Jr.
frank@driscolllawoffice.com
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
*Attorneys for Plaintiffs and the Class*

*\* Pro Hac Vice*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on January 25, 2023.

<em>/s/ Francis J. Driscoll, Jr.</em>