IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUNPATH, LTD.,** a Massachusetts corporation,<br><br>*Defendant*. | Case No. 1:22-cv-00081-LMB-TCB<br><br>**PLAINTIFF'S OPPOSITION TO SUNPATH'S SECOND MOTION IN LIMINE** |

I.  **INTRODUCTION**

Defendant SunPath, Ltd.'s ("Defendant" or "SunPath") second motion in limine seeks to preclude Plaintiff Ruth Smith ("Plaintiff" or "Smith") from presenting any evidence of damages in this case. In its motion, SunPath does not identify any specific evidence that it seeks to have exclude based on a discovery violation, but instead appears to simply seek the exclusion of all evidence in this case. It's only justification for doing so appears to be its own feigned lack of clarity regarding the sufficiency of Plaintiff's damages disclosures. But this claimed lack of knowledge is once again exposed as false by the record. Indeed, Plaintiff disclosed the method of computation used to arrive at her damages claim and immediately disclosed all documents that support her request. For these reasons and as set forth below, Defendant's Second Motion in Limine should be denied.

II.  **ARGUMENT**

    A.  **Plaintiff Complied With Her Rule 26 Disclosure Obligations By Providing The Category Of Damages Sought, The Computation Of Said Damages, And All Documents Supporting Her Request.**

SunPath begins its motion by claiming that Plaintiff's disclosures have been "insufficient

as a matter of law." (Mot. at 4.) SunPath misunderstands what's required under Fed. R. Civ. P. 26.

Rule 26 requires that "a party must provide a *computation* of its damages. District courts have therefore correctly held that, where a party only discloses a lump sum or merely refers to documents from which the opposing party can presume damages, the disclosing party has not met its obligation." *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, No. 19-CV-505, 2020 WL 4574493, at *4 (E.D. Va. Aug. 7, 2020) (emphasis in original). "A plaintiff should disclose the basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery." *Jones v. Wal-Mart Stores, Inc.*, No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707, at *3 (D. Nev. Mar. 28, 2016) (citing Heerden v. Board of Sup'rs of LSU, 2011 WL 293758, *8 (M.D.La. 2011)). Hence, Rule 26 requires a "calculation" of how a litigant arrives at their damages figure. *See Lancelot Invs. Fund, L.P. v. TSM Holdings, Ltd.*, No. 07 C 4023, 2008 WL 1883435, at *5 (N.D. Ill. Apr. 28, 2008) ("Fidelity to Rule 26 demanded at least a calculation of the" damages "figure".).

Additionally, Rule 26 also does not require supplemental initial disclosures unless the information "has not otherwise been made known to the other parties during the discovery process or in writing." *Gomez v. Haystax Tech., Inc.*, 761 F. App'x 220, 230 (4th Cir. 2019) (citing Fed. R. Civ. P. 26(e)(1)(A)); *see also Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 478 (W.D. Va. 2010) ("[a]s to material omissions [from initial disclosures], further disclosures are only necessary when the omitted or after-acquired information 'has not otherwise been made known to the other parties during the discovery process.'" (quoting 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2049.1 (2010)) (emphasis

2

added)); *see also* Fed. R. Civ. P. 26(e), Advisory Committee Note ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report.").

Furthermore, where a party elects to seek statutory damages, it is not even clear if a party has any duty to provide a computation of the damages. *See GeoMetWatch Corp. v. Hall*, No. 1:14-CV-00060-JNP, 2018 WL 6240991, at *16 (D. Utah Nov. 27, 2018) ("Defendants do not cite, and the court has been unable to find, any authority suggesting that a party is precluded from seeking nominal or statutory damages for failing to include a 'computation' of such damages in its initial disclosures."); *Atari Interactive, Inc. v. Redbubble, Inc.*, 546 F. Supp. 3d 883, 888–89 (N.D. Cal. 2021) ("the Court concludes that Atari may seek an award of minimum statutory damages without disclosing any damages calculations but, to avoid a potential windfall, it must provide some evidence of its lost profits or Redbubble's profits if it seeks an award greater than the statutory minimum."). As one court put it, "Rule 37 prohibits a party from using 'information' on a motion if the party fails to provide the 'information' as required by Rule 26(a) or (e), a request for nominal or statutory damages does not appear to qualify as 'information' that a party must disclose under Rule 26(a)." *GeoMetWatch Corp.*, No. 1:14-CV-00060-JNP, 2018 WL 6240991, at *16 (D. Utah Nov. 27, 2018).

One Court, in a telemarketing case involving statutory damages, recently held that "[w]hile [Plaintiff's] Complaint seeks, inter alia, statutory damages of $500 per call as well as treble damages, her Rule 26 disclosure stated that '[i]t is undetermined at this time what [her] damages are, as discovery is needed on the number of autodialed calls to [her] cellular telephone

3

and whether or not it is determined that the calls were willful, entitling [her] to treble damages.' [Defendant] argues that 'in the absence of any information regarding the number of alleged prerecorded voice messages which were left, [Gentner] has no basis to set forth a claim for damages'. Therefore, since Gentner failed to conduct discovery, her damages will be limited to statutory damages for each prerecorded call in her possession." *Gentner v. Navient Solutions, Inc.*, 2021 WL 9455776, at *2 (W.D.N.Y. Sept. 21, 2021). This is instructive. The Court did not require the plaintiff to do anything more than state she was seeking statutory damages for the calls that were made known to the defendant in the case. If there were calls that were not listed in the complaint, and were not produced in discovery (in that case, apparently none because the plaintiff didn't conduct discovery), then damages could not be sought. But in this case, all calls on which Plaintiff seeks damages *were* produced in discovery.

Here, Plaintiff complied with her Rule 26 disclosure requirements. Indeed, she disclosed the categories of damages that she sought recovery for, the computation used arrive at her final damages, and the total sum of damages at the time. Plaintiff provided the following disclosure:

> The total amount of damages incurred by Plaintiff and the putative class members is unknown at this time. Plaintiff states that she is entitled to $500 - $1,500 per call received in violation of the TCPA, $500 per call for the first call received in violation of the VTPPA, $1,000 per call for the second call received in violation of the VTPPA, and $5,000 per call for each subsequent call received in violation of the VTPPA. Consequently, based on the information currently available to Plaintiff, she seeks $81,000 in damages for violations of the TCPA, and she seeks $261,500 in damages for violations of the VTPPA. Plaintiff is unable to provide a full and complete computation of all class members' damages at this time. Discovery is ongoing and Plaintiff will supplement her disclosures following the receipt of relevant data from Defendant and any other relevant sources regarding the number of calls made.

(*See* First Supplemental Initial Disclosures, attached hereto as Ex. A.) Statutory damages are straightforward and simple to calculate.[1] Indeed, Plaintiff detailed the fifty-four calls that were specifically listed in the complaint, which were used to arrive at the $261,500 in damages. (*See* Response to Interrogatory No. 1 in Plaintiff's Third Supplemental Responses to Discovery, attached hereto as Ex. B.)

Later in discovery, when Plaintiff obtained the Five9 call records revealing the complete picture of the extent of the calls and the damages in this case, she immediately provided the records to SunPath and explained their applicability to the damages. (*See* Declaration of Patrick H. Peluso ("Peluso Decl.") ¶ 7, attached hereto as Ex. C.) Plaintiff also testified regarding her knowledge of the Five9 call records and their application to this case.[2] In conformity with her deposition

---

[1] In response to discovery, Plaintiff reiterated her calculation of her damages as follows: "Plaintiff states that she is entitled to $500 - $1,500 per call received in violation of the TCPA, $500 per call for the first call received in violation of the VTPPA, $1,000 per call for the second call received in violation of the VTPPA, and $5,000 per call for each subsequent call received in violation of the VTPPA. Consequently, based on the information currently available to Plaintiff, she seeks $81,000 in damages for violations of the TCPA, and she seeks $261,500 in damages for violations of the VTPPA. Plaintiff is unable to provide a full and complete computation of all class members' damages at this time. Discovery is ongoing and Plaintiff will supplement this response following receipt of relevant data from Defendant and any other relevant sources regarding the number of calls made. Plaintiff further states that the legal harms she suffered include aggravation, nuisance, invasions of privacy that result from the receipt of Defendant's unwanted calls, loss of value realized for the monies it paid to its wireless carrier, interruption and loss of use and enjoyment of her telephone (including the related data, software, and hardware components), and wear and tear on her cellphones." (*See* Plaintiff's Second Supplemental Discovery Responses, attached hereto as Ex. D.)

[2] (*See* Smith Depo. Tr., attached hereto as Ex. E, at 29:5-16 (clarifying that the "call logs" reveal "a lot more phone calls" than what were reflected in her discovery responses); 31:1-13 (clarifying that the Five9 "call logs" revealed information regarding the calls); 63:7-64:11 (clarifying that her discovery responses were based on her knowledge "at the time" and her understanding that the "call logs" were just received); 147:3-148:11 (clarifying that her prior discovery responses were accurate to her recollection at the time, but stating that "call logs" were "correct" based on investigation performed by her counsel); 208:20-209:20 (confirming that she was aware that the Five9 call logs were obtained and produced to SunPath); 210:1-211:10 (confirming that the information detailed in the complaint and her discovery responses was

testimony, Plaintiff supplemented her discovery responses to again disclose that she sought damages for all of the calls in the Five9 call records as follows:

> Plaintiff seeks damages and recovery for all calls placed to her cellular telephone number ending in 9650, which are reflected in the call records produced by Five9, Inc. The Five9, Inc. call records were produced to SunPath on November 30, 2022. Plaintiff has requested the relevant call records from her telephone service provider, AT&T. She was informed on November 16, 2022 that the records would be mailed to her. Plaintiff again requested the call records from AT&T on December 3, 2022. As of today, December 8, 2022, Plaintiff has not received the records in the mail from AT&T. When she does, the relevant records will be produced.

(Ex. B.) And the total number of calls is not a surprise to SunPath. Rather, it supplied its own summary of the Five9 calls placed to plaintiff, which contained all 178-calls at issue. (Dkt. 53 at 6-7, Exhibit 38, "Summary of records relating to Plaintiff's Phone Number extracted from Five9 records".) Put simply, Plaintiff disclosed the categories of damages she sought and provided the computation of the damages to SunPath on multiple occasions. She therefore complied with her disclosure requirements.

Unsurprisingly, SunPath provides not a single case to support its claim that Plaintiff must go call-by-call and explain each call's applicability to the damages computation. And for good reason, none exist. Indeed, the suggestion would be functionally the same as requiring any litigant alleging lost wages to go hour-by-hour to substantiate why each hour should be included in the damages computation. But there, courts only require litigants to provide information relating to the total hours worked and the pay rate for each hour. *See Nathan Bell v. Nusil Tech. LLC*, No. 120CV0061NONEJLT, 2020 WL 5371318, at *4 (E.D. Cal. Sept. 8, 2020) ("in a claim for lost wages, there should be some information relating to hours worked and pay rate."). The same principle applies here. Plaintiff's justification for the calls being included in the damages

---

accurate at the time she *reviewed* them, and clarifying that the Five9 call records would be accurate as of the date of her deposition).)

6

computation is the same for every single call and is based on the same evidence—which was timely produced. She has provided the calculation used to arrive at her total damages. There is simply no precedent for requiring Plaintiff to justify each individual call on a per call basis.[3]

SunPath also misstates the Court's statements at the November 18, 2022 discovery hearing. That is, SunPath cites to portions of the transcript relating to the Court's questioning regarding the difference between damages sought for the VTPPA's DNC claim (Count II) and the VTPPA's Unidentified Caller claim (Count III). (*See* November 18, 2022 Hearing Transcript, Dkt 48, pgs. 42-43.) This differentiation makes sense if Plaintiff were proceeding under Count III based on the calls that she had answered, but she is not. Plaintiff is seeking damages for violations of Count II relating to unsolicited calls in violation of the VTPPA. (*See* Dkt. 74.) And the transcript is clear that if the calls were sought for the same violations and based on the same evidence, a simple calculation was sufficient. (Dkt. 48, pgs. 40-41.) Because Plaintiff is seeking damages for Count II of her complaint, the damages are the exact same for every call and a supplemental response was not required.

SunPath also fails to take ownership of its own lack of diligence with respect to the AT&T call records. While it claims that "Plaintiff chose not to serve AT&T with a subpoena", the truth is that Plaintiff sought to obtain those records as a courtesy to SunPath. Unfortunately, AT&T never provided the records. Nevertheless, the Court instructed SunPath that should AT&T fail to provide the records to Plaintiff by November 30, 2022, then it should subpoena the AT&T records itself. (Dkt. 48, pgs. 18-19.) Yet, SunPath failed to issue a subpoena for the documents as instructed by the Court.

---

[3] If SunPath's argument is taken to its logical conclusion and if this case were certified as a class, Plaintiff would be required to detail thousands (if not millions) of individual calls to each potential class member. Plaintiff's counsel is unaware of any case that has ever required this.

Because Plaintiff's damages were timely disclosed, the Court should deny SunPath's second motion in limine.

### B. Even If The Disclosures Are Found To Be Insufficient, SunPath Suffered No Harm And Plaintiff's Actions Were Substantially Justified.

Even where a party fails to timely supplement its disclosures, the exclusion of evidence is inappropriate when the delay is "substantially justified or is harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). But "[t]he exclusion of evidence is a drastic measure". *Taylor v. Illinois*, 484 U.S. 400, 417 n.23, 108 S. Ct. 646, 657, 98 L. Ed. 2d 798 (1988); *see also Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir. 1988) ("Because the evidence of these witnesses was so important, only extreme misconduct on the part of the plaintiff or extreme prejudice suffered by the defendants would justify the extraordinary sanction of preclusion in this case.").

To evaluate whether an untimely disclosure was substantially justified or harmless, courts consider the following five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Bresler*, 855 F.3d 178, 190 (4th Cir. 2017). "The first four factors listed above relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." *Id.* Plaintiff bears the burden to establish that the untimely disclosure was substantially justified or harmless. *Id.*

The first factor, which analyzes the surprise by SunPath, argues against granting the motion. As previously explained, Plaintiff provided the categories of damages sought and her damages computation, which is a simple and straightforward application of statutory damages to

8

the total number of calls. After both parties received the Five9 call records on the same day, Plaintiff expressed her intention to rely on the Five9 data repeatedly during her deposition.[4] Finally, Plaintiff's counsel discussed the Five9 call records with SunPath's counsel shortly after their production, including discussing their applicability to settlement discussions and to the total damages calculation. (Peluso Decl. ¶ 7.) Put simply, SunPath cannot credibly maintain that it was surprised by the requested damages in any way. It is worth remembering again that this is not a case where actual damages are sought. Rather, the damages sought are statutory and the calculation is a simple matter of multiplying the number of violative calls by the damages provided per call in the statute.

      The second factor, which analyzes whether SunPath had an opportunity to cure that surprise, also weighs in favor of Plaintiff. SunPath's claims that it is "unclear" about the damages Plaintiff sought is undercut by Plaintiff's and her counsel's repeated disclosure of the full scope of the damages. Indeed, the truth is that any confusion is the result of its own failure to elicit testimony despite the Court's prior instruction to depose Plaintiff to elicit testimony regarding the calls. (*See* Dkt. 48, pgs. 25-26.) But despite being in possession of the Five9 call records and Plaintiff's repeated testimony that she intended to rely upon the calls contained in the records, SunPath intentionally chose not to question her regarding the substance of the records. Put simply, SunPath had an opportunity to cure any lack of clarity and voluntarily chose not to do so. It cannot now turn around and self-servingly claim that it is confused as to what the records might represent.

      The third and fourth factors, which assesses the extent to which allowing evidence would

---

[4] (*See* Smith Depo. Tr., Ex. E, at 29:5-16; 31:1-13; 63:7-64:11; 147:3-148:11; 208:20-209:20; 210:1-211:10.)

disrupt the trial and the importance of the evidence, also argue against granting the motion. SunPath has not identified any specific "evidence" that it believes should be excluded. Instead, appears to seek the exclusion of all evidence in this case (i.e. to effectively end the trial). But SunPath has been in possession of every document that Plaintiff intends to rely on to support her damages since prior to her deposition. There is simply no harm that SunPath has (or can) identify to justify the exclusion of all of the evidence.

The fifth and final factor, the nondisclosing party's explanation for its failure to disclose the evidence, also argues in favor of denying the motion. While SunPath claims uncertainty, the record tells the opposite story. Plaintiff timely provided all of the evidence that Plaintiff intended to rely on to support her claim for damages. Further, counsel for Plaintiff conferred with SunPath on several occasions (in the Rule 408 context) to discuss the applicability of the call records to the damages in this case. In the end, Plaintiff believed she clearly articulated the damages she sought in this case. For this reason, any failure to supplement her initial disclosure was substantially justified or harmless.

Because SunPath was aware of the damages that Plaintiff sought, the motion should therefore be denied.

### III. CONCLUSION

The motion should be denied. Plaintiff complied with her discovery obligations by disclosing her computation of her damages claim and all documents that she intended to rely on to support that claim. Accordingly, the Court should deny Defendant's Second Motion in Limine and grant any further relief as it deems necessary, reasonable, and just.

                                                Respectfully Submitted,

                                                **RUTH SMITH**, individually and on behalf of all others similarly situated,

Dated: January 25, 2023                    By:  */s/ Francis J. Driscoll, Jr.*
                                                                    Counsel for Plaintiff

                                                Francis J. Driscoll, Jr.
                                                frank@driscolllawoffice.com
                                                4669 South Blvd., Suite 107
                                                Virginia Beach, VA 23452
                                                Telephone: 757-321-0054
                                                Facsimile: 757-321-4020

                                                Patrick H. Peluso*
                                                ppeluso@woodrowpeluso.com
                                                Woodrow & Peluso, LLC
                                                3900 E. Mexico Avenue, Suite 300
                                                Denver, Colorado 80210
                                                Tel: 720-213-0675
                                                Fax: 303-927-0809
                                                *Attorneys for Plaintiffs and the Class*

                                                *\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on January 25, 2023.

                                                    */s/ Francis J. Driscoll, Jr.*