IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUNPATH, LTD.,**<br><br>*Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

**DEFENDANT SUNPATH, LTD.'S REPLY IN SUPPORT OF ITS
FIRST MOTION IN LIMINE**

Defendant SunPath, Ltd. ("SunPath"), by counsel, submits its Reply in Support of its First Motion in Limine, ECF No. 84 ("Motion").

**I.   ARGUMENT**

Plaintiff's Response in Opposition to SunPath's First Motion in Limine ("Opposition"), ECF No. 92, presents no arguments that preclude the exclusion of the unidentified Five9 representative and Five9 records from trial.

**A. Plaintiff's Five9 Disclosure was Improper and Testimony of its Representative Must be Excluded at Trial.**

The simple fact is that this unnamed individual was untimely disclosed by Plaintiff on the last day of discovery. This violated the Court's August 5, 2022 Order, ECF No. 25 (the "Order"). Therefore, he or she cannot be allowed to testify at trial.

Plaintiff misstates her Rule 26 duty by failing to address that Federal Rule of Civil Procedure 26(e)(1)(B) requires her to supplement her initial disclosures "as ordered by the court." *Id*. The Order is not ambiguous. It requires parties to properly and timely disclose

1

witnesses for them to be eligible to testify at trial. *Id*. (ordering that "no person may testify whose identity . . . was not disclosed in time to be deposed[.]"). Plaintiff failed to fulfill her Rule 26 duty and her obligation to comply with this Court's Order by not properly disclosing Five9 as a potential trial witness until the last day of discovery.

Plaintiff claims that Five9 was disclosed to SunPath during a deposition on November 9, 2022. Therefore, SunPath had notice *of* Five9. Plaintiff then claims that SunPath should have subpoenaed and/or taken Five9's deposition itself. Plaintiff's argument is illogical.[1] The utterance of names during a deposition surely cannot serve to amend initial disclosures. Moreover, SunPath had no reason to draw inferences regarding the use of Five9 data or witnesses simply because its name was mentioned in a deposition. Up until the date of her deposition on December 2, 2022, Plaintiff was relying on an unproduced set of AT&T call records to support her claim for damages. *See* Plaintiff's Second Supplemental Discovery Responses at 10, ECF No. 85-5. The testimony of a still-unnamed representative of Five9 must be stricken for these reasons, as well as the fact that it would be unfairly prejudicial to SunPath.

Plaintiff argues that her disclosure of the unidentified Five9 representative was substantially justified and harmless. Plaintiff's attempt to disclose late and then never seeking leave for doing so is inappropriate. Had Plaintiff timely sought leave, she could have argued why her late disclosure was substantially justified and harmless. *See* Local Civil Rule 16(B) ("The parties and their counsel are bound by the dates specified in any such orders and no extension or continuances thereof shall be granted in the absence of a showing of good cause.").

---

[1] *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2022 U.S. Dist. LEXIS 53433, at *25-26 (W.D.N.C. Mar. 24, 2022) ("a party may not shirk its disclosure obligations based on the conduct of another party. . . . [The non-disclosing party] bears full responsibility for satisfying [its] obligation to supplement its incomplete initial . . . disclosures." (citing Fed. R. Civ. P. 26(a)(1)(E))).

2

With trial less than three weeks away, the time for making these arguments has long since passed.

### B. The Five9 Records Are Inadmissible.

Plaintiff improperly attempts to shift its burden of authenticating and proving the admissibility of the Five9 records to SunPath. *See* Fed. R. Evid. 901 ("the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). That burden rests solely on Plaintiff, and Plaintiff has failed to meet it. Plaintiff's opposition suggests that SunPath could have taken Five9's deposition after its identity was mentioned in the November 9th deposition. Plaintiff fails to acknowledge that it was not until her December 2, 2022 deposition that she indicated her intent to rely on the Five9 records—instead of the AT&T records she told SunPath and the Court that she was allegedly securing—and that she had not even reviewed them before embracing them as true and accurate.[2] It is not a Defendant's role in litigation to pursue discovery to make Plaintiff's otherwise inadmissible evidence admissible.[3]

---

[2] In fact, Plaintiff testified at her deposition that she had not personally reviewed the Five9 records before her deposition, and was instead testifying in reliance on her counsel's position about what those records she had yet to see meant. *See* Smith Dep. at 147:3-148:11, ECF No. 92-4. ("Q: You contend that June 9 was the last call that you received that you're seeking damages for in this case? A: Again, whatever I provided initially was correct, but I know that there's the call logs that were received. So that is correct, what's in the logs. Q: Can you clarify what you mean by that? A: So when I submitted all the documentation that I had, that was to the best of my knowledge at the time, but I understand that the call logs have different information, and they are – they are correct. **Q: [W]hen you say the call logs, are you referring to call logs that you believe your counsel has received but you have not yet reviewed? A. Yes. They just came this week, yes. Q: So when you say that you believe that the call logs confirm this not to be the case, is that based on representations from counsel? A: Because it's an accurate – because of the logs that were received by the company versus what I have. Q: Right, And I'm just saying you haven't reviewed these call logs that you're referring to, right? A: Correct. Q: So how do you know that the call logs confirm this? A: I rely on my counsel**.").

[3] *See* Transcript from Motion to Compel Hearing, ECF No. 48 at 21:23 to 23:23 (THE COURT: "[T]hey're the plaintiff, they have the burden. If they – you know, if they give you these generalized, non-specific answers, right, they're not going to be able to carry their burden.

3

Furthermore, Plaintiff herself seems to allow for the possibility that the Five9 records are inadmissible. *See* Plaintiff's Opposition to SunPath's Motion to Strike Plaintiff's Declaration at 3, ECF No. 93 (in discussing Plaintiff's reliance on the Five9 records for her declarations, Plaintiff states "SunPath is also incorrect that Plaintiff may not rely upon inadmissible evidence to formulate her recollection of the calls."). Personal knowledge must precede recollection; here, Plaintiff's testimony makes clear that her litigation position came from counsel, not her personal experience.

### C. The Five9 Records Require Specialized Knowledge.

Despite Plaintiff's contention, a testifying witness must have specialized knowledge of the Five9 records to be able to offer testimony about them.[4] There is one thing the parties can agree on – the documents in question are Five9 "records." What SunPath cannot agree to is that they are *call records*. These records have never been authenticated and verified as call records, and they certainly are not self-explanatory. SunPath has provided numerous examples of why these records are not self-explanatory and why they cannot be "simply" call records. Tellingly, Plaintiff has never rebutted these specific examples to demonstrate why the records are, in fact, call records. Instead, Plaintiff wants this Court to believe they are call records only because she says so.

In further support that the records are not self-explanatory, the Court should note:

---

They're not going to be able to – you know, they're not going to be able to survive a summary judgment motion. . . . if [Plaintiff] failed to do it, then they're not going to be able to present evidence at trial about why they contend that this call was intended to elicit a SunPath product. . . . if I was the defense, sometimes I would just keep my powder dry and just say okay.").

[4] Plaintiff cites to *Henderson* in support of this argument. *See* Opp'n at 10-11. *Henderson* is inapposite because the database at issue appears to have been self-explanatory. As SunPath has explained at length, the Five9 records contain multiple issues that prevent them from being self-explanatory. Therefore, any lay witness offering testimony regarding them is rendered inadmissible speculation.

i) Plaintiff admits that she called American Protection on May 26, 2020 but the "call never connected." *See* Plaintiff's Reply in Support of Her Motion for Partial Summary Judgment ("Reply") at 8, ECF No. 95. This "call" appears to be reflected in the first entry of the Five9 records summary, which indicates that the duration of this unconnected "call" was **8 seconds**. *See* Five9 Records Summary at 1, ECF No. 76-1. But now Plaintiff tries to brush off all of the zero-duration "calls" as simply unanswered calls, even though the very first instance of a call that *she claims* was unanswered has a positive-value in the duration column. *See* Reply at 6 ("despite SunPath's feigned ignorance about what a call with zero seconds in duration would signify, the answer is clear: those were just calls which were placed but not answered or connected."). Plaintiff is taking internally inconsistent positions about the meaning of these records. Someone with specialized knowledge of the Five9 records must explain to the jury why an unconnected "call" can have a stated duration of 8 seconds rather than 0 seconds. A witness without specialized knowledge cannot.

ii) Five9 separately produced a list of 812 telephone numbers that were supposedly assigned to American Protection. *See* Plaintiff's Exhibit List (Exhibit 71), ECF No. 54.[5] Perplexingly, none of these "phone numbers" appear in the Five9 "call" records of the records relating to Plaintiff's phone number. Someone with specialized knowledge of the Five9 records would have to explain to the jury why that is, or why these records are reliable if Five9 produced a list of American

---

[5] *See* AP Dep. at 159:9-18 (American Protection testified that it had only been assigned around 78 numbers by Five9 and they do not change), excerpt attached as **Exhibit 1**.

Protection phone numbers that apparently never made any of the calls at issue. A witness without specialized knowledge cannot.

The Five9 records clearly are not self-explanatory. Rather, they are open to a multitude of interpretations and raise more genuine questions than answers. Testimony from an individual with specialized knowledge of these records must decipher them for the jury. Without such testimony, they must be excluded from evidence at trial.

### D. The Five9 Records Were Not Timely Authenticated.

Plaintiff tries to blame her untimely disclosures and untimely production of a Five9 declaration on SunPath's refusal to stipulate to the admissibility of the Five9 records. Plaintiff's argument is illogical. SunPath had no duty to stipulate to the admissibility of inadmissible evidence. Plaintiff's failure to timely disclose a Five9 representative or produce a Five9 custodian declaration rests firmly on her shoulders.

### II.     CONCLUSION

Based on the foregoing, SunPath respectfully requests that this Court exclude testimony from the unnamed representative of Five9, Inc. and the Five9 records and related exhibits (identified as exhibits 26-72 in Plaintiff's Exhibit List) from trial.

Dated: January 26, 2023　　　　　　　　　Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Joseph P. Bowser*
Joseph P. Bowser (VSB No. 88399)
Carl Taylor Smith (VSB No. 97376)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com
tsmith@rothjackson.com

Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
mroth@rothjackson.com

*Counsel for SunPath, Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused Defendant SunPath, Ltd.'s Reply in Support of its First Motion in Limine to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on January 26, 2023.

      /s/ *Joseph P. Bowser*
      Joseph P. Bowser