IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUNPATH, LTD.,**<br><br>*Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

### DEFENDANT SUNPATH, LTD.'S REPLY IN SUPPORT OF ITS SECOND MOTION IN LIMINE

Defendant SunPath, Ltd. ("SunPath"), by counsel, submits its Reply in Support of its Second Motion in Limine, ECF No. 88 ("Motion").

**I.   ARGUMENT**

Plaintiff had a duty to properly disclose her damages, supporting calculations and material information in a timely manner. Plaintiff failed to do so. Therefore, evidence relating to damages must be excluded from trial.[1] Nothing raised in Plaintiff's Opposition to SunPath's Second Motion in Limine, ECF No. 94, precludes this outcome.

**A.   Plaintiff Failed to Properly Disclose Damages.**

Plaintiff cites several cases to argue that she complied with her duty to disclose damages. She did not. Plaintiff fails to note that Rule 26(e)(1)(B) requires her to supplement initial disclosures "as ordered by the court." *Id*. Plaintiff was ordered by this Court to set out with

---

[1] *See Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 U.S. Dist. LEXIS 63707, at *32 (E.D.N.C. May 7, 2012) (holding that plaintiff's new, untimely damages disclosure right before trial would "surprise and prejudice" defendant, and granting defendant's "motion to exclude evidence of and argument on damages[.]")

1

specificity her damages calculation and material information.[2] Plaintiff did not do so, as she failed to timely and sufficiently disclose the number of calls for which she was claiming damages, the related damages calculation, and the material information. Plaintiff further violated her disclosure duty by drastically changing the number of calls for which she seeks damages a month after discovery closed (even after she conceded defeat on roughly 90% of the 54 calls she *did* disclose during discovery). *See* Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment at 16, ECF. No. 74. This leaves SunPath without knowledge of the total damages she seeks or the basis therefor.[3]

To recap this saga, Plaintiff finally provided SunPath with the number of calls for which she seeks damages (54) less than one month before discovery closed. *See* Plaintiff's First Supplemental Discovery Responses at 2-6, ECF No. 89-3.

Then, Plaintiff claimed that instead of relying on her personal recollection to support the number of calls for which she seeks damages, she would rely on AT&T records to determine the number of calls at issue and the resulting damages sought. *See* Plaintiff's Second Supplemental Discovery Responses at 10, ECF No. 89-5. But, as the Court is now well aware, Plaintiff never produced the AT&T records.

---

[2] *See* Transcript from Motion to Compel Hearing ("Transcript") at 39:19 to 43:13, ECF No. 48 (MR. CAFFAS: "So the calculation – I mean, to kind of sum up the issue, they said – they're asking if they need to show their work. They said they've done the work; they need to show it. THE COURT: Fair point. I think that's a fair point, yes. For each call that you've alleged is violative to the statute, all the material information that's relevant to the damage calculation, whether – you know, that has to be – that has to be set out with specificity. Yes. I think that's correct. MR PELUSO: Okay. Understood.").

[3] Plaintiff cites *Nathan Bell*, addressing that litigants seeking lost wages must provide information for hours worked and pay rate. *See* Opp'n at 6. This serves to prove the deficiency in Plaintiff's damages disclosure. Total hours worked and pay rates are required to be disclosed because those are the two variables needed to calculate lost-wage damages. Here, the necessary variables to calculate Plaintiff's claimed damages are the number of calls for which Plaintiff seeks damages, the date the calls occurred on (addressed below), and the statutory damages amount. Plaintiff's damages disclosure was continuously deficient as it failed to include concrete numbers/dates for the first two variables.

Then, the day before discovery closed, Plaintiff claimed that she was relying on the number of "calls" reflected in the Five9 records as the basis for her damages calculation. *See* Plaintiff's Third Supplemental Discovery Responses at 6, ECF No. 89-6.  But, Plaintiff did not provide the specific number of calls allegedly contained in the Five9 records for which she was seeking damages, and had just testified at her December 2, 2022 deposition that she had not even reviewed those records.  Moreover, it is not readily discernable from the individual data entries on the Five9 records for which – if any -- calls she can recover.[4]

The damages calculation included in Plaintiff's Second Supplemental Initial Disclosure, ECF No. 89-4 at 4-5, only provided more confusion:  It indicated that Plaintiff's reliance on the Five9 records did not change the number of calls for which she initially sought damages.  We now know that this is not accurate; Plaintiff now seeks damages for more than double the calls she initially claimed.

Furthermore, the dates of the calls at issue are important to determining the total amount of damages at issue.  Currently, Plaintiff seeks damages for calls occurring between May 2020 and August 2020. Plaintiff has claimed that for calls occurring during that time period, she is entitled to $500 for the first VTPPA-violating call, $1,000 for the second, and $5,000 for each subsequent violating call. But the $500/$1,000/$5,000 damages provision in Va. Code § 59.1-515 did not become effective until July 1, 2020. *See* 2020 Va. HB 1244 ("Effective date: July 1, 2020"). There is no evidence that the Virginia Legislature intended for this amendment to be applied retroactively.[5] Prior to July 1, 2020, Va. Code § 59.1-515 limited individual action damages to "$500 for each such violation." *Id*. Therefore, Plaintiff would only be entitled to

---

[4] It was not even clear whether Plaintiff was claiming that every entry containing her phone number in the Five9 records reflect a call she received from American Protection.

[5] *Shin v. Univ. of Md. Med. Sys. Corp.*, 369 Fed. Appx. 472, 478 n.14 (4th Cir. 2010) (In the absence of express intent from Congress for statutory amendments to apply retroactively, the Court must "look to the law in place prior to the amendments.") (internal citations omitted).

$500 for any VTPPA violating call she received before July 1, 2020. Plaintiff's failure to provide exact dates for the calls at issue makes it impossible to calculate damages to which Plaintiff is allegedly entitled.

We are now less than three weeks before trial and SunPath still has no clear indication of the calls for which Plaintiff seeks damages or a clear indication of the damages sought. This ambush is inappropriate.

### B. Plaintiff Failed to Seek Leave to Properly Disclose Damages.

Plaintiff attempts to argue that her improper damages disclosure was substantially justified and harmless. Once again, Plaintiff has engaged in a strategy of disclose-late-and-seek-permission-later in violation of the spirit of Local Civil Rule 16(B) ("The parties and their counsel are bound by the dates specified in any such orders and no extension or continuances thereof shall be granted in the absence of a showing of good cause."). Arguments about substantial justification and harmlessness should be made in support of motions for leave and not in this context.[6]

### C. There Was No Lack of Due Diligence by SunPath.

Plaintiff blames SunPath for the fact that there are no AT&T records in the record due to its "failure" to subpoena AT&T. *See* Opp'n at 7. Plaintiff must be reminded again that *she* bears the burden of proof. She relied on the AT&T records in support of her damages calculation. *See*

---

[6] There is one point worth noting in Plaintiff's harmlessness argument: Plaintiff argues that SunPath had an opportunity to cure the surprise caused by Plaintiff's deficient damages disclosure by asking Plaintiff about the Five9 records at deposition. This argument is illogical. First, it improperly attempts to shift Plaintiff's burden to SunPath. Second, SunPath **did depose Plaintiff about the Five9 records**: when Plaintiff was asked about the Five9 records at her deposition, she testified that she had not reviewed them and was relying on her counsel for their hearsay about what they mean. *See* Deposition of Ruth Smith at 147:3-148:11, ECF 80-1. Plaintiff testifying about her lack of familiarity with and personal knowledge of the Five9 records meant there was nothing left to ask relating to the Five9 records. SunPath properly focused on Plaintiff's discovery responses that appeared to reflect Plaintiff's actual personal knowledge.

Plaintiff's Second Supplemental Discovery Responses at 10. She represented to the Court and SunPath that she was securing them. It is not SunPath's role to obtain these records to assist her in obtaining evidence in support of her prima facie case.[7]

Furthermore, at the November 18, 2022 hearing, the Court did not instruct SunPath to subpoena AT&T. Instead, the Court acknowledged Plaintiff's burden and the foreseeable consequences if she did not produce them:

> THE COURT: [T]hey're the plaintiff, they have the burden. If they – you know, if they give you these generalized, non-specific answers, right, they're not going to be able to carry their burden. They're not going to be able to – you know, they're not going to be able to survive a summary judgment motion. . . . if [Plaintiff] failed to do it, then they're not going to be able to present evidence at trial about why they contend that this call was intended to elicit a SunPath product. . . . if I was the defense, sometimes I would just keep my powder dry and just say okay.

Transcript at 21:23 to 23:23. Plaintiff's attempt to deflect from her insufficient and untimely damages disclosure must fail. The proper remedy is the exclusion of Plaintiff's damages evidence.

## II.     Conclusion

SunPath respectfully requests that the Court exclude all of Plaintiff's damages evidence at trial in light of her repeated failure to provide proper and timely damages calculations, even after the Court ordered her to do so on November 18, 2022.

---

[7] *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2022 U.S. Dist. LEXIS 53433, at *25-26 (W.D.N.C. Mar. 24, 2022) ("a party may not shirk its disclosure obligations based on the conduct of another party. . . . [The non-disclosing party] bears full responsibility for satisfying [its] obligations to supplement its incomplete initial . . . disclosures." (citing Fed. R. Civ. P. 26(a)(1)(E))).

Dated: January 26, 2023

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Joseph P. Bowser*
Joseph P. Bowser (VSB No. 88399)
Carl Taylor Smith (VSB No. 97376)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
jbowser@rothjackson.com
tsmith@rothjackson.com

Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
mroth@rothjackson.com

*Counsel for SunPath, Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused the above and foregoing Defendant SunPath, Ltd.'s Reply in Support of its Second Motion in Limine to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on January 26, 2023.

                                                /s/ *Joseph P. Bowser*
                                                Joseph P. Bowser