IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **SUNPATH, LTD.,** <br><br> *Defendant*. | Case No. 1:22-cv-00081-LMB-TCB |

### DEFENDANT SUNPATH, LTD.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S DECLARATION

Defendant SunPath, Ltd. ("SunPath"), by counsel, submits its Reply in Support of its Motion to Strike Plaintiff's Declaration, ECF No. 82 ("Motion").

I.  ARGUMENT

A.  **Plaintiff's Declaration is Not Based on Her Personal Knowledge.**

Plaintiff's Opposition to SunPath's Motion to Strike Plaintiff's Declaration in Support of Her Motion for Partial Summary Judgment ("Opposition") falsely claims that her declaration is based on her personal knowledge of the calls she received, not the Five9 records. Plaintiff's Opposition does not acknowledge that Plaintiff testified at her deposition that her personal knowledge of the calls she received from American Protection was based solely on her notes.[1]

---

[1] *See* Deposition of Ruth Smith ("Smith Dep.") at 52:1-10, ECF No. 80-1. ("Q. I believe your testimony today – you correct me if I'm misunderstanding – is that you believe that information is in your notes that you reviewed a few weeks ago in order to submit these [supplemental discovery responses] on November 11. Is that right? . . . A. Yeah."); Smith Dep. at 21:11-14, excerpt attached as **Exhibit 1** (A. "When you asked me how I obtained this information per these bullets here, so as I – based on these calls, I have them in my notes section."); *id.* at 47:4 ("Q. "In order to confirm what name they used on the call, you would need to review some records. Can you confirm what records you're saying you would need to review. A. So it would be the notes that I provided after the call."); Smith Dep.at 51:4-9, ECF No. 80-1 ("[S]o can I understand that

Then, Plaintiff testified at her deposition that she was relying on the Five9 records to support her damages claim, even though she had not even reviewed those records, but instead simply parroted what her counsel advised her to say.[2] It is clear that Plaintiff lacks personal knowledge of the Five9 records.

Plaintiff's supplemental discovery responses dated November 11, 2022 indicate that the only calls of which she had personal knowledge, if any, are the 54 calls that allegedly occurred between May 26, 2020 and June 9, 2020. *See* Plaintiff's First Set of Supplemental Discovery Responses at 2-6, ECF No. 83-5. Now, Plaintiff testifies in her declaration that she increased the number of calls for which she seeks damages to 172. *See* Ruth Smith Declaration ¶ 4, ECF No. 76-2 ("Smith Declaration"). This was done solely in reliance on the Five9 records. But in her Opposition, Plaintiff claims that the Five9 records were used only to refresh her recollection of facts she previously possessed. *See* Opp'n 2-3. But she forgets that she testified that the only calls she knows she received, based on her notes, were the 54 calls mentioned in her November 11th supplemental discovery responses, and not the calls allegedly referenced in the Five9 call records. *See* Smith Dep. at 52:1-10, ECF No. 80-1.

---

if you reviewed these notes two weeks ago and didn't provide a name in the response, then you don't know the name? A. I would have to go back through my notice specifically."); *id*. 52:12-19 ("Can you describe how the caller solicited you to purchase SunPath's vehicle service contracts. A. I would have to – for the exact information, I would have to refer to my notes.")..

[2] *See* Smith Dep. at 147:3-148:11, ECF No. 83-1 ("Q: You contend that June 9 was the last call that you received that you're seeking damages for in this case? A: Again, whatever I provided initially was correct, but I know that there's the call logs that were received. So that is correct, what's in the logs. Q: Can you clarify what you mean by that? A: So when I submitted all the documentation that I had, that was to the best of my knowledge at the time, but I understand that the call logs have different information, and they are – they are correct. Q: [W]hen you say the call logs, are you referring to call logs that you believe your counsel has received but you have not yet reviewed? A. Yes. They just came this week, yes. Q: So when you say that you believe that the call logs confirm this not to be the case, is that based on representations from counsel? A: Because it's an accurate – because of the logs that were received by the company versus what I have. Q: Right, And I'm just saying you haven't reviewed these call logs that you're referring to, right? A: Correct. Q: So how do you know that the call logs confirm this? A: I rely on my counsel.").

Thus, Plaintiff testified to the accuracy of the Five9 records **before she ever reviewed them,** and based solely on her counsel's review. Plaintiff's testimony—the hearsay of her counsel, in essence—showed her clear intent to rely on the Five9 records regardless of what they demonstrated, and not simply to use them to refresh her recollection.

Plaintiff incorrectly claims that she can rely on *any* document to refresh her recollection. *See Chretien v. General Motors Corp.*, No. 90-2090, 1992 U.S. App. LEXIS 6269, at *16 (4th Cir. Apr. 6, 1992) (addressing that the witness' recollection must be exhausted and the court must consider "whether the writing is generally calculated to revive the witness' recollection and whether the writing is reliable.") (internal citations and quotations omitted); *see also United States v. Rydland*, 461 Fed Appx. 208, 210 (4th Cir. 2012) (ruling that the district court's holding that "a party may not attempt to introduce otherwise inadmissible evidence under the guise of refreshing recollection . . . is in accord with the controlling law in this circuit[.]"). The key to refreshing recollection is that "the witness's recollection be exhausted," and after the witness reviews the refreshing writing, "when he testifies, he does so on the basis of his own recollection, not the writing." *Id*. (citing *United States v. Morlang*, 531 F.2d 183, 190-91 (4th Cir. 1975)). Plaintiff likewise cannot show that the Five9 records accurately reflect *her statements*, which are the calls she recited during discovery. Plaintiff's declaration fails to establish that her recollection was exhausted and that she is providing statements based on her own recollection. Plaintiff's declaration is merely a transparent tool to introduce the inadmissible Five9 records, and must be stricken for this reason.[3]

---

[3] If Plaintiff's recollection was truly refreshed by the Five9 records, she should have been able to list the calls she apparently now remembers receiving. Instead, Plaintiff, lacking proper foundation and knowledge, states that the Five9 records reflect calls she recalls receiving and then essentially testifies to the Five9 records and not to her recollection. *See* Smith Dec. ¶ 2.

Plaintiff illogically argues that she is not providing an opinion as to the Five9 records. Due to the Five9 records not being self-explanatory, that is exactly what she has improperly attempted. SunPath has addressed at length the multiple issues with the Five9 records. These issues make it unclear whether any entry in the Five9 records represents a telephone call at all. Plaintiff's improper, speculative opinion about this document she never saw before she embraced it blindly at her deposition is that each entry in the Five9 records reflects a telephone call she received from American Protection. She cannot possibly know that. Therefore, her lack of personal knowledge of the Five9 records renders that opinion, and thus her declaration, improper.

Plaintiff argues that her declaration is proper because SunPath failed to ask Plaintiff about the Five9 records at her deposition. *See* Opp'n at 6. She also states that she anticipated that the Five9 records would be presented to her during the deposition by SunPath's counsel. This argument is senseless. The fact that SunPath's counsel did not follow Plaintiff's script for what would be presented at deposition does not make her declaration any more credible. As previously addressed, *SunPath did examine her about the Five9 records* at her deposition, and she testified that she had not reviewed them and was inexplicably relying on her counsel for what it might to do to refresh her memory. Having no personal information about the Five9 records, there clearly was no point in pursuing any line of questioning regarding them, particularly after admitting that she was simply parroting her counsel's desires, not her actual personal knowledge and recollection.

Plaintiff's declaration must be stricken.

### B. Plaintiff's Declaration Improperly Contradicts Her Testimony and Discovery Responses.

Finally, despite Plaintiff's contention otherwise, Plaintiff's declaration directly contradicts her testimony and discovery responses. Therefore, it must be stricken.[4] Plaintiff's sworn discovery responses list 54 calls, including specific dates and times as to when the calls supposedly occurred. *See* Plaintiff's First Set of Supplemental Discovery Responses at 2-6. Even after Plaintiff received the Five9 records, her discovery responses were never supplemented to update that number. Nor were they updated to address the discrepancies between the specific information Plaintiff was able to provide for those 54 calls and what is reflected in the Five9 records (if in fact the Five9 records contain call information). Plaintiff testified at her deposition that she relied upon her notes to determine the calls she received and that she had not reviewed the Five9 records. Then Plaintiff, for the first time in her declaration, stated that she received 172 calls from American Protection. *See* Smith Decl. Smith. ¶ 4. This could not be a clearer contradiction of Plaintiff's prior deposition testimony and sworn discovery responses. Whether Plaintiff was shown the Five9 records or not is of no consequence. Plaintiff's declaration is improper and should not be considered.

### II.   CONCLUSION

Based on the foregoing, SunPath respectfully requests that Plaintiff's declaration be stricken.

---

[4] *Jackson v. Consolidation Coal Co.*, No. 93-1742, 1994 U.S. App. LEXIS 5190, at *5-6 (4th Cir. Mar. 22, 1994) (recognizing that a court can disregard an affidavit that "contradicts the affiant's prior testimony" and holding that the "district court properly rejected" an affidavit because the plaintiff "did not mention any alleged threats" during his deposition testimony but did in his later "affidavit, filed in opposition to [Defendant's] motion for summary judgment[.]" The Court rejected plaintiff's contention that "the district court should not have disregarded his affidavit as sham because he was never expressly asked at his deposition whether he had been threatened.").

Dated: January 26, 2023

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ *Joseph P. Bowser*
Joseph P. Bowser (VSB No. 88399)
Carl Taylor Smith (VSB No. 97376)
ROTH JACKSON
1519 Summit Ave., Ste. 102
Richmond, VA 23230
804-441-8701
804-441-8438 (fax)
tsmith@rothjackson.com
jbowser@rothjackson.com

Mitchell N. Roth (VSB No. 35863)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22314
(703) 485-3535
(703) 485-3525 (fax)
mroth@rothjackson.com

*Counsel for SunPath, Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused this Defendant SunPath, Ltd.'s Reply in Support of its Motion to Strike Plaintiff's Declaration to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on January 26, 2023.

                                                    /s/ *Joseph P. Bowser*
                                                    Joseph P. Bowser